**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York (State)

Case number (*If known*): ________________ Chapter 11

q Check if this is an amended filing

# Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Spirit Aviation Holdings, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and ***doing business as*** names | None. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 33-3711797 |
| 4. | **Debtor's address** | **Principal place of business**<br>1731 Radiant Drive<br>Number Street<br><br>Dania Beach FL 33004<br>City State ZIP Code<br><br>Broward<br>County<br><br>**Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br><br>New York NY<br>City State ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.spirit.com/ |

Debtor Spirit Aviation Holdings, Inc. Case number (*if known*)__________
Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: __________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 8 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District ________ When ________ (MM / DD / YYYY) Case number ________
District ________ When ________ (MM / DD / YYYY) Case number ________

Debtor Spirit Aviation Holdings, Inc. Case number (*if known*) ____________________
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☒ Yes. Debtor: See Schedule 1 Relationship: Affiliate
  District: Southern District of New York When: See Schedule 1 (MM / DD / YYYY)
  Case number, if known: See Schedule 1

**11. Why is the case filed in *this district*?**

***Check all that apply:***

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (***Check all that apply.***)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ____________________
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other ____________________

**Where is the property?** ____________________
Number Street

____________________
City State ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency ____________________
  Contact name ____________________
  Phone ____________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

***Check one:***

- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor Spirit Aviation Holdings, Inc.
Name

Case number (*if known*)

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/29/2025
MM / DD / YYYY

✘ /s/ Frederick Cromer
Signature of authorized representative of debtor

Frederick Cromer
Printed name

Title Authorized Signatory

**18. Signature of attorney**

✘ /s/ Marshall S. Huebner
Signature of attorney for debtor

Date 08/29/2025
MM / DD / YYYY

Marshall S. Huebner
Printed name

Davis Polk & Wardwell LLP
Firm name

450 Lexington Avenue
Number Street

New York
City

NY
State

10017
ZIP Code

(212) 450 4000
Contact phone

marshall.huebner@davispolk.com
Email address

2601094
Bar number

NY
State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** | **Case No. 25-______ (__)** |
| **Debtor.** | |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-35186.

2. The following financial data is the latest available information and refers to the debtor's condition on 6/30/2025.

a. Total assets $ 8,576,287,000

b. Total debts (including debts listed in 2.c., below) $ 8,096,842,000

c. Debt securities held by more than 500 holders

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ________ | ________ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ________ | ________ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ________ | ________ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ________ | ________ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ________ | ________ |

d. Number of shares of preferred stock 0 shares
e. Number of shares common stock 25,882,259 shares

Comments, if any: ________

3. Brief description of debtor's business: The debtor is a leading value air carrier that provides scheduled air transportation for passengers in the United States and certain other jurisdictions.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
See Schedule 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** | **Case No. 25-______ (__)** |
| **Debtor.** | |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Spirit Aviation Holdings, Inc.

1. Spirit Finance Cayman 1 Ltd. (Case No. 24-12038 (SHL))
2. Spirit Finance Cayman 1 Ltd.
3. Spirit Aviation Holdings, Inc.
4. Spirit Airlines, LLC
5. Spirit Finance Cayman 2 Ltd.
6. Spirit IP Cayman Ltd.
7. Spirit Loyalty Cayman Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** | **Case No. 25-______ (__)** |
| **Debtor.** | |

**SCHEDULE 2 TO PETITION**[1]

As of June 30, 2025, each of the entities listed below directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

1. AllianceBernstein L.P.
2. Ares Management LLC
3. Citadel Multi-Asset Master Fund Ltd.
4. Pacific Investment Management Company LLC
5. Western Asset Management Company, LLC
6. Cyrus Capital Partners, L.P.
7. Arena Capital Advisors, LLC
8. Shaolin Capital Management
9. UBS Asset Management (Americas) LLC
10. Rokos Global Macro Master Fund LP
11. M&G Plc

[1] Information reported as of June 30, 2025 from Debtor's public filings, as supplemented with voluntary disclosures through August 28, 2025.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** | **Case No. 25-______ (__)** |
| **Debtor.** | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Spirit Aviation Holdings, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Spirit Aviation Holdings, Inc., is owned, either directly or indirectly, in its entirety by Spirit Aviation Holdings, Inc.

2. No other corporation (as such term is defined in section 101(9) of title 11 of the United States Code), public or private, owns 10% or more of any class of the equity interest of Spirit Aviation Holdings, Inc.

[1] The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

# Exhibit A

## Corporate Structure Chart

# Corporate Structure Chart (as of August 29, 2025)




- *All ownership interests are 100%*
- *All entities are obligors under the Revolving Credit Facility and the Secured Notes*

Fill in this information to Identify the case:

Debtor Name: Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. DEPARTMENT OF THE TREASURY<br>1500 PENNSYLVANIA AVENUE<br>WASHINGTON, DC 20220 | CONTACT: SCOTT BESSENT, UNITED STATES SECRETARY OF THE TREASURY<br>PHONE: (800) 829-4933<br>SCOTT.BESSENT@TREASURY.GOV | UNSECURED TERM LOAN | N/A | | | $136,000,000.00 |
| 2 | CHARLES TOMBRAS ADVERTISING, INC<br>620 S GAY ST<br>KNOXVILLE, TN 37902-1603 | CONTACT: CHARLES TOMBRAS, CHIEF EXECUTIVE OFFICER<br>PHONE: (865) 524-5376<br>CHARLIE@TOMBRAS.COM | TRADE PAYABLE | N/A | | | $7,810,184.67 |
| 3 | LUFTHANSA TECHNIK<br>193 WEG BEIM JAEGER<br>HAMBURG 22335<br>GERMANY | CONTACT: HARALD GLOY, CHIEF OPERATING OFFICER & CHRO<br>PHONE: +49 (40) 5070-3356<br>HARALD.GLOY@DLH.DE | TRADE PAYABLE | N/A | | | $5,680,217.60 |
| 4 | AEROSPACE TURBINE SRVC & SOL LLC<br>TURBINE SERVICES & SOLUTIONS BUILDING, SAEED TAHNOON STREET<br>ABU DHABI<br>UNITED ARAB EMIRATES | CONTACT: ABDULKHALIQ SAEED, CHIEF EXECUTIVE OFFICER<br>PHONE: (971) 230-7777<br>MLITTAUA@SANDA.AE | TRADE PAYABLE | N/A | | | $1,788,000.00 |
| 5 | MICROSOFT LICENSING, GP<br>1 MICROSOFT WAY<br>REDMOND, WA 98052 | CONTACT: HOSSEIN NOWBAR, CHIEF LEGAL OFFICER<br>PHONE: (206) 706-3732<br>HOSSEINN@MICROSOFT.COM | TRADE PAYABLE | N/A | | | $1,658,613.45 |

Debtor: Spirit Aviation Holdings, Inc. Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | NAVITAIRE, INC.<br>333 SOUTH 7TH STREET<br>SUITE 1700<br>MINNEAPOLIS, MN 55402 | CONTACT: DAVE EVANS, CHIEF EXECUTIVE OFFICER<br>PHONE: (612) 317-7000<br>DAVE.EVANS@NAVITAIRE.COM | TRADE PAYABLE | N/A | | | $1,458,105.63 |
| 7 | PRIME FLIGHT AVIATION SVCS/GSE<br>3 SUGAR CREEK CENTER BLVD<br>SUITE 450<br>SUGAR LAND, TX 77478-2216 | CONTACT: DAN BUCARO, CHIEF EXECUTIVE OFFICER<br>PHONE: (281) 942-6800<br>DBUCARO@PRIMEFLIGHT.COM | TRADE PAYABLE | N/A | | | $1,428,526.53 |
| 8 | AGI GROUND, INC<br>9130 S DADELAND BLVD<br>SUITE 1801<br>MIAMI, FL 33156-7858 | CONTACT: JARED AZCUY, CHIEF EXECUTIVE OFFICER<br>PHONE: (305) 740-3253<br>JAZCUY@ATSSTL.COM | TRADE PAYABLE | N/A | | | $1,304,303.55 |
| 9 | MTU MAINTENANCE CANADA<br>6020 RUSS BAKER WAY<br>RICHMOND, BC V7B 1B4<br>CANADA | CONTACT: KATJA GARCIA VILA, CHIEF FINANCIAL OFFICER<br>PHONE: (604) 233-5700<br>KATJA.GARCIAGVILA@MTU.DE | TRADE PAYABLE | N/A | | | $1,129,800.00 |
| 10 | USDA, APHIS, ROT<br>1400 INDEPENDENCE AVE., S.W.<br>WASHINGTON, DC 20250 | CONTACT: BROOKE L. ROLLINS, SECRETARY OF AGRICULTURE<br>PHONE: (202) 393-6226<br>ASKUSDA@USDA.GOV | TRADE PAYABLE | N/A | | | $995,811.42 |
| 11 | BROWARD CTY AVIATION DEPT<br>320 TERMINAL DR.<br>SUITE 200<br>FORT LAUDERDALE, FL 33315 | CONTACT: JOHN BRUNO, CHIEF INFORMATION OFFICER<br>PHONE: (954) 359-6100<br>JBRUNO@BROWARD.ORG | TRADE PAYABLE | N/A | | | $970,150.15 |
| 12 | ROHR, INC. 1000282A<br>2730 WEST TYVOLA ROAD<br>CHARLOTTE, NC 28217 | CONTACT: CHRISTOPHER T. CALIO, CHIEF EXECUTIVE OFFICER<br>PHONE: (781) 522-3000<br>CHRISTOPHER.CALIO@RTX.COM | TRADE PAYABLE | N/A | | | $874,257.00 |
| 13 | UNITED STATES TREASURY<br>1500 PENNSYLVANIA AVE, NW<br>WASHINGTON, DC 20220 | CONTACT: SAMANTHA SCHWAB, DEPUTY CHIEF OF STAFF<br>PHONE: (202) 622-2000<br>SAMANTHA.SCHWAB@TREASURY.GOV | TRADE PAYABLE | N/A | | | $814,145.47 |
| 14 | TRESOR PUBLIQUE/REDEVANCES<br>129 RUE CAPOIS<br>PORT-AU-PRINCE<br>HAITI | CONTACT: M. ALFRED FILS METELLUS, PROFIL DU MINISTRE<br>PHONE: (509) 29 92 1067<br>INFO@BUDGET.GOUV.HT | TRADE PAYABLE | N/A | | | $750,255.00 |
| 15 | NEXGEN AERO<br>2900 NW 112TH AVE<br>UNIT 2<br>DORAL, FL 33172-1834 | CONTACT: RUSSELL CARBONARA, MANAGING PARTNER<br>PHONE: 954-637-8520<br>RCARBONARA@NEXGEN.AERO | TRADE PAYABLE | N/A | | | $744,020.00 |

Debtor: Spirit Aviation Holdings, Inc. Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | G2 SECURE STAFF, LLC<br>400 E LAS COLINAS BLVD<br>IRVING, TX 75039 | CONTACT: JULIE GOSTIC, PRESIDENT<br>PHONE: (972) 915-6979<br>JGOSTIC@G2SECURESTAFF.COM | TRADE PAYABLE | N/A | | | $667,011.71 |
| 17 | TESORO NACIONAL - AEROCIVIL AERONAU<br>AVENIDA EL DORADO NO. 103-15<br>BOGOTA<br>COLUMBIA | CONTACT: YOLANDA VEGA ALBINO, ACTING DIRECTOR, AERONAUTICA REGIONAL CENTRO SUR<br>PHONE: +01 8000-112373<br>ATENCIONALCIUDADANO@AEROCIVIL.GOV.CO | TRADE PAYABLE | N/A | | | $646,917.07 |
| 18 | MESSIER-GOODRICH<br>INOVEL PARC SUD<br>7 RUE DU GENERAL VALERIA ANDRE<br>VELIZY-VILLACOUBLAY 78140<br>FRANCE | CONTACT: FRANCOIS BASTIN, CHIEF EXECUTIVE OFFICER<br>PHONE: +33 (1) 4629-8100<br>FRANCOIS.BASTIN@SAFRANGROUP.COM | TRADE PAYABLE | N/A | | | $602,511.86 |
| 19 | STAR AVIATION, INC. 1010982A<br>9001 W US HWY 42<br>GOSHEN, KY 40026 | CONTACT: JULIE P. KENDALL, CHIEF EXECUTIVE OFFICER / GENERAL MANAGER<br>PHONE: (502) 241-3072<br>INFO@STARAVIATIONKY.COM | TRADE PAYABLE | N/A | | | $596,775.04 |
| 20 | COFORGE, INC.<br>1000 CROWN POINTE PARKWAY<br>5TH FLOOR<br>ATLANTA, GA 30338 | CONTACT: MANISH HEMRAJANI, HEAD OF INVESTOR RELATIONS (U.S.)<br>PHONE: (609) 987-5400<br>DPO@COFORGE.COM | TRADE PAYABLE | N/A | | | $585,127.20 |
| 21 | PERIMETER LOGISTICS INC<br>2800 STORY ROAD WEST<br>IRVING, TX 75038-5267 | CONTACT: RAJAN SOBHANI, PRESIDENT<br>PHONE: (877) 701-1919<br>RAJ.SOBJANI@SHIPPGL.COM | TRADE PAYABLE | N/A | | | $581,212.06 |
| 22 | C3 CUSTOMER CONTACT CHANNELS<br>1200 S PINE ISLAND ROAD<br>SUITE 200<br>PLANTATION, FL 33324 | CONTACT: HITESH LATH, CHIEF FINANCIAL OFFICER<br>PHONE: (561) 939-4009<br>INFO@C3-COMPLETE.COM | TRADE PAYABLE | N/A | | | $567,101.22 |
| 23 | TA CONNECTIONS DE & IL, LLC<br>3280 PEACHTREE RD<br>SUITE 2400<br>ATLANTA, GA 30305 | CONTACT: MIKE APLETON, PRESIDENT<br>PHONE: (866) 966-8866<br>MIKE@HOTELCONNECTIONS.COM | TRADE PAYABLE | N/A | | | $561,073.39 |
| 24 | SAFRAN LANDING SYSTEMS (SAS)<br>10255 NW 116TH WAY<br>MEDLEY, FL 33178 | CONTACT: MARK O'BRIEN, CUSTOMER SUPPORT MANAGER<br>PHONE: (305) 624-4700<br>AMERICASCSC.SLS@SAFRANGROUP.COM | TRADE PAYABLE | N/A | | | $524,958.00 |
| 25 | NAI NATIONAL LTD<br>90 ST VINCENT STREET<br>NELSON 7010<br>NEW ZEALAND | CONTACT: JOHN EDWARD HILL, KEY PRINCIPAL<br>PHONE: +64 (3) 548-4225<br>CONFERENCES@NAI-US.ORG | TRADE PAYABLE | N/A | | | $499,001.58 |

Debtor: Spirit Aviation Holdings, Inc. Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | SACRAMENTO COUNTY DEPT OF FINANCE<br>700 H STREET<br>ROOM 1710 (FIRST FLOOR)<br>SACRAMENTO, CA 95814 | CONTACT: CHAD RINDE, DIRECTOR OF FINANCE<br>PHONE: (916) 874-6622<br>SACPLAN@SACCOUNTY.GOV | TRADE PAYABLE | N/A | | | $484,440.08 |
| 27 | ALAMEDA COUNTY TAX COLLECTOR<br>1221 OAK STREET<br>ROOM 131<br>OAKLAND, CA 94612 | CONTACT: HENRY LEVY, TREASURER-TAX COLLECTOR<br>PHONE: (510) 272-6800<br>HANK.LEVY@ACGOV.ORG | TRADE PAYABLE | N/A | | | $417,358.36 |
| 28 | COUNTY OF SANTA CLARA DEPARTMENT OF<br>110 WEST TASMAN DRIVE<br>SAN JOSE, CA 95134 | CONTACT: SUNGMIN PARK, DEPUTY DISTRICT ATTORNEY<br>PHONE: (408) 808-7962<br>SUNGMIN.PARK@SCCGOV.ORG | TRADE PAYABLE | N/A | | | $412,841.91 |
| 29 | U.S. BANK<br>800 NICOLLET MALL<br>MINNEAPOLIS, MN 55402-7000 | CONTACT: CONNIE DUDYCHA, VP RELATIONSHIP MANAGER AT US BANK<br>PHONE: (801) 575-2390<br>CONNIE.DUDYCHA@USBANK.COM | TRADE PAYABLE | N/A | | | $400,266.04 |
| 30 | SALT LAKE CITY DEPT OF AIRPORTS<br>3920 WEST TERMINAL DRIVE<br>SALT LAKE CITY, UT 84122 | CONTACT: KIERA ALLEN, AIRCRAFT REGISTRATION PROGRAM MANAGER<br>PHONE: (385) 344-9282<br>KIERA.ALLEN@SLCGOV.COM | TRADE PAYABLE | N/A | | | $368,642.56 |

**Omnibus Action by Unanimous Written Consent of the Governing Bodies of Spirit Aviation Holdings, Inc. Meeting Held on August 29, 2025**

The undersigned, being the sole member of, and/or all of the members of each of the boards of directors, managing members, managers, or other governing bodies (each, a "**Governing Body**" and, collectively, the "**Governing Bodies**") of, each of the entities listed on **Exhibit A** hereto (each, an "**Entity**" and, collectively, the "**Entities**"), hereby authorize, take, approve, and consent to the following actions, and adopt the following resolutions by written consent in accordance with the applicable certificate of incorporation, bylaws or limited liability company agreements of each Entity, and the applicable laws of the jurisdiction in which such Entity is organized:

WHEREAS, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Entities regarding the liabilities and liquidity of each Entity, the strategic alternatives available, and the impact of the foregoing on the Entities' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors of the Entities to fully consider each of the strategic alternatives available to the Entities;

WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Governing Bodies have determined that it is desirable and in the best interests of the Entities to commence the Chapter 11 Cases (as defined below);

WHEREAS, the Governing Bodies have reviewed with the management and the legal and financial advisors of the Entities the resolutions set forth below; and

WHEREAS, the Governing Bodies (i) have determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Entities and their stakeholders and, therefore, have (ii) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

## I. <u>Commencement of Chapter 11 Cases</u>

NOW, THEREFORE, BE IT RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, together, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each officer, director, or manager of each Entity (each, an "**Authorized Person**"), is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent, and accomplish the purposes, of the resolutions adopted herein; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity, to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

## II. <u>Retention of Advisors</u>

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain FTI Consulting, Inc., located at 1166 Avenue of the Americas, 15th Floor, New York, NY 10036, as company restructuring, fleet, and communications advisor for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain PJT Partners LP,

located at 280 Park Avenue, New York, NY 10017, as investment banker for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Debevoise & Plimpton LLP, located at 66 Hudson Boulevard, New York, NY 10001, as fleet counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Morris, Nichols, Arsht & Tunnell LLP, located at 1201 North Market Street, 16th Floor, Wilmington, DE 19801, as conflicts counsel for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, 12th Floor, New York, NY 10017, as claims, noticing, solicitation, and administrative agent for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Entities to retain any other legal counsel, accountants, financial advisor, restructuring advisor, or other professionals as the Authorized Person deems necessary, appropriate, or advisable, to represent and assist the Entities in carrying out their respective duties and responsibilities and exercising their respective rights under the Bankruptcy Code.

## III. Amendment to Governing Documents

RESOLVED, that to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

## IV. General Authorization and Ratification

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of the Entities, to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the Entities' obligations under the Bankruptcy Code and exercise all rights of the Entities under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of

the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person and the Entities, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "Controlling Entity"), in each case, of any direct or indirect subsidiary of any Entity (a "Controlled Entity"), each such Authorized Person who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Officer is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Entities, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any manager, officer or director of or advisor to an Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Entities in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Spirit Aviation Holdings, Inc., has caused this written consent to be executed as of the date first set forth above.

By: ______________________
Name: Dave Davis
Title: Director, President & CEO

By: ______________________
Name: Timothy Bernlohr
Title: Director

By: ______________________
Name: Eugene I. Davis
Title: Director

By: ______________________
Name: Robert A. Milton
Title: Director

By: Andrea F Newman
Name: Andrea F. Newman
Title: Director

By: ______________________
Name: David N. Siegel
Title: Director

By: ______________________
Name: Radha Tilton
Title: Director

IN WITNESS WHEREOF, the undersigned, in its capacity as sole member of Spirit Airlines, LLC has caused this written consent to be executed as of the date first set forth above.

Spirit Aviation Holdings, Inc., a Delaware corporation, as sole member of Spirit Airlines, LLC

By: ______________________

Name: Thomas C. Canfield
Title: EVP – General Counsel & Secretary

# Exhibit A

## List of Entities

1. Spirit Aviation Holdings, Inc.

2. Spirit Airlines, LLC

**Fill in this information to identify the case and this filing:**

Debtor Name Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York (State)

Case number (*If known*): ____________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [ ] ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)
- [ ] ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
- [ ] ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)
- [ ] ***Schedule G: Executory Contracts and Unexpired Leases*** (Official Form 206G)
- [ ] ***Schedule H: Codebtors*** (Official Form 206H)
- [ ] ***Summary of Assets and Liabilities for Non-Individuals*** (Official Form 206Sum)
- [ ] Amended ***Schedule*** ____
- [x] ***Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*** (Official Form 204)
- [x] Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/29/2025
MM / DD / YYYY

/s/ Frederick Cromer
Signature of individual signing on behalf of debtor

Frederick Cromer
Printed name

Authorized Signatory
Position or relationship to debtor