UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**SPIRIT AVIATION HOLDINGS, INC.,**<br><br>Debtor.<br><br>Tax I.D. No. 33-3711797 | **Chapter 11**<br><br>**Case No. 25-11897 (SHL)** |
| **In re:**<br><br>**SPIRIT AIRLINES, LLC,**<br><br>Debtor.<br><br>Tax I.D. No. 38-1747023 | **Chapter 11**<br><br>**Case No. 25-11896 (SHL)** |
| **In re:**<br><br>**SPIRIT FINANCE CAYMAN 1 LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1557020 | **Chapter 11**<br><br>**Case No. 25-11898 (SHL)** |
| **In re:**<br><br>**SPIRIT FINANCE CAYMAN 2 LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1557362 | **Chapter 11**<br><br>**Case No. 25-11899 (SHL)** |

-2-

| | |
|---|---|
| In re:<br><br>**SPIRIT IP CAYMAN LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1554732 | Chapter 11<br><br>Case No. 25-11900 (SHL) |
| In re:<br><br>**SPIRIT LOYALTY CAYMAN LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1554752 | Chapter 11<br><br>Case No. 25-11901 (SHL) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned Chapter 11 Cases, for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1007-2, (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (b) deeming certain disclosure requirements satisfied or otherwise waiving such requirements, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted and as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Spirit Aviation Holdings, Inc., No. No. 25-11897 (SHL).

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**SPIRIT AVIATION HOLDINGS, INC.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11897 (SHL)<br><br>Jointly Administered |

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

4. A docket entry shall be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Spirit Airlines, Inc.) substantially as follows:

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Spirit Aviation Holdings, Inc., Spirit Airlines, LLC, Spirit Finance Cayman 1 Ltd., Spirit Finance Cayman 2 Ltd., Spirit IP Cayman Ltd., and Spirit Loyalty Cayman Ltd. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 25-11897 (SHL).**

5. Nothing in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates, which relief the Debtors reserve the right to request.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of New York shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

7. The Debtors shall file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

-5-

8.       The Debtors and the Clerk of the Court are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

9.       The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 2, 2025
White Plains, New York

                                                 */s/ Sean H. Lane*
                                                 THE HONORABLE SEAN H. LANE
                                                 UNITED STATES BANKRUPTCY JUDGE