**Hearing Date and Time: 11:00 a.m.[1] on September 30, 2025**
**Objection Deadline: 4:00 p.m. on September 23, 2025**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| **Debtors.[2]** | **Jointly Administered** |

### NOTICE OF HEARING ON OMNIBUS MOTION FOR AN ORDER (I) APPROVING THE REJECTION OF (A) CERTAIN AIRPORT USE AND LEASE AGREEMENTS AND (B) RELATED EXECUTORY CONTRACTS, (II) APPROVING THE ABANDONMENT OF CERTAIN EXCESS PROPERTY, AND (III) GRANTING RELATED RELIEF

 **PLEASE TAKE NOTICE** that, on September 16, 2025, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Omnibus Motion for an Order Approving (I) The Rejection of (A) Certain Airport Use and Lease Agreements and (B) Related Executory Contracts, (II) Approving the Abandonment of Certain Excess Property, and (III) Granting Related Relief* (the "**Motion**").

 **PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") has been scheduled for **11:00 a.m. on September 30, 2025**, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), to consider the relief requested in the Motion.

---

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government. Parties wishing to appear at or attend the Hearing (whether "live" or "listen only") are required to register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl by **4:00 p.m. on September 29, 2025**. Instructions and additional information about the Court's remote attendance procedures can be found at https://www.nysb.uscourts.gov/ecourt-appearances. The Court will circulate by email the Zoom link to the Hearing to those parties who properly made an electronic appearance prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Motion) so as to be received no later than **4:00 p.m. on September 23, 2025** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61], and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-sean-h-lane), to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order, substantially in the form of the proposed order attached to the Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and any other document filed publicly in the above-captioned proceedings are available free of charge at https://dm.epiq11.com/SpiritAirlines.

*[Remainder of page intentionally left blank]*

Dated:    September 16, 2025
          New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By:  */s/ Darren S. Klein*
                    450 Lexington Avenue
                    New York, NY 10017
                    Tel.: (212) 450-4000
                    Marshall S. Huebner
                    Darren S. Klein
                    Christopher S. Robertson
                    Joseph W. Brown

                    *Proposed Counsel to the Debtors and Debtors in Possession*

Hearing Date and Time: 11:00 a.m.[1] on September 30, 2025
Objection Deadline: 4:00 p.m. on September 23, 2025

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| Debtors.[2] | Jointly Administered |

**OMNIBUS MOTION FOR AN ORDER (I) APPROVING
THE REJECTION OF (A) CERTAIN AIRPORT USE AND LEASE AGREEMENTS
AND (B) RELATED EXECUTORY CONTRACTS, (II) APPROVING THE
ABANDONMENT OF CERTAIN EXCESS PROPERTY AND
(III) GRANTING RELATED RELIEF**

Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of

which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter**

**11 Cases**"), hereby file this *Omnibus Motion for an Order Approving (I) The Rejection of (A)*

*Certain Airport Use and Lease Agreements and (B) Related Executory Contracts, (II) Approving*

---

[1]  All times herein are expressed in prevailing Eastern Time.

[2]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

*the Abandonment of Certain Excess Property, and (III) Granting Related Relief* (this "**Motion**"). This Motion is supported by the *Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings* (the "**First Day Declaration**") [ECF No. 19] and incorporated herein by reference.  In further support of this Motion, the Debtors respectfully state as follows:

## Relief Requested

1.      By this Motion, and pursuant to sections 365(a), 554(a), and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) authorizing the Debtors to reject certain airport use and lease agreements and related executory contracts identified on Schedule 1 to the Proposed Order (the "**Rejection Schedule**") effective as of the rejection date for each Rejected Contract and Lease as set forth on the Rejection Schedule (each such date, the "**Rejection Date**"), (b) approving the abandonment of certain Excess Property (as defined herein), and (c) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.   General Background

5.      On August 29, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 35].

6.      Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the First Day Declaration.

### B.   The Debtors' Route Optimization Process

7.      In the months leading up to the Petition Date, the Debtors with their advisors, undertook a comprehensive strategic review of their flight operations in an effort to optimize their route offerings and more efficiently serve their guests.  In connection therewith, the Debtors have determined to terminate their presence and operations in twelve airports.[3]  On or immediately after the Petition Date, the Debtors communicated with the appropriate contacts at each Exiting Airport and informed them of the Debtors' intention to cease operations at the Exiting Airports in the coming weeks.  In the weeks following the Petition Date, the Debtors have coordinated with the

---

[3] These airports include (1) Albuquerque International Sunport (ABQ), (2) Birmingham-Shuttlesworth International Airport (BHM), (3) Boise Airport (BOI), (4) Columbia Metropolitan Airport (CAE), (5) Chattanooga Metropolitan Airport (CHA), (6) Middle Georgia Regional Airport (MCN), (7) Oakland San Francisco Bay Airport (OAK), (8) Portland International Airport (PDX), (9) San Diego International Airport (SAN), (10) San Jose Airport (SJC), (11) Salt Lake City International Airport (SLC), and (12) Sacramento International Airport (SMF) (collectively, the "**Exiting Airports**").

Exiting Airports to effectuate as smooth an exit as possible for both the Debtors and the Exiting Airports.

8.    In connection with their operations at each of the Exiting Airports, the Debtors are party to numerous executory contracts (the "**Rejected Contracts**") and unexpired leases (the "**Rejected Leases**," and together with the Rejected Contracts, the "**Rejected Contracts and Leases**") identified on Schedule 1 to the Proposed Order, including leases of airport space (the "**Leased Property**"), ground handling agreements, and related support agreements. In consultation with their advisors, the Debtors have determined in their business judgment that the Rejected Contracts and Leases are not necessary for the Debtors' continued operation or successful reorganization given the Debtors are ceasing to fly from the relevant Exiting Airports. If granted, the requested relief will eliminate burdensome obligations of the Debtors, resulting in more than $60 million in estimated annual savings.  Accordingly, rejection of the Rejected Contracts and Leases is in the best interests of the Debtors, their estates, and their stakeholders.

9.    Furthermore, the Debtors seek to abandon certain excess property (the "**Excess Property**") left on the premises of the Exiting Airports following the Rejection Date.  The Excess Property consists of miscellaneous equipment that cannot be liquidated and thus has no value to the Debtors' estates.  Consequently, the Debtors seek to abandon the Excess Property to the applicable lessors (the "**Lessors**") as of the Rejection Date.

## Basis for Relief

### A.    Rejection of the Rejected Contracts and Leases is an Exercise of the Debtors' Sound Business Judgment and Should be Authorized

10.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  Courts routinely approve motions to reject executory contracts or unexpired leases upon

a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *In re Penn Traffic Co.*, 524 F.3d. 373, 383 (2d Cir. 2008) (noting that in considering whether to permit a debtor to assume or reject a contract or lease, "the debtor's interests are paramount."); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1098 (2d Cir. 1993) ("[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51–52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

11.    The standard applied to determine whether the rejection of an unexpired lease should be authorized is the "business judgment" standard. *See Old Carco Motors LLC v. Suthers (In re Old Carco LLC)*, 470 B.R. 688, 703–04 (S.D.N.Y. 2012) (stating that the business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption or rejection of a contract"); *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (stating that the business judgment standard applies for assumptions and rejections); *In re MF Global Inc.*, No. 11-2790, 2011 WL 6792758, at *2 (Bankr. S.D.N.Y. Dec. 20, 2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment."); *In re Delta Air Lines, Inc.*, 359

B.R. 468, 476 (Bankr. S.D.N.Y. 2006) ("By case law, the standard for deciding a motion to reject an executory contract under Section 365(a) is the business judgment rule . . . ."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558, n.1 (Bankr. S.D.N.Y. 1996).

12.     Courts emphasize that the business judgment rule is not an onerous standard and, in the context of a debtor's rejection of the executory contract or unexpired lease, merely requires a showing that the rejection of the executory contract or unexpired lease would benefit the debtor's estate. *See Bildisco*, 682 F.2d at 79 (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), *aff'd*, 465 U.S. 513 (1984); *Delta*, 359 B.R. at 476 (stating that the business judgment rule "basically means that if [rejection] makes sense for the debtor in the judgment of management, the motion to reject will be granted"); *In re Balco Equities Ltd.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.'" (citation omitted)).

13.     Here, as noted above, the Debtors and their advisors have determined that the Rejected Contracts and Leases are not necessary for the Debtors' continued operation or successful reorganization, and rejection would result in more than $60 million in estimated annual savings. Absent the relief requested herein, the Rejected Contracts and Leases will burden the Debtors and their estates with unnecessary costs given the Debtors' stated intent to exit from the Exiting Airports. Accordingly, the Debtors respectfully request that the Court approve rejection of the

Rejected Contracts and Leases pursuant to section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of their business judgment.

**B.    Abandonment of the Excess Property Is Warranted as It Is of Inconsequential Value and of No Benefit to the Debtors' Estates**

14.    Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors seek approval of the abandonment of the Excess Property associated with the Rejected Leases.  Section 554(a) of the Bankruptcy Code provides in relevant part that a debtor in possession "after notice and a hearing . . . may abandon property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  The right to abandon property is, except for certain circumstances inapplicable to the present case, generally unfettered.  *In re Midatlantic Nat'l Bank*, 474 U.S. 494, 502 (1986).

15.    After the Rejection Date, the Debtors expect that there will be a minimal amount of Excess Property remaining at the Leased Properties and which the Debtors believe will be unnecessary for their business operations.  To the extent any Excess Property remains on the Leased Properties as of the Rejection Date, it will be of inconsequential value and will provide no benefit to the Debtors' estates.  Accordingly, the Debtors request that the Court approve the abandonment of the Excess Property to the counterparty to the applicable Rejected Lease, as identified in Schedule 1 to the Order, as of the Rejection Date.

**<u>Debtors' Reservation of Rights</u>**

16.    Nothing contained herein is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against the Debtors on any grounds or a waiver or impairment of the Debtors' rights to dispute any claim on any grounds.  The Debtors expressly reserve their rights to contest any claims related to

the Rejected Contracts and Leases under applicable bankruptcy and non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed, as an admission as to the amount, priority, character, or validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rules 4001(a)(4), 6004(h), and 6006(f)

17.     To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and that the contents of the Rejection Schedule are compliant with Bankruptcy Rule 6006(f).  The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by (a) Bankruptcy Rule 4001(a)(4), which provides that "[u]nless the court orders otherwise, an order granting a motion for relief from the automatic stay … is stayed for 14 days after it is entered," Fed. R. Bankr. P. 4001(a)(4), and (b) Bankruptcy Rule 6004(h), which provides that "[u]nless the court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h).  As described above, the Debtors have already commenced the process of analyzing their Contracts and Leases to maximize and preserve value for their estates and stakeholders.  Accordingly, the Debtors respectfully submit that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rules 4001(a)(4) and 6004(h).

### Notice

18.     Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the U.S. Trustee; (b) the Committee; (c) certain holders

of the Debtors' secured notes; (d) each agent or trustee under the Debtors' secured notes indenture or revolving credit facility; (e) each counterparty to a Rejected Contract and Lease; and (f) any other party that is entitled to notice under the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61].  A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    September 16, 2025
          New York, New York

                                          DAVIS POLK & WARDWELL LLP

                                          */s/ Darren S. Klein*
                                          450 Lexington Avenue
                                          New York, NY 10017
                                          Tel.: (212) 450-4000
                                          Marshall S. Huebner
                                          Darren S. Klein
                                          Christopher S. Robertson
                                          Joseph W. Brown

                                          *Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.,* | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

### ORDER (I) APPROVING THE REJECTION OF (A) CERTAIN AIRPORT USE AND LEASE AGREEMENTS AND (B) RELATED EXECUTORY CONTRACTS, (II) APPROVING THE ABANDONMENT OF CERTAIN EXCESS PROPERTY AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order (this "**Order**"), pursuant to sections 365(a), 554(a), and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing the Debtors to reject the Rejected Contracts and Leases identified on <u>Schedule 1</u> hereto, effective as of the Rejection Date for each Rejected Contract and Lease as set forth on <u>Schedule 1</u> hereto, (b) approving the abandonment of certain Excess Property to the Lessors, and (c) granting related relief, as more fully described in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties, such notice having

been adequate and appropriate under the circumstances, and it appearing that no other or further

notice need be provided; and the Court having reviewed and considered the Motion and the First

Day Declaration, and the Court having held a hearing, if necessary, to consider the relief requested

in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and

factual bases set forth in the Motion and the First Day Declaration and at the Hearing (if any)

establish just cause for the relief granted herein; and the Court having found that the relief

requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all

other parties in interest; and all objections and reservations of rights filed or asserted in respect of

the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of

the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 365 and 105 of the Bankruptcy Code, the Rejected Contracts

and Leases are rejected, effective as of the Rejection Date set forth in the Rejection Schedule

attached hereto as **Schedule 1**.

3.      From and after the Rejection Date, the terms of the Rejected Contracts and Leases

shall not be enforceable against the Debtors.

4.      Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors are authorized, but

not directed, to abandon the Excess Property to each Lessor as identified in **Schedule 1** hereto,

effective as of the applicable Rejection Date.

5.      Nothing herein shall modify or limit the rights of any counterparty to a Rejected Contract and Lease to file a claim resulting from the rejection of the applicable Rejected Contract and Lease.

6.      To the extent necessary, the automatic stay provided by section 362 of the Bankruptcy Code is hereby modified to allow the parties to (i) effectuate the provisions of this Order and (ii) allow the Parties to cancel or terminate any of the Rejected Contracts and Leases upon entry of this Order.

7.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Rejected Contract and Lease.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Rejected Contract and Lease is terminated and is no longer an unexpired lease.

8.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

9.      Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a

promise by any Debtor to pay any claim, or (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order.

10.     Notwithstanding Bankruptcy Rules 4001 and 6004, this Order shall be effective and enforceable immediately upon its entry.

11.     The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

12.     The Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:     _____, 2025
            White Plains, New York

                                        _____
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

4

**<u>Schedule 1</u>**

**Rejection Schedule**

**Rejection Schedule[1]**

| Debtor | Counterparty | Rejected Lease / Rejected Contract | Rejection Date |
|---|---|---|---|
| Spirit Airlines, LLC*[2] | City of Albuquerque | Scheduled Airline Operating Agreement and Terminal Building Lease | October 4, 2025 |
| Spirit Airlines, LLC* | UNIFI AVIATION, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (ABQ) (Full Ground Handling) | October 4, 2025 |
| Spirit Airlines, LLC* | Prime Flight Aviation Services | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (ABQ) (Wheelchairs) | October 4, 2025 |
| Spirit Airlines, LLC* | United Ground Express | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (ABQ) (Deicing) | October 4, 2025 |
| Spirit Airlines, LLC | Birmingham Airport Authority | Airline Use and Lease Agreement | October 5, 2025 |
| Spirit Airlines, LLC | Birmingham Airport Authority | Air Service Development Incentive Agreement | October 5, 2025 |

---

[1] For the avoidance of doubt, the contracts and leases referenced herein include any ancillary documents, including any amendments, modifications, or supplements thereto.

[2] Each row marked with an asterisk refers to an agreement entered into by Spirit Airlines, Inc. (predecessor in interest to Spirit Airlines, LLC, a debtor in these chapter 11 cases).

| Spirit Airlines, LLC* | United Ground Express | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (BHM) (Full Ground Handling and Deicing) | October 5, 2025 |
|---|---|---|---|
| Spirit Airlines, LLC* | Huntleigh USA | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B (BHM) (Wheelchairs) | October 5, 2025 |
| Spirit Airlines, LLC* | City of Boise City | Boise Airport Airline Airport Use and Lease Agreement | October 6, 2025 |
| Spirit Airlines, LLC* | G2 Secure Staff, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (BOI) | October 6, 2025 |
| Spirit Airlines, LLC | Chattanooga Metropolitan Airport Authority | Standard Ground Handling Agreement | October 6, 2025 |
| Spirit Airlines, LLC | Chattanooga Metropolitan Airport Authority | STANDARD GROUND HANDLING AGREEMENT- SIMPLIFIED PROCEDURE (CHA) | October 6, 2025 |
| Spirit Airlines, LLC* | City of Oakland | Space / Use Permit | October 6, 2025 |
| Spirit Airlines, LLC* | AGI Ground, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (OAK) (Full Ground Handling) | October 6, 2025 |

| Spirit Airlines, LLC* | G2 Secure Staff, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B (OAK) | October 6, 2025 |
|---|---|---|---|
| Spirit Airlines, LLC* | The Port of Portland | Second Amended and Restated Signatory Passenger Airline Lease and Operating Agreement | October 5, 2025 |
| Spirit Airlines, LLC* | AGI Ground, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (PDX) | October 5, 2025 |
| Spirit Airlines, LLC* | San Diego County Regional Airport Authority | San Diego County Regional Airport Authority Airline Operating and Lease Agreement | October 6, 2025 |
| Spirit Airlines, LLC* | GAT Airline Ground Support, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B2.0 (SAN) (Full Ground Handling) | October 6, 2025 |
| Spirit Airlines, LLC* | G2 Secure Staff, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B (SAN) (Wheelchairs) | October 6, 2025 |
| Spirit Airlines, LLC* | City of San Jose | Airline-Airport Lease and Operating Agreement for Norman Y. Mineta San Jose International Airport | October 6, 2025 |

| Spirit Airlines, LLC* | GAT Airline Ground Support, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (SJC) (Full Ground Handling) | October 6, 2025 |
|---|---|---|---|
| Spirit Airlines, LLC* | G2 Secure Staff, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B (SJC) (Wheelchairs) | October 6, 2025 |
| Spirit Airlines, LLC* | Salt Lake City Corporation | Airline Use Agreement for Salt Lake City International Airport | October 6, 2025 |
| Spirit Airlines, LLC* | GAT Airline Ground Support, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (SLC) (Full Ground Handling) | October 6, 2025 |
| Spirit Airlines, LLC* | Prospect Airport Consortium | Member Agreement (SLC) (Wheelchairs) | October 6, 2025 |
| Spirit Airlines, LLC* | Integrated Deicing Services, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B (SLC) (Deicing) | October 6, 2025 |
| Spirit Airlines, LLC* | County of Sacramento | Sacramento International Airport Scheduled Airline Operating Agreement and Terminal Building Lease | October 6, 2025 |

| Spirit Airlines, LLC* | GAT Airline Ground Support, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (SMF) (Full Ground Handling) | October 6, 2025 |
|---|---|---|---|
| Spirit Airlines, LLC* | GAT Airline Ground Support, Inc. | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (SMF) (Wheelchairs) | October 6, 2025 |
| Spirit Airlines, LLC | Unifi Aviation, LLC | STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE - Annex B1.0 (CAE) | October 6, 2025 |