WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
Office of the United States Trustee
Alexander Hamilton U.S. Custom House
One Bowling Green, Rm 534
New York, NY 10004
Tel. (212) 510-0500
By:    Shara Cornell, Esq.
         Rachael E. Siegel, Esq.
         Trial Attorneys

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1] | Case No. 25-11897-SHL |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION TO MOTION OF THE DEBTORS FOR ENTRY OF SECOND INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO USE CASH IN ENCUMBERED ACCOUNTS [ECF NO. 141]**

**TO THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE:**

      William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), by and through the undersigned counsel, files this Limited Objection (the "**Objection**") to Spirit Aviation Holdings, Inc., *et al.*'s (the "**Debtors**") *Supplemental Motion for Entry of Second Interim and Final Orders (I) Authorizing the Debtors to Use Cash in Encumbered Accounts, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Further Hearing on the Motion and the Supplemental Motion, and (V) Granting Related Relief* (the "**Motion**") [ECF No. 141]. In support thereof, the United States Trustee states as follows:

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

1

The Motion must be denied because (1) it does not include a description or breakdown of expenses, an accounting of receipts, and a budget and (2) makes no showing of what amount of cash collateral is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. Specifically, the Motion seeks use of an *additional* $120,000,000 from what is defined by the Motion as "Encumbered Accounts" to fund "day-to-day operations in the ordinary course." Motion at ¶ 17. Prior to this request, the Debtors requested and received authority to use $275,000,000, again without a budget. *See* First Interim Cash Collateral Order at ECF No. 89. The Debtors have been in bankruptcy a month with the apparent need to use $400,000,000 without any supporting information, including a budget.

Pursuant to Fed. R. Bankr. P. 4001(b), the Court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. Fed. R. Bankr. P. 4001(b). The Debtor bears the burden of proof. *See In re AMR Corp.*, 490 B.R. 470, 477 (S.D. N.Y. 2013); *In re South Side House, LLC*, 474 B.R. 391, 408 (Bankr. E.D. N.Y. 2012); *In re Roach Automotive, L.P.*, 540 B.R. 146, 151 (Bankr. W.D. Pa. 2007) ("The burden of proof on the issue of adequate protection falls squarely on the Debtor."); *see also In re Metromedia Fiber Network, Inc.,* 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003).

Here, the Debtors have not met their burden. The Motion fails to provide adequate information. Indeed, the Debtors seek authority to use cash collateral *carte blanche* for "day-to-day operations in the ordinary course" with no transparency as to how the funds will be used by the Debtors. The Court should not authorize the use of cash collateral without the limitations of a formal budget and a showing by the Debtors of what amount of cash collateral is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. *See, e.g. In re Atrium Development Co.*, 159 B.R. 44, 470 (Bankr. E.D.Va. 1993) (denying use of cash collateral when

the Debtor failed to provide the court with a budget); *In re Carbone Companies, Inc.*, 395 B.R. 631 (Bankr. N.D. Ohio 2008) (finding that a debtor only met its burden to use cash collateral after comparing debtors' projected budget with their actual budget for the previous month). Accordingly, the Debtors have not met their burden and the Motion should be denied.

**WHEREFORE**, the United States Trustee requests this Court enter an order sustaining his Objection, denying the Motion, and granting such other and further relief as the Court finds just and appropriate.

Dated: September 29, 2025
      New York, New York

                                          WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE

                                          /s/ *Shara Cornell*
                                          Shara Cornell, Esq.
                                          Rachael E. Siegel, Esq.
                                          Trial Attorneys
                                          Office of the United States Trustee
                                          One Bowling Green
                                          New York, NY 10004
                                          (212) 510-0500