DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Ben S. Kaminetzky
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in Possession*

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Re: ECF Nos. 141, 142, 167, 173 |
|---|---|
| In re: | Chapter 11 |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' REPLY IN OPPOSITION TO THE UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTORS' SUPPLEMENTAL MOTION FOR ENTRY OF SECOND INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO USE CASH IN ENCUMBERED ACCOUNTS, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FURTHER HEARING ON THE MOTION AND THE SUPPLEMENTAL MOTION, AND (V) GRANTING RELATED RELIEF**

Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**," the "**Company**," or "**Spirit**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases,[2] respectfully submit this reply (the "**Reply**") to the United States Trustee's (the "**U.S. Trustee**") *Limited Objection to Motion of the Debtors for Entry of Second Interim and Final Orders Authorizing the Debtors to Use Cash in Encumbered Accounts* (the "**Limited**

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not immediately defined herein shall have the meaning ascribed to them in the Motion (ECF No. 141) or in the Revised Proposed Second Interim Order (ECF No. 173).

**Objection**") (ECF No. 167), and in further support of the Motion (ECF No. 141), and state the following:

1. Through the Motion, the Debtors seek, among other relief, an order authorizing the fully consensual use of certain cash contained in the Encumbered Accounts, in the amount of $120 million, for use in ordinary course business operations. As reflected in the Revised Proposed Second Interim Order, the Secured Parties consent to the relief requested.

2. That development is crucial because the U.S. Trustee objects to the Motion on the grounds that the Debtors have not sufficiently publicly disclosed the contours of their financials and need for the cash. (Limited Objection at 2.) Putting aside that the Debtors have, in fact, explained the need for the $120 million sought, (*see* Motion at ¶ 20; Farnsworth Decl. ¶ 11), no such showing is required since the Secured Parties—the only parties with a purported security interest in that cash—have consented to its use by the Debtors. *See* 11 U.S.C. § 363(c)(2). Section 363(c)(2) makes clear that cash collateral "may not [be] use[d], s[old], or lease[d]" unless either (i) "each entity that has an interest in such cash collateral consents" or (ii) "the court, after notice and a hearing, authorizes such use, sale, or lease." 11 U.S.C. § 363(c)(2). Thus, as is the case here, use of $120 million of cash in the Encumbered Accounts is permitted with the consent of the Secured Parties. *See, e.g.*, *In re Blackwood Assocs., L.P.*, 153 F.3d 61, 67-69 (2d Cir. 1998) (recognizing that section 363(c)(2)(A) permits a debtor and secured creditor to stipulate to the use of cash collateral in lieu of seeking court authorization). That should end the inquiry.

3. Far from supporting the U.S. Trustee's novel position, the two cases relied upon in the Limited Objection are completely inapposite and underscore the significance of the Secured Parties' consent here. The U.S. Trustee misrepresents these cases as standing for the principle that, in any circumstance, a formal budget is a prerequisite to a debtor's use of cash collateral.

2

(Limited Objection at 2-3.)  This is patently false.  In both *In re Atrium Development Co.*, 159 B.R. 464 (Bankr. E.D. Va. 1993) and *In re Carbone Companies, Inc.*, 395 B.R. 631 (Bankr. N.D. Ohio 2008)—notably two dated, out-of-circuit decisions—the presence or absence of a budget was a relevant factor considered by the court *where the party secured by the cash collateral objected to its use by the debtor*.  *See In re Atrium Development Co.*, 159 B.R. at 471 (citing the absence of a budget as one of several factors favoring denial of the debtor's request where the secured creditor did not consent to use of the cash collateral, the debtor "did not even state why it seeks authority to use cash collateral," and the court could not find that the secured party was adequately protected by a 12% equity cushion); *In re Carbone Companies, Inc.*, 359 B.R. at 636-37 (granting debtor's request to use cash collateral over UCC and secured party's objections, in part, because the secured party was adequately protected by testimony of increasing accounts receivable and postpetition replacement liens).  Here, by contrast, the Debtors' use of cash from the Encumbered Accounts has the consent of the Secured Parties, who are adequately protected by, among other things, an approximately 56% equity cushion.  (*See* Motion at ¶ 22.)

4.The U.S. Trustee attempts to muddy the record by suggesting that the Debtors have, since the Petition Date, sought permission to use up to $400 million in cash that they did not otherwise have a right to access, without satisfying the proper burden.  (Limited Objection at 2 (asserting that the Debtors already "received authority to use $275,000,000, again without a budget" and that the current Motion sought use of "an *additional* $120,000,000").)  This is both incorrect and misleading.  The $275 million cited by the U.S. Trustee represents *unencumbered* cash belonging to the Debtors.  (*See* ECF No. 89 at 13 (defining the Unencumbered Funds as including "the $275,000,000.00 in available cash drawn on August 21, 2025, under [Debtors']

3

Revolving Credit Facility").)³ That the Debtors are using their Unencumbered Funds to continue their ordinary course business operations has no bearing on their agreement with the Secured Parties to now use cash in the Encumbered Accounts, and is expressly and unquestionably permitted by the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(1) (where "the business of the debtor is authorized to be operated under section [ ] 1108" of the Code, the debtor-in-possession "may enter into transactions . . . [and] use property of the estate in the ordinary course of business without notice or a hearing.").

5.  For the aforementioned reasons, the U.S. Trustee's Limited Objection should be overruled, the Motion should be granted, and the Revised Proposed Second Interim Order should be entered.

[*Remainder of page left intentionally blank*]

---

³ Both Secured Parties have reserved their rights to argue that such cash is encumbered. (*See* First Interim Order at ¶ 16(f).)

Dated: September 29, 2025
New York, New York

DAVIS POLK & WARDWELL LLP

*/s/ Darren S. Klein*
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Ben S. Kaminetzky
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in Possession*