Hearing Date and Time: October 10, 2025 at 10:00 a.m. ET
Reply Deadline: October 9, 2025 at 11:59 p.m. ET

Brett H. Miller
Todd M. Goren
James H. Burbage
Jessica D. Graber
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | Jointly Administered |

**OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' RESERVATION OF RIGHTS
TO THE DEBTORS' MOTION TO OBTAIN POSTPETITION FINANCING**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Spirit Aviation Holdings, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "<u>Debtors</u>" or "<u>Spirit</u>"), by and through its undersigned proposed counsel, hereby submits this reservation of rights to the *Motion of Debtors for Entry of (I) Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552, (A) Authorizing the Debtors to Obtain Postpetition Financing; (B) Granting Senior Secured Liens and Superpriority Administrative Expense Claims; (C) Granting Adequate Protection; (D) Modifying the Automatic Stay;*

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

*(E) Scheduling a Final Hearing on the Motion; and (F) Granting Related Relief; and (II) Third Interim Order (A) Authorizing the Debtors to Utilize Cash in Encumbered Accounts; (B) Granting Adequate Protection; (C) Modifying the Automatic Stay; (D) Scheduling a Final Hearing on the Motion; and (E) Granting Related Relief* [Docket No. 194] (the "DIP Motion").[2]

**RESERVATION OF RIGHTS**

1. From the outset of these cases, Spirit has been working diligently to address its liquidity needs and develop an exit strategy. While the DIP Motion helps provide answers to these questions, the relief it seeks would come at a very steep cost to the Debtors' estates. The Committee's advisors and counsel to the proposed DIP Lenders have been in extensive communication and have resolved some, but not all, of the Committee's comments to the proposed interim order approving the DIP Motion (the "Interim Order"). Accordingly, as set forth in detail below, the Committee reserves its rights with regard to entry of any final order granting the DIP Motion (the "Final Order").

2. The DIP Facility would offer the Debtors up to $475 million in new money financing and could result in the roll-up of the entire amount outstanding of the Debtors' Secured Notes, in the aggregate principal amount of $856,110,857.78. Upon entry of the Interim Order, the Debtors would gain access to $200 million in new money loans and $400 million of prepetition secured debt would be rolled up into the DIP Facility.

3. The Committee expressed its concerns regarding this roll-up, in addition to its other comments to the Interim Order, to the DIP Lenders. After extensive discussions, the DIP Lenders agreed to decrease the roll-up for the third and fourth draws from 2:1 to 1.5:1 and clarify that the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

- 2 -

releases in the Interim Order will remain subject to entry of the Final Order and the Committee's investigation period. In return, the Committee has agreed to not oppose the $400 million roll-up under the Interim Order and that such roll-up will not otherwise be subject to any challenge. All other rights of the Committee with respect to the Final Order are reserved (including whether the proposed, now reduced, roll-up with respect to subsequent draws should be further reduced or capped).

4. Unsurprisingly, the roll-up is just one of the issues that the Committee has with the Interim Order and the Committee proposed a number of changes to the DIP Lenders, which it believes are necessary to ensure that the Debtors' access to capital does not unfairly prejudice the rights of general unsecured creditors. The Committee's other concerns include the fees, liens on avoidance action proceeds, waivers of key creditor protections, and the application of Local Rule 4001-2(g)(5) to any roll-up related to subsequent draws. Despite these issues, the Committee is confident that it can resolve the majority of its concerns regarding the proposed DIP Facility by the final hearing on the DIP Motion, which is currently scheduled for October 29.

5. At this time and until further notice, the Committee does not object to, but hereby reserves all rights with respect to, the relief requested in the DIP Motion, including, but not limited to, the right to raise additional concerns with the Court regarding any future roll-up in connection with the DIP Facility, and to seek further modifications to the relief requested in the proposed Final Order in the unlikely event that a consensual resolution is not achieved.

[*Remainder of Page Intentionally Left Blank*]

- 4 -

Dated: October 9, 2025
      New York, New York

By: /s/ *Todd M. Goren*
    Brett H. Miller
    Todd M. Goren
    James H. Burbage
    Jessica D. Graber
    WILLKIE FARR & GALLAGHER LLP
    787 Seventh Avenue
    New York, New York 10019
    Telephone: (212) 728-8000
    Facsimile: (212) 728-8111

    *Proposed Counsel for the Official Committee of Unsecured Creditors*