**THE BAYNE LAW GROUP, LLC**
Andrew J. Bayne (SDNY#: AB1142 )
Thomas E. Lamb (SDNY# TL3781)
230 Park Avenue, Suite 1000
New York, New York 10169
Telephone: (212)679-2205
abayne@baynelaw.com;
thomas@baynelaw.com

*Counsel to NAI National Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>**SPIRIT AVIATION HOLDINGS, INC., et al**<br><br>Debtors[1]. | Chapter 11<br><br>Case No.: 25-11897 (SHL)<br><br>Jointly Administered |
|---|---|

**LIMITED RESERVATION OF RIGHTS OF NAI NATIONAL LTD**
**REGARDING FINAL DIP FINANCING ORDER**

NAI National Limited ("Creditor"), by and through undersigned counsel, respectfully submits this limited reservation of rights with respect to the entry of a final order (the "Final DIP Order") authorizing the Debtors to obtain post-petition financing and use cash collateral.

1. Creditor holds an allowed administrative expense claim pursuant to 11 U.S.C. §503(b)(9) in the amount of two hundred seven thousand, nine hundred forty-one dollars and fifty-eight cents ($207,941.58) for goods received by the Debtors within twenty (20) days prior to the Petition Date.

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman I Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 1731 Radiant Drive, Dania Beach, FL 33004.

1

2. Pursuant to 11 U.S.C. §§503(b) and 507(a)(2), §503(b)(9) claims are entitled to administrative priority and must be paid in full as a condition to confirmation under §1129(a)(9)(A).

3. To the extent that any provision of the proposed Final DIP Order purports to: (a) grant DIP lenders super priority status senior to claims under §§503(b) and 507(a)(2), including §503(b)(9) claims; (b) encumber avoidance action proceeds or other unencumbered assets otherwise available for distribution to unsecured or administrative creditors; or (c) impair the Debtors' ability to satisfy allowed administrative expense claims in full, Creditor hereby reserves all rights to object to the entry of the Final DIP Order and/or seek appropriate relief to preserve its statutory rights.

4. By this filing, Creditor does not object to the Debtors' access to financing per se, but files this limited reservation to ensure that its §503(b)(9) administrative expense priority is preserved in accordance with the Bankruptcy Code. Further, this reservation of rights incorporates and adopts applicable arguments set forth in the Reservation of Rights to the Debtors' Motion to Obtain Post-petition Financing filed by the Official Committee of Unsecured Creditors earlier today at Docket No. 231.

DATED this 9th day of October 2025.

        **THE BAYNE LAW GROUP, LLC**
        Counsel for NAI National Limited

        By:    /s/Andrew J. Bayne
        Andrew J. Bayne (SDNY#: 1142)
        Thomas E. Lamb (SDNY# 3781)
        230 Park Avenue, Suite 1000
        New York, New York 10169
        Telephone: (212)679-2205
        abayne@baynelaw.com
        thomas@baynelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of October, 2025, a true and correct copy of the foregoing Limited Reservation of Rights was served electronically to the interested parties who have requested service by ECF notification from the court in this case.

/s/Andrew J. Bayne
Andrew J. Bayne