**Hearing Date and Time: 11:00 a.m.[1] on October 29, 2025**
**Objection Deadline: 4:00 p.m. on October 22, 2025**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.,* | **Case No. 25-11897 (SHL)** |
| **Debtors.[2]** | **Jointly Administered** |

### NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES TO ASSUME, ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on October 15, 2025, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Motion of Debtors for Entry of an Order (I) Approving Procedures to Assume, Assume and Assign, or Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") has been scheduled for **11:00 a.m. on October 29, 2025**, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), to consider the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government.  Parties wishing to appear at or attend the Hearing (whether "live" or "listen only")

---

[1]  All times herein are expressed in prevailing Eastern Time.

[2]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752).  The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

are required to register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl by **4:00 p.m. on October 28, 2025**. Instructions and additional information about the Court's remote attendance procedures can be found at https://www.nysb.uscourts.gov/ecourt-appearances. The Court will circulate by email the Zoom link to the Hearing to those parties who properly made an electronic appearance prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Motion) so as to be received no later than **4:00 p.m. on October 22, 2025** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61], and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-sean-h-lane), to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order, substantially in the form of the proposed order attached to the Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and any other document filed publicly in the above-captioned proceedings are available free of charge at https://dm.epiq11.com/SpiritAirlines.

*[Remainder of page intentionally left blank]*

Dated:    October 15, 2025
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Darren S. Klein*
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I)**
**APPROVING PROCEDURES TO ASSUME, ASSUME AND**
**ASSIGN, OR REJECT EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (the "**Debtor**" and, together with its affiliates, collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order (I) Approving Procedures To Assume, Assume and Assign, or Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

**Relief Requested**

1.      By this Motion, and pursuant to sections 105, 363, 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**" and, if entered, the "**Order**"), (a) authorizing and establishing (i) the procedures contained in the Proposed Order (the "**Assumption Procedures**") for (A) assuming and (B) assuming and assigning (in each case,

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The address of the Debtors' corporate headquarters is 1731 Radiant Drive, Dania Beach, FL 33004.

potentially on an amended basis) executory contracts and unexpired leases (each, a "**Contract**" or "**Lease**"), and the determination of Cure Costs (as defined below) with respect thereto, and (ii) the procedures contained in the Proposed Order (the "**Rejection Procedures**" and, together with the Assumption Procedures, the "**Procedures**")[2] for (A) rejecting Contracts and Leases and (B) abandoning personal property in connection with any rejected Contract or Lease [3] and (b) authorizing and approving the Assumption Notice and Rejection Notice (each as defined in the Proposed Order and, collectively, the "**Notices**") to each relevant non-Debtor counterparty (each, a "**Counterparty**") to an affected Contract or Lease, each substantially in the form attached to the Proposed Order as <u>Exhibit 1</u> and <u>Exhibit 2</u>, respectively.[45]

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

---

[2] Each of the Procedures and any exhibits thereto are incorporated herein by reference.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the applicable Procedures.

[3] The Debtors may, in the future, seek entry of an order approving procedures for the abandonment of "de minimis" assets unrelated to the rejection of any Contract or Lease.  The Debtors submit that, if there is any conflict between the provisions in the Rejection Procedures relating to the abandonment of assets and those set forth in any subsequently Court-approved procedures, the latter shall control.

[4] As described below, the Procedures allow for the simultaneous assumption (and assignment) or rejection of multiple Contracts and Leases, such that it is conceivable that a Counterparty may be party to multiple Contracts or Leases on any given Notice.  As such, all references in this Motion or the Proposed Order to a Contract or Lease (or terms related thereto) in the singular shall include the plural, and vice versa.

[5] For the avoidance of doubt, the Debtors will not utilize the Assumption Procedures to assume or assume and assign unexpired leases of aircraft or aircraft engines.

2

absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.       The bases for the relief requested herein are sections 105(a), 363, 365, and 554 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 6006, and rules 6006-1 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

4.       Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Background**</u>

**A.     General Background**

5.       On August 29, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 35].

6.       On September 17, 2025, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 117].

7.       Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings [ECF No. 19] (the "**First Day Declaration**").

**B.** **The Debtors' Executory Contracts and Unexpired Leases and the Proposed Procedures**

8.      The Debtors are party to thousands of agreements, including Leases with respect to real and personal property and Contracts for goods and services, maintenance and other technical agreements, licensing agreements, software and information technology agreements, and other agreements related to the Debtors' businesses.  After the commencement of the Chapter 11 Cases, the Debtors and their advisors began evaluating the economic value of each of their Contracts and Leases.  In doing so, the Debtors determined that some of the liabilities associated with the Contracts or Leases outweigh the benefits that such Contracts or Leases provide to the Debtors' estates.  Where appropriate, and in the ordinary course of their businesses, the Debtors intend (and, indeed, have already begun) to work diligently with their Counterparties to negotiate new or amended agreements that are more compatible with the Debtors' current and projected needs and resources.  However, with respect to some Contracts and Leases, the Debtors may not be able to structure a suitable arrangement and, for those Contracts and Leases, rejection would be an appropriate exercise of the Debtors' business judgment.

9.      In light of the foregoing, the Debtors and their advisors are in the process of assessing which Contracts and Leases should be (a) rejected as unfavorable to the Debtors or (b) assumed or assumed and assigned, in each case, potentially on a consensual (and possibly amended) or nonconsensual basis.  Absent the relief requested herein, the Debtors may be required under applicable law to file a discrete motion each time they want to assume, assume and assign, or reject a Contract or Lease.  This would require the Debtors to needlessly expend their limited resources, to the detriment of all stakeholders in the Chapter 11 Cases and would be burdensome for the Court and its staff.

10.    Accordingly, the Debtors believe that establishing orderly procedures for the assumption, assumption and assignment, and rejection of Contracts and Leases would streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all other parties in interest, thereby (a) maximizing the value of the Debtors' estates for the benefit of all stakeholders and (b) preserving the due process rights of parties in interest (particularly the Counterparties).  The Procedures are designed to, among other things, (x) outline the process by which the Debtors would serve notice to Counterparties regarding the potential assumption, assumption and assignment, or rejection of their Contracts or Leases, which notice would include pertinent information relating thereto (*e.g.*, for assumption, the proposed amount necessary to cure any defaults (the "**Cure Costs**"); for rejection, the effective date thereof), (y) establish objection and other relevant deadlines and the manner for resolving disputes relating to the Debtors' proposed assumption, assumption and assignment, or rejection, and (z) eliminate the necessity for a hearing with respect thereto.  The Debtors consulted with counsel to the Committee prior to filing this Motion (which includes their provided comments), and each are supportive of the relief requested herein.

11.    Accordingly, the Debtors respectfully request the authorization and establishment of the Procedures for the assumption, assumption and assignment, and rejection of Contracts and Leases in the Chapter 11 Cases.

<u>**Basis for Relief**</u>

**A.    Approval of the Procedures is in the Best Interests of the Debtors, their Estates, and All Parties in Interest, and the Procedures Satisfy Due Process**

12.    As described above, the streamlined Procedures would greatly maximize efficiency and, by extension, value in the Chapter 11 Cases.  Without the Procedures, the Debtors may be required to file an individual standalone motion each time they would want to assume, assume and

5

assign, or reject a Contract or Lease, thereby occupying the valuable time of the Debtors, the Court and its staff, the U.S. Trustee, the Committee, and other parties in interest.

13.     In addition, the Procedures would not violate or prejudice the due process rights of any Counterparty or other party in interest.  As a procedural matter, "Rule 9014 governs a proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan." Fed. R. Bankr. P. 6006(a).  Bankruptcy Rule 9014 provides that, "[i]n a contested matter not otherwise governed by these rules, relief must be requested by motion.  Reasonable notice and an opportunity to be heard must be given to the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).  The notice and hearing requirements for contested matters in Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").  Here, pursuant to the Procedures, affected Counterparties and other parties in interest would receive notice of a Debtor's proposed assumption, assumption and assignment, or rejection of any Contract or Lease, which would contain pertinent information in connection therewith (*e.g.*, proposed Cure Costs (if any) or the effective date of the proposed rejection).  *See, e.g.*, *In re Mid Region Petroleum, Inc*., 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding that the effective date of a lease's rejection was the date the debtor gave notice to the lessor of its intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc*., 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding that a debtor may reject an executory contract by clearly communicating its intention to reject).

14.     Under Bankruptcy Rule 6006(e), however, a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to

Bankruptcy Rule 6006(f).  A motion to assume or reject multiple executory contracts or unexpired

leases that are not between the same parties shall:

> (1) state in a conspicuous place that parties' names and their
> contracts or leases are listed in the motion; (2) list the parties
> alphabetically and identify the corresponding contract or lease; (3)
> specify the terms, including how a default will be cured, for each
> requested assumption or assignment; (4) specify the terms,
> including the assignee's identity and the adequate assurance of
> future performance by each assignee for each requested assignment;
> (5) be numbered consecutively with other omnibus motions to
> reject, assume, or assign executory contracts or unexpired leases;
> and (6) be limited to no more than 100 executory contracts or
> unexpired leases.

Fed. R. Bankr. P. 6006(f).

15.    The proposed Procedures largely comport with the requirements of Bankruptcy

Rule 6006(f), which are intended to protect the due process rights of Counterparties to the affected

Contracts and Leases.  Given the substantial number of Contracts and Leases that the Debtors may

assume or reject, obtaining Court approval of each assumption or rejection would impose

unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors'

estates that may decrease the economic benefits of assumption or rejection.  Moreover, the Debtors

would provide the affected Counterparty, the U.S. Trustee, and the Committee, with the requisite

notice and an opportunity to object to any proposed action, thereby preserving the due process

rights of the key parties in interest.  Moreover, the Court would maintain authority and oversight

in the event of an objection to a particular assumption, assumption and assignment, or rejection of

a Contract or Lease.

16.    Moreover, section 105(a) of the Bankruptcy Code confers the Court with broad

equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title."   11 U.S.C. § 105(a).   Accordingly, the Court has expansive

equitable powers to fashion any order or decree that is in the interest of preserving or protecting

the value of the Debtors' assets.  *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375 (2007) (characterizing the bankruptcy court's power under section 105 of the Bankruptcy Code as "broad").  Further, bankruptcy courts may enter orders "prescribing such limitations and conditions as the court deems appropriate to ensure that the [bankruptcy] case is handled expeditiously and economically."  11 U.S.C. § 105(d); *see also In re Bambi*, 492 B.R. 183, 188 (Bankr. S.D.N.Y. 2013) (holding that bankruptcy courts have "inherent power to manage their own docket") (citation omitted); *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 154 (3d Cir. 2012) (holding that "the court's equitable powers under 11 U.S.C. § 105 surely enable it to control its own docket").  The proposed Procedures are necessary for the Debtors to carry out their restructuring efforts in a streamlined and value-maximizing manner.  If the Court does not approve the proposed Procedures, the Debtors may be forced to seek assumption or rejection of Contracts and Leases on an individualized basis, thereby imposing unnecessary administrative burdens on the Debtors and the Court and resulting in unnecessary costs to the detriment of the Debtors' estates and their stakeholders.

17.    Courts in this jurisdiction routinely grant relief similar to that requested herein.  See, e.g., *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 8, 2023) [ECF No. 2587] (order approving procedures for rejecting or assuming executory contracts and unexpired leases); *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y.) [ECF Nos. 1109, 3996] (same); *In re Grupo Aeroméxico, S.A.B. de C.V.,* No. 20-11563 (SCC) (Bankr. S.D.N.Y.) [ECF Nos. 584, 1085] (same); *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. June 9, 2020) [ECF No. 261] (same); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) [ECF No. 215] (same).

18.    Based on the foregoing, the Debtors respectfully submit that the Procedures are fair and reasonable and that the relief requested herein should be granted since it is reasonable, appropriate, and in the best interests of the Debtors, their estates, and their creditors.

**B.    The Assumption, Assumption and Assignment, and Rejection of Contracts and Leases Pursuant to the Procedures is a Sound Exercise of the Debtors' Business Judgment and Should be Authorized**

19.    Section 365 of the Bankruptcy Code allows a debtor in possession (with bankruptcy court approval) to maximize the value of its estates by, among other things, assuming and rejecting executory contracts and unexpired leases.  11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).  An executory contract is a "contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other."  *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989) (internal citations omitted); *see also In re Keren Ltd. P'ship*, 225 B.R. 303, 307 (S.D.N.Y. 1997), *aff'd*, 189 F.3d 86 (2d Cir. 1999) (same).

20.    In determining whether to permit a debtor to assume or reject a contract or lease, "the debtor's interests are paramount."  *COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d. 373, 383 (2d Cir. 2008).  Accordingly, the decision to assume or reject an executory contract or unexpired lease is governed by the business judgment rule, which requires that a debtor determine that the requested assumption would be beneficial to its estates.  *See Grp. of Institutional Invs. v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943) (finding that the question of assumption "is one of business judgment"); *In re Penn Traffic*, 524 F.3d at 383; *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006); *In re MF Global Inc.*, No. 11-2790, 2011 WL 6792758, at *2 (Bankr. S.D.N.Y. Dec. 20,

2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment."); *Sharon Steel*, 872 F.2d at 40.

21.      A debtor's decision to assume an executory contract or unexpired lease based on its business judgment will generally not be disturbed absent a showing of "bad faith or abuse of business discretion." *In re Old Carco*, 406 B.R. at 188 (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd sub nom. John Forsyth Co., Inc. v. G Licensing, Ltd.*, 187 B.R. 111 (S.D.N.Y. 1995)).  The party opposing a debtor's exercise of its business judgment has the burden of rebutting the presumption of validity.  *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

22.      Here, any assumption or rejection of a Contract or Lease would constitute an exercise of the Debtors' sound business judgment because such action would allow the Debtors to keep valuable agreements while shedding onerous or unneeded ones, thereby reshaping the Debtors' business to reflect their current and projected needs and resources.  In sum, the Debtors have determined, in their sound business judgment, that the assumption, assumption and assignment (including any amendments to the underlying agreements in connection therewith), and rejection (including the abandonment of any personal property in connection therewith) of any Contract or Lease in accordance with the Procedures is and will be in the best interest of the Debtors' estates.  The Debtors, therefore, respectfully request that the Court enter the Proposed Order authorizing and establishing the Procedures.

C.    **The Debtors Should be Permitted to Amend Contracts and Leases in Connection with the Assumption Thereof**

23.    Similarly, in connection with assumptions of certain Contracts and Leases (including those that may ultimately be assigned), the Debtors and the affected Counterparty may decide to amend the underlying agreement.  The Debtors believe that certain of these amendments may be in the ordinary course, since contracts are regularly amended by the parties thereto, and, accordingly, such amendments would be warranted under section 363(c) of the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(1) (A debtor may "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing."). Nevertheless, out of an abundance of caution, the Debtors submit that, should any such amendments be considered outside the ordinary course of business, they too should be approved under section 363(b) of the Bankruptcy Code if amended in accordance with the Procedures.  *See Off. Comm. of Unsecured Creditors v. Aust (In re Network Access Sols. Corp.)*, 330 B.R. 67, 74 (Bankr. D. Del. 2005) ("[N]othing prevented [the debtors] from amending the pre-petition contracts once they were assumed—especially when the parties in interest consented to the modification.").

24.    Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor's decision to use, sell, or lease assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge determining a section 363(b) application must find from the evidence presented before him a good business reason to grant such application); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same); *In re Glob. Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re*

*Ionosphere Clubs, Inc.*, 100 B.R. 670, 674 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section 363(b) motion is "good business reason").

25.     Here, the consensual amendment of a Contract or Lease in connection with the assumption (and assignment) thereof would constitute an exercise of the Debtors' sound business judgment because such action would allow the Debtors to restructure the economic arrangement between the Debtors and the Counterparties, thereby reflecting the Debtors' current and projected needs and resources.  Accordingly, the Debtors respectfully submit any amendments made in accordance with the Procedures should be approved.

**D.     Retroactive Relief is Appropriate**

26.     The Debtors submit that it is appropriate for the Court to authorize, but not direct nor require, the Debtors, through the Procedures, to deem the assumption, assumption and assignment, or rejection of a Contract or Lease effective as early as the date of filing of the applicable Assumption Notice or Rejection Notice.

27.     Section 365 of the Bankruptcy Code does not address when the assumption, assumption and assignment, or rejection ordered by the Court is deemed effective, nor does the Bankruptcy Code restrict courts from concluding that the effective date of the assumption, assumption and assignment, or rejection is the date of the requested relief.  *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (noting that the bankruptcy court can approve a debtor's retroactive rejection of a lease); *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (Section 365 of the Bankruptcy Code "does not state that rejection cannot be applied retroactively, or that there are restrictions as to the manner in which the court can approve rejection."); *In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 of the Bankruptcy Code "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively").  However, courts, including those in this district, have held that a

bankruptcy court may exercise its equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a) of the Bankruptcy Code.  *See BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 02-cv-6419-NRB, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re Mallet, Inc.*, No. 21-11619 (JLG), 2023 WL 8885916 (Bankr. S.D.N.Y. Dec. 22, 2023) (holding that rejection of a contract *nunc pro tunc* to the petition date was appropriate under the circumstances).

28.    Courts in this jurisdiction routinely grant relief similar to that requested herein. *See, e.g.*, *In re Azul S.A.*, No. 25-11176 (SHL) (Bankr. S.D.N.Y July 11, 2025) [ECF No. 202] (order authorizing the retroactive rejection of contracts and leases to the petition date); *In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. Apr. 11, 2024) [ECF No. 476] (order authorizing the retroactive rejection of contracts and leases to the petition date); *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. Jan. 18, 2023) [ECF No. 812] (order authorizing the rejection of contracts and leases retroactive to the filing date of the motion); *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. July 23, 2020) [ECF No. 177] (order authorizing the rejection of contracts and leases *nunc pro tunc* to specific dates established by the debtors); *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. June 11, 2020) [ECF No. 277] (order authorizing the rejection of contracts and leases *nunc pro tunc* to the petition date); *In re Rep. Airways Holdings*, No. 16-10429 (SHL) (Bankr. S.D.N.Y.) [ECF Nos. 215, 370, 565] (orders authorizing the retroactive rejection of contracts and leases).

29.    Here, retroactive relief, especially for rejection, is essential because the Contracts or Leases being rejected are draining value from the Debtors' estates each day they remain in

effect.  Requiring the Debtors to maintain such Contracts and Leases and pay for the attendant premises, goods, or services would needlessly hinder and limit the recoveries for the Debtors' creditors, particularly if the Debtors do not need such premises, goods, or services.  Accordingly, the Debtors believe that it is in the best interests of the Debtors, their estates, and their stakeholders for the Court to allow the Debtors, through the Procedures, to deem a date as early as the date of filing of the Rejection Notice or Assumption Notice, as applicable, as the effective date for assumption, assumption and assignment, or rejection.

E.    **Abandonment of Certain Personal Property in Connection with the Rejected Contracts and Leases is in the Best Interests of the Debtors, their Estates, and All Parties In Interest**

30.    Section 554(a) of the Bankruptcy Code provides that a debtor in possession "[a]fter notice and a hearing . . . may abandon any property of the estate that . . . is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  When rejecting a Contract or Lease, it may be more economically sound for the Debtors to abandon certain personal property (*e.g.*, fixtures, goods, parts, components, materials, supplies, tools, service equipment) than it would for the Debtors to incur costs relating to retrieving and selling such assets outright, especially when considering the expenses ancillary to such sale efforts (*e.g.*, interim storage, shipping, marketing).  Subject to applicable law,[6] the Debtors would not abandon personal property unless, in the Debtors' reasonable business judgment, the sale of the asset would not generate enough net value for the Debtors' estates.

---

[6]  The Debtors would not abandon personal property in contravention of applicable non-bankruptcy law, where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result. *See Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 502 (1986) ("Neither the Court nor Congress has granted a trustee in bankruptcy powers that would lend support to a right to abandon property in contravention of state or local laws designed to protect public health or safety.").

31.     Bankruptcy Rule 6007 affords the Court discretion in limiting notice and the time for filing objections in connection with the abandonment of property. The Debtors submit that strict compliance with Bankruptcy Rule 6007(a) in connection with the abandonment of assets located on premises governed by a rejected Contract or Lease (*i.e.*, requiring notice be given to all creditors) would be unnecessarily expensive and time consuming and would not provide any incremental benefit to the Debtors' estates or creditors. Furthermore, the Debtors submit that the proposed deadline to file an objection to the abandonment of assets should be sufficient and should not otherwise prejudice the rights of any party in interest. Accordingly, the Debtors request that the Court limit notice and objection deadlines under Bankruptcy Rule 6007, as set forth in the Proposed Order, and otherwise approve the abandonment provisions set forth in the Rejection Procedures.

## **Debtors' Reservation of Rights**

32.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against the Debtors on any grounds (whether under bankruptcy law or otherwise), a commitment or requirement to pay any claim, a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. The Debtors expressly reserve their rights to contest any claims under applicable bankruptcy and non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order (including in connection with any action taken by the Debtors in accordance with the Procedures) is not intended, and should not be construed, as an admission as to the amount,

15

priority, character, or validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rules 4001(a)(3), 6004(h), and 6006(d)

33.     To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances.  The Debtors also request that, to the extent applicable, the Court waive the stays imposed by (a) Bankruptcy Rule 4001(a)(4), which provides that "[u]nless the court orders otherwise, an order granting a motion for relief from [an] automatic stay . . . is stayed for 14 days after it is entered." Fed. R. Bankr. P. 4001(a)(4), (b) Bankruptcy Rule 6004(h), which provides that "[u]nless the court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h), and (c) Bankruptcy Rule 6006(d), which provides that an "[u]nless the court orders otherwise, an order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed for 14 days after the order is entered."  Fed. R. Bankr. P. 6006(d).

34.     The Debtors have already commenced the process of analyzing their Contracts and Leases to maximize value for their estates and stakeholders.  Accordingly, the Debtors request that the Order and any order authorizing the assumption, assumption and assignment, and rejection of any Contract or Lease be effective immediately upon entry and that the 14-day stays imposed by Bankruptcy Rules 4001(a)(4), 6004(h), and 6006(d) be waived.

### Notice

35.     Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the U.S. Trustee; (b) the Committee; (c) certain holders of the Debtors' secured notes; (d) each agent or trustee under the Debtors' secured notes indenture

or revolving credit facility; and (e) any other party that is entitled to notice under the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61].  A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

17

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and

such other and further relief as the Court deems just and proper

Dated:    October 15, 2025
          New York, New York

                              DAVIS POLK & WARDWELL LLP

                              */s/ Darren S. Klein*
                              450 Lexington Avenue
                              New York, NY 10017
                              Tel.: (212) 450-4000
                              Marshall S. Huebner
                              Darren S. Klein
                              Christopher S. Robertson
                              Jospeh W. Brown

                              *Proposed Counsel to the Debtors and Debtors in
                              Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.,* | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

## ORDER APPROVING MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES TO ASSUME, ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 6007, (a) authorizing and establishing (i) the Assumption Procedures herein for (A) assuming and (B) assuming and assigning (in each case, potentially on an amended basis) Contracts and Leases, and the determination of Cure Costs (as defined below) with respect thereto, and (ii) the Rejection Procedures herein for (A) rejecting Contracts and Leases and (B) abandoning personal property in connection with any rejected Contract or Lease and (b) authorizing and approving the Notices to affected Counterparties, substantially in the form attached hereto, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order*

---

[1]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752).  The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

*of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The following procedures (the "**Assumption Procedures**") are hereby approved in connection with assuming or assuming and assigning Contracts and Leases:

(a)      **Assumption Notice**.  To assume (and assign) a Contract or Lease in accordance herewith, the Debtors shall file a notice, substantially in the form attached hereto as **Exhibit 1** (the "**Assumption Notice**"), that includes a copy of this Order (without the form Notices attached hereto) and sets forth, among other things, the following: (i) the Contracts or Leases to be assumed (and assigned); (ii) the names and addresses of the applicable

Counterparties; (iii) the name of the applicable Debtor; (iv) the identity of any proposed assignee of such Contracts or Leases (the "**Assignee**"); (v) the effective date of the assumption (and assignment) for such Contracts or Leases (the "**Assumption Date**"), which may be the filing date of the Assumption Notice; (vi) the proposed amount necessary to cure any monetary defaults under such Contracts or Leases (the "**Cure Costs**"); (vii) a description of any material amendments to such Contracts or Leases made outside the ordinary course of business and in connection with the assumption (and assignment); and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Debtors shall consult with counsel to (x) the Committee (defined below) and (y) the DIP Lenders[3] and Ad Hoc Committee of Secured Noteholders[4] prior to filing any Assumption Notice in the Chapter 11 Cases. Each Assumption Notice may list multiple Contracts or Leases; *provided* that each Assumption Notice shall be text-searchable, the number of counterparties to Contracts and Leases listed shall be limited to no more than 100, and the Assumption Notice shall list all Contracts and Leases alphabetically by Counterparty. A copy of such Assumption Notice shall be served upon the applicable Counterparty in accordance with subparagraph (b) below. For the avoidance of doubt, nothing herein shall prejudice the Debtors' right to file multiple separate Assumption Notices in their sole discretion.

(b)     **Service of Assumption Notice**. The Debtors will cause the Assumption Notice to be served via overnight delivery service, fax, or email upon the Counterparties and any Assignees listed thereon and each of the Objection Service Parties (as defined and set forth below). The Debtors shall also deliver to a Counterparty to a Contract or Leases being assumed and assigned in accordance with the Assumption Procedures (upon such Counterparty's written request to the Debtors' proposed counsel) with evidence of adequate assurance of performance of a proposed Assignee.

(c)     **Objection Procedures**. The deadline to file an objection ("**Assumption Objection**") to the proposed assumption (and assignment) of a Contract or Lease will be 4:00 p.m. (prevailing Eastern Time) on the date that is 14 days from the date the Assumption Notice is filed and served (the "**Assumption Objection Deadline**"). The Assumption Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient). An Assumption Objection

---

[3] As defined in the *(I) Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing; (B) Granting Senior Secured Liens and Superpriority Administrative Expense Claims; (C) Granting Adequate Protection; (D) Modifying the Automatic Stay; (E) Scheduling a Final Hearing on the Motion; and (F) Granting Related Relief; and (II) Third Interim Order (A) Authorizing the Debtors to Utilize Cash in the Encumbered Accounts; (B) Granting Adequate Protection; (C) Modifying the Automatic Stay; (D) Scheduling a Final Hearing on the Motion; and (E) Granting Related Relief* [ECF No. 250] (the "**Interim DIP Order**").

[4] As defined in the Interim DIP Order.

3

will be considered timely only if, on or prior to the Assumption Objection Deadline, it is filed with the Court and served upon the following: (i) the U.S. Trustee, 1 Bowling Green, New York, NY 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov) and Rachael E. Siegel (Rachael.E.Siegel@usdoj.gov); (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Darren S. Klein, Christopher S. Robertson and Joseph S. Brown; (iii) proposed counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), Willkie Farr & Gallagher LLP, 787 7th Avenue, New York, NY 10019, Attn: Brett H. Miller, Todd M. Goren, James H. Burbage, and Jessica D. Graber (bmiller@willkie.com, tgoren@willkie.com, jburbage@willkie.com, and jgraber@willkie.com); (iv) counsel to the Ad Hoc Group of Senior Secured Noteholders, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Michael S. Stamer and Jason Rubin; and (v) counsel to the RCF Agent, Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163, Attn: Andrew Harmeyer and Jason Kestecher (collectively, the "**Objection Service Parties**"). In addition to the foregoing, an Assumption Objection must (i) be in writing, in English, and in text-searchable format, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, and (iii) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Costs that the Counterparty believes are required to cure any alleged defaults under the relevant Contract or Lease pursuant to section 365(b) of the Bankruptcy Code. For the avoidance of doubt, an objection to the assumption (and assignment) of any particular Contract or Lease listed on an Assumption Notice shall not constitute an objection to the assumption (or assignment) of any other Contract or Lease listed thereon.

(d)     **No Unresolved Objection**. If there is no outstanding and unresolved timely and properly filed Assumption Objection, (i) each Contract and Lease on the applicable Assumption Notice shall be deemed assumed (and, if applicable, assigned) as of the Assumption Date or such other date as may be agreed to by the Debtors and the applicable Counterparty (including, with respect to an assumption and assignment, the effectiveness of the assignment in accordance with its terms) and (ii) the proposed Cure Cost listed in the applicable Assumption Notice shall be binding on all applicable Counterparties and no amount in excess thereof shall be paid for cure purposes under section 365(b) of the Bankruptcy Code.

(e)     **Unresolved Objection**. If a timely and properly filed Assumption Objection remains outstanding and unresolved, the Debtors may request that the Court schedule a hearing on such objection. If such Assumption Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise ordered by the Court.

      (f)    **Modifications of Assumption Notice**.  The Debtors reserve the right to remove any Contract or Lease from the schedule to any Assumption Notice at any time prior to its proposed Assumption Date (including upon the failure of any proposed assumption and assignment to become effective in accordance with its terms).

2.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to amend any Contract or Lease in connection with the assumption thereof and in accordance with its terms.

3.      Subject to and conditioned upon the effectiveness with respect to the assumption and assignment of a Contract or Lease, and subject to the other provisions of this Order (including the Assumption Procedures), the Debtors are hereby authorized, in accordance with sections 365(b) and (f) of the Bankruptcy Code, to (a) assume and assign to any Assignee any applicable Contract or Lease, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contract or Lease, except as otherwise provided for in this Order, and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract or Lease.

4.      Any Lease listed on an Assumption Notice filed in accordance with the terms of this Order and before the Debtors' deadline to assume unexpired leases of non-residential real property and which is not subject to an Assumption Objection, pursuant to section 365(d)(4) of the Bankruptcy Code, shall ultimately be deemed assumed as of the date listed on the Assumption Notice.  Nothing herein shall preclude the Debtors from seeking extensions of the deadline set forth in section 365(d)(4) of the Bankruptcy Code.

5.      The Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

6.      The following procedures (the "**Rejection Procedures**") are hereby approved in

connection with rejecting Contracts and Leases:

(a)      **Rejection Notice**.  To reject a Contract or Lease in accordance herewith,
the Debtors shall file a notice, substantially in the form attached hereto as
**Exhibit 2** (the "**Rejection Notice**"), that includes a copy of this Order
(without the form Notices attached hereto) and sets forth, among other
things, the following:  (i) the Contracts or Leases to be rejected; (ii) the
names and addresses of the applicable Counterparties; (iii) the name of the
applicable Debtor; (iv) the effective date of the rejection for such Contracts
or Leases (the "**Rejection Date**") (which may be the date of filing of the
Rejection Notice) or, for a real property Lease, may be the date upon which
the applicable Debtor surrenders in writing (including via email) the
premises to the landlord and returns the keys, key codes, or security codes,
as applicable; (v) a reasonable description of any personal property to be
abandoned in connection with the proposed rejection; and (vi) the deadlines
and procedures for filing objections to the Rejection Notice (as set forth
below).  Each Rejection Notice may list multiple Contracts or Leases;
*provided* that each Rejection Notice shall be text-searchable, the number of
counterparties to Contracts and Leases listed shall be limited to no more
than 100, and the Rejection Notice shall list all Contracts and Leases
alphabetically by Counterparty.,   A copy of such Rejection Notice shall be
served upon the applicable Counterparty in accordance with subparagraph
(b) below.  For the avoidance of doubt, nothing herein shall prejudice the
Debtors' right to file multiple separate Rejection Notices in their sole
discretion.

(b)      **Service of Rejection Notice**.  The Debtors shall cause the Rejection Notice
to be served via overnight delivery service, fax, or email upon the
Counterparties listed thereon and each of the Objection Service Parties.

(c)      **Objection Procedures**.  The deadline to file an objection ("**Rejection
Objection**") to the proposed rejection of a Contract or Lease or any
proposed abandonment of personal property in connection therewith shall
be 4:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days
from the date the Rejection Notice is filed and served (the "**Rejection
Objection Deadline**").  The Rejection Objection Deadline may be extended
with respect to a particular Contract or Lease with the written consent of the
Debtors (email being sufficient).  A Rejection Objection will be considered
timely only if, on or prior to the Rejection Objection Deadline, it is filed
with the Court and served upon the Objection Service Parties.  In addition
to the foregoing, a Rejection Objection must (i) be in writing, in English,
and in text-searchable format, (ii) comply with the Bankruptcy Code,
Bankruptcy Rules, Local Rules, and Complex Procedures, and (iii) state,
with specificity, the legal and factual bases thereof.  For the avoidance of
doubt, an objection to the rejection of any particular Contract or Lease listed

6

on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed thereon. For the further avoidance of doubt, if a Rejection Objection only pertains to the abandonment of personal property but not the underlying rejection of the related Contract or Lease, or vice versa, only the component actually objected to shall be considered opposed.

(d)     **No Unresolved Objection**. If there is no outstanding and unresolved timely and properly filed Rejection Objection, each Contract and Lease on the applicable Rejection Notice shall be deemed rejected as of the Rejection Date or such other date as may be agreed to by the Debtors and the applicable Counterparty.

(e)     **Unresolved Objection**. If a timely and properly filed Rejection Objection remains outstanding and unresolved, the Debtors may request that the Court schedule a hearing on such objection. If such Rejection Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise ordered by the Court.

(f)     **Modifications of Rejection Notice**. The Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice at any time prior to the applicable Rejection Objection Deadline.

(g)     **Abandoned Property**. The Debtors are authorized, but not directed, to abandon any of the Debtors' personal property that may be located on the premises subject to the underlying rejected Contract or Lease, and such property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code at the same time that the underlying Contract or Lease is deemed rejected in accordance with subparagraphs (d)–(e) hereof. Counterparties may, in their sole discretion and without further notice or order of the Court, utilize or dispose of such abandoned property without any liability to the Debtors or third parties and, to the extent applicable, the automatic stay shall be deemed modified to the extent necessary to allow Counterparties to effectuate the foregoing.

(h)     **Rejection Damages**. Any claims arising out of the rejection of a Contract or Lease or the abandonment of any personal property in connection therewith must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases, (ii) 35 days after the date of filing of the applicable Rejection Notice, or (iii) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated. Any person or entity that fails to timely file such proof of claim, (x) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim with respect thereto in the Chapter 11 Cases, (y) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting

7

on any plan in the Chapter 11 Cases, and (z) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.

7.      The Debtors' assumption, assumption and assignment, and rejection of the Contracts and Leases in accordance with the Procedure is hereby approved and effective pursuant to section 365 of the Bankruptcy Code.

8.      Approval of the Procedures and this Order shall not prevent the Debtors from seeking to assume or reject a Contract or Lease by separate court filing (*e.g.*, motion, stipulation, chapter 11 plan).

9.      The Debtors shall not use the Assumption Procedures to assume, assume and assign, or reject any unexpired leases of aircraft or aircraft engines.

10.     Absent order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

11.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an assumption, assumption and assignment, or rejection of a Contract or Lease.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

13.     The Debtors' rights to assign any Contract or Lease that is assumed (but not assigned pursuant to the applicable Rejection Notice) are not modified and expressly preserved,

and nothing herein shall waive the Debtors' rights to subsequently assign any such assumed Contract or Lease pursuant to section 365 of the Bankruptcy Code or applicable law.

14.     Any period of time prescribed or allowed by the Procedures shall be computed in accordance with Bankruptcy Rule 9006.

15.     Notwithstanding the relief granted herein and any actions taken hereunder (including under the Procedures), nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

16.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtor as to the amount, priority, character, or validity of any claim against the Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtor to pay any claim, (e) an implication or admission by the Debtor that such claim is payable pursuant to this Order, or (f) a waiver of the Debtors' or any party in interest's right to contest any Lien or Interest and efforts to exercise associated remedies during the Chapter 11 Case

17.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

18.     Notwithstanding Bankruptcy Rule 6004, this order shall be effective and enforceable immediately upon its entry.

19.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

20.     The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:     _____, 2025
           White Plains, New York
                                          _____
                                          THE HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Form of Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 24-11988 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

**[NUMBER] NOTICE OF ASSUMPTION (AND ASSIGNMENT) OF**
**CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD CHECK SCHEDULE 1 ATTACHED HERETO FOR THEIR NAMES AND THEIR CONTRACTS OR LEASES AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that, on August 29, 2025, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtors' chapter 11 cases are being jointly administered under case number 25-11897 (SHL) (the "**Chapter 11 Cases**").

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2025 the Court entered the order attached hereto (without exhibits) as **Schedule 2** [Docket No. [●]] (the "**Order**")[2] that, among other things, authorized and established procedures for the assumption (and assignment) of Contracts and Leases (the "**Assumption Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order and this written notice (this "**Assumption Notice**"), the Debtors hereby notify you that they have determined, in the exercise of their sound business judgment, that each Contract or Lease set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "**Assumption Date**") set forth therein or such other date as the Debtors and the applicable

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Motion and additional information about the Chapter 11 Cases can be accessed on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines. If you have any questions, please contact, Epiq, the Debtors' claims and noticing agent, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), or email SpiritAirlines@epiqglobal.com. Epiq cannot provide legal advice.

1

Counterparty agree (including, with respect to an assumption and assignment, the effectiveness of the assignment in accordance with its terms).

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Assumption Procedures, parties seeking to object to the proposed assumption (and assignment) of any of the Contracts or Leases on **Schedule 1** attached hereto, or the proposed Cure Costs listed thereon, must file and serve a written objection so that such objection is filed with the Court on the docket of the Chapter 11 Cases and that the following parties actually receive such objection no later than 4:00 p.m. (prevailing Central Time) on [●][3] (the "**Assumption Objection Deadline**"): (a) the U.S. Trustee the U.S. Trustee, 1 Bowling Green, New York, NY 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov) and Rachael E. Siegel (Rachael.E.Siegel@usdoj.gov); (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Darren S. Klein, Christopher S. Robertson and Joseph S. Brown; (iii) proposed counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), Willkie Farr & Gallagher LLP, 787 7th Avenue, New York, NY 10019, Attn: Brett H. Miller, Todd M. Goren, James H. Burbage, and Jessica D. Graber (bmiller@willkie.com, tgoren@willkie.com, jburbage@willkie.com, and jgraber@willkie.com); (iv) counsel to the Ad Hoc Group of Senior Secured Noteholders, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Michael S. Stamer and Jason Rubin; and (v) counsel to the RCF Agent, Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163, Attn: Andrew Harmeyer and Jason Kestecher (collectively, the "**Objection Service Parties**"). Please note that the Assumption Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient).

      **PLEASE TAKE FURTHER NOTICE** that each Assumption Objection must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, and (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Costs that the Counterparty believes are required to cure any alleged defaults under the relevant Contract or Lease pursuant to section 365(b) of the Bankruptcy Code.

      **PLEASE TAKE FURTHER NOTICE** that, absent the proper and timely filing and service of an Assumption Objection, (a) the assumption (and, if applicable, assignment) of each Contract and Lease set forth on **Schedule 1** attached hereto shall become effective on the Assumption Date and (ii) the proposed Cure Amount set forth on **Schedule 1** attached hereto shall be binding on all applicable Counterparties, and no amount in excess thereof shall be paid for cure purposes under section 365(b) of the Bankruptcy Code.

      **PLEASE TAKE FURTHER NOTICE** that, if an Assumption Objection is properly and timely filed and served, and not withdrawn or resolved, the Debtors shall file with the Court a notice for a hearing to consider the Assumption Objection. If such Assumption Objection is overruled or withdrawn, such Contract or Lease (and any Cure Costs in connection therewith) shall be treated as set forth in the immediately preceding paragraph, unless otherwise ordered by the Court.

---

[3] [This placeholder will be updated to indicate the date that is 21 days after the date that the Debtors file and serve the Assumption Notice, subject to Bankruptcy Rule 9006.]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, absent a further order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

*[Remainder of page intentionally left blank]*

Dated:    [●], 2025
          New York, New York

                              DAVIS POLK & WARDWELL LLP

                              */s/ [Draft]*
                              _____
                              450 Lexington Avenue
                              New York, NY 10017
                              Tel.: (212) 450-4000
                              Marshall S. Huebner
                              Darren S. Klein
                              Christopher S. Robertson
                              Joseph W. Brown

                              *Proposed Counsel to the Debtors and Debtors in
                              Possession*

## Schedule 1

**Schedule of Assumed (and Assigned) Contracts and Leases**

**<u>Schedule 2</u>**

**Order (without form Notices)**

## <u>Exhibit 2</u>

## Form of Rejection Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

**[NUMBER] NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS
AND/OR UNEXPIRED LEASES (AND THE ABANDONMENT OF PROPERTY)**

> **PARTIES RECEIVING THIS NOTICE SHOULD CHECK <u>SCHEDULE 1</u> ATTACHED HERETO FOR THEIR NAMES AND THEIR CONTRACTS OR LEASES AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that, on August 29, 2025, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtors' chapter 11 cases are being jointly administered under case number 25-11897 (SHL) (the "**Chapter 11 Cases**").

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2025, the Court entered the order attached hereto (without exhibits) as **<u>Schedule 2</u>** [Docket No. [●]] (the "**Order**")[2] that, among other things, authorized and established procedures for the rejection of Contracts and Leases and the abandonment of certain property in connection therewith (the "**Rejection Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order and this written notice (this "**Rejection Notice**"), the Debtors hereby notify you that they have determined, in the exercise of their sound business judgment, that each Contract or Lease set forth on **<u>Schedule 1</u>** attached hereto is hereby rejected effective as of the date (the "**Rejection Date**") set forth therein or such other date as the Debtors and the applicable Counterparty agree.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Assumption Procedures, parties seeking to object to the proposed assumption (and assignment) of any of the

---

[1]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Motion and additional information about the Chapter 11 Cases can be accessed on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines. If you have any questions, please contact, Epiq, the Debtors' claims and noticing agent, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), or email SpiritAirlines@epiqglobal.com. Epiq cannot provide legal advice.

1

Contracts or Leases on **Schedule 1** attached hereto, or the proposed Cure Costs listed thereon, must file and serve a written objection so that such objection is filed with the Court on the docket of the Chapter 11 Cases and that the following parties actually receive such objection no later than 4:00 p.m. (prevailing Central Time) on [●][3] (the "**Rejection Objection Deadline**"): (a) the U.S. Trustee, (i) the U.S. Trustee, 1 Bowling Green, New York, NY 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov) and Rachael E. Siegel (Rachael.E.Siegel@usdoj.gov); (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Darren S. Klein, Christopher S. Robertson and Joseph S. Brown; (iii) proposed counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), Willkie Farr & Gallagher LLP, 787 7th Avenue, New York, NY 10019, Attn: Brett H. Miller, Todd M. Goren, James H. Burbage, and Jessica D. Graber (bmiller@willkie.com, tgoren@willkie.com, jburbage@willkie.com, and jgraber@willkie.com); (iv) counsel to the Ad Hoc Group of Senior Secured Noteholders, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Michael S. Stamer and Jason Rubin; and (v) counsel to the RCF Agent, Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163, Attn: Andrew Harmeyer and Jason Kestecher (collectively, the "**Objection Service Parties**"). Please note that the Assumption Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient).

       **PLEASE TAKE FURTHER NOTICE** that each Rejection Objection must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, and (c) state, with specificity, the legal and factual bases thereof.

       **PLEASE TAKE FURTHER NOTICE** that, absent the proper and timely filing and service of a Rejection Objection, the rejection of each Contract and Lease set forth on **Schedule 1** attached hereto shall become effective on the Rejection Date set forth therein or such other date as the Debtors and the applicable Counterparty agree, and any personal property of the Debtors listed on **Schedule 1** attached hereto shall be deemed abandoned as of that same date.

       **PLEASE TAKE FURTHER NOTICE** that, if a Rejection Objection is properly and timely filed and served, and not withdrawn or resolved, the Debtors shall file with the Court a notice for a hearing to consider the Rejection Objection. If such Rejection Objection is overruled or withdrawn, such Contract or Lease (and any abandonment of personal property in connection therewith) shall be treated as set forth in the immediately preceding paragraph, unless otherwise ordered by the Court.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, absent a further order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

       **PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to the rejection of your Contract or Lease, you must do so by the later of (a) the deadline

---

[3] [This placeholder will be updated to indicate the date that is 21 days after the date that the Debtors file and serve the Assumption Notice, subject to Bankruptcy Rule 9006.]

for filing proofs of claim established in the Chapter 11 Cases, (b) 30 days after the date of filing of the applicable Rejection Notice, or (c) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (II) VOTING ON ANY CHAPTER 11 PLAN FILED IN THE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (III) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank]*

Dated:     [●], 2025
           New York, New York

DAVIS POLK & WARDWELL LLP

*/s/ [Draft]*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Proposed Counsel to the Debtors and Debtors in
Possession*

## **Schedule 1**

**Schedule of Rejected Contracts and Leases (and Abandoned Property)**

**<u>Schedule 2</u>**

**Order (without form Notices)**