UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*,[1] | Case No. 25-11897 (SHL) |
| Debtors. | Jointly Administered |

## STIPULATION AND ORDER APPOINTING AN EXAMINER

WHEREAS, on August 29, 2025, Spirit Aviation Holdings, Inc., *et al.* (the "Debtors") commenced these jointly administered cases by filing voluntary petitions under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, pursuant to sections 1107 and 1108, the Debtors are in possession of their assets and continue to manage their business affairs as debtors in possession; and

WHEREAS, an Official Committee of Unsecured Creditors Committee (the "Committee") was appointed on September 17, 2025 [ECF No. 117];

WHEREAS, the Debtors and the Committee have consented to the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) with the scope and budget set forth herein;

ACCORDINGLY, it is ORDERED that:

1.  The United States Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c) to investigate (the "Investigation") the circumstances surrounding the bankruptcy refiling of *Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 approximately

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

1

five months after the effectiveness of the confirmed plan in *Spirit Airlines, LLC, et al.*, Case No. 24-11988.

2. The aggregate budget for the Examiner and all professionals he or she retains shall not exceed $1.25 million.

3. The Examiner shall complete his or her Investigation no later than 45 days from the date of the Court order confirming his or her appointment by the United States Trustee, unless the Court, for good cause shown, extends this deadline.

4. The Examiner may retain counsel and other professionals, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

5. The Examiner and any professionals retained by the Examiner shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

6. The United States Trustee will appoint, subject to the Court's approval, the Examiner consistent with the requirements set forth in 11 U.S.C. § 1104. Consistent with 11 U.S.C. § 1104(d), the United States Trustee will consult with the Debtors and the Committee prior to such appointment.

7. The Examiner is authorized, without further order of the Court, to take informal, and thereafter if needed, formal discovery of the Debtors, their current and former officers and

directors, and their professionals, pursuant to Fed. R. Bankr. P. 2004 to the extent reasonably necessary to perform the Investigation.

8. The Debtors and their professionals are directed to cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation.

9. Until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the Investigation or the Examiner's duties.

10. The Examiner shall have the standing of a "party-in-interest" and shall be entitled to appear and be heard at all hearings in this case with respect to the matters that are within the scope of the Investigation.

11. This Order is without prejudice to (i) the right of any party in interest, for good cause shown and based on circumstances unknown as of the date this Order is entered, to seek relief from the Court to expand the Scope of the Investigation, (ii) the right of the Examiner, for good cause shown and based on circumstances unknown as of the date this Order is entered, to seek such other relief from the Court in furtherance of the discharge of his or her duties and the Investigation (other than with respect to paragraph 2 hereof), and (iii) the right of any party in interest to object to any relief sought under clauses (i) or (ii).

12. Nothing in this Order shall impede the right of any party to request or object to any other lawful relief in these cases.

*[signatures to follow on next page]*

**Consented to By:**

| | |
|---|---|
| Dated: New York, New York<br>October 16, 2025, | WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE, Region 2<br><br>By:  */s/ Shara Cornell*<br>         Shara Cornell, Esq.<br>         Trial Attorney<br>         Department of Justice<br>         Office of the United States Trustee<br>         Alexander Hamilton U.S. Custom House<br>         One Bowling Green, Rm. 534<br>         New York, New York 10004 |
| Dated: New York, New York<br>October 16, 2025, | DAVIS POLK & WARDWELL LLP<br>*Proposed Counsel to the Debtors*<br><br>By:  */s/ Marshall S. Huebner*<br>         Marshall S. Huebner, Esq.<br>         Darren S. Klein, Esq.<br>         Davis Polk & Wardwell LLP<br>         450 Lexington Avenue<br>         New York, New York 10017 |
| Dated: New York, New York<br>October 16, 2025, | WILKIE FARR & GALLAGHER LLP<br>*Proposed Counsel to the Committee*<br><br>By:  */s/ Brett H. Miller*<br>         Brett H. Miller, Esq.<br>         Todd M. Goren, Esq.<br>         Willkie Farr & Gallagher LLP<br>         787 Seventh Avenue<br>         New York, New York 10019 |

**No Objection By:**

| | |
|---|---|
| Dated: New York, New York<br>October 16, 2025, | AKIN GUMP STRAUSS HAUER & FELD LLP<br>*Counsel to the Ad Hoc Committee of*<br>*Senior Secured Noteholders*<br><br>By:  */s/ Michael S. Stamer*<br>         Michael S. Stamer, Esq.<br>         Jason P. Rubin, Esq.<br>         Akin Gump Strauss Hauer & Feld LLP<br>         One Bryant Park<br>         New York, New York 10036 |

**SO ORDERED:**

Dated: October 17, 2025

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE