Tyson Lomazow
Andrew Harmeyer
Jason Kestecher
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

*Counsel to Citibank, N.A., as the Administrative Agent
Under the Debtors' Revolving Credit Facility*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*[1] | ) | Case No. 25-11897 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CITI'S STATEMENT WITH RESPECT TO
THE PROPOSED FINAL DIP ORDER**

Citibank, N.A., as the administrative agent under the Debtors' revolving credit facility (in such capacity, "Citi"), respectfully submits this statement with respect to the Proposed Final DIP Order[2] and states as follows:

1. Citi does not have any objection to the proposed DIP financing, but has identified two areas of concern with respect to the Proposed Final DIP Order: (1) the potential imposition

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] *See Notice Of Proposed Final Order (I) Authorizing The Debtors To Obtain Postpetition Financing; (II) Granting Senior Secured Liens And Superpriority Administrative Expense Claims; (III) Authorizing The Debtors To Utilize Cash In Encumbered Accounts; (IV) Granting Adequate Protection; (V) Modifying The Automatic Stay; And (VI) Granting Related Relief* [Dkt. No. 305] (the "Proposed Final DIP Order"). Capitalized terms used, but not defined, herein have the meanings set forth in the Proposed Final DIP Order.

of the Carve Out on the Revolving Priority Collateral, and (2) the proposed sale of Spare Parts and use of such sale proceeds.

2.  Citi has consistently maintained that, if the Debtors make an election under section 1110(a)(2) of the Bankruptcy Code, the Revolving Priority Collateral can no longer be subject to the Carve Out because the imposition of the Carve Out would give rise to a default under the RCF Loan Documents. Under section 1110 of the Bankruptcy Code, if a debtor wishes to maintain the protections of the automatic stay with respect to certain aircraft equipment (including the engines and Spare Parts that make up a portion of the Revolving Priority Collateral), before the 60th day after the filing of a voluntary bankruptcy petition, the debtor must "agree[] to perform all obligations . . . under such security agreement" and cure all defaults thereunder. 11 U.S.C. § 1110. Accordingly, the Interim DIP Order reserved all of Citi's rights regarding the imposition of the Carve Out if such an election is made. Interim DIP Order ¶ 20(a). To the extent that the Debtors intend to timely make their section 1110(a)(2) election,[3] the Debtors would need to modify the Proposed Final DIP Order to expressly state that the RCF Priority Collateral is not subject to the Carve Out.

3.  In addition, at the hearing on the Interim DIP Order, Citi expressed concern about the Debtors' sales of Spare Parts and their use of the sale proceeds. In response, Citi was assured that any such sales were "de minimis"[4] and was recently provided documentation regarding the quantum of such proceeds. Any proceeds of Spare Parts are the RCF Secured Parties' cash collateral and therefore may not be used for any purpose without the RCF Secured Parties' consent or Court authorization. *See* 11 U.S.C. § 363(c). Citi and the Debtors are

---

[3] The election is due to be made by October 27, 2025, which is prior to the hearing on the Proposed Final DIP Order.

[4] *See Hr'g Tr.* Oct. 10, 2025, at 67:14-68:21.

2

continuing to discuss the terms under which the RCF Secured Parties may consent to the use of their cash collateral.

4. Citi intends to continue engaging with the Debtors regarding the foregoing and remains hopeful that these issues can be consensually resolved in advance of the hearing on the Proposed Final DIP Order. Out of an abundance of caution, however, Citi reserves the right to appear and be heard on any issue with respect to the Proposed Final DIP Order, the DIP Documents, and any amendments thereto.

*[Remainder of page intentionally left blank]*

Dated: October 24, 2025
      New York, New York

*/s/ Andrew Harmeyer*
Tyson Lomazow
Andrew Harmeyer
Jason Kestecher
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

*Counsel to Citibank, N.A., as the Administrative Agent Under the Debtors' Revolving Credit Facility*