**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | Jointly Administered |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned Chapter 11 Case, for entry of an order (this "**Order**"), pursuant to sections 105, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-1, approving and establishing the procedures for interim compensation for services rendered and reimbursement of expenses incurred by Retained Professionals attached hereto as **Exhibit 1** and incorporated herein by reference (the "**Compensation Procedures**"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Compensation Procedures, as applicable.

adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific Retained Professionals, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures attached hereto as **Exhibit 1**. To the extent the Compensation Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61] (the "**Case Management Procedures**"), or Chambers' Rules, the Compensation Procedures shall govern the Chapter 11 Cases.

3. In their respective Interim Fee Applications, all Retained Professionals who have been or are hereafter retained pursuant to section 327 or 1103 of the Bankruptcy Code (which does not include Ordinary Course Professionals) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in

2

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4. The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee statement or application).

5. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

6. The Debtors shall include all payments to Retained Professionals on their monthly operating reports.

7. For the avoidance of doubt, unless otherwise indicated, any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

8. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

10. The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:   November 3, 2025
   While Plains, New York   */s/ Sean H. Lane*
                THE HONORABLE SEAN H. LANE
                UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Compensation Procedures**[1]

**Monthly Fee Statements**

a. On or after the 5th day of each month following the month or months for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a statement, which will include the relevant time entries and descriptions and expense details, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "**Monthly Fee Statement**"); however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because this Order does not alter the fee application requirements outlined in section 330 and 331 of the Bankruptcy Code.

b. Each Retained Professional shall serve a copy of its Monthly Fee Statement by first-class mail or by email on the following parties (collectively, the "**Compensation Notice Parties**"):

   (i)   the Debtors, c/o Spirit Aviation Holdings, Inc., 1731 Radiant Drive, Dania Beach, FL 33004, Attn: Legal Department;

   (ii)  (proposed) counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY, 10017, Attn: Marshall S. Huebner, Darren S. Klein, Christopher S. Robertson, and Joseph W. Brown (spirit.notice@davispolk.com);

   (iii) the U.S. Trustee, 1 Bowling Green, New York, NY 10004, Attn: Shara Cornell (shara.cornell@usdoj.gov) and Rachael E. Siegel (Rachael.E.Siegel@usdoj.gov); and

   (iv)  (proposed) counsel to the Committee, Willkie Farr & Gallagher LLP, 787 7th Avenue, New York, NY 10019, Attn: Brett H. Miller, Todd M. Goren, James H. Burbage, and Jessica D. Graber (bmiller@willkie.com, tgoren@willkie.com, jburbage@willkie.com, and jgraber@willkie.com).

c. Any Retained Professional that does not file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

d. Each Monthly Fee Statement must contain a list of the individuals who provided services during the statement period for which compensation is being sought, their respective titles and billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Retained Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

    Rules and this Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* dated January 29, 2013 (General Order M-447, Morris, C.J.) and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (collectively, the "**Fee Guidelines**")), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of a tenth of an hour, or as close thereto as practical, unless otherwise ordered by this Court.

e. Compensation Notice Parties will have until 4:00 p.m.[2] on the day that is 20 days after the filing of a Monthly Fee Statement (the "**Objection Deadline**") to object to requested fees and expenses in accordance with the procedures described in subparagraph (f) below (such objection, a "**Preliminary Fee Statement Objection**").

f. If any of the Compensation Notice Parties wish to object to a Retained Professional's Monthly Fee Statement, the objecting party shall, pursuant to subparagraph (e) above and within 20 days after delivery of the Monthly Fee Statement, deliver via email a written notice upon such Retained Professional and each of the other Compensation Notice Parties (the "**Preliminary Objection Notice**")[3] setting forth with reasonable detail the nature of the objection and the amount at issue (the "**Disputed Amount**"). Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If such objection is resolved, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Preliminary Objection Notice (or such longer or shorter period as mutually agreed to by the Retained Professional and the objecting party), the objecting party shall file its objection to the Disputed Amount (the "**Fee Statement Objection**") with the Court within three business days and serve such Fee Statement Objection on the applicable Retained Professional and each of the Compensation Notice Parties, in each case, in accordance with the Case Management Procedures. Thereafter, the Retained Professional may either (i) file with the Court a response to the Fee Statement Objection, together with a request for payment of the Disputed Amount, or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined below), at which time the parties may request that the Court consider the Fee Statement Objection.

g. After the expiration of the Objection Deadline, the Debtors shall promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in each Monthly Fee Statement that are not subject to a Preliminary Fee Statement Objection timely filed and properly served in accordance herewith. If a Preliminary Fee Statement Objection with respect to a particular Monthly Fee Statement is timely and properly served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the

---

[2] All times herein are expressed in prevailing Eastern Time.

[3] For the purpose of serving a Preliminary Objection Notice, service by email upon the Debtors' counsel shall be deemed sufficient service on the Debtors.

2

      Preliminary Fee Statement Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this paragraph.

**Interim Fee Applications**

a. Commencing with the period ending November 30, 2025, and for each three-month interval or such other interval convenient to the Court thereafter (in each case, without giving effect to Bankruptcy Rule 9006) (each, an "**Interim Fee Period**"), each Retained Professional may file with the Court and serve on the Compensation Notice Parties an application (an "**Interim Fee Application**")[4] for interim Court approval and allowance of compensation and reimbursement of expenses requested by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during each applicable Interim Fee Period. The initial Interim Fee Period may include the period from the Petition Date (or the effective date of the Retained Professional's retention) through and including November 30, 2025.

b. Retained Professionals may file their Interim Fee Applications on or before the 45th day following the end of each Interim Fee Period, or as soon as reasonably practicable thereafter.

c. Each Interim Fee Application must include any information requested by the Court or required by the applicable Local Rules and the Fee Guidelines.

d. Parties in interest shall have until 4:00 p.m. on the day that is 21 days after the service of an Interim Fee Application to file an objection thereto (a "**Fee Application Objection**" and, together with any Fee Statement Objections, the "**Objections**").

e. The Debtors may request that the Court consider the Interim Fee Applications once every three months or at such other intervals as the Court deems appropriate.

f. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors are authorized and directed to promptly pay such Retained Professional all fees (including any holdback) requested and expenses not previously paid in such Interim Fee Application.

g. The pendency of an Interim Fee Application, or an order of the Court that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement of any Retained Professional, shall not disqualify a Retained Professional from future compensation or reimbursement.

h. Neither (i) the payment of, or the failure to pay, in whole or in part, any Monthly Fee Statement or interim compensation and reimbursement to a Retained Professional nor

---

[4] Unless otherwise ordered by the Court (including in a confirmed chapter 11 plan), final fee applications (each, a "**Final Fee Application**") shall comply with the applicable protocols herein related to Interim Fee Applications.

3

      (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to any subsequent interim or final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred.

i. (Proposed) counsel for the Committee may, in accordance with these Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; <u>provided,</u> that these reimbursement requests must comply with the Fee Guidelines. The Debtors are authorized to promptly pay, upon the receipt of invoices therefor included with a Monthly Fee Statement and in accordance with these Compensation Procedures, the actual and necessary expenses incurred by a natural person who is a member of the Committee in the performance of the duties of the Committee.

j. No Retained Professional may file a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327 or 1103 of the Bankruptcy Code.

***