**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.,* | **Case No. 25-11897 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

### ORDER (I) APPROVING THE REJECTION OF CERTAIN AIRPORT AGREEMENTS, (II) APPROVING THE ABANDONMENT OF CERTAIN EXCESS PROPERTY AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order (this "**Order**"), pursuant to sections 365(a), 554(a), and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing the Debtors to reject the Rejected Agreements identified on Schedule 1 hereto, effective as of the Rejection Date for each Rejected Agreement as set forth on Schedule 1 hereto, (b) approving the abandonment of certain Excess Property to the Lessors, and (c) granting related relief, as more fully described in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration, and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 365 and 105 of the Bankruptcy Code, the Rejected Agreements are rejected, effective as of the Rejection Date set forth in the Rejection Schedule attached hereto as **Schedule 1**.

3.      From and after the Rejection Date, the terms of the Rejected Agreements shall not be enforceable against the Debtors.

4.      Pursuant to Section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to abandon the Excess Property to each Lessor as identified in **Schedule 1** hereto, effective as of the applicable Rejection Date.

5.     Any claim resulting from the rejection of the applicable Rejected Agreement or the abandonment of any Excess Property must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases in any order entered by the Court pursuant to Bankruptcy Rule 3003(c), (ii) 35 days after the date of filing of the Motion, or (iii) if an objection to the relief requested in the Motion is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated.

6.     Nothing herein shall modify or limit the rights of any counterparty to a Rejected Agreement to file a claim resulting from the rejection of the applicable Rejected Agreement.

7.     To the extent necessary, the automatic stay provided by section 362 of the Bankruptcy Code is hereby modified to allow the parties to (i) effectuate the provisions of this Order and (ii) allow the Parties to cancel or terminate any of the Rejected Agreements upon entry of this Order.

8.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Rejected Agreement.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Rejected Agreement is terminated and is no longer an unexpired lease.

9.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10.    Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against

3

any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, or (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order.

11.     Notwithstanding Bankruptcy Rules 4001 and 6004, this Order shall be effective and enforceable immediately upon its entry.

12.     The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

13.     The Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    November 3, 2025          */s/ Sean H. Lane*
              White Plains, New York
                                                        _____
                                                        THE HONORABLE SEAN H. LANE
                                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Schedule 1</u>**

**Rejection Schedule**

**Rejection Schedule**[1]

| Debtor | Counterparty | Rejected Lease / Rejected Contract | Rejection Date |
|---|---|---|---|
| Spirit Airlines, LLC*[2] | PSPB Industrial, L.L.C. | Industrial Lease Agreement | October 15, 2025 |
| Spirit Airlines, LLC* | City of Manchester, New Hampshire, Department of Aviation | Airline Operating Agreement and Terminal Building Lease | October 15, 2025 |
| Spirit Airlines, LLC* | Manchester-Boston Regional Airport | Air Service Incentive Agreement | October 15, 2025 |
| Spirit Airlines, LLC* | Connecticut Airport Authority | Airline Operating Agreement and Terminal Building Lease | November 3, 2025 |

---

[1] For the avoidance of doubt, the contracts and leases referenced herein include any ancillary documents, including any amendments, modifications, or supplements thereto.

[2] Each row marked with an asterisk refers to an agreement entered into by Spirit Airlines, Inc. (predecessor in interest to Spirit Airlines, LLC, a debtor in these chapter 11 cases).