**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

### GLOBAL NOTES AND STATEMENTS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**" or the "**Company**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), have prepared their respective unaudited schedules of assets and liabilities (collectively, as may be amended from time to time, the "**Schedules**") and unaudited statements of financial affairs (collectively, as may be amended from time to time, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), with the assistance of their legal and financial advisors.

These Global Notes and Statements Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

### Disclaimers and Reservation of Rights

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**") or any other foreign jurisdiction, as applicable, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] The Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any other Debtors' Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

1

information that is subject to further review and/orpotential adjustment. Although the Debtors and their advisors made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances and based on information available at the time of preparation, there can be no assurance that the Schedules and Statements are complete or accurate. Subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred or may occur in the future. The Schedules and Statements and Global Notes should not be relied upon for information relating to the Company's current or future financial condition or performance.

Unlike the Company's consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. The Schedules and Statements include information derived from the Debtors' books and records. The information presented has been reported in the Schedules and Statements in the good-faith belief the information provided is responsive and accurate.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that such Debtor was solvent as of the Petition Date (as defined below) or at any other time. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent as of the Petition Date or at any other time.

The Schedules and Statements have been signed by Fred Cromer, Chief Financial Officer of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Cromer necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Cromer has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. Except as expressly required by the Bankruptcy Code, the Debtors, their officers, employees, agents, attorneys, and financial and other advisors expressly do not undertake any obligation to update, modify, revise, or recategorize any information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized.

The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as they deem necessary or appropriate. The Debtors reserve all rights to dispute, and to assert setoff rights, counterclaims, crossclaims, and defenses to, any claim[3] reflected in the Schedules or Statements on any grounds, including amount, liability, priority, status, or classification, and to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Listing a claim does not constitute an admission of liability by the Debtors. The listing of any contract, agreement, or instrument on the Schedules and Statements does not constitute an admission by the Debtors as to the validity of any such contract, agreement, or instrument. Nor does the omission of a contract, agreement or instrument from the Schedules or Statements constitute an admission that such omitted contract, agreement, or instrument is not an executory contract or unexpired lease. The Debtors reserve the right to dispute the effectiveness

---

[3] As used herein, "claim" shall have the meaning ascribed to it in section 101(5) of the Bankruptcy Code.

2

of any contract, agreement, or instrument listed on or omitted from the Schedules and Statements or to amend the Schedules and Statements at any time.

Nothing contained in the Schedules and Statements constitutes a waiver of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including any claims against the Debtors, any rights or claims of the Debtors against any third party, any issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this section. Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

### Description of the Cases and "As Of" Information Date

On August 29, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 35]. The Debtors have not been substantively consolidated and accordingly, each Debtor has filed its own Schedules and Statements.

On September 17, 2025, the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [ECF No. 117]. On October 28, 2025, the United States Trustee appointed Marc J. Heimowitz as Chapter 11 Examiner [ECF Nos. 363 and ECF No. 364].

Unless otherwise noted, the asset information provided herein, except as otherwise noted, represents the asset data of each Debtor as of August 31, 2025, the date of the Debtors' month end closure to their balance sheet, and the liability data of each Debtor as of the close of business on the Petition Date. Certain accounting functions such as right of use assets, capitalized items, and accumulated amortization of select accounts are not included. Foreign currencies are converted to U.S. dollars by the Debtors' internal accounting software.

In some instances, the Debtors and the applicable counterparties have reached settlements and resolution of prepetition liabilities, and the Debtors have made certain post-petition payments of pre-petition claims in accordance with applicable Bankruptcy Court orders, each of which will supersede the amount of outstanding obligations as of the Petition Date, as discussed further herein. In addition, certain assets, as of August 31, 2025, may be written down, post-petition, as a result of post-petition contract and/or lease rejections.

While best efforts were used to reflect asset and liability balances as of the Petition Date, the Debtors rely on their normal month-end balance sheet accounting closing date of August 31, 2025. Because the Petition Date occurred on a Friday, the normal month-end close of August 31

adds two additional days of limited balance sheet activity occurring on the weekend following the Petition Date. Moreover, for determining unpaid prepetition payables in connection with liability balances, the Debtors utilized payables detail as of the Petition Date, and continue to expend significant resources reconciling its books and records and subsequently received invoices. The Debtors' internal accounting software converts foreign currencies to United States dollars.

## Methodology and General Disclosures Applicable to Schedules and Statements

1. **Entity References.** Unless otherwise indicated, all references to "Spirit Airlines, Inc." in the Debtors' Schedules and Statements refer to "Spirit Airlines, LLC" to reflect the March 12, 2025 conversion from a Delaware corporation to a Delaware limited liability company.

2. **Net Book Value of Assets**. Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of August 31, 2025. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. As such, the value listed in the Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

3. **Recharacterization and Classifications**. The Debtors used reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, included, or omitted certain items. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as deemed necessary or appropriate, including whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

4. **Classifications**. Listing a claim on Schedule D as "secured," a claim on Schedule E/F as "priority" or "unsecured," or a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

5. **Claims Description**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."

6. **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results may differ materially from such estimates. The Debtors reserve all rights to amend the reported amounts of

assets and liabilities, contingent assets and contingent liabilities, and revenues and expenses to reflect changes in those estimates or assumptions.

7.     **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, crossclaim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract, in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

8.     **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors used reasonable efforts to attribute intellectual property to the rightful Debtor owner(s); however, in some instances, intellectual property owned by one or more Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all rights with respect to the legal status of any and all intellectual property rights.

9.     **Insiders**.   In circumstances where the Schedules and Statements require information regarding "insiders," the relevant Debtor has included information with respect to the individuals and entities that the Debtor believes may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only and their inclusion shall not constitute an admission that those entities or persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  The listing of an entity or person as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for any purpose, including to determine (a) control of any Debtor, (b) the extent to which any individual exercised management responsibilities or functions, (c) corporate decision-making authority over any Debtor, or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability.  In

addition, the Debtors used the best information available to them to determine the list of former directors and officers reflected in the Schedules and Statements, and reserve all rights to modify or amend such list.

10.     **Basis of Presentation**.  For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.  The Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor.

11.     **Confidential or Sensitive Information**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary or appropriate to redact from the public record information such as names, addresses, or amounts.  Generally, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  Furthermore, by order of the Bankruptcy Court [ECF No. 156], personal identifying information, such as mailing and email addresses of individuals, has been redacted from the Schedules and Statements.

12.     **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors endeavored to only list such assets, liabilities, and prepetition payments once.

13.     **Executory Contracts**.  Although the Debtors used reasonable efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

14.     **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements may have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

15.     **Leases**.  The Debtors excluded from the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

16.     **Valuation**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations of all of their

6

assets. Accordingly, unless otherwise indicated, net book values as of August 31, 2025, are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balance as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed as undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or other value so ascribed) and such variance may be material. Accordingly, the Debtors reserve all rights to amend, adjust, supplement, or otherwise modify the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in the Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any of the Debtors' rights with respect to such asset.

17. **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

18. **Undetermined Amounts**. The description of an amount as "unknown," "undetermined," "disputed," "contingent," or "unliquidated" is not intended to reflect upon the materiality of such amount.

19. **Unliquidated Amounts**. Amounts that the Debtors could not fairly or readily quantify are scheduled as "unliquidated."

20. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

21. **Allocation of Liabilities**. The Debtors attempted to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change, potentially materially.

22. **503(b)(9) Claims**. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

23.     **Court Orders**.  Pursuant to certain "first day" orders entered by the Bankruptcy Court in the Chapter 11 Cases (collectively, the "**First Day Orders**"), the Debtors are authorized (but not directed) to pay or otherwise satisfy various prepetition claims, including those related to employees, critical vendors, foreign vendors, lienholders, customer obligations, taxes and fees, and trade.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.  Moreover, pursuant to the First Day Orders, the Debtors may have paid a portion of the prepetition claims held by certain holders of prepetition claims.  The claims of such holders are listed on these Schedules and Statements net of any payments received pursuant to the First Day Orders.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements or object to scheduled amounts or proofs of claim as deemed necessary or appropriate, including to avoid overpayment of or duplicate payments for any such liabilities.  Nothing contained herein shall alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves such right.

24.     **Other Paid Claims**.  To the extent the Debtors have reached any post-petition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements or any claims filed in connection therewith, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval (if needed).

25.     **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and post-petition payments, if applicable.  The Debtors reserve all rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and other defenses with respect thereto.

26.     **Intercompany Claims**.  As described more fully in the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing (A) the Debtors to Maintain their Existing Cash Management System, Bank Accounts, and Business Forms, (B) the Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims* [ECF No. 18] (the "**Cash Management Motion**"), the Debtors engage in a range of intercompany transactions in the ordinary course of business. The Bankruptcy Court granted the Cash Management Motion on an interim basis and authorized the Debtors authority to continue engaging in intercompany transactions in the ordinary course of business subject to certain limitations. *See* ECF Nos. 36 and 221. Spirit Finance Cayman 1 Ltd., Spirit Finance Cayman 2 Ltd., Spirit IP Cayman Ltd. and Spirit Loyalty Cayman Ltd. do not maintain separate financial statements from Debtor Spirit Aviation Holdings, Inc. and are not required to assign a value to intercompany receivables and payables pursuant to GAAP or the provisions of applicable securities laws. Accordingly, these amounts are not reported on Schedule A/B and Schedule E/F.

8

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.  Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records.  Such treatment is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, characterization, amount, validity, or priority of any such intercompany receivables and payables or the validity of any netting or offsets per the Debtors' books and records.  The Debtors take no position in the Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all.  The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Debtors act on behalf of other Debtors.  Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

27.     **Guarantees, Indemnifications, and Other Secondary Liability Claims**.  The Debtors used reasonable efforts to locate and identify guarantees, indemnifications, and other secondary liability claims (collectively, "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule G and Schedule H for the Debtor or Debtors affected by such Guarantees.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.

28.     **Claims of Third-Party Related Entities**.  While the Debtors used reasonable efforts to properly classify each claim listed in the Schedules as being either determined or undetermined, disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors were unable to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that a Debtor classified its estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

29.     **Excluded Assets and Liabilities**.  The Debtors excluded certain categories of assets, including certain accounting functions such as right of use assets, capitalized items, and accumulated amortization of select accounts, and certain accrued liabilities.  The Debtors also have

9

excluded rejection damages claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist. In addition, and as set forth herein, the Debtors may have excluded amounts for which they have been granted authority to pay pursuant to a First Day Order or other order of the Bankruptcy Court. Also, certain immaterial assets and liabilities may have been excluded.

30.     **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any mechanic's, materialmen, or other liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all rights with respect to such liens.

31.     **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

32.     **Setoffs**.  The Debtors routinely take and are subject to setoffs and other similar rights during the ordinary course of business, including in connection with intercompany transactions, pricing discrepancies, refunds, and disputes between the Debtors and various third parties. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when certain amounts were included in the Schedules, they are not independently accounted for and, as such, may be excluded from the Schedules. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and recoupment rights that may be asserted.

### Specific Notes and Disclosures Regarding the Schedules

1.     **Schedule A/B, Part 1 – Cash and Cash Equivalents**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion. The Debtors' cash balances are listed as of August 29, 2025, at bank balances. Since the Petition Date, the Debtors have opened up accounts for Trust Taxes and Professional Fees, which are not reflected. Debtors Spirit Loyalty Cayman Ltd. and Spirit IP Cayman Ltd. jointly own certain bank accounts. Where applicable, the Debtors reflected the applicable cash balances on the Schedules of Debtor Spirit Loyalty Cayman Ltd.

2.     **Schedule A/B, Part 3 – Accounts Receivable, Item 11**.  The Debtors' reported accounts receivable include amounts that may be uncollectible. Notwithstanding the foregoing, the Debtors used reasonable efforts to deduct doubtful or uncollectible accounts. The Debtors are unable to determine with certainty what amounts will actually be collected.

3.     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture**.  Ownership interests in subsidiaries, partnerships, joint ventures, and investments in non-publicly traded securities have been listed in Schedule A/B, Part 4, as undetermined amounts, because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

10

4.      **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**.   Dollar amounts are presented net of accumulated depreciation and other adjustments.

5.      **Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**.  For those Debtors that own machinery, equipment and vehicles, dollar amounts are presented net of accumulated depreciation and other adjustments.  Due to the volume, the individual fixed asset schedules have not been included in Schedule A/B, Part 8.

6.      **Schedule A/B, Part 9 – Real Property**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation.  Any buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all rights to recategorize and recharacterize such asset holdings.

7.      **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Items 59-66**.  The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values.  Given the chapter 11 filing, results from an impairment test were unavailable at the time that the Schedules and Statements were prepared, and therefore several of the Debtors' intangible asset values may be listed as undetermined.  The Debtors have not separately recorded any goodwill assets.  The Debtors report intellectual property assets at net book value based on the Debtors' books and records whenever applicable.  The exclusion of listing similar assets at additional Debtors should not be construed as an admission that other Debtors do not possess similar assets.

8.      **Schedule A/B, Part 11 – All Other Assets**.  Dollar amounts are presented net of impairments and other adjustment.

(a)     *Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs)*.  The Debtors may receive refunds for sales and use tax at various times throughout their fiscal year.  As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.  Additionally, the Debtors may be entitled to apply certain net operating losses or other tax attributes.  As of the Petition Date, the value of these tax attributes is unknown to the Debtors and accordingly is described as such on Schedule A/B.

(b)     *Item 73 – Interests in Insurance Policies or Annuities*.  A list of the Debtors' insurance policies and related information is available in the *Motion of the Debtors for Entry of Interim and Final Orders Authorizing (I) the Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Corporate Insurance Programs, and Honor All Obligations in Respect Thereof and (B) Enter Into New Premium Financing Agreements and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 11].

11

(c) *Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims*. The Debtors attempted to list known causes of action and other claims. Potential preference actions and fraudulent transfer actions were not listed because the Debtors did not complete an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

(d) *Item 77 – Other property of any kind not already listed.* The Debtors listed certain receivables such as excise tax receivables, income tax receivables, interest receivables, maintenance receivables, and other receivables.

(e) *Executory Contracts and Unexpired Leases*. The Debtors listed their executory contracts and unexpired leases on Schedule G. The Debtors reserve all rights with respect to any and all executory contracts and unexpired leases, including whether such agreements are or are not executory contracts and the right to amend Schedule G.

**Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the nature or structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. The claims listed in Schedule D reflect the outstanding principal amount of such claims as of the Petition Date and do not reflect accrued interest or other amounts arising in respect of such claims.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule D does not include beneficiaries of letters of credit. Although the claims of these parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or documents.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. The Debtors did not

include parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Certain of the leases of aircraft listed on Schedule G are listed on the Debtors' financial statements as secured capital leases.  This designation is solely for accounting purposes, and the Debtors treat these leases as operating leases in the ordinary course of their business.  Accordingly, these leases have been listed on Schedule G rather than Schedule D.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552, (A) Authorizing the Debtors to Obtain Post-Petition Financing; (B) Granting Senior Secured Liens and Superpriority Administrative Expense Claims; (C) Granting Adequate Protection; (D) Modifying the Automatic Stay; (E) Scheduling a Final Hearing on the Motion; and (F) Granting Related Relief; and (II) Third Interim Order (A) Authorizing the Debtors to Utilize Cash in Encumbered Accounts; (B) Granting Adequate Protection; (C) Modifying the Automatic Stay; (D) Scheduling a Final Hearing on the Motion; and (E) Granting Relief* [ECF No. 194] and the *Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 19] (the "**First Day Declaration**").

9.      **Schedule E/F – Creditors Who Hold Unsecured Claims**.  Schedule E/F does not include certain deferred charges, deferred liabilities, accruals (other than those noted herein), or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The Debtors used reasonable efforts to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.  Schedule E/F includes certain trade payable claims representing accrued liabilities as of the Petition Date.  Such accrued claims are listed at undetermined amounts because the Debtors' record-keeping practices only identify such accounts payable as prepetition or post-petition claims upon ultimate payment of the related invoices (*i.e.*, the accrued amounts are not yet broken down between prepetition vs. post-petition).

(a)     *Part 1 – Creditors with Priority Unsecured Claims*.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Final Order Authorizing (I) the Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 217] (the "**Final Taxes Order**"), the Bankruptcy Court authorized the Debtors to pay certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid or may be paid pursuant to the Final Taxes Order or pursuant to any other Bankruptcy Court order are not listed in Schedule E. The Debtors believe that any undisputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim have been or will be satisfied.

13

The Debtors have listed all known taxing authorities with potential tax audit claims as "undetermined," "disputed," "contingent," and "unliquidated" for notice purposes in Schedule E/F.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Pursuant to the *Final Order Authorizing (I) the Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed With Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 220] (the "**Final Wages Order**"), the Bankruptcy Court authorized the Debtors to pay certain prepetition obligations, including obligations related to employee wages and other employee benefits, in the ordinary course of business. Accordingly, no prepetition claims of non-insiders related to employee wages and other employee benefits that have been paid or may be paid pursuant to the Final Wages Order or pursuant to any other Bankruptcy Court order is listed in Schedule E/F Part 1.

(b)     *Part 2 – Creditors with Nonpriority Unsecured Claims.* The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a commercially reasonable effort to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation. Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding threatened or pending litigation involving the Debtors. The amounts for these threatened or pending claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors did not list workers' compensation claims on Schedule E/F.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be rejected in these chapter 11 cases.

14

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors did not list a specific date or dates for such claim.

As of the time of filing the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. The Debtors reserve all rights to amend Schedules D and E/F if and as they deem necessary or appropriate.

Liabilities listed on Schedule E/F reflect the Debtors' books and records balance as of the Petition Date. The Debtors used reasonable efforts to <u>exclude</u> any prepetition amounts paid pursuant to orders entered by the Bankruptcy Court; however, certain of these claims may be listed on Schedule E/F, and the Debtors reserve all rights with respect thereto. The Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of the Chapter 11 Cases (subject to Bankruptcy Court approval, if needed).

10.     **Schedule G – Executory Contracts and Unexpired Leases**. Listing or omitting an agreement, contract, document, or other instrument on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that it was in effect on the Petition Date, or that it is valid or enforceable. The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, leases, agreements, or other instruments (whether or not set forth on Schedule G) and to amend or supplement Schedule G as they deem necessary or appropriate. Certain leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. The Debtors expressly reserve the right to assert that any instrument listed on Schedule G is or is not an executory contract or an unexpired lease of non-residential real property within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors may have entered into certain confidentiality and non-compete agreements or various other types of agreements in the ordinary course of their businesses, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve all rights with respect to all agreements.

The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization, nature, or structure of any transaction, agreement, contract, document, or other instrument (including any intercompany agreement), or any claims related thereto.

The instruments listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' reasonable efforts to identify such documents.

15

Certain of the aircraft leases listed on Schedule G are listed on the Debtors' financial statements as secured capital leases. This designation is solely for accounting purposes, and the Debtors treat these leases as operating leases in the ordinary course of their business.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors used best efforts to identify all executory contracts and unexpired leases; however, the failure to include any executory contract and/or unexpired lease on Schedule G does not constitute an admission that such executory contract and/or unexpired lease does not exist or is otherwise not an asset of the Debtors' estates.

The Debtors omitted employee form offer letters and non-compete agreements that certain employees must execute in order to be employed by the Debtors from Schedule G. Additionally, the Debtors attempted to exclude all agreements rejected pursuant to an order (or orders) of the Bankruptcy Court prior to the date of filing of these Schedules and Statements. The Debtors used reasonable efforts to include all insurance policies on Schedule G for which they are a beneficiary.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms and conditions of such agreements (as amended, if applicable). In such cases, the Debtors included such items on Schedule G of the Debtor entity that performs the terms and conditions of such agreements as of the Petition Date.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition notes. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

11.     **Schedule H – Co-Debtors**. In the ordinary course of their businesses, certain Debtors may pay certain expenses for and on behalf of their affiliates. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.

The Debtors did not list any litigation-related co-Debtors on Schedule H. Instead, all such listings can be found on Schedule E/F.

### Specific Notes and Disclosures Regarding the Statements

1.     **Statements, Part 1, Question 2 – Non-Business Revenue**. Non-business revenue includes items such as capitalized interest, interest income, and gains on the extinguishment of debt, as consistent with the Debtors' financial statements.

16

2.  **Statements, Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case**.  Any direct payments made to the Debtors' bankruptcy case professionals and/or insiders within the 90 days prior to the Petition Date are disclosed in response to SOFA 11 and SOFA 30, respectively, and therefore are not listed in response to SOFA 3.  Payments made to the Debtors' non-insider employees also are not listed herein.  Payments made to employees for compensation are not included; however, transfers made to third-party administrators used to compensate employees were included.  Moreover, due to the Debtors' historical reporting practices, the clearing dates for certain transactions may reflect the date the transaction was entered rather than the date the cash cleared the Debtors' account.

The information presented on SOFA 3 reflects payments to vendors in the 90-day period prior to the Petition Date.  Payments that are, in aggregate, per vendor, greater than $8,750 are included in the exhibit.  This exhibit excludes direct payments to insiders and payments related to the Chapter 11 Proceedings which are disclosed in response to SOFA Questions 4 and 11 respectively.

**Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider**.  The information reported on Question 4 is representative of the total payments made to insiders on behalf of the Debtor entities during the year prior to the Petition Date.  For the avoidance of doubt, the information reported on Question 4 may include payments to individuals who may have been insiders at the time of payment but are no longer employed in such capacity by a Debtor. The information reported on Question 4 includes certain payments made to Walkers Fiduciary Limited ("**Walkers Fiduciary**") on account of independent director services provided by Gennie Bigord.  Ms. Bigord served as an independent member of the Boards of Directors of the Cayman Debtors and is a Senior Vice President of Walkers Fiduciary.  Ms. Bigord was not paid directly by the Debtors.

3.  **Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 32 above.

4.  **Statements, Part 3, Question 7 – Legal Actions**.  Due to the nature of their businesses, the Debtors receive numerous customer complaints and are sometimes subject to actual or threatened small claims litigation.  The Debtors have included only those claims that constitute liabilities for accounting purposes– and have excluded customer demands and small claims.  The Debtors did not list workers' compensation claims in response to Question 7.  The Debtors have disclosed (a) all pending litigation that was sufficiently material for the Debtors to report in connection with their audit disclosures and (b) all administrative actions pending from August 30, 2024, onwards that generated fines (or may generate fines in the future), excluding any immaterial non-U.S. administrative actions.

5.  **Statements, Part 5, Question 10 – Paid Amounts.**  Paid amounts reflect the actual amounts paid as of the filing date; whereas the dates listed reflects the applicable reporting periods.

6.  **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**.  Certain disbursements listed in Question 11 reflect payments to professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors.  The Debtors listed payments made to professionals retained by the Debtors but not payments made to advisors of

17

their post-petition lenders or other parties on account of any applicable fee arrangements. For the avoidance of doubt, the listed payments may include payments that were not made in contemplation of the Chapter 11 Cases. Moreover, the disbursements listed in Question 11 do not reflect any payments made pursuant to court orders approved in the Prior Chapter 11 Cases (as defined in the First Day Declaration).

7.      **Statements, Part 11, Question 20 – Off-Premises Storage**. Due to the nature of the Debtors' businesses, they maintain several off-premises storage sites. Various personnel of the Debtors have access to these storage sites and the individuals with access may change from time to time. Accordingly, the Debtors did not list each such individuals on Statement **20**.

8.      **Statements, Part 11, Question 21 – Property Held for Another**. Due to the nature of the Debtors' businesses, they are in possession of property of other individuals or entities in the form of aircraft and equipment parts. This property is held by the Debtors and moved between locations, including warehouses and repair stations, in a manner such that a report regarding its location at any moment in time would become obsolete immediately, and updating such record would impose an unreasonable administrative burden on the Debtors. Accordingly, the location of such property has been reported as "Various" on the Statements.

9.      **Statements, Part 12, Questions 22-24 – Details about Environmental Information**. The Debtors endeavored to disclose all applicable information in response to Statements, Part 12, Questions 22–24.

10.      **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Spirit Aviation Holdings, Inc. has filed with the U.S. Securities and Exchange Commission (the "SEC") reports on Form 8-K, Form 10-Q, and Form 10-K (collectively, the "SEC Filings"). These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the company's website at https://ir.spirit.com/overview/default.aspx. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.

In addition, in the ordinary course of business, the Debtors provide certain parties, such as financial institutions, investment banks, debtholders, auditors, potential investors, vendors, and financial advisors, financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

11. **Statements, Part 13, Question 27 – Inventories**. The Debtors inventory spare parts at their various locations on a regular basis. In an effort to reduce the amount of disclosures that would be otherwise applicable, the Debtors only listed their last inventories of spare parts as of May 31, 2025.

12.      **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders**. With respect to Debtors' ownership of other Debtors, the Debtors listed only entities that are direct owners of other Debtors as of the Petition Date.

13.     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Please refer to Question 4 regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor          Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the:        Southern District of New York

Case number        25-11897
(if known)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

| Part 1: | Summary of Assets |
|---|---|

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a.  **Real property:**
         Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

         NOT APPLICABLE

    1b.  **Total personal property:**
         Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

         UNDETERMINED

    1c.  **Total of all property:**
         Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

         UNDETERMINED

---

| Part 2: | Summary of Liabilities |
|---|---|

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

    NOT APPLICABLE

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206EF)

    3a.  **Total claim amounts of priority unsecured claims:**
         Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

         NOT APPLICABLE

    3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
         Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . . . .

         **+**   NOT APPLICABLE

4.  **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b

    NOT APPLICABLE

Official Form 206Sum

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor</td><td>Spirit Aviation Holdings, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of New York</td></tr>
<tr><td>Case number<br>(if known)</td><td>25-11897</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    CASH AND CASH EQUIVALENTS**

**1.    DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|
| **2.    CASH ON HAND** | |
| **3.    CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| **4.    OTHER CASH EQUIVALENTS** | |
| **5    Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

**Part 2:    DEPOSITS AND PREPAYMENTS**

**6.    DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|
| **7.    DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**<br>DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| **8.    PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**<br>DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

| 9 | **Total of Part 2.** <br> ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|---|

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **11. ACCOUNTS RECEIVABLE** |  |

| 12 | **Total of Part 3.** <br> CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

| **Part 4:** | **INVESTMENTS** |
|---|---|

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** <br> NAME OF FUND OR STOCK: |  |  |
| **15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** |  |  |

| Name of entity | % of ownership |
|---|---|
| 15.1.    SPIRIT AIRLINES, LLC | 100.00% |

|  |  |  |
|---|---|---|
| **16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** <br> DESCRIBE: |  |  |

| 17 | **Total of Part 4.** <br> ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | UNDETERMINED |
|---|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** |  |  |  |  |
| **20. WORK IN PROGRESS** |  |  |  |  |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** |  |  |  |  |
| **22. OTHER INVENTORY OR SUPPLIES** |  |  |  |  |

| 23 | **Total of Part 5.**<br>ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | NOT APPLICABLE |
|----|---|---|

**24.** **Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 6: | FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND) |
|---|---|

**27.** **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**28.** **CROPS—EITHER PLANTED OR HARVESTED**

**29.** **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:*
LIVESTOCK, POULTRY, FARM-RAISED FISH

**30.** **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**  (OTHER THAN TITLED MOTOR VEHICLES)

**31.** **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED**

**32.** **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6**

| 33 | **Total of Part 6.**<br>ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |
|----|---|---|

**34.** **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative ?
     ☐ No
     ☐ Yes

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |
|---|---|

**38.** **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39.** **OFFICE FURNITURE**

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 40. | **OFFICE FIXTURES** | | | |
| 41. | **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 42. | **COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| 43 | **Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | NOT APPLICABLE |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

**46. DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 47. | **AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| 48. | **WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| 49. | **AIRCRAFT AND ACCESSORIES** | | | |
| 50. | **OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |
| 51 | **Total of Part 8.** ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | | NOT APPLICABLE |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☑ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 9: | REAL PROPERTY |
|---|---|

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

| | | |
|---|---|---|
| **56** | **Total of Part 9.**<br>ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88. | NOT APPLICABLE |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 10:** | **INTANGIBLES AND INTELLECTUAL PROPERTY** |
|---|---|

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62. LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65. GOODWILL** | | | |

| | | |
|---|---|---|
| **66** | **Total of Part 10.**<br>ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | NOT APPLICABLE |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☒ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 11:** | **ALL OTHER ASSETS** |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.

☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| | |

| | Current value of debtor's interest |
|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

| | | Current value of debtor's interest |
|---|---|---|
| 73.1. | ACE AMERICAN INSURANCE COMPANY - WORKERS' COMPENSATION - POLICY NO. WLR C72630300 | UNDETERMINED |
| 73.2. | ACE FIRE UNDERWRITERS INSURANCE COMPANY - WORKERS' COMPENSATION - POLICY NO. SCF C72630385 | UNDETERMINED |
| 73.3. | AIG - AMERICAN HOME ASSURANCE CO. - ALL RISK PROPERTY AND BUSINESS INTERRUPTION - POLICY NO. 025032576 | UNDETERMINED |
| 73.4. | AIG - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.5. | AIG - NATIONAL UNION FIRE INSURANCE - HULL, LIABILITY, AND WAR - POLICY NO. HL 013468408-09 | UNDETERMINED |
| 73.6. | AIG - WORLDSOURCE - INTERNATIONAL (FOREIGN) PACKAGE PROGRAM - POLICY NO. WS11011076 | UNDETERMINED |
| 73.7. | AIG SPECIALTY INS CO. (PRIMARY) - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. B0713MEDTE2504234 | UNDETERMINED |
| 73.8. | ALLIANZ GLOBAL RISKS US INSURANCE COMPANY - HULL, LIABILITY, AND WAR - POLICY NO. A1AL000139325AM | UNDETERMINED |
| 73.9. | ALLIED WORLD INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. 0314-6148 | UNDETERMINED |
| 73.10. | AMBRIDGE PARTNERS LLC - DIRECTORS & OFFICERS LIABILITY - POLICY NO. AMB06014 | UNDETERMINED |
| 73.11. | ANV - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.12. | APPLIED UNDERWRITERS, INC.  - HULL, LIABILITY, AND WAR - POLICY NO. AVQFHNFL011500_130215_05 | UNDETERMINED |
| 73.13. | ARCH SPECIALTY INSURANCE CO. - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. NPL006642505 | UNDETERMINED |
| 73.14. | ARCH SPECIALTY INSURANCE CO. - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. NPL006791303 | UNDETERMINED |
| 73.15. | ASCOT - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.16. | ASCOT INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. MLXS2510001858-01 | UNDETERMINED |
| 73.17. | ASPEN SPECIALTY INSURANCE CO.  - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. TPAF7FN25A0F | UNDETERMINED |
| 73.18. | ATLANTIC SPECIALTY INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. MMX-000250-0325 | UNDETERMINED |
| 73.19. | AWAC - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.20. | AXA CORPORATE SOLUTIONS ASSURANCE - HULL, LIABILITY, AND WAR - POLICY NO. UA00011459AV25A | UNDETERMINED |
| 73.21. | AXA XL - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.22. | AXA XL - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.23. | AXA XL (PRIMARY) - NATIONWIDE - COMMERCIAL CRIME - POLICY NO. ELU201214-24 | UNDETERMINED |
| 73.24. | AXA XL (XL SPECIALTY INSURANCE COMPANY) - DIRECTORS & OFFICERS LIABILITY - POLICY NO. ELU202553-25 | UNDETERMINED |
| 73.25. | AXA XL (XL SPECIALTY INSURANCE COMPANY) - DIRECTORS & OFFICERS LIABILITY - POLICY NO. ELU202554-25 | UNDETERMINED |
| 73.26. | AXIS UK - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. MEDTE2504235 | UNDETERMINED |
| 73.27. | AXIS UK - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. P-001-000333279-06 | UNDETERMINED |
| 73.28. | BEAZLEY - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. W3211D240301 | UNDETERMINED |
| 73.29. | BERKLEY INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. BPRO8126088 | UNDETERMINED |
| 73.30. | BERKLEYPRO - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |

| Debtor | Spirit Aviation Holdings, Inc. | Doc 477 | Filed 11/18/25 | Entered 11/18/25 23:23:09 | Main Document |
| | (Name) | | | Case number (if known) 25-11897 | |

25-11897-shl

Pg 27 of 34

| | | Current value of debtor's interest |
|---|---|---|

**73.** **INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

| | | |
|---|---|---|
| 73.31. | BERKSHIRE HATHAWAY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. 47-EPC-340025-01 | UNDETERMINED |
| 73.32. | BERKSHIRE HATHAWAY - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.33. | BOWHEAD (HOMESITE ASSURANCE COMPANY) - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. YXS04991800 | UNDETERMINED |
| 73.34. | CHUBB (2X) - FIDUCIARY LIABILITY - POLICY NO. POLICY NO/: DOX G71214424 003 | UNDETERMINED |
| 73.35. | CNA (1X) - EMPLOYMENT PRACTICES LIABILITY - POLICY NO. POLICY NO/: 652528416 | UNDETERMINED |
| 73.36. | CONVEX - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.37. | CONVEX - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.38. | CONVEX - HULL, LIABILITY, AND WAR - POLICY NO. F230X25A000 / AF230X25B000 | UNDETERMINED |
| 73.39. | CONVEX INSURANCE UK LIMITED - DIRECTORS & OFFICERS LIABILITY - POLICY NO. XDO000105-0325 | UNDETERMINED |
| 73.40. | CONVEX INSURANCE UK LIMITED (QBE) - DIRECTORS & OFFICERS LIABILITY - POLICY NO. XDO000104-0325 | UNDETERMINED |
| 73.41. | CORE - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.42. | CRUM AND FORSTER SPECIALTY INSURANCE CO. - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. CYB-111190 | UNDETERMINED |
| 73.43. | FALCON RISK - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.44. | FREEDOM SPECIALTY INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. XMF2510976 | UNDETERMINED |
| 73.45. | GLOBAL AEROSPACE - HULL, LIABILITY, AND WAR - POLICY NO. 280680/25 | UNDETERMINED |
| 73.46. | GREAT AMERICAN INSURANCE - LOCALLY ADMITTED POLICY - POLICY NO. AVA-F-517 | UNDETERMINED |
| 73.47. | HARTFORD - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.48. | HARTFORD - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.49. | HARTFORD (1X)<br>HARTFORD PREMIER EXCESS POLICY - FIDUCIARY LIABILITY - POLICY NO. POLICY NO/: 10 IA 0322602-25 | UNDETERMINED |
| 73.50. | HARTFORD (TWIN CITY FIRE INSURANCE CO) - EMPLOYMENT PRACTICES LIABILITY - POLICY NO. POLICY NO/: 10 GT 0290393-25 | UNDETERMINED |
| 73.51. | HARTFORD (TWIN CITY FIRE INSURANCE CO.) - PRIMARY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. 42 DA 0737571-25 | UNDETERMINED |
| 73.52. | HDI GLOBAL INSURANCE COMPANY (FALCON) - DIRECTORS & OFFICERS LIABILITY - POLICY NO. FRS-G-X-ML-00012107-01 | UNDETERMINED |
| 73.53. | HDI GLOBAL SPECIALTY SE - HULL, LIABILITY, AND WAR - POLICY NO. ONE25HC0A1 | UNDETERMINED |
| 73.54. | HELVETIA LIECHTENSTEIN - HULL, LIABILITY, AND WAR - POLICY NO. 147973 | UNDETERMINED |
| 73.55. | HISCOX / "A XV"/STABLE - SPECIAL CRIME - POLICY NO. UKA3023266.24 | UNDETERMINED |
| 73.56. | INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (CHUBB) - COMMERCIAL AUTO LIABILITY AND PHYSICAL DAMAGE - POLICY NO. CAL H10823389 | UNDETERMINED |
| 73.57. | INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (CHUBB) - WORKERS' COMPENSATION - POLICY NO. CTA G48956981 | UNDETERMINED |
| 73.58. | INTACT - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.59. | LA REUNION AERIENNE - HULL, LIABILITY, AND WAR - POLICY NO. P1200068 | UNDETERMINED |
| 73.60. | LLOYD'S (AMBRIDGE) - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.61. | LLOYD'S OF LONDON AND OTHER LICENSED COMPANIES PER ONE GLOBAL - EXCESS WAR THIRD PARTY LIABILITY - POLICY NO. ONEAV2466878 | UNDETERMINED |
| 73.62. | LLOYD'S OF LONDON AND OTHER LICENSED COMPANIES PER ONE GLOBAL - HULL WAR, HI-JACKING, AND OTHER PERILS - POLICY NO. ONEAV2266878 | UNDETERMINED |

|  |  | Current value of debtor's interest |
|---|---|---|
| **73.** | **INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| 73.63. | NATIONAL CASUALTY COMPANY (EXCESS) - NATIONWIDE - COMMERCIAL CRIME - POLICY NO. XJO2408986 | UNDETERMINED |
| 73.64. | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. - DIRECTORS & OFFICERS LIABILITY - POLICY NO. 06-417-76-52 | UNDETERMINED |
| 73.65. | NATIONWIDE - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.66. | NAUTILUS INSURANCE COMPANY (BERKLEY) - STORAGE TANK ADVANTAGE POLLUTION LIABILITY - POLICY NO. CST2007210-22 | UNDETERMINED |
| 73.67. | OLD REPUBLIC - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.68. | OLD REPUBLIC INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. ORPRO 12 106150 | UNDETERMINED |
| 73.69. | ONE GLOBAL (LLOYD'S OF LONDON) - HULL, LIABILITY, AND WAR - POLICY NO. ONEAV2566876 | UNDETERMINED |
| 73.70. | PARTNER RE IRELAND INSURANCE LIMITED - HULL, LIABILITY, AND WAR - POLICY NO. F507350 | UNDETERMINED |
| 73.71. | QBE INSURANCE CORPORATION - HULL, LIABILITY, AND WAR - POLICY NO. 100008234 | UNDETERMINED |
| 73.72. | RESILIENCE (HOMELAND INSURANCE CO.) - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. 720002754-0000 | UNDETERMINED |
| 73.73. | RLI INSURANCE COMPANY - FIDUCIARY LIABILITY - POLICY NO. POLICY NO.:  EPG0033296 | UNDETERMINED |
| 73.74. | RSUI (LANDMARK AMERICAN INSURANCE CO.) - CYBER & MEDIA/ADVERTISING LIABILITY - POLICY NO. LHZ866293 | UNDETERMINED |
| 73.75. | SIRIUSPOINT INTERNATIONAL INSURANCE COMPANY - HULL, LIABILITY, AND WAR - POLICY NO. IDAV205853 | UNDETERMINED |
| 73.76. | SOMPO - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.77. | SOMPO (ENDURANCE ASSURANCE CORP) - DIRECTORS & OFFICERS LIABILITY - POLICY NO. DOX30082076800 | UNDETERMINED |
| 73.78. | SOUTHERN INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. ANV162805A | UNDETERMINED |
| 73.79. | STARR - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| 73.80. | STARR INDEMNITY & LIABILITY COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. 1000625193251 | UNDETERMINED |
| 73.81. | STARR INDEMNITY AND LIABILITY COMPANY - HULL, LIABILITY, AND WAR - POLICY NO. 1000189300-05 | UNDETERMINED |
| 73.82. | STARSTONE SPECIALTY INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. DNO00367838P-00 | UNDETERMINED |
| 73.83. | WESTFIELD INSURANCE COMPANY - DIRECTORS & OFFICERS LIABILITY - POLICY NO. XDO-472278P-00 | UNDETERMINED |
| 73.84. | WESTFIELD SPECIALTY - DIRECTORS & OFFICERS LIABILITY RUN-OFF - POLICY NO. NOT CURRENTLY AVAILABLE | UNDETERMINED |
| **74.** | **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |
| **75.** | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| **76.** | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| **77.** | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| **78** | **Total of Part 11.**<br>ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | UNDETERMINED |

**79.** Has any of the property listed in Part 11 been appraised by a professional within the last year?
☑ No
☐ Yes

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.** Cash, cash equivalents, and financial assets. *Copy line 5, Part 1.* | | |
| **81.** Deposits and prepayments. *Copy line 9, Part 2.* | | |
| **82.** Accounts receivable. *Copy line 12, Part 3.* | | |
| **83.** Investments. *Copy line 17, Part 4.* | UNDETERMINED | |
| **84.** Inventory. *Copy line 23, Part 5.* | | |
| **85.** Farming and fishing-related assets. *Copy line 33, Part 6.* | | |
| **86.** Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | | |
| **87.** Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | | |
| **88.** Real property. *Copy line 56, Part 9.* ➔ | | N/A |
| **89.** Intangibles and intellectual property. *Copy line 66, Part 10.* | | |
| **90.** All other assets. *Copy line 78, Part 11.* | + UNDETERMINED | |
| **91.** Total. Add lines 80 through 90 for each column. . . . . . . . . 91a. | $0.00 | + 91b.    N/A |

**92.** Total of all property on Schedule A/B. Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $0.00

**Fill in this information to identify the case:**

Debtor          Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the:          Southern District of New York

Case number          25-11897
(if known)

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

**Be as complete and accurate as possible.**

1.  1.  **Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |

**Fill in this information to identify the case:**

Debtor     Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the:     Southern District of New York

Case number     25-11897
(if known)

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1.**     **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).

☑ No.

☐ Yes.

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.**     **Add the amounts of priority and nonpriority unsecured claims.**

Total of claim amounts

| | | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | NOT APPLICABLE |
| **5b.** Total claims from Part 2 | **5b.** + | NOT APPLICABLE |
| **5c.** **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | **5c.** | NOT APPLICABLE |

**Fill in this information to identify the case:**

Debtor      Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the:      Southern District of New York

Case number      25-11897
(if known)

☐ Check if this is an
   amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.    **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on  *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

Fill in this information to identify the case:

Debtor        Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the:        Southern District of New York

Case number        25-11897
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                                                                    12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.**

1.        **Does the debtor have any codebtors?**

☑ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes.

**Fill in this information to identify the case:**

Debtor    Spirit Aviation Holdings, Inc.

United States Bankruptcy Court for the:    Southern District of New York

Case number    25-11897
(if known)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/18/2025       **X** /s/ Fred Cromer
         MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                         Fred Cromer
                                           Printed name

                                         Chief Financial Officer
                                           Position or relationship to debtor