Hearing Date and Time: 11:00 a.m.[1] on December 16, 2025
Objection Deadline: 4:00 p.m. on December 9, 2025

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[2] | Jointly Administered |

**NOTICE OF HEARING ON APPLICATION OF THE DEBTORS FOR ENTRY
OF AN ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE
EXAMINER PURSUANT TO 11 U.S.C. § 105(a) AND MODIFYING INTERIM
COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS
EMPLOYED PURSUANT TO 11 U.S.C. § 327**

  **PLEASE TAKE NOTICE** that, on December 1, 2025, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Application of the Debtors for Entry of an Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* (the "**Application**").

  **PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") has been scheduled for **11:00 a.m. on December 16, 2025**, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), to consider the relief requested in the Application.

  **PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government. Parties wishing to appear at or attend the Hearing (whether "live" or "listen only")

---

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

are required to register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl by **4:00 p.m. on December 15, 2025**. Instructions and additional information about the Court's remote attendance procedures can be found at https://www.nysb.uscourts.gov/ecourt-appearances. The Court will circulate by email the Zoom link to the Hearing to those parties who properly made an electronic appearance prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Application) so as to be received no later than **4:00 p.m. on December 9, 2025** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61], and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-sean-h-lane), to the extent applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Court an order, substantially in the form of the proposed order attached to the Application, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and any other document filed publicly in the above-captioned proceedings are available free of charge at https://dm.epiq11.com/SpiritAirlines.

Dated:   December 1, 2025
         New York, New York

                         DAVIS POLK & WARDWELL LLP

                         By:   */s/ Marshall S. Huebner*
                         450 Lexington Avenue
                         New York, NY 10017
                         Tel.: (212) 450-4000
                         Marshall S. Huebner
                         Darren S. Klein
                         Christopher S. Robertson
                         Joseph W. Brown

                         *Counsel to the Debtors and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, | **Case No. 25-11897 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER PURSUANT TO 11 U.S.C. § 105(a) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327**

Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**" or "**Spirit**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Application of the Debtors for Entry of an Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* (this "**Application**"), seeking approval and entry of the proposed *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and*

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

*Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* (the "**Proposed Fee Examiner Order**"), a copy of which is attached hereto as **Exhibit A**. This Application is supported by the *Declaration of David M. Klauder in Support of the Application of the Debtors for Entry of an Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* (the "**Klauder Declaration**"), attached hereto as **Exhibit B** and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

## Relief Requested

1.  On August 29, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 35].

2.  On September 17, 2025, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 117].

3.  On November 3, 2025, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [ECF No. 387] (the "**Interim Compensation Procedures**") establishing procedures for professional compensation during the pendency of the Chapter 11 Cases.

2

4.      Given the size and complexity of the Chapter 11 Cases, the appointment of an independent fee examiner (the "**Fee Examiner**") and the establishment of procedures related thereto would be beneficial to the smooth functioning of these Chapter 11 Cases. This Application is submitted with the support of the Committee, and after consultation with the U.S. Trustee, to request that the Proposed Order be approved and entered.

5.      No prior request for the relief sought in this Application has been made to this Court or any other court.

### Appointment of The Proposed Fee Examiner is Appropriate

6.      As further described in the Klauder Declaration, Mr. Klauder is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and does not have any disabling connection to the Debtors, their creditors, or other parties in interest that would have any bearing on his ability to discharge his duties as set forth in the Proposed Order. The Debtors and the Committee have consented to such appointment on the terms set forth herein

7.      Courts in this district and others have approved the appointment of an independent fee examiner in cases of similar size and complexity to these Chapter 11 Cases. *See, e.g.*, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Apr. 8, 2020) [ECF No. 1023]; *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Mar. 15, 2025) [ECF No. 2375]; *In re Vyaire Medical, Inc.*, No. 24-11217 (BLS) (Bankr. Del. Oct. 30, 2024) [ECF No. 690]; *In re Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (Bankr. Del. Apr. 29, 2024) [ECF No. 254]; *In re Endo International plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Dec. 19, 2022) [ECF No. 989]; *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. Del. Aug. 3, 2022) [ECF No. 574]; *In re Libbey Glass Inc.*, No. 20-11439 (LSS) (Bankr. Del. Aug. 8, 2020) [ECF No. 343]; *In re MTE Holdings*

*LLC*, No. 19-12269 (CSS) (Bankr. Del. June 15, 2020) [ECF No. 1185]. The Debtors submit that the circumstances described herein warrant similar relief.

### Notice

8.    Notice of this Application will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the U.S. Trustee; (b) the Committee; (c) an ad hoc committee of holders of the Debtors' secured notes (as set forth in ECF No. 152); (d) each agent or trustee under the Debtors' secured notes indenture or revolving credit facility; and (e) any other party that is entitled to notice under the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61].  A copy of this Application and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines.  Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: December 1, 2025
       New York, New York

                        DAVIS POLK & WARDWELL LLP

                        By: */s/ Marshall S. Huebner*
                        450 Lexington Avenue
                        New York, New York 10017
                        Tel.: (212) 450-4000
                        Marshall S. Huebner
                        Darren S. Klein
                        Christopher S. Robertson
                        Joseph W. Brown

                        *Counsel to the Debtors and Debtors in Possession*

## Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**SPIRIT AVIATION HOLDINGS, INC.**, *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>Case No. 25-11897 (SHL)<br><br>**Jointly Administered** |

**ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER PURSUANT TO 11 U.S.C. § 105(a) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327**

Upon consideration of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [ECF No. 387] (the "**Interim Compensation Order**") entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; upon the Court's conclusion that the appointment of a fee examiner (the "**Fee Examiner**") under Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found venue of the Chapter 11 Cases and related proceedings to be proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the affidavit of disinterestedness,

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

dated December 1, 2025, of David M. Klauder; and good and sufficient cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on August 29, 2025 (the "**Petition Date**").

B. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF No. 35].

D. On September 17, 2025, the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**"). [ECF No. 117].

E. On November 3, 2025, the Court entered the Interim Compensation Order. [ECF No. 387].

F. Given the size and complexity of the Chapter 11 Cases, the Debtors, the Committee, and the United States Trustee proposed that the Court authorize the appointment of an independent Fee Examiner to review and report on as appropriate the monthly invoices submitted in accordance with the Interim Compensation Order and all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals retained under Bankruptcy Code sections 105, 327, or 1103 or similar authority or otherwise requesting compensation and/or reimbursement of expenses on an interim basis pursuant to the Interim Compensation Order (the "**Retained Professionals**"), in accordance with Bankruptcy Code sections 327, 328, 330, and 331

and the Interim Compensation Order (collectively, the "**Applications**"), and the Debtors and the Committee have consented to such proposal on the terms set forth herein.

G.    For the purposes of this Order, the term "Retained Professionals" (i) shall specifically include (x) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103 and (y) each professional subject to the *Order Authorizing the Retention of Professionals Utilized in the Ordinary Course of Business* [ECF No. 223] (as may be amended or supplemented from time to time, the "**Ordinary Course Professionals Order**") whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, solely with respect to the fees of such professional that exceed such Case Cap and shall exclude any other professional retained pursuant to section 363 of the Bankruptcy Code.

H.    David M. Klauder of Bielli & Klauder, LLC, the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1.    The Court hereby appoints David M. Klauder to serve as independent fee examiner (the "**Fee Examiner**") in these cases, subject to the terms and conditions of this Order and of the Interim Compensation Order, as modified herein.

2.    In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases

pursuant to Bankruptcy Code section 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with his duties or powers hereunder except in this Court and with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3. The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to Bankruptcy Code section 327, after notice and opportunity for hearing pursuant to Local Rules of this Court.

4. The fees and expenses of the Fee Examiner and any Court-approved attorneys and professionals shall be subject to application and review pursuant to Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the Interim Compensation Order. The Fee Examiner's compensation shall not be contingent, dependent or based on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation (the "**U.S. Trustee Fee Guidelines**").

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final Applications submitted after the effective date of this Order by the Retained Professionals. Unless the Court orders otherwise, the scope of

4

the Fee Examiner's duties and responsibilities shall not extend to (1) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases, or (2) any Applications for interim compensation made pursuant to Bankruptcy Code section 331 that were filed before the effective date of this Order, provided that the Fee Examiner may review such interim applications for the purpose of performing his duties and responsibilities with regard to any final Applications for compensation and reimbursement of expenses submitted pursuant to Bankruptcy Code section 330.

6.  Except as provided in Paragraph 5 above, the Fee Examiner shall review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications for compliance with (1) Bankruptcy Code sections 328, 329, 330 and 331, as applicable, (2) rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein), and (4) Local Bankruptcy Rule 2016-1 and the applicable U.S. Trustee Fee Guidelines. The Fee Examiner is further authorized and shall have standing before the Court:

(a) to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

(b) to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; *provided*, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "**Privileged Information**");

5

    *provided*, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

  (c) to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

  (d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a Preliminary and Final Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330.

Notwithstanding these enumerated powers, the Fee Examiner shall have no role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in Bankruptcy Code sections 330(a)(3)(C) and (D) in his evaluation of Applications.

  7. The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee Applications and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner may

prepare a report on each Application (each, a "**Preliminary Report**") for which the Fee Examiner has a potential issue or objection.

    (a) The Fee Examiner shall, within fourteen (14) days after a Retained Professional files an Application (or in the case of interim fee applications filed prior to entry of this Order, 14 days following service of such interim fee applications on the Fee Examiner), serve any such Preliminary Report on the Retained Professional. The Fee Examiner's Preliminary Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of Bankruptcy Code section 330, Local Rule 2016-1, and the U.S. Trustee Fee Guidelines. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Preliminary Report shall be maintained in confidence by such parties (other than the United States Trustee) until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with Paragraph 7(c) below.

    (b) The Fee Examiner shall provide the Retained Professional with a reasonable opportunity to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Preliminary Report.

    (c) After a reasonable opportunity to resolve the issues identified in the Preliminary Report or amend the Application, the Fee Examiner may file a final report or objection (the "**Final Report**") with the Court and note any remaining objections to the Application. The Retained Professional may file a reply to the Final Report. The Final Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section 330, Local Rule 2016-1, and the U.S. Trustee Fee Guidelines. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

    (d) The Fee Examiner shall file his Final Report at least ten (10) days before the hearing date on the relevant Application and shall serve a copy on the United States Trustee, counsel to the Debtors, counsel to the Committee and all Retained Professionals.

7

8. Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Retained Professionals.

9. The Fee Examiner, the Retained Professionals, and the Debtors shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

10. All Retained Professionals (including attorneys, financial advisors, auditors, and claims consultants) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6(b) above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

11. Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee Application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable U.S. Trustee Fee Guidelines and the requirements under Bankruptcy Code section 330, to the extent they apply. Nothing herein shall alter or modify prior orders governing the retention of professionals.

12. Copies of any written communication between the Fee Examiner (or any agent thereof) and any Compensation Notice Party, as defined in the Interim Compensation Order, as amended by this Order (or any agent thereof) that pertains to the fees or expenses of any Retained Professional of another Compensation Notice Party shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the Compensation Notice Party.

13. The Compensation Notice Parties, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

14. The Interim Compensation Order is hereby modified as follows:

   (a) The Fee Examiner is designated as an additional Compensation Notice Party entitled to receive monthly statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

   (b) No later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("**Fee Detail**") in searchable electronic format (Word, LEDES, Excel or PDF format).

   (c) A Retained Professional need not send to the Fee Examiner the electronic-formatted Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application or otherwise. If any Retained Professional cannot reasonably convert its Fee Detail to the electronic format described above, the Fee Examiner will work with such Retained Professional to find an appropriate electronic format.

9

12.    All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within 20 days of entry of this Order. All previously filed Applications, all future Applications, and all other documents, notices or pleadings required to be sent to or served upon any Compensation Notice Party under the Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner at the following address: David M. Klauder, Esq., Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, Delaware 19801, Fax: (302) 397-2557; Email: dklauder@bk-legal.com.[2]

13.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and shall remain in effect unless and until the Court orders otherwise.

14.    The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Committee, an ad hoc committee of holders of the Debtors' secured notes (as set forth in ECF No. 152) and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.

Dated: _____, 2025
         White Plains, New York

                                            THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

---

[2] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the Chapter 11 Cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

**Exhibit B**

**Declaration of Disinterestedness of David M. Klauder**