**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | Jointly Administered |

**DECLARATION OF DAVID M. KLAUDER IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER PURSUANT TO 11 U.S.C. § 105(A) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327**

I, David M. Klauder, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney and counselor at law, and I am a member of the law firm of Bielli & Klauder, LLC ("**B&K**"), which maintains offices at 1204 N. King Street, Wilmington, Delaware 19801. I am a member in good standing of the bars of the States of Delaware, Pennsylvania, and Virginia. There are no disciplinary proceedings pending against me.

2. The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**") have asked me to serve as the Fee Examiner in these chapter 11 cases. I submit this Declaration, at the request of the Debtors and the Committee, to establish that I am a "disinterested

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

person" as that term is defined in 11 U.S.C. § 101(14) in connection with my appointment as the independent Fee Examiner in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

3. Except as otherwise indicated, I have personal knowledge of the facts set forth herein.

4. With respect to my "disinterestedness" under section 101(14) of the Bankruptcy Code, I provide the following information:

   a) Neither B&K nor I am, or have been, during the pendency of these chapter 11 cases, a creditor, equity security holder or insider of any of the Debtors.

   b) No attorney at B&K nor I am, and have not been, a director, officer or employee of any of the Debtors.

   c) Neither B&K nor I have an interest materially adverse to the interests of these bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in any of the Debtors, or for any other reason.

   d) No attorney at B&K nor I am a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, the U.S. Trustee (Region 2) or any person employed by the U.S. Trustee (Region 2).

   e) Neither B&K nor I represent or have represented in the past any of the Debtors or any of their affiliates.

   f) Except as indicated on <u>Schedule I</u>, neither B&K nor I represent or have represented in the past any party in interest in connection with the Debtors' chapter 11 cases.

   g) Except as indicated on <u>Schedule I</u>, neither B&K nor I have any connection with any of the creditors or other parties in interest or their respective attorneys, financial consultants and accountants that are included on the list of parties in interest provided by the Debtors' counsel except (i) we have in the past, currently and may in the future represent some of such entities in connection with

2

matters unrelated to the Chapter 11 Cases, (ii) may hire the financial consultants or accountants included on the list as experts or consultants on behalf of one of our clients or (iii) may represent a client in a matter in which such entities represent an adverse party or serve as an expert or consultant for an adverse party. B&K has not represented such entities or any other entities in connection with the Chapter 11 Cases and, if I am appointed the Fee Examiner, will not represent any other entity in connection with the Debtors' cases.

h) Neither B&K nor I hold or represent an interest adverse to the Debtors' estates or have any disabling connection to the Debtors, their creditors, or other parties in interest.

i) Prior to being employed with B&K, I worked as a trial attorney at the U.S. Trustee from approximately 2002 to November 2012, whereby I worked with a number of current U.S. Trustee personnel.

j) From September 18, 2025, through November 15, 2025, I briefly represented Esopus Creek Advisors, LLC ("**Esopus**") in connection with the Chapter 11 Cases. The representation was limited in nature, and my limited services were rendered in connection with a request made by Esopus to the U.S. Trustee for the appointment of an examiner in the Chapter 11 Cases. At the request of Esopus, I followed up with the U.S. Trustee to inquire as to the status of the examiner request, and had occasional calls with the principal of Esopus, Andrew Sole, to discuss the status of the Chapter 11 Cases. In addition, I was copied on several emails from Esopus to the U.S. Trustee regarding the examiner request, and I submitted a nomination on behalf of Esopus to the U.S. Trustee for an individual to be considered as examiner. That individual was not selected as the examiner. I did not have a formal engagement letter with Esopus, did not receive any payment for the *de minimis* work done for Esopus in connection with the Chapter 11 Cases, did not enter any formal appearances for Esopus or any other party in the Chapter 11 Cases, and have formally terminated any representation of Esopus in the Chapter 11 Cases. I have previously represented Esopus in other bankruptcy cases that are unrelated to the Chapter 11 cases, but I do not currently have any active engagements with Esopus. I believe that my previous representation of Esopus will not in any way prevent or hinder my

3

> ability to discharge my duties as Fee Examiner, especially since I will be reviewing publicly filed fee applications, not engaging on substantive issues in these cases.

5. As required by section 504 of the Bankruptcy Code, I will not share any compensation or reimbursement received in connection with the Chapter 11 Cases with another person except pursuant to the partnership agreement of B&K.

6. I have informed the Debtors and the Committee that I will review my files periodically during the pendency of the Chapter 11 Cases to ensure that no disqualifying circumstances have arisen and that, if I discover any facts bearing on the matters described herein, I will file a supplemental disclosure with the court and serve such supplement on the U.S. Trustee.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

4

Dated:  December 1, 2025                  BIELLI & KLAUDER, LLC

                                               */s/ David M. Klauder*
                                               David M. Klauder

25-11897-shl    Doc 522    Filed 12/01/25    Entered 12/01/25 13:12:15    Main Document
Pg 5 of 6

## Schedule I

**Parties (or affiliates thereof) who are current or past clients of B&K, or with whom B&K has a professional relationship in matters unrelated to the Debtors, whose names include the following:**

- **Zurich American Insurance Company**
- **Reno-Tahoe Airport Authority**
- **Esopus Creek Advisors, LLC**