WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
Office of the United States Trustee
Alexander Hamilton U.S. Custom House
One Bowling Green, Rm 534
New York, NY 10004
Tel. (212) 510-0500
By:    Shara Cornell
         Rachael E. Siegel
         Trial Attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*, | Case No. 25-11897-SHL |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO
DEBTORS' MOTION FOR FINAL ORDER ON CASH MANAGEMENT**

TO:    THE HONORABLE SEAN H. LANE,
         UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), through his counsel, files this Limited Objection (the "**Objection**") regarding the Debtors' motion for entry of a final order on cash management (the "**Cash Management Motion**") (ECF No. 18). The United States Trustee respectfully represents as follows:

**A.  Section 345 Seeks to Protect Assets of the Bankruptcy Estate**

Bankruptcy Code section 345(b) protects creditors against the loss of estate funds deposited or invested by debtors. *See In re Columbia Gas Systems Inc.*, 33 F.3d 294, 301 (3d Cir. 1994)

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

1

("Ensuring the safety of the bankruptcy funds has been the foremost goal."); *In re CWNevada LLC*, 602 B.R. 717, 744 (Bankr. D. Nev. 2019) ("[t]hose requirements are designed to ensure the safety of the funds held by a trustee or debtor in possession as a fiduciary of a bankruptcy estate").

Specifically, section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States. 11 U.S.C. § 345(b). Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited its securities with the Federal Reserve Bank. Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security.

A court may waive the requirements of section 345 upon a showing of "cause." *See* 11 U.S.C. § 345(b); *see, e.g., In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (finding "cause" exists for waiver of investment, deposit, and reporting requirements where debtor was a large, sophisticated entity with a complex cash management system). Thus, the Court may modify the requirements of Section 345(b) for "'just cause' where strict compliance might 'work to needlessly handcuff larger, more sophisticated debtors.'" *See In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019).

To ensure compliance with section 345(b), the United States Trustee has implemented guidelines for debtors in possession regarding bank accounts (the "**UST Guidelines**"). Among other things, the UST Guidelines require debtors in possession to close their pre-petition bank accounts and provide proof of the establishment of debtor in possession account(s) at an authorized depositary. *See* United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors

in Possession (Region 2) at § 3, available at https://www.justice.gov/ust-regions-r2/region-2-general-information#ch11.

Authorized depositories have agreed to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (the "**UST Manual**"), §§ 7-1.1 and 7-1.2.1, at pp. 1-2, available at https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual. Additionally, authorized depositories have also agreed to make periodic reports so that the United States Trustee can monitor compliance. *See* UST Manual, § 7-1.3.2, at p. 5.

By virtue of these collateralization and reporting requirements imposed on authorized depositories, compliance with the UST Guidelines ensures compliance with the requirements of 11 U.S.C. § 345(b).

### B. The Debtors Have Not Established Cause for a Waiver of Section 345(b)

The Debtors' aggregate cash balance as of the Petition Date was $738,832,108 of which apparently $83,156,456 is held at non-authorized depositories. According to the Cash Management Motion, it appears that the Debtors have at least 60 bank accounts, including 36 bank accounts held with authorized depositories in the Southern District of New York.[2] The remaining 24 accounts are held with non-authorized depositories. Of these 24 accounts, 5 are identified by the Debtors as restricted accounts held with Wilmington Trust with an aggregate total of approximately $35 million as of the Petition Date. The Debtors also have two accounts identified by the Debtors as restricted with Wells Fargo with an aggregate total exceeding $5 million as of

---

[2] The Debtors have advised that its funds held in at JPMorgan Chase, a non-authorized depository, are in fact collateralized. Upon information and belief, there are approximately 10 accounts held with JPMorgan Chase.

3

the Petition Date. Additionally, the Debtors have an account identified as restricted with Deutsche Bank that has an excess of $42 million as of the Petition Date. There are 5 accounts held with Treasury Partners, all with an approximate balance as of the Petition Date of $1,000. The Debtors also have approximately 23 foreign accounts, some of which have a *de minimis* balance while others have several hundred thousand dollars in the accounts. While some of these accounts may have *de minimis* balances, they nonetheless do not meet the standards required by section 345.

The application of section 345 and the safeguards imposed by the UST Guidelines protect estate funds as Congress envisioned. Given the size of funds of over $80 million in the aggregate held at non-authorized depositories, ensuring the safety of these funds is important despite the inconvenience to the Debtors in transferring the accounts to appropriate depositories. While it may not be possible to move certain funds to approve accounts, the Debtors are still capable of bonding the remaining funds in order to safeguard all of their accounts which would be appropriate under section 345.

In determining whether cause exists to waive the requirements of 11 U.S.C. § 345(b), courts have examined the totality of the circumstances. *See In re Serv. Merch. Co., Inc.*, 240 B.R. at 896; *In re Ditech Holding Corp.*, 605 B.R. at 17. As part of this analysis, courts have considered the following factors:

1. The sophistication of the debtor's business;
2. The size of the debtor's business operations;
3. The amount of investments involved;
4. The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;
5. The complexity of the case;
6. The safeguards in place within the debtor's own business of insuring the safety

of the funds;

7. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

8. The benefit to the debtor;

9. The harm, if any, to the estate; and

10. The reasonableness of the debtor's request for relief from section 345(b) requirements in light of the overall circumstances of the case.

See In re Serv. Merch. Co., Inc., 240 B.R. at 896. The Debtors have not adequately addressed the factors identified by *Serv. Merch*.

Accordingly, the United States Trustee objects to entry of a final order waiving the requirements of section 345 until the Debtors have provided sufficient evidence that supports a finding that cause exists for a waiver of section 345.

WHEREFORE, the United States Trustee requests that a final order on Debtors' Cash Management be denied until the Debtors establish that they have satisfied Section 345.

Dated:  New York, New York
        December 1, 2025

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                                By:     */s/ Shara Cornell*
                                        Shara Cornell, Esq.
                                        Rachael E. Siegel, Esq.
                                        Trial Attorneys
                                        Alexander Hamilton U.S. Custom House
                                        One Bowling Green
                                        New York, New York 10004