**Hearing Date and Time: December 22, 2025 at 11:00 a.m. ET**
**Objection Deadline: December 18, 2025 at 5:00 p.m. ET**

Brett H. Miller
Todd M. Goren
James H. Burbage
Jessica D. Graber
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION TO APPROVE SETTLEMENT WITH IAE PARTIES**

The Official Committee of Unsecured Creditors (the "Committee") of Spirit Aviation Holdings, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "Debtors" or "Spirit"), by and through its undersigned proposed counsel, hereby submits this limited objection and reservation of rights to the (i) *Motion of the Debtors for Entry of an Order (I) Approving the Restructuring Term Sheet with the IAE Parties, (II) Authorizing and Approving Entry into the Definitive Documents and GTE Agreements, and (III) Granting Related Relief* [Docket No. 540] (the "IAE/Pratt Settlement") and (ii) *Ex Parte Motion of the Debtors for Entry of an Order*

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

*Shortening Notice with Respect to the Debtors' IAE Motion and Related Sealing Motion* [Docket No. 539] (the "Motion to Shorten Time").[2]

1.    Since its formation, the Committee has focused its efforts on uncovering potential sources of value for unsecured creditors and ensuring that any transactions contemplated by the Debtors throughout the course of their restructuring process are beneficial, to the greatest extent possible, for unsecured creditors. The IAE/Pratt Settlement provides the Debtors with access to significant credits that will materially improve the Debtors' cash flows over both the short and long term.  Nonetheless, the settlement does contain broad releases and, given that a number of the Debtors' unsecured creditors also have direct dealings with Pratt (including as to engines that either previously were, or currently are, still on Spirit aircraft), the Committee has sought to ensure that nothing in the settlement impairs the rights of such creditors directly against Pratt.

2.    As a result, the Committee has provided comments to the proposed order (substantially in the form of the proposed order annexed hereto as **Exhibit A**, with a redline against the proposed order included with the Motion as filed annexed hereto as **Exhibit B**) approving the IAE/Pratt Settlement, which seek to ensure that the rights of unsecured creditors of the Debtors remain unaffected by the IAE/Pratt Settlement.  Particularly given the redactions in the publicly filed version of the motion, the Committee believes these changes are reasonable and necessary. The Committee's proposed language is also balanced because it preserves the ability of all parties, whether aircraft lessors, the Debtors, the IAE Parties, or other third parties, to assert any objections or defenses to matters related to the IAE/Pratt Settlement.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the IAE/Pratt Settlement.

3.        Counsel for the Debtors and counsel for the IAE Parties have been working, and continue to work, constructively with counsel for the Committee to reach consensus regarding this language. Although the Committee anticipates that its issues will be resolved by the inclusion of its proposed language in the proposed approval order in advance of the hearing scheduled for Monday, December 22, 2025, the Committee submits this Limited Objection and Reservation of Rights in the event that turns out not to be the case.

4.        Assuming appropriate reservation of rights language is incorporated into the proposed order, the Committee would support approval of the Motion.  At this time, however, the Committee hereby reserves all rights with respect to the relief requested in the IAE/Pratt Settlement, including, but not limited to, the right to raise additional concerns with the Court and to seek further modifications to the relief requested in the proposed approval order in the unlikely event that a consensual resolution is not achieved.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 18, 2025
       New York, New York

By: /s/ *Brett H. Miller*
    Brett H. Miller
    Todd M. Goren
    James H. Burbage
    Jessica D. Graber
    WILLKIE FARR & GALLAGHER LLP
    787 Seventh Avenue
    New York, New York 10019
    Telephone: (212) 728-8000
    Facsimile: (212) 728-8111

    *Counsel for the Official Committee of
    Unsecured Creditors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, | **Case No. 25-11897 (SHL)** |
| Debtors.[3] | **Jointly Administered** |

### ORDER (I) APPROVING THE RESTRUCTURING TERM SHEET WITH THE IAE PARTIES, (II) AUTHORIZING AND APPROVING ENTRY INTO THE DEFINITIVE DOCUMENTS AND GTE AGREEMENTS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[4] of Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order (this "**Order**") pursuant to sections 105(a), 502, 503, 507 and 553 of the Bankruptcy Code, and Bankruptcy Rules 6004 and 9019, (a) approving the Restructuring Term Sheet attached hereto as **Exhibit 1**, (b) authorizing the Debtors to enter into, amend, or modify (as applicable) the Definitive Documents (as defined in the Motion), (c) authorizing the Debtors to enter into the short-term GTE Leases (as defined in the Restructuring Term Sheet) with the applicable lessor parties, (d) approving the settlement with IAE of certain disputes and claims related to, among other things, the GTF engines employed by the Debtors and additional claims and causes of action arising out of IAE's leasing arrangements with the Debtors, and

---

[3] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[4] Unless defined herein, all defined terms shall have the meanings ascribed to them as contained in the Global Restructuring Term Sheet.

(e) granting related relief , each as set forth more fully in the Restructuring Term Sheet, Motion and Cromer Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion, the Cromer Declaration and the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion and the Cromer Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment, and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Restructuring Term Sheet, attached hereto has **Exhibit 1**, and all the terms and conditions thereof, and all the transactions and agreements contemplated thereby or embodied

therein are hereby approved pursuant to Bankruptcy Rule 9019(a) in all respects and (a) represent

a valid exercise of the Debtors' business judgment, (b) are supported by reasonable consideration,

and (c) are fair and equitable and in the best interest of the Debtors' estates.

3.      The Debtors are authorized to (i) execute and deliver all documentation, (including,

without limitation, amendments and/or modifications to certain Definitive Documents) necessary

to implement and effectuate the terms and conditions of the Restructuring Term Sheet and this

Order, (ii) comply with all obligations and make all payments provided for in the Restructuring

Term Sheet, and (iii) take any additional actions as are reasonably necessary or appropriate to

implement and effectuate the settlement and the transactions outlined in the Restructuring Term

Sheet, it being the intent of this Court that the terms set forth in the Restructuring Term Sheet be

approved in their entirety, and the failure to specifically describe or include any provision of the

Restructuring Term Sheet in the Motion or this Order shall not diminish or impair the effectiveness

of such provision.

4.      Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to enter

into, amend, or modify (as applicable) the Definitive Documents, the GTE Agreements, and any

amendments and/or modifications thereto, as applicable, and in each case as described in the

Restructuring Term Sheet, and all payment obligations owed by the Debtors and arising under the

GTE Agreements shall, to the extent provided for in the GTE Agreements, be entitled to

administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

5.      The automatic stay imposed under section 362(a) of the Bankruptcy Code, to the

extent applicable, is hereby modified and lifted to permit the parties to enter into, amend, or modify

(as applicable) the Definitive Documents, the GTE Leases, and any amendments and/or

modifications thereto.

6.     The GTE Leases and the Definitive Documents, and the other transaction instruments, agreements, and documents related thereto may be modified, amended, or supplemented by the parties thereto in a writing signed by the parties thereto, and in accordance with the terms thereof, without further order of the Court.

7.     No prepetition or postpetition payment made by the Debtors to IAE, or any setoff or application of proceeds of letters of credit by, or any lien granted to, IAE, including, without limitation, any payments or transfers made by the Debtors to the IAE Parties under any instrument or agreement by and between the Debtors and the IAE Parties, or pursuant to this Order or the amended or modified Definitive Documents or claims (including administrative expense claims) allowed or granted under this Order shall be stayed, restrained, voidable, avoidable, or recoverable under the Bankruptcy Code or any applicable law (including, without limitation, under sections 502(d), 544, or 547 through 550 of the Bankruptcy Code or under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or subject to any contest, attack, rejection, defense, avoidance, reduction, setoff, recoupment, recharacterization, or subordination (whether equitable, contractual, or otherwise), disallowance, impairment, claim, counterclaim, cross-claim, or any other challenge under the Bankruptcy Code, any other order of the Court or applicable law, or regulation by any person or entity.

8.     Notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, this Order and the terms and conditions of the Restructuring Term Sheet, the GTE Leases, and the Definitive Documents (as amended and/or modified) shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, and their creditors, their

respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, the IAE Parties, their affiliates, and subsidiaries.

9.    The Debtors agree to a settlement of all outstanding invoices with the IAE Parties through a combination of cash payment and available credits, as set forth in the Restructuring Term Sheet and described in the Motion. Notwithstanding the foregoing, nothing herein waives the Debtors' rights to contest claims that are subject to a bona fide dispute or any available defenses to the extent not inconsistent with the Restructuring Term Sheet, the GTE Leases, or the Definitive Documents (including as amended and/or modified).

10.    Notwithstanding anything to the contrary in this Order, the Restructuring Term Sheet, or the Definitive Documents, nothing herein or therein shall affect any rights, claims (and any associated priority thereof), or interests that any lessor parties (or their beneficial owners or affiliated entities) (the "**Lessor Parties**") who have leased aircraft equipment to Debtors that include or contain or have appurtenant thereto GTF or GTE engines (the "**IAE Engines**") manufactured, or serviced by the IAE Parties may have with respect to (a) the right to claim and obtain the pricing provided for under the Debtors' agreements with any of the IAE Parties for any IAE Engines inducted into service by any of the Debtors with the IAE Parties as of the Petition Date and (b) the right to claim the benefit of any payments made by the Debtors with respect to any IAE Engines that were inducted into service by any of the Debtors with the IAE Parties as of the Petition Date. For the avoidance of doubt, noting in this Order or the Restructuring Term Sheet is intended to impair any rights that the Lessor Parties may have against the IAE Parties; provided that nothing in this Article 10 shall be deemed to create any such right, claim or interest of Lessor Parties. Additionally, each of the Debtors and the IAE Parties may assert any objection and/or defenses to any such matters raised or asserted by any of the Lessor Parties.

11.    The IAE Parties shall be entitled to the protections afforded under section 363(m) of the Bankruptcy Code with respect to all of the transactions set forth in the Restructuring Term Sheet or as otherwise provided for herein.

12.    Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13.    Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.    The Debtors are authorized to take, or refrain from taking, any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

15.    During the pendency of the Chapter 11 Cases, this Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Restructuring Term Sheet.


Dated: _____, 2025
New York, New York


_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | Jointly Administered |

### ORDER (I) APPROVING THE RESTRUCTURING TERM SHEET WITH THE IAE PARTIES, (II) AUTHORIZING AND APPROVING ENTRY INTO THE DEFINITIVE ~~DOCUEMNTS~~ DOCUMENTS AND GTE AGREEMENTS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order (this "**Order**") pursuant to sections 105(a), 502, 503, 507 and 553 of the Bankruptcy Code, and Bankruptcy Rules 6004 and 9019, (a) approving the Restructuring Term Sheet attached hereto as **Exhibit 1**, (b) authorizing the Debtors to enter into, amend,

or modify (as applicable) the Definitive Documents (as defined in the Motion), (c) authorizing the Debtors to enter into the short-term GTE Leases (as defined in the Restructuring Term Sheet) with the applicable lessor parties, (d) approving the settlement with IAE of certain disputes and claims related to, among other things, the GTF engines employed

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Unless defined herein, all defined terms shall have the meanings ascribed to them as contained in the Global Restructuring Term Sheet.

by the Debtors and additional claims and causes of action arising out of IAE's

---

<span style="color:red">¹  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752).  The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.</span>
<span style="color:green">²  Unless defined herein, all defined terms shall have the meanings ascribed to them as contained in the Global Restructuring Term Sheet.</span>

leasing arrangements with the Debtors, and (e) granting related relief , each as set forth more fully in the Restructuring Term Sheet, Motion and Cromer Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion, the Cromer Declaration and the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion and the Cromer Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment, and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled

with prejudice; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor,[3]

---

[3]   ~~Unless defined herein, all defined terms shall have the meaning ascribed to them as contained in the Restructuring Term Sheet.~~

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Restructuring Term Sheet, attached hereto has **Exhibit 1**, and all the
terms and conditions thereof, and all the transactions and agreements contemplated

thereby or embodied therein are hereby approved pursuant to Bankruptcy Rule 9019(a) in all

respects and (a) represent a valid exercise of the Debtors' business judgment, (b) are supported

by reasonable consideration, and (c) are fair and equitable and in the best interest of the Debtors'

estates.

3.      The Debtors are authorized to (i) execute and deliver all documentation,

(including, without limitation, amendments and/or modifications to certain Definitive

Documents) necessary to implement and effectuate the terms and conditions of the Restructuring

Term Sheet and this Order, (ii) comply with all obligations and make all payments provided for

in the Restructuring Term Sheet, and (iii) take any additional actions as are reasonably necessary

or appropriate to implement and effectuate the settlement and the transactions outlined in the

Restructuring Term Sheet, it being the intent of this Court that the terms set forth in the

Restructuring Term Sheet be approved in their entirety, and the failure to specifically describe or

include any provision of the Restructuring Term Sheet in the Motion or this Order shall not

diminish or impair the effectiveness of such provision.

4.      Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to

enter into, amend, or modify (as applicable) the Definitive Documents, the GTE Agreements,

and any amendments and/or modifications thereto, as applicable, and in each case as described

in the Restructuring Term Sheet, and all payment obligations owed by the Debtors and arising

under the GTE Agreements shall, to the extent provided for in the

GTE Agreements, be entitled to administrative expense priority pursuant to sections 503

and 507 of the Bankruptcy Code.

5.      The automatic stay imposed under section 362(a) of the Bankruptcy Code, to the

extent applicable, is hereby modified and lifted to permit the parties to enter into, amend, or

modify (as applicable) the Definitive Documents, the GTE Leases, and any amendments and/or

modifications thereto.

6.      The GTE Leases and the Definitive Documents, and the other transaction

instruments, agreements, and documents related thereto may be modified, amended, or

supplemented by the parties thereto in a writing signed by the parties thereto, and in accordance

with the terms thereof, without further order of the Court.

7.      No prepetition or postpetition payment made by the Debtors to IAE, or any

setoff or application of proceeds of letters of credit by, or any lien granted to, IAE, including,

without limitation, any payments or transfers made by the Debtors to the IAE Parties under any

instrument or agreement by and between the Debtors and the IAE Parties, or pursuant to this

Order or the amended or modified Definitive Documents or claims (including administrative

expense claims) allowed or granted under this Order shall be stayed, restrained, voidable,

avoidable, or recoverable under the Bankruptcy Code or any applicable law (including,

without limitation, under sections 502(d), 544, or 547 through 550 of the Bankruptcy Code or

under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer

Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or subject to

any contest, attack, rejection, defense, avoidance, reduction, setoff, recoupment, recharacterization, or subordination (whether equitable, contractual, or otherwise), disallowance, impairment, claim, counterclaim, cross-claim, or

any other challenge under the Bankruptcy Code, any other order of the Court or applicable law, or regulation by any person or entity.

8.    Notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, this Order and the terms and conditions of the Restructuring Term Sheet, the GTE Leases, and the Definitive Documents (as amended and/or modified) shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, and their creditors, their respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, the IAE Parties, their affiliates, and subsidiaries.

9.    The Debtors agree to a settlement of all outstanding invoices with the IAE Parties through a combination of cash payment and available credits, as set forth in the Restructuring Term Sheet and described in the Motion. Notwithstanding the foregoing, nothing herein waives the Debtors' rights to contest claims that are subject to a bona fide dispute or any available defenses to the extent not inconsistent with the Restructuring Term Sheet, the GTE Leases, or the Definitive Documents (including as amended and/or modified).

**10.    Notwithstanding anything to the contrary in this Order, the Restructuring Term Sheet, or the Definitive Documents, nothing herein or therein shall affect any rights, claims (and any associated priority thereof), or interests that any lessor parties (or their beneficial owners or affiliated entities) (the "Lessor Parties") who have leased aircraft equipment to Debtors that include or contain or have appurtenant thereto GTF or GTE engines (the "IAE Engines") manufactured, or serviced by the IAE Parties may have with**

respect to (a) the right to claim and obtain the pricing provided for under the Debtors' agreements with any of the IAE Parties for any IAE Engines inducted into service by any of the Debtors with the IAE Parties as of the Petition Date and (b) the right to claim the benefit of any payments made by the Debtors with respect to any IAE Engines that were inducted into service by any of the Debtors with the IAE Parties as of the Petition Date. For the avoidance of doubt, noting in this Order or the Restructuring Term Sheet is intended to impair any rights that the Lessor Parties may have against the IAE Parties; provided that nothing in this Article 10 shall be deemed to create any such right, claim or interest of Lessor Parties. Additionally, each of the Debtors and the IAE Parties may assert any objection and/or defenses to any such matters raised or asserted by any of the Lessor Parties.

11.   ~~10.~~ The IAE Parties shall be entitled to the protections afforded under section 363(m) of the Bankruptcy Code with respect to all of the transactions set forth in the Restructuring Term Sheet or as otherwise provided for herein.

12.   ~~11.~~ Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13.   Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.   ~~12.~~ The Debtors are authorized to take, or refrain from taking, any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

15.   ~~13.~~ During the pendency of the Chapter 11 Cases, this Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Restructuring Term Sheet.

Dated: _____, 2025

New York, New York

_____

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera Compare for Word 11.12.0.83 Document comparison done on 12/18/2025 4:31:57 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Spirit - 2025.12.04 _DI 540_ Pratt Motion order as filed.pdf | |
| **Modified DMS:** iw://uswork.willkie.com/us1/132990239/8 - Proposed Order for Spirit  Pratt & Whitney - IAE Settlement Motion-74262809-v3.docx | |
| **Changes:** | |
| **Add** | 22 |
| **Delete** | 18 |
| Move From | 1 |
| Move To | 1 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 10 |
| **Total Changes:** | 52 |