DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Ben S. Kaminetzky
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **Re: ECF No. 588** |
| In re:<br><br>**SPIRIT AVIATION HOLDINGS, INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11897 (SHL)<br><br>Jointly Administered |

### DEBTORS' OPPOSITION TO MOVANT FABIENNE CHERILIN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**," the "**Company**," or "**Spirit**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, respectfully submit this opposition (the "**Opposition**") to movant Fabienne Cherilin's (the "**Movant**") Motion for Relief from Automatic Stay (the "**Motion**") (ECF No. 588). For the following reasons, the Motion should be denied.

**I.    Preliminary Statement**

The Movant seeks to lift the automatic stay to pursue individual personal injury claims against the Debtors to recover insurance proceeds. The Movant does not provide any further

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

details regarding her claim, how she intends to prosecute it, or why her circumstances differ from similar unsecured creditors. As a result, the Motion fails to meet the high standard to warrant lifting the stay and should be denied.

### II. There Is a High Standard for Unsecured Creditors, Like the Movant, Seeking to Lift the Automatic Stay

Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay of the commencement or continuation of all litigation against a debtor upon the debtor's filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a)(1). The purpose of the automatic stay is to provide debtors "with a breathing spell" from litigation and "centralize all disputes concerning property of the debtor[s'] estate[s] in the bankruptcy court," in order to allow debtors and creditors to negotiate a plan of reorganization "efficiently, unimpeded by uncoordinated proceedings in other arenas." *See Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir. 1990).

"Property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Transfix Prods., LLC*, 2024 WL 4272865, at *4 (Bankr. S.D.N.Y. Sept. 21, 2024) (quotation marks omitted). Section 541 of the Bankruptcy Code sets forth the property types that comprise the estate. *See* 11 U.S.C. § 541(a). Under section 541(a)(6), insurance proceeds are property of the bankruptcy estate subject to the same protections. *In re Moskowitz*, 13 B.R. 357, 359-60 (Bankr. S.D.N.Y. 1981); *see also Bradt v. Woodlawn Auto Workers, F.C.U.*, 757 F.2d 512, 515 (2d Cir. 1985) (explaining that 11 U.S.C. § 541(a)(6) is intended to "encompass all proceeds of property of the estate," and an insurance payment for something that is property of the bankruptcy estate "unquestionably is also property of the estate" and thus is prohibited from being collected under the automatic stay).

2

To overcome these broad protections, a movant "must establish a *prima facie* case that there is cause to lift the stay." *In re Celsius Network LLC*, 2023 WL 5947822, at *4 (Bankr. S.D.N.Y. Sept. 12, 2023). "[A]bsent a showing of cause, the court should simply deny relief from the stay." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999). "[I]f the movant seeks stay relief to prosecute an unsecured claim, the movant's burden is especially heavy, and relief will only be granted in extraordinary circumstances." *In re Transfix Prods., LLC*, 2024 WL 4272865, at *6 (quotation marks omitted); *see also In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992) ("[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief.").

Courts in the Second Circuit consider the 12 *Sonnax* factors to determine whether cause exists to lift the stay:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

3

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).  Not all of the *Sonnax* factors apply to every case and "cause" is a broad concept that must be determined on a case-by-case basis.  *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002).

### III.    The Movant's Claim Pertains to Property Protected Under the Automatic Stay

The Movant states that "[u]pon information and belief, the Debtor Spirit Airlines, carry commercial airline insurance with several underwriters that cover third-party liability, passenger liability, property damage, and all-risk coverage for their aircraft" and that in the event of insolvency, this alleged policy would "not release said commercial airline insurance from the payment of damages for injuries sustained." (Mot. at ¶¶ 1-2).  The Movant does not cite to any evidence to support this assertion, but merely speculates generally on the contents and limitations of the alleged policy.  According to the Movant, the automatic stay does not apply because only insurance proceeds are sought.  (Mot. at ¶ 10).  That is contrary to settled law.  *See In re Transfix Prods., LLC*, 2024 WL 4272865, at *4 ("As a general matter, it is well-settled that a debtor's liability insurance policy is considered property of the estate." (cleaned up)); *In re Moskowitz,* 13 B.R. at 359 (explaining that debtors "retained significant rights" "so as to bring the proceeds within the pale of 'property of the estate'"); *In re MF Global Holdings*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012) (noting that when an insurance policy provides "direct coverage to a debtor, courts generally rule that the proceeds are property of the estate.").  The automatic stay, therefore, applies regardless of whether the suit seeks only insurance proceeds.

### IV.    The Movant Fails to Show That Cause Exists to Lift the Automatic Stay

The Motion does not include any information that demonstrates Movant can meet the standard necessary to lift the automatic stay—either under the irrelevant standard applied or the correct *Sonnax* standard.

4

Applying an inapplicable standard from the Third Circuit, Movant argues (i) that the Debtors will not suffer prejudice by allowing Movant to prosecute the action; (ii) that Movant will suffer hardship in the form of litigation expense and burden if the stay is not lifted; and (iii) that Movant has a personal injury claim she wishes to pursue. (Mot. at ¶ 9).[2] Even if this test were the governing law in this jurisdiction (and it is not), the Movant still fails to consider the balance of hardships to both parties.[3]

The Movant first asserts that the Debtors "will not suffer prejudice since the Movant will take no action against the bankruptcy estate to collect other than receiving its pro rata share of the unsecured claim dividend, and, provided there is sufficient insurance coverage, will seek to collect only against the Debtor's and other applicable insurance companies." (Mot. at ¶ 10). This conclusory assertion is unpersuasive. Of course, lifting the automatic stay in these circumstances would prejudice the estates. The purported litigation would force the Debtors' management and advisors to defend against unknown claims at a time when the focus must be on restructuring the Debtors' business. *In re SunEdison, Inc.*, 557 B.R. 303, 308 (Bankr. S.D.N.Y. 2016) (noting that "one of the purposes of the automatic stay is to allow the Debtors to focus on emergence from chapter 11 by granting a respite, at least temporarily, from the litigation of claims" and that lifting the stay would "hinder the Debtors' attempts to reorganize"). The Debtors would also spend precious resources to do so: every dollar spent defending against the Movant's litigation claims is a loss to the estates, and further detracts from the Debtors' obligations to maximize the value of the bankruptcy estate to the benefit of all creditors. *See In re Celsius Network LLC*, 642 B.R. 497,

---

[2] The Movant applies the three-part balancing test articulated in *In re Rexene Products Company*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). The Debtors are unaware of any bankruptcy court in the Second Circuit adopting this test to determine whether the automatic stay should be lifted.

[3] The Movant also fails to demonstrate any likelihood of success on the merits: she simply asserts that she sustained an injury in an accident at Newark Liberty International Airport without offering any theory as to the Debtors' liability. (Mot. at ¶ 2).

5

504 (Bankr. S.D.N.Y. 2022) ("Forcing the Debtors to litigate at this point would distract and hinder the Debtors from their reorganization efforts and the capacity to preserve the value of their assets for the benefit of all creditors.").

On the other hand, the Movant argues that the hardship she will suffer (which she claims outweighs any harm to the Debtors) consists of the inconvenience and cost of traveling to a foreign forum or arranging for remote depositions. (Mot. at ¶ 11). Specifically, Movant alleges that she would "be required to travel to Delaware, at substantial cost and arrange for witnesses to travel to Delaware or alternatively, undertake expensive video depositions" because "[a]bsent entry of the requested order granting relief, the case would be resolved in the federal district court in Delaware as part of the Debtor's bankruptcy case[.]" *Id.* It is unclear why the Movant believes that she would be required to travel to Delaware (a state where there is no Chapter 11 case involving the Debtors), but regardless, having to resolve potential claims in a bankruptcy proceeding is not a recognized hardship. *See In re Residential Cap., LLC*, 501 B.R. 624, 644 (Bankr. S.D.N.Y. 2013) (finding that claims should be litigated in the Bankruptcy Court with other similarly situated creditors and forcing debtors to pursue litigation in a different state would upset the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court"). Indeed, if it were, then every claimant would be able to show cause to have their individual claims litigated in their chosen forum and the automatic stay would be rendered meaningless.

The Movant's inability to show "cause" is equally clear under the *Sonnax* factors applicable in this Circuit. Three of the factors are particularly relevant to this matter: lack of any connection with or interference with the bankruptcy case (factor 2), whether litigation in another forum would prejudice the interests of other creditors (factor 7), and impact of the stay on the parties and the

6

balance of harms (factor 12).  As discussed, the litigation would interfere with the bankruptcy case by forcing the Debtors to litigate completely unknown claims in a foreign forum.  Additionally, permitting such claims would prejudice the interests of other creditors by unjustifiably placing the Movant's claim ahead of similarly situated claimants when there is no showing that the Movant's claims should be treated any differently than the claims of any other unsecured creditor.  Finally, the harms to the Debtors would be multifold.  In addition to expending limited and precious resources on litigating claims unknown to the Debtors and barely established or justified by the Motion, lifting the stay would "open the floodgates" for similar unsecured claimants to seek relief and cause further interference with the bankruptcy proceedings.  *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 623 (Bankr. S.D.N.Y. 2009).

## V.    Conclusion

The Movant has failed to make any initial showing that she is entitled to relief.  This Motion falls far below the heavy burden that an unsecured creditor must meet in order to lift the stay, which is further underscored by the burden placed on the Debtors if the Motion were to be granted and the purported litigation were to proceed.

For these reasons, the Motion should be denied.

[*Remainder of page left intentionally blank*]

7

Dated:  January 7, 2026
        New York, New York

                                    DAVIS POLK & WARDWELL LLP

                                    /s/ Ben S. Kaminetzky
                                    450 Lexington Avenue
                                    New York, NY 10017
                                    Tel.: (212) 450-4000
                                    Marshall S. Huebner
                                    Ben S. Kaminetzky
                                    Darren S. Klein
                                    Christopher S. Robertson
                                    Joseph W. Brown

                                    *Counsel to the Debtors and Debtors in Possession*