# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | Case No. 25-11897 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
BIELLI & KLAUDER, LLC AS COUNSEL TO THE FEE EXAMINER,
*NUNC PRO TUNC* TO THE APPOINTMENT DATE**

Upon the application (the "Application")[2] of David M. Klauder, the appointed fee examiner (the "Fee Examiner") in the above-captioned chapter 11 cases of Spirit Aviation Holdings, Inc., *et al.,* (collectively, the "Debtors"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Bielli & Klauder, LLC ("Bielli & Klauder") as counsel to the Fee Examiner, effective as of the Appointment Date, as more fully described in the Application, and upon consideration of the Bielli Declaration and the Fee Examiner Declaration; and it appearing that the relief requested is in the best interests of the Fee Examiner, the Debtors, their estates, their creditors and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.
[2] Capitalized terms used but not defined herein shall have meaning given to them in the Application.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstance, and it appearing that no other or further notice need be provided; and this Court finding that Bielli & Klauder is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (a) Bielli & Klauder has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the United States Trustee or any of its employees, except as set forth in the Bielli Declaration, (b) Bielli & Klauder is not a creditor, equity security holder, or insider of the Debtors, (c) none of Bielli & Klauder's attorneys or employees are or were a director, officer or employee of the Debtors, and (d) Bielli & Klauder does not hold and has neither represented or represents an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted and approved.

2. In accordance with section 327(a) of Bankruptcy Code, the Fee Examiner is authorized to retain and employ Bielli & Klauder as his counsel on the terms set forth in the Application, the Bielli Declaration and the Fee Examiner declaration, effective *nunc pro tunc*, to the Appointment Date.

3. Bielli & Klauder shall apply for and be paid compensation and reimbursement in accordance with the procedures set forth in the application section of the Bankruptcy Code, including section 330 and 331, and the application provisions of the Bankruptcy Rules, the Local Rules, any fee and expense guidelines of this Court and any the

*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 387] (the "Interim Compensation Procedures Order").

4. Bielli & Klauder shall be permitted to file monthly fee applications and requests that the monthly fee be paid each month upon approval of the fee application as set forth in the Interim Compensation Procedures Order. Bielli & Klauder shall also file a final fee application at the time its engagement or this case is concluded.

5. The Fee Examiner and Bielli & Klauder are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application, the Bielli Declaration and the Fee Examiner Declaration.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____

_____, New York  /s/ _____
                                                        UNITED STATES BANKRUPTCY JUDGE