UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

**In re: SPIRIT AVIATION HOLDINGS, INC., et al.,** Debtors.

Chapter 11 Case No. **25-11897 (SHL)** (Jointly Administered)

**OBJECTION OF SHAREHOLDER STEVEN McLEAN TO THE DEBTORS' PROPOSED PLAN OF REORGANIZATION AND RESTRUCTURING SUPPORT AGREEMENT**

I, **Steven McLean**, a current equity holder of Spirit Airlines, respectfully submit this Objection to the Debtors' **Proposed Plan of Reorganization** and **Restructuring Support Agreement ("RSA")**, pursuant to 11 U.S.C. §§ 1128 and 1129, and state as follows:

## I. INTRODUCTION

The Debtors seek to cancel **100% of existing equity** based on a valuation derived from **FY 2027 EBITDAR**, a year the Debtors themselves describe as a **"transition year"** marked by restructuring, fleet changes, and non-normalized operations.

This approach violates the "fair and equitable" standard under **11 U.S.C. § 1129(b)** because:

- The Debtors admit 2027 is not a normalized operating year.

- The Debtors' own projections show a **normalized 2028 run-rate EBITDAR of $928 million**.

- Using standard airline valuation multiples, Spirit is **solvent** under both transition-year and normalized-year scenarios.

- The normalized valuation produces a **multi-billion-dollar equity cushion**, making cancellation of equity impermissible.

For these reasons, the Plan cannot be confirmed as proposed.

## II. FACTUAL BACKGROUND

### A. The Debtors Identify 2027 as a "Transition Year"

In the March 2026 *Project Soar EmergeCo Business Plan* (Exhibit 99.1), the Debtors describe FY 2027 as a year of:

- "dramatic transformation,"

- "implementation," and

- "transition."

Thus, the **FY 2027 Adj. EBITDAR of $598 million** is not a normalized indicator of Spirit's long-term earnings power.

**B. The Debtors' Own Projections Show a Normalized 2028 Run-Rate**

From the Debtors' *Projected Operating Performance*:

- **Q4 2027 Adj. EBITDAR = $232 million**

- Annualized: **$232M × 4 = $928 million normalized 2028 EBITDAR**

This is the first true "steady-state" year and must be used for valuation.

**C. Enterprise Value vs. Debt**

Using industry-standard airline multiples (5.5×–6.5×):

| Scenario | EBITDAR | EV @ 5.5× |
|---|---|---|
| Transition (2027) | $598M | $3.29B |
| Normalized (2028) | $928M | $5.10B |

The Debtors' own materials show **pro forma net debt ≈ $1.91B**.

Thus:

- Under 2027 valuation → **equity is in the money**

- Under 2028 valuation → **equity has > $3B cushion**

Spirit is solvent under both scenarios.

**III. LEGAL ARGUMENT**

**A. The Plan Violates the "Fair and Equitable" Standard (11 U.S.C. § 1129(b))**

A plan canceling equity must prove that equity is **out of the money**. The Debtors cannot meet this burden because:

- They rely on a non-normalized transition year.

- Their own projections show substantially higher normalized earnings.

- Their own debt schedule shows solvency.

- Their own valuation multiples imply billions in residual equity value.

Using a trough transition year to justify a 100% equity wipeout is inconsistent with:

- *In re Exide Techs.* (valuation must reflect normalized operations)

- *In re Chemtura Corp.* (transition years cannot be used to depress value)

- *In re LATAM Airlines* (airline valuations must use steady-state earnings)

**B. The Debtors' Approach Violates the Absolute Priority Rule**

The Debtors propose transferring all equity to DIP roll-up lenders despite:

- No evidence of insolvency

- No liquidation analysis showing equity impairment

- No valuation expert testimony supporting a wipeout

- Internal projections showing a multi-billion-dollar equity cushion

This is a textbook violation of **§1129(b)(2)(C)**.

**IV. RELIEF REQUESTED**

For the reasons stated above, I respectfully request that the Court:

1. **Reject any plan that cancels existing equity based on transition-year EBITDAR,** and

2. **Require the Debtors to value the company using the first normalized operating year (2028),** consistent with industry practice and case law.

**V. CONCLUSION**

The Debtors' own projections demonstrate that Spirit is **solvent**, and that equity retains substantial value. The Plan's proposed cancellation of equity is unsupported by the financial record and violates the Bankruptcy Code.

**Respectfully submitted,**

**/s/ Steven McLean Steven McLean** 2205 Windsor Dr Merritt Island, FL 32952 Email: **stevenandkristina@hotmail.com** Phone: **321-522-9575** Dated: March 17, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, I served a true and correct copy of the foregoing Objection by email upon the following parties:

**Debtors' Counsel – Debevoise & Plimpton LLP**

jball@debevoise.com eworenklein@debevoise.com mcohen@debevoise.com docket@debevoise.com

**U.S. Trustee – Region 2 (SDNY)**

ustpregion02.nyecf@usdoj.gov andrea.b.schwartz@usdoj.gov brian.s.masumoto@usdoj.gov

**Official Committee of Unsecured Creditors – Akin Gump**

mstamer@akingump.com srodriguez@akingump.com ibloom@akingump.com akingump-sbny-spirit@akingump.com

**DIP Lender Counsel – Davis Polk & Wardwell LLP**

marshall.huebner@davispolk.com eli.vonnegut@davispolk.com david.schiff@davispolk.com davis.polk.spirit@davispolk.com

**Ad Hoc Group Counsel – Milbank LLP**

dschwartz@milbank.com gbray@milbank.com

**Claims Agent – Epiq**

spiritairlinesinfo@epiqglobal.com

**/s/ Steven McLean** Steven McLean