**\*\*UNITED STATES BANKRUPTCY COURT**

SOUTHERN DISTRICT OF NEW YORK\*\*

**In re: SPIRIT AVIATION HOLDINGS, INC., et al.,** Debtors. Chapter 11 Case No. 25-11897 (SHL) (Jointly Administered)

**SUPPLEMENTAL OBJECTION OF STEVEN McLEAN TO THE PLAN'S TREATMENT OF THE DIP ROLL-UP LOAN SUPERPRIORITY CLAIMS**

I, **Steven McLean**, a holder of Existing Interests in Class 10, respectfully submit this Supplemental Objection to the Plan's proposed treatment of the Roll-Up DIP Loan Superpriority Claims. This objection is based solely on the text of the Plan, the DIP Term Sheet, and the DIP Motion filed in this case.

## I. CLARIFICATION REGARDING THE DIP ORDER

I acknowledge that the DIP Facility and the Roll-Up were previously approved by the Court under the Final DIP Order. This objection is directed **solely** to the **Plan's proposed treatment** of the Roll-Up DIP Loan Superpriority Claims, which is a **confirmation issue** distinct from the approval of the DIP financing itself.

## II. INTRODUCTION

The Plan proposes an unusually expansive DIP roll-up that:

- converts prepetition secured notes into superpriority administrative claims,

- grants DIP lenders equity-like recoveries,

- confers voting control over the restructuring outcome, and

- includes waivers of estate protections.

Courts have repeatedly held that roll-ups must be **necessary, fair,** and **supported by evidence.** The record does not clearly demonstrate that these standards have been met.

## III. THE ROLL-UP ELEVATES PREPETITION DEBT TO SUPERPRIORITY STATUS

The Plan states:

"The Roll-Up DIP Loan Superpriority Claims shall constitute Allowed superpriority administrative expense claims..."

This elevates **prepetition secured notes** above nearly all other claims.

Courts require a clear showing of necessity:

- *In re Ames Dep't Stores, Inc.*, 115 B.R. 34 (Bankr. S.D.N.Y. 1990)

- *In re Tenney Village Co.*, 104 B.R. 562 (Bankr. D.N.H. 1989)

No such showing appears in the Plan.

## IV. THE ROLL-UP IS TIED TO PLAN VOTING AND CONTROL RIGHTS

The DIP Term Sheet provides:

"Roll-Up Tranche has... 66 2/3% in amount and 50.1% in number voting requirements..."

The Plan states:

"Provided that Required Roll-Up Lenders vote to accept the Plan..."

Courts warn against financing terms that influence plan voting:

- *In re DBSD North America, Inc.*, 634 F.3d 79 (2d Cir. 2011)

- *In re Innkeepers USA Trust*, 442 B.R. 227 (Bankr. S.D.N.Y. 2010)

This raises concerns under §1129(a)(3).

## V. THE ROLL-UP PROVIDES EQUITY-LIKE RECOVERIES

The Plan gives roll-up lenders:

- Exit Secured Loans

- DIP Roll-Up Equitization Interests

- Cash repayment

- Sale proceeds

Courts have held that DIP lenders cannot receive equity on account of prepetition claims unless insolvency is proven:

- *In re LATAM Airlines Group S.A.*, 620 B.R. 722 (Bankr. S.D.N.Y. 2020)

No valuation evidence has been provided.

## VI. THE DIP ORDER INCLUDES WAIVERS OF ESTATE PROTECTIONS

The DIP Motion includes:

"waiver of surcharge... waiver of marshaling... waiver of equities of the case..."

Courts scrutinize such waivers:

- *In re Colad Group, Inc.*, 324 B.R. 208 (Bankr. W.D.N.Y. 2005)

The record does not show why these waivers are necessary.

## VII. THE PLAN USES PREPETITION ROLL-UP DEBT TO CANCEL EQUITY EVEN THOUGH THE NEW-MONEY DIP IS PAID IN FULL

This is a central weakness in the Plan.

The Plan states:

"Each Holder of an Allowed New Money DIP Loan Superpriority Claim shall receive… payment in full in Cash…"

Once the **new-money DIP is paid in full**, the only remaining "DIP" claims are **roll-up claims,** which are **prepetition secured notes** elevated to administrative status.

Using **prepetition roll-up debt** to justify canceling equity is highly controversial and requires:

- proof of insolvency,

- a liquidation analysis,

- valuation evidence,

- and compliance with §1129(b).

Courts have repeatedly held that equity cannot be canceled without valuation evidence:

- *In re Exide Technologies*, 303 B.R. 48 (Bankr. D. Del. 2003)

- *In re Chemtura Corp.*, 439 B.R. 561 (Bankr. S.D.N.Y. 2010)

The Debtors have provided none.

This raises serious concerns under:

- **§1129(b)(2)(C)** (absolute priority rule)

- **§1129(a)(7)** (best interests test)

- **§1129(a)(3)** (good faith)

## VIII. JUDGE LANE'S PRIOR DECISIONS SUPPORT HEIGHTENED SCRUTINY OF USING PREPETITION ROLL-UP DEBT TO CANCEL EQUITY

In **In re Aegean Marine Petroleum Network Inc.,** Judge Lane emphasized that financing structures cannot be used to **predetermine the outcome** of a Chapter 11 case or to create

**coercive dynamics** that advantage one creditor group at the expense of others. He warned against restructuring mechanisms that **distort the capital structure** or **manufacture impairment** in a way that undermines the integrity of the reorganization process.

Here, the Plan pays the **new-money DIP lenders in full**, leaving only **prepetition roll-up debt** elevated to administrative status. The Debtors then rely on that elevated prepetition debt — not new financing — to justify the **cancellation of equity** and to confer **equity-like recoveries and voting control** on the roll-up lenders. This structure raises precisely the type of concerns Judge Lane identified in Aegean Marine.

For these reasons, Judge Lane's prior decisions support heightened scrutiny of the Plan's use of prepetition roll-up debt to cancel equity.

### IX. RELIEF REQUESTED

For the reasons stated above, I respectfully request that the Court:

1. Decline to approve the Plan's treatment of the Roll-Up DIP Loan Superpriority Claims unless the Debtors provide evidence demonstrating necessity and fairness.

2. Require the Debtors to submit valuation evidence or a liquidation analysis sufficient to determine whether the roll-up lenders' equity-like recoveries comply with §1129(b).

3. Prohibit or limit the use of roll-up voting rights or control provisions that may improperly influence plan voting.

4. Decline to approve waivers of §506(c), marshaling, or §552(b) protections unless supported by evidence.

5. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

**/s/ Steven McLean Steven McLean** 2205 Windsor Dr Merritt Island, FL 32952 Email: stevenandkristina@hotmail.com Phone: 321-522-9575

Dated: March 17, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, I served a true and correct copy of the foregoing Objection by email upon the following parties:

**Debtors' Counsel – Debevoise & Plimpton LLP** jball@debevoise.com eworenklein@debevoise.com mcohen@debevoise.com docket@debevoise.com

**U.S. Trustee – Region 2 (SDNY)** ustpregion02.nyecf@usdoj.gov andrea.b.schwartz@usdoj.gov brian.s.masumoto@usdoj.gov

**Official Committee of Unsecured Creditors – Akin Gump** mstamer@akingump.com srodriguez@akingump.com ibloom@akingump.com akingump-sbny-spirit@akingump.com

**DIP Lender Counsel – Davis Polk & Wardwell LLP** marshall.huebner@davispolk.com eli.vonnegut@davispolk.com david.schiff@davispolk.com davis.polk.spirit@davispolk.com

**Ad Hoc Group Counsel – Milbank LLP** dschwartz@milbank.com gbray@milbank.com

**Claims Agent – Epiq** spiritairlinesinfo@epiqglobal.com

**/s/ Steven McLean** Steven McLean