**UNITED STATES BANKRUPTCY COURT**

SOUTHERN DISTRICT OF NEW YORK

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Debtors. Case No. 25-11897 (SHL) Chapter 11 (Jointly Administered)

**OBJECTION OF STEVEN McLEAN TO THE DEBTORS' DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF REORGANIZATION**

Steven McLean ("Objector"), a holder of Class 10 Interests in Spirit Aviation Holdings, Inc., respectfully submits this objection to (i) the Debtors' Disclosure Statement (ECF No. 850) and (ii) the Debtors' Joint Chapter 11 Plan of Reorganization (ECF No. 848) (the "Plan").

**I. PRELIMINARY STATEMENT**

The Plan is unconfirmable because it is neither "fair and equitable" nor supported by a valuation record capable of satisfying 11 U.S.C. § 1129(b). The Debtors' own Financial Projections (Ex. B) and Valuation Analysis (Ex. C) contradict each other: the Debtors rely on a "successful transformation" to satisfy feasibility under §1129(a)(11), while simultaneously using a near-zero valuation that assumes the transformation never occurs.

The Disclosure Statement also fails the "adequate information" requirement of §1125 because it omits entity-level financials for the Cayman subsidiaries that hold the loyalty program, IP, and other core assets.

Courts in this District have repeatedly rejected plans built on **incomplete valuation records, manipulated projections,** or **opaque processes.** See *In re Chemtura Corp.*, 439 B.R. 561 (Bankr. S.D.N.Y. 2010); *In re LATAM Airlines Group S.A.*, 620 B.R. 722 (Bankr. S.D.N.Y. 2020); *In re Exide Techs.*, 303 B.R. 48 (Bankr. D. Del. 2003).

**II. GROUNDS FOR OBJECTION**

**1. The Debtors' Feasibility Showing Directly Contradicts Their Valuation**

The Debtors project EBITDAR rising from **$228M (2026)** to **$1.076B (2030)** (Ex. B). Operating income turns sharply positive beginning in 2027. Liquidity grows from **$223M to $852M.**

Yet the Debtors' valuation assigns only **$115M** of equity value.

Courts reject valuations that contradict the debtor's own projections or rely on artificially depressed assumptions. *Chemtura*, 439 B.R. at 586–87 (rejecting valuation based on

"trough" assumptions inconsistent with management's projections). *Exide*, 303 B.R. at 61 (valuation must reflect "normalized operations," not distressed snapshots).

If the Debtors' transformation is real enough to satisfy §1129(a)(11), it is real enough to generate equity value. The Plan therefore fails §1129(b)'s "fair and equitable" standard.

### 2. Failure to Disclose or Value Cayman Loyalty and IP Assets

The Debtors admit the Cayman entities do not maintain GAAP-compliant books and records (MOR Global Notes, p. 1–2). These entities hold the loyalty program, IP, and other high-value assets.

A Disclosure Statement that omits financials for the estate's most valuable subsidiaries cannot satisfy §1125. See *In re Residential Capital, LLC*, 501 B.R. 549, 593 (Bankr. S.D.N.Y. 2013) (adequate information requires disclosure of "material assets, liabilities, and financial relationships").

Without standalone valuations, the Court cannot determine whether the Absolute Priority Rule is being violated.

### 3. The Debtors Rely on Non-GAAP, Disclaimer-Laden Data That Cannot Support Confirmation

The MORs are "unaudited," "not prepared in accordance with U.S. GAAP," and "subject to material change." (MOR Global Notes, p. 1). The Projections disclaim reliability (Ex. B, p. 4–5). The Valuation Analysis disclaims accuracy (Ex. C, p. 13).

Courts refuse to confirm plans based on unreliable or disclaimer-laden valuation evidence. See *In re LATAM Airlines*, 620 B.R. at 774 (valuation must be grounded in "credible, reliable evidence"). See also *In re Pacific Lumber Co.*, 584 F.3d 229, 246 (5th Cir. 2009) (rejecting plan where valuation was "unsupported by the record").

The Debtors' valuation record does not meet this standard.

### 4. The Debtors Ignore the $2.9 Billion Reorganization Gain

The Projections disclose a **$2.9 billion non-cash reorganization gain** in 2026 (Ex. B, p. 7). This materially improves the balance sheet and directly affects solvency and equity value.

Omitting this gain from the valuation and liquidation analysis renders the Disclosure Statement inadequate and the Plan unconfirmable. See *In re Quigley Co.*, 437 B.R. 102, 142 (Bankr. S.D.N.Y. 2010) (valuation must consider all material financial impacts).

## III. CONCLUSION

For the reasons stated above, the Objector respectfully requests that the Court:

1. **Deny approval** of the Disclosure Statement for failure to provide adequate information under §1125;

2. **Deny confirmation** of the Plan as not fair and equitable under §1129(b); and

3. **Order an independent, GAAP-compliant valuation** of the Debtors, including the Cayman loyalty and IP assets.


Dated: April 8, 2026 Respectfully submitted,

Steven McLean

2205 Windsor Dr

Merritt Island, FL 32952

321-522-9575

stevenandkristina@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2026, I caused a true and correct copy of the **Objection of Steven McLean to the Debtors' Disclosure Statement and Joint Chapter 11 Plan of Reorganization** to be served by email upon the following parties:

**Debtors' Counsel – Debevoise & Plimpton LLP** jball@debevoise.com eworenklein@debevoise.com mcohen@debevoise.com docket@debevoise.com

**Office of the United States Trustee – Region 2 (SDNY)** ustpregion02.nyecf@usdoj.gov Mark.Bruh@usdoj.gov Shara.Cornell@usdoj.gov

**Counsel to the Official Committee of Unsecured Creditors – Akin Gump Strauss Hauer & Feld LLP** mstamer@akingump.com srodriguez@akingump.com ibloom@akingump.com akingump-sbny-spirit@akingump.com

**Counsel to the DIP Lenders – Davis Polk & Wardwell LLP** marshall.huebner@davispolk.com eli.vonnegut@davispolk.com david.schiff@davispolk.com davis.polk.spirit@davispolk.com

**Counsel to the Ad Hoc Group – Milbank LLP** dschwartz@milbank.com gbray@milbank.com

**Claims and Noticing Agent – Epiq Corporate Restructuring, LLC** spiritairlinesinfo@epiqglobal.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2026 Merritt Island, Florida

**Steven McLean**

2205 Windsor Dr.

Merritt Island, FL 32952

Email: stevenandkristina@hotmail.com

Phone: **321-522-9575**