**THE BAYNE LAW GROUP, LLC**
Andrew J. Bayne (SDNY#: AB1142)
Thomas E. Lamb (SDNY# TL3781)
230 Park Avenue, Suite 1000
New York, New York 10169
Telephone: (212)679-2205
abayne@baynelaw.com;
thomas@baynelaw.com

*Counsel to NAI National Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC., et al** | **Case No.: 25-11897 (SHL)** |
| Debtors[1]. | **Jointly Administered** |

**LIMITED OBJECTION OF NAI NATIONAL LTD. TO APPROVAL OF THE DISCLOSURE STATEMENT**

NAI National Ltd., d/b/a Generation Global ("NAI" or the "Objecting Creditor"), by and through its undersigned counsel, respectfully submits this limited objection (the "Objection") to approval of the Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Spirit Aviation Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"). In support of this Objection, NAI states as follows:

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman I Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 1731 Radiant Drive, Dania Beach, FL 33004.

1

## I. PRELIMINARY STATEMENT

1. NAI is a trade creditor of the Debtors that supplied goods in the ordinary course of business and has timely filed proofs of claim asserting, among other things, claims entitled to administrative priority treatment, including under 11 U.S.C. § 503(b)(9).

2. NAI does not object to the Debtors' efforts to proceed with solicitation of the Plan. Rather, this Objection is narrowly tailored to address a discrete and material disclosure issue that bears directly on creditor recoveries.

3. However, the Disclosure Statement and Plan do not provide adequate information regarding the expected timing of the allowance of Administrative Claims, including § 503(b)(9) claims, and therefore do not adequately disclose the practical risk of delay in payment.

4. Because administrative claim status is outcome-determinative, particularly where general unsecured claims are projected to receive no recovery under the Plan, the absence of any disclosure regarding the timing of the allowance process prevents creditors from making a fully informed judgment within the meaning of section 1125 of the Bankruptcy Code.

## II. OBJECTION

A. The Disclosure Statement Does Not Provide Adequate Information Regarding the Timing of Allowance of Administrative Claims

5. The Plan provides that Administrative Claims will be paid in full in Cash once such claims become Allowed, and further provides timing mechanisms for payment following allowance.

6. The Plan also establishes procedures governing the allowance and resolution of claims, including the ability of the Debtors to object to claims and to litigate or otherwise resolve such claims.

2

7. However, the Plan and Disclosure Statement do not provide any information regarding:

1. the anticipated timeframe within which the Debtors will review and reconcile Administrative Claims;

2. the expected timing for filing objections to Administrative Claims, if any; or

3. the expected duration of the claims allowance process.

8. The Plan expressly conditions payment on claims being Allowed and contemplates that distributions will not be made until such claims are Allowed or otherwise resolved.

9. As a result, even Administrative Claims, which are entitled to priority under the Bankruptcy Code, may be subject to material delay in payment if they are disputed or subject to reconciliation.

10. While the Plan provides timing for payment after allowance, it does not provide any disclosure regarding when allowance is expected to occur, leaving the timing of payment effectively open-ended.

B. The Omission Is Material to Creditors' Decision-Making

11. Section 1125 requires that a disclosure statement provide information sufficient to permit a hypothetical reasonable investor to make an informed judgment about the plan.

12. Here, the timing and certainty of payment of Administrative Claims is a material consideration, particularly where:

1. general unsecured claims are projected to receive no recovery under the Plan; and

2. the classification of a claim as administrative or unsecured is therefore determinative of whether a creditor receives any recovery.

13. Without disclosure regarding the expected timing of the allowance process, creditors cannot adequately evaluate:

1. the likelihood of timely payment of Administrative Claims;

2. the potential for delay arising from claims objections or reconciliation; and

3. the economic risks associated with disputed or contested claims.

C. Targeted Supplementation is Appropriate

14. NAI does not seek denial of approval of the Disclosure Statement. The issue identified herein can be addressed through targeted supplemental disclosure, including clarification of:

1. the anticipated timeframe for review and reconciliation of Administrative Claims;

2. the expected timing for filing objections to such claims; and/or

3. the Debtors' expected approach to resolving Administrative Claims, including whether such claims are expected to be addressed in the ordinary course or through litigation.

15. Such clarification would not alter the Plan, but would ensure that creditors are provided with adequate information as required by section 1125.

III. RESERVATION OF RIGHTS

16. NAI reserves all rights with respect to the Plan, including the right to object to confirmation of the Plan on any grounds, including but not limited to classification, treatment, feasibility, and compliance with the Bankruptcy Code.

17. Nothing in this Objection shall be deemed a waiver of NAI's rights to assert, amend, or supplement its claims, including its assertion that certain amounts are entitled to administrative priority under applicable law.

IV. CONCLUSION

18. WHEREFORE, NAI respectfully requests that the Court:

(a) require the Debtors to supplement the Disclosure Statement to provide adequate information regarding the timing of allowance of Administrative Claims and the associated risk of delay in payment, including § 503(b)(9) claims; and

(b) grant such other and further relief as the Court deems just and proper.

DATED this 10th day of April 2026.

**THE BAYNE LAW GROUP, LLC**
Counsel for NAI National Limited

By: */s/ Thomas E. Lamb*_____
Andrew J. Bayne (SDNY#: 1142)
Thomas E. Lamb (SDNY# 3781)
230 Park Avenue, Suite 1000
New York, New York 10169
Telephone: (212)679-2205
abayne@baynelaw.com
thomas@baynelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of April 2026, a true and correct copy of the foregoing Limited Objection and Reservation of Rights was served electronically to the interested parties who have requested service by ECF notification from the court in this case.

_/s/ Thomas E. Lamb_____
Thomas E. Lamb, Esq.