**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

### STIPULATION AND AGREED ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and Jaha Booker (the "**Claimant**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") granting relief from the automatic stay provisions of the Bankruptcy Code (as defined below) solely to the extent set forth herein.

WHEREAS, on August 29, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), thereby commencing the Chapter 11 Cases;

WHEREAS, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.), this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

WHEREAS, Claimant has asserted claims (the "**Claims**") against Debtor Spirit Airlines, LLC (the "**Debtor Defendant**") arising from a civil action initiated in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, case No. 2023-011424-CA-01 (the "**Florida Action**"), and a civil action initiated in the Circuit Court for Anne Arundel County, Maryland, Case No. C-02-CV-25-003565 (the "**Maryland Action**") (the Florida Action and Maryland Actions, collectively the "**State Court Actions**");

WHEREAS, on the Petition Date, the Claimant was automatically stayed by section 362(a) of the Bankruptcy Code (the "**Automatic Stay**") from commencing or continuing an action to seek recovery for alleged property damage or injury to the Claimant;

WHEREAS, on September 19, 2025, the Claimant filed three proofs of claim with respect to the Florida Action, and such Claims were assigned claim numbers 5-1, 10014 and 10015 on the claims register in these Chapter 11 Cases, and no separate proof of claim was filed with respect to the Maryland Action;

WHEREAS, on February 25, 2026, the Court entered the *Order Approving Omnibus Claims Settlement Procedures* [ECF No. 805][2];

WHEREAS, the Parties have therefore agreed, subject to the Court's approval of this Stipulation and Agreed Order, (a) that the Claimant will waive all claims against the Debtors related to the Claims, (b) that the Claimant will seek recovery solely from insurance coverage, if any, available under one or more insurance policies issued by a Carrier to the Debtors to satisfy the Claims (the "**Available Coverage**"), and (c) to modify the Automatic Stay solely on the terms and conditions set forth herein; and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in such order.

WHEREAS, the Parties are authorized under the Settlement Procedures to enter into this Stipulation and Agreed Order;

NOW, THEREFORE, upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed, by and among the Parties, subject to and in accordance with the Settlement Procedures, and upon Court approval hereof, it shall be ordered that:

1.      The Automatic Stay is hereby modified solely to the limited extent necessary to enable (a) the State Court Actions to proceed to final judgment or settlement and (b) the Claimant to attempt to recover any liquidated final judgment or settlement with respect to the State Court Actions solely from Available Coverage, if any; *provided*, that any final judgment or settlement shall be reduced by (y) the amount of any applicable deductible or self-insured retention under the applicable insurance policy and (z) any share of liability under the applicable insurance policy of any insolvent or non-performing Carrier (or any reinsurer of any insolvent or non-performing Carrier); *provided, further*, that the Automatic Stay shall not be modified for purposes of permitting the Claimant to attempt to recover from any party for intentional conduct or punitive damages.

2.      It is expressly understood by the Claimant that (a) the automatic stay is hereby modified solely with respect to the specific claims set forth in the State Court Actions of the Claimant identified herein and (b) the Claimant may seek satisfaction of the claims set forth in the State Court Actions only as set forth herein, and that in no event will any Debtor or any of the Debtors' estates be liable to the Claimant in any way whatsoever with respect to the claims set forth in the State Court Actions.

-3-

3.      In connection with, and in consideration for, the modification of the Automatic Stay set forth herein, the Claimant, on behalf of itself, its heirs, representatives, and assigns, does hereby fully, finally, and forever waive, release, and discharge the Debtors, their estates, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys, advisors, and agents from the Claims (whether prepetition unsecured, priority, administrative, post-petition, or administrative) and from all related actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, that arise from the Claims, except to the extent of the Available Coverage.

4.      Claim No.'s 5-1, 10014 and 10015 are hereby deemed to be disallowed with prejudice without further order of Court, and Epiq is authorized to expunge such Claims, and any and all other claims arising from the Claims filed by or on behalf of the Claimant, from the Debtors' claims register; *provided*, that such expungement shall not prejudice the Claimant's ability to collect on the Claims from any Available Coverage.

5.      The agreement by the Debtors to modify the Automatic Stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or cooperate with the Claimant in any way in its efforts to prosecute the Claims or secure payment on the claims set forth in the State Court Actions or under the Available Coverage.

6.      If the terms of this Stipulation and Agreed Order are not approved by the Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation and Agreed Order (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

7.     Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance Carriers with respect to the claims set forth in the State Court Actions.

8.     Nothing herein shall, or shall be deemed or construed to, impact, impair, affect, determine, release, waive, modify, limit, or expand (a) the terms and conditions of any insurance policy, (b) any of the rights, remedies, defenses to coverage, and other defenses of any Carrier under or with respect to any insurance policy (including the right of any Carrier to disclaim coverage), or (c) any claim or payment right of any Carrier against any Debtor, including any claim or payment right for, on account of, arising from, or related to any premium, deductible, reimbursement, self-insured retention, or otherwise, each of which are expressly reserved and preserved.  All rights of subrogation and contribution are also expressly reserved and preserved. Nothing herein shall affect the existing obligations of any Carrier to pay defense fees or expenses or the existing arrangements for the payment thereof.

9.     The modification of the Automatic Stay set forth herein shall have no effect as to parties that are not party hereto, and the Automatic Stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors and their estates.

10.     Neither this Stipulation and Agreed Order nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary to (a) obtain approval of and to enforce this Stipulation and Agreed Order, (b) seek damages or injunctive relief in connection herewith, or (c) prove that the Automatic Stay has been modified to allow prosecution of the Claims in accordance with the terms hereof.

11.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

12.     The Parties and Epiq are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Stipulation and Agreed Order.

13.     This Stipulation and Agreed Order may be executed in one or more counterparts and by electronic copy, each of which will be considered effective as an original signature.

14.     This Stipulation and Agreed Order constitutes the entire agreement and understanding of the Parties regarding the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.  The terms set forth herein are part of a comprehensive compromise and each element is an integral aspect of the agreed settlement and is non-severable.

15.     The Court retains exclusive jurisdiction (and the Claimant consents to such retention of jurisdiction) over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

16.     Each of the undersigned who executes this Stipulation and Agreed Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party.  The Parties each declare that their respective decisions in executing this Stipulation and Agreed Order are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

17.     This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court.

18.     This Stipulation and Agreed Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

***

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned counsel, the Parties have executed and delivered this Stipulation and Agreed Order as of the day first set forth below.

Dated:    March 30, 2026

DAVIS POLK & WARDWELL LLP

By:   */s/ Benjamin S. Kaminetzky*
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Benjamin S. Kaminetzky
Nicholas D'Angelo

*Counsel to the Debtors and Debtors in Possession*

FALCON RAPPAPORT & BERKMAN LLP

By:   */s/ Melissa A. Guseynov*
265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570
Tel.: (516) 599-0888
Michael L. Moskowitz
Melissa A. Guseynov

*Counsel to the Claimant*

**SO ORDERED.**

Dated:      April 23, 2026
          White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE