Steven W. Golden
Beth E. Levine
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel to the Avenger Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SPIRIT AVIATION HOLDINGS, INC.,[1] *et al.*<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-11897 (SHL)<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS OF THE AVENGER DEBTORS**
**TO THE SPIRIT DEBTORS' WINDDOWN MOTION**

Avenger Flight Group, LLC and its affiliated debtors and debtors in possession (collectively, "AFG" or the "Avenger Debtors") in the Avenger Bankruptcy Cases (as defined below) hereby files this reservation of rights (this "Reservation of Rights")[2] to the Winddown Motion [Docket No. 1009] filed by Spirit Aviation Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Spirit Debtors") in the above-captioned cases. In support of this Reservation of Rights, the Avenger Debtors respectfully state as follows:

---

[1]    The Spirit Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Spirit Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]    As noted below, the relationship between the Spirit Debtors and the Avenger Debtors is multifaceted and spans nearly fifteen years. This Reservation of Rights is not intended to be a comprehensive recitation of the relationship between the Avenger Debtors and the Spirit Debtors, nor a comprehensive statement of all claims the Avenger Debtors hold against the Spirit Debtors. Rather, this Reservation of Rights is intended to raise certain narrow issues presented by the Winddown Motion.

## SUMMARY BACKGROUND

1.      AFG is a global leader in commercial aviation simulation and flight training. Since 2012, AFG has provided such services to Spirit Airlines LLC ("Spirit").  AFG continued to provide such services to Spirit after August 29, 2025 (the "Spirit Petition Date") pursuant to several agreements (collectively, and as amended from time to time, the "Spirit/AFG Contracts").

2.      On February 11 and February 12, 2026 (the "AFG Petition Date"), AFG and certain of its affiliates (collectively, the "Avenger Debtors") filed voluntary chapter 11 cases (the "Avenger Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), commencing bankruptcy cases jointly administered under the caption *In re Avenger Flight Group, LLC*, Case No. 26-10183 (MFW) (the "Avenger Bankruptcy Cases").

3.      The Avenger Debtors continued to perform under the Spirit/AFG Agreements after the AFG Petition Date.

4.      On April 8, 2026, the Delaware Court entered an order (the "AFG Sale Order")[3], that, among other things, approved the sale of substantially all of the Avenger Debtors' assets (the "Avenger Sale") to AFG Topco, LP (together with its designees and assignees, the "AFG Buyer") pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code.  The Avenger Sale is expected to close (the "Avenger Closing") the week of May 4, 2026.

5.      On April 19, 2026, the Avenger Debtors filed a motion (the "Rejection Motion")[4] with the Delaware Court, seeking rejection of one of the Spirit/AFG Contracts.  The Avenger

---

[3]      *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Approving the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*, Case No. 26-10183 (MFW) at Docket No. 292 (Bankr. D. Del. Apr. 8, 2026).

[4]      *Motion for the Entry of an Order (A) Authorizing Rejection of Executory Contract with Spirit Airlines, Inc. and (B) Granting Related Relief*, Case No. 26-10183 (MFW) at Docket No. 326 (Bankr. D. Del. Apr. 19, 2026).

Debtors asserted that the relief requested in the Rejection Motion was necessitated by, among other things, Spirit's nonpayment of postpetition amounts due to AFG under the Spirit/AFG Contracts. After the filing of the Rejection Motion, the Avenger Debtors, the Spirit Debtors, and the AFG Buyer engaged in productive discussions to resolve the Rejection Motion and, to that end, on April 23, 2026, entered into a term sheet (the "Term Sheet") that, among other things, contemplated (a) reconciliation and payment of claims between AFG and Spirit; (b) mutual termination of the Spirit/AFG Contracts (subject to the approval of a stipulation (the "Stipulation") to be submitted to this Court and the Delaware Court); and (c) the parties' entry into new, go-forward agreements on economic terms set forth in the Term Sheet. Unfortunately, before the parties could execute the Stipulation and seek approval thereof, the Spirit Debtors ceased operations and filed the Winddown Motion.

## **RESERVATION OF RIGHTS**

6. The Avenger Debtors file this Reservation of Rights to apprise this Court, the Spirit Debtors, and other parties in interest of several unique issues that must be addressed in connection with the Spirit Debtors' winddown. Each of these issues is complicated by the fact that AFG is a debtor in possession in its own chapter 11 case and, after the imminent Avenger Closing, will have no ability to continue to perform under the Spirit/AFG Contracts. And, under the circumstances, the Avenger Debtors do not expect that the AFG Buyer will take assumption of the Spirit/AFG Contracts.

7. ***First***, pursuant to the Spirit/AFG Contracts, Spirit subleases space in the Avenger Debtors' Orlando facility, where a full flight simulator that is owned by Spirit (the "Orlando SIM") is located. The Orlando SIM is massive, valuable, and cannot be easily removed from the Avenger Debtors' premises, yet it remains there—at the expense of the Avenger Debtors (through the

Avenger Closing) and the AFG Buyer (after the Avenger Closing)—until the Spirit Debtors determine its disposition.  Moreover, in order to maintain its value and FAA licensing, and as contemplated by the Spirit/AFG Contracts, the Avenger Debtors perform routine maintenance and repair services on the Orlando SIM in exchange for compensation as set forth therein.

8.      ***Second***, pursuant to the Spirit/AFG Contracts, AFG similarly performs routine maintenance and repair services on Spirit-owned full flight simulators located at Spirit's Dania Beach facility (the "Dania SIMs" and together with the Orlando SIM, the "Spirit SIMs").  Like the Orlando SIM, the Dania SIMs are also assets of the Spirit Debtors' estates whose value may dramatically decrease if not maintained (or, at the very least, properly decommissioned).

9.      ***Third***, certain of the Avenger Debtors' property is currently located in Spirit's Dania Beach facility.  Accordingly, the Avenger Debtors will need to recover their property from Spirit's facility (and Spirit cannot be permitted to sell, abandon, or otherwise dispose of the Avenger Debtors' assets).

10.     The Avenger Debtors stand ready to engage with the Spirit Debtors on these matters and are prepared to continue being a partner to Spirit, even as it unfortunately winds down operations.  However, because, as chapter 11 debtors in possession, the Avenger Debtors are fiduciaries for their estates, the Avenger Debtors are required by the Bankruptcy Code to protect their estates and creditors.  Moreover, time is of the essence on these issues, particularly in light of the impending Avenger Closing this week.

11.     Accordingly, the Avenger Debtors reserve all rights under the Bankruptcy Code, including, but not limited to, their rights (a) to reject the Spirit/AFG Contracts under section 365 of the Bankruptcy Code; (b) to assert a security interest in the Spirit SIMs or otherwise seek recovery from the proceeds of the sale of any Spirit SIM of any fees and expenses owed under the

Spirit/AFG Contracts and applicable law; and (c) to request adequate protection pursuant to section 363(e) of the Bankruptcy Code.  Finally, it is unclear from the Winddown Motion whether AFG's costs to maintain and preserve the Spirit SIMs are included in the Spirit Debtors' Winddown Budget.  The AFG Debtors submit that sale or abandonment of the Spirit SIMs must be conditioned on payment of the costs necessary to maintain them pending their sale or abandonment and, accordingly, the AFG Debtors reserve all rights to seek payment of such amounts.

Dated: May 4, 2026

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Steven W. Golden, Esq.
Beth E. Levine, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  sgolden@pszjlaw.com
            blevine@pszjlaw.com

*Counsel to the Avenger Debtors*

4911-2648-2600.3 05863.00002