DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Joseph W. Brown

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

### *EX PARTE* MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO THE DEBTORS' BIDDING PROCEDURES MOTION AND RELATED RELIEF

Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**" or "**Spirit**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Ex Parte Motion of the Debtors for Entry of an Order Shortening Notice with Respect to the Debtors' Bidding Procedures Motion and Related Relief* (this "**Motion**"). This Motion is supported by the *Declaration of Brent Herlihy in Support of (I) the Bidding Procedures Motion and (II) the Motion to Shorten* (the "**Herlihy Declaration**"), filed contemporaneously herewith and incorporated herein by reference. In further support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

**Relief Requested**

1.      By this Motion, and pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening the notice period with respect to the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of the Debtors' Assets, (B) Authorizing the Potential Selection of Stalking Horse Bidder(s), (C) Approving Bid Protections, (D) Scheduling Auction(s) for, and Hearing(s) to Approve, the Sale of the Debtors' Assets, (E) Approving the Form and Manner of Notices of Sale, Auction(s), and Sale Hearing(s), and (F) Approving the Assumption and Assignment Procedures, (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (together with the exhibits and other attachments thereto, the "**Bidding Procedures Motion**"),[2] setting the Bidding Procedures Motion for the hearing currently scheduled for **June 10, 2026, at 10:00 a.m.** (the "**Hearing**"), and scheduling the objection deadline for the Bidding Procedures Motion for **4:00 p.m. on June 3, 2026**.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

1.      On August 29, 2025 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 35].

3.      On September 17, 2025, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 117].

4.      Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings [ECF No. 19].

5.  On May 8, 2026, the Bankruptcy Court entered the *Order (I) Authorizing the Debtors to Wind Down Operations, (II) Approving the Debtors' Use of Cash Collateral and Amendments to the DIP Credit Agreement and Final DIP Order, (III) Authorizing Modification or Termination of the Debtors' Employee Programs, (IV) Approving Wind-Down Incentive and Retention Plan, (V) Approving Modification of Contract Rejection Procedures, (VI) Approving Non-Fleet Assets Sale Procedures, (VII) Approving Non-Fleet Assets Abandonment Procedures, (VIII) Approving the Use of Certain Third-Party Contractors, (IX) Approving Protections for Certain Persons Implementing the Wind-Down, (X) Enforcing an Administrative Stay, (XI) Authorizing the Preemption of Applicable Laws and Ordinances for the Debtors to Effectuate the Wind-Down, (XII) Authorizing the Debtors to Take Any and All Actions Necessary to Implement the Wind-Down, and (XIII) Granting Related Relief* [ECF No. 1048] (the "**Wind-Down Order**").

### Basis for Relief

5.  Pursuant to Bankruptcy Rule 2002, 21 days' notice is required for a proposal to use, sell, or lease estate property outside the ordinary course of business. Fed. R. Bankr. P. 2002(a)(2). However, this Courts's *Guidelines for the Conduct of Asset Sales* established and adopted by this Court pursuant to General Order M-383 (the "**Sale Guidelines**") recognize that the 21-day notice period with respect to the request for approval of proposed sale procedures may be shortened to 14 days "without compromising the finality of the proposed transaction" and that "[t]he 14-day notice period provided for in Local Rule 9006-1(b) should provide sufficient time, under most circumstances, to enable any parties-in-interest to file an objection to proposed sale procedures." Sale Guidelines § II.B.2. The Sale Guidelines do suggest that this 21-day notice period is appropriate when the proposed procedures include "Extraordinary Provisions." *Id.* Here, as described in this Bidding Procedures Motion, the Debtors are seeking authority to sell assets free and clear of liens, claims, interests and other encumbrances. The Debtors will be seeking relief

from the 14-day stay imposed under Bankruptcy Rule 6004(h), and the implementation of the Wind-Down necessarily means that sale proceeds will be paid to the Debtors' creditors after the closing of the asset sales, all of which may be "Extraordinary Provisions." However, importantly, the procedures are just that – procedures – and any party with an interest in any property to be sold will have at least 21 days' notice from the date of the Bidding Procedures Motion that assets may potentially be sold.

6. Moreover, parties in interest in these cases have been on notice for over a month that the Debtors are winding down operations and approval of the Bidding Procedures will bring more clarity and order to the process, not less. Bankruptcy Rule 2002 also explicitly allows the Court to shorten notice for cause. *Id.*; *see also* Bankruptcy Rule 9006(c), Local Bankr. R. 9006-1(b) (deferring to the permissible modifications to time limits set forth in Bankruptcy Rule 2002). And the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61] (the "**Case Management Procedures**") expressly preserves parties' rights to move for shortened notice under Bankruptcy Rule 9006(c).

7. Finally, section 105(a) of the Bankruptcy Code grants the Court broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, bankruptcy courts can enter orders "prescribing such limitations and conditions as the court deems appropriate to ensure that the [bankruptcy] case is handled expeditiously and economically." 11 U.S.C. § 105(d); *see also In re Bambi*, 492 B.R. 183, 188 (Bankr. S.D.N.Y. 2013) (holding that bankruptcy courts have "inherent power to manage their own docket") (citation omitted); *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 154 (3d Cir. 2012) (holding that "the court's equitable powers under 11 U.S.C. § 105 surely enable it to control its own docket").

8.      Here, good cause exists to shorten the notice period with respect to the Bidding Procedures Motion.  For the reasons discussed above, the Debtors submit that 14-days' notice of the procedures in accordance with which the Debtors intend to facilitate a value-maximizing winding down of their estate – with any sales to be approved at a later date is entirely appropriate under the circumstances. Out of an abundance of caution, and to the extent required under the Sale Guidelines, the Debtors therefore file this Motion to shorten notice to have the Bidding Procedures Motion heard at the June 10, 2026 hearing date and with a proposed June 3, 2026 objection deadline.

9.      To the extent that any parties intend to object to the requested relief, the Debtors are committed to engaging with parties in interest regarding the Bidding Procedures Motion leading up to the June 10, 2026 hearing. The Debtors therefore submit that cause exists to shorten the notice periods for the Motions and to set the Bidding Procedures Motion for the June 10 hearing.

**Notice**

10.      Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the U.S. Trustee; (b) the Committee; (c) the administrative agent of lenders under the Debtors' debtor-in-possession financing facility; (d) certain holders of the Debtors' secured notes; (e) lenders of the Debtors' revolving credit facility; (f) each agent or trustee under the Debtors' secured notes indenture or revolving credit facility; and (g) and any other party that is entitled to notice under the Court's *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 61] (collectively, the "**Notice Parties**").  A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines.  Based on the circumstances

surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully

submit that no other or further notice is required.

11.     No previous request for the relief sought herein has been made by the Debtors to

this or any other Court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    May 27, 2026
          New York, New York

                         DAVIS POLK & WARDWELL LLP

                         By:    */s/ Darren S. Klein*
                         450 Lexington Avenue
                         New York, NY 10017
                         Tel.: (212) 450-4000
                         Marshall S. Huebner
                         Darren S. Klein
                         Christopher S. Robertson
                         Joseph W. Brown

                         *Counsel to the Debtors and Debtors in Possession*

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.,** *et al.*, | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

### ORDER SHORTENING NOTICE WITH RESPECT TO
### THE DEBTORS' BIDDING PROCEDURES MOTION AND RELATED RELIEF

Upon the *ex parte* motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order (this "**Order**"), pursuant to sections 105 and 363(c)(3) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2) and 9006(c), and Local Rule 9006-1(b), shortening the notice periods with respect to the Bidding Procedures Motion, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not immediately or otherwise defined herein shall have the meanings ascribed to them in the Motion.

considered the Motion; and the Court having determined that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and the Court having found that the

relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates,

and all other parties in interest; and all objections and reservations of rights filed or asserted in

respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and

upon all of the proceedings had before the Court; and after due deliberation and sufficient cause

appearing therefor,

IT IS HEREBY ORDERED THAT:

1.       The Motion is granted as set forth herein.

2.       Notice of the Motion and the related Bidding Procedures Motion as provided

therein shall be deemed good and sufficient notice thereof.

3.       A hearing (the "**Hearing**") to consider the relief requested in the Bidding

Procedures Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy

Judge, in the United States Bankruptcy Court for the Southern District of New York, on **June 10,**

**2026 at 10:00 a.m. (prevailing Eastern Time)**.  The Hearing may be continued or adjourned from

time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing

or by filing a notice with the Court.

4.       Responses or objections to the relief requested in the Bidding Procedures Motion

shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court

electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Bidding

Procedures Motion) so as to be received no later than **4:00 p.m. on June 3, 2026** (without giving

effect to Bankruptcy Rule 9006(a)) (the "**Objection Deadline**"), in each case, in accordance with

the Bankruptcy Rules, the Local Rules, the Court's Case Management Procedures, and the Court's

Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-sean-h-lane), to the extent applicable.

5.      This Order shall be effective and enforceable immediately upon its entry.

6.      The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

7.      The Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:      _____, 2026
           White Plains, New York

                                        _____
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE