**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>SPIRIT AVIATION HOLDINGS, INC. *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11897 (SHL)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF BRENT HERLIHY**
**IN FURTHER SUPPORT OF THE EMPLOYMENT AND RETENTION OF**
**PJT PARTNERS LP AS INVESTMENT BANKER**
**TO THE DEBTORS AND DEBTORS-IN-POSSESSION**

I, Brent Herlihy, hereby declare:

1.      I am a Partner in the Restructuring and Special Situations Group at PJT Partners LP ("PJT") which is serving as the investment banker to Spirit Aviation Holdings, Inc. and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") in the above captioned chapter 11 cases.

2.      On October 2, 2025, the Debtors filed the *Application of the Debtors for an Order (I) Authorizing the Employment and Retention of PJT Partners LP as Investment Banker Nunc Pro Tunc to the Petition Date, and (II) Granting Related Relief* [Doc. No. 197] (the "Application").

3.      On November 3, 2025, the Court entered its *Order (I) Authorizing the Employment and Retention of PJT Partners LP as Investment Banker Effective Nunc Pro Tunc to the Petition Date, and (II) Granting Related Relief* [Doc. No. 391].

---

[1]    The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

4.      In connection with the Application, Jamie O'Connell submitted an initial declaration (the "Initial Declaration") describing PJT's connections to the Debtors and other potential parties in interest (the "PII").  The Initial Declaration was attached to the Application as Exhibit B.

5.      On March 4, 2026, Mr. O'Connell submitted his *Supplemental Declaration of Jamie O'Connell in Further Support of the Employment and Retention of PJT Partners LP as Investment Banker to the Debtors and Debtors-in-Possession* [Doc. No. 823] (the "Supplemental Declaration").

6.      Subsequent to the filing of the Supplemental Declaration, counsel to the Debtors provided PJT with a revised PII list, which added several PIIs thereto. I hereby submit this supplemental declaration to describe the below additional connections of PJT to the PII.

7.      PJT (and/or its financial advisory affiliates) has been engaged within the last three years, is currently engaged by, or has another connection to, the following PIIs (or one or more of their affiliates, as the case may be) in matters unrelated to the Debtors and these chapter 11 cases (including where one of the PII was only a member of an official or an ad hoc creditor committee or an equity committee):

a.  An individual with whom PJT has an ongoing consultancy arrangement is a senior advisor to an affiliate of AlixPartners LLP, one of the PII. Such consultant is not part of the PJT team representing the Debtors in these chapter 11 cases.

b.  PJT has been engaged to provide financial advisory services to an affiliate of Alvarez & Marsal North America LLC, one of the PII, in a confidential matter.

c.  PJT has been engaged to provide financial advisory services to an affiliate of AXA Corporate Solutions Assurance, one of the PII, in a confidential matter.

d.  PJT has been engaged to provide financial advisory services to a group of lenders to a certain company in a confidential matter. The members of such group include Barings LLC, BlackRock, Inc., an affiliate of Morgan Stanley &

2

Co LLC, and Oaktree Capital Management, L.P. ("Oaktree"), each of which is a PII.

e. PJT has been engaged to provide financial advisory services to a group of lenders to a certain company in a confidential matter. The members of such group include BlackRock Inc., an affiliate of Franklin Resources, an affiliate of Morgan Stanley & Co LLC, Oaktree, and Whitebox Advisors LLC, each of which is a PII.

f. PJT was previously engaged to provide financial advisory services to the special committee of the board of directors of a company in a confidential matter. An affiliate of CPPIB Credit Investments Inc., one of the PII, was an equity holder in such company.

g. An affiliate of PJT was previously engaged to provide financial advisory services to a consortium of potential investors in a certain company in a confidential matter. The members of such consortium included an affiliate of CPPIB Credit Investments Inc., one of the PII.

h. PJT was previously engaged to provide financial advisory services to certain affiliates of CPPIB Credit Investments Inc., one of the PII, in two separate confidential matters.

i. PJT was previously engaged to provide financial advisory services to a group of lenders to a certain company in a confidential matter.  The members of such group included an affiliate of CPPIB Credit Investments Inc., one of the PII.

j. PJT has been engaged to provide financial advisory services to a group of lenders to a certain company in a confidential matter.  The members of such group include an affiliate of D. E. Shaw Valence Portfolios, L.L.C. and Oaktree, each of which is a PII.

k. PJT was previously engaged to provide financial advisory services to a group of lenders to a certain company in a confidential matter. The members of such group included an affiliate of Franklin Resources and an affiliate of Morgan Stanley & Co LLC, each of which is a PII.

l. In addition, with respect to Oaktree, one of the PII:

   i.   An individual with whom PJT has an ongoing consultancy arrangement is a senior advisor to an affiliate of Oaktree. Such consultant is not part of the PJT team representing the Debtors in these chapter 11 cases.

   ii.  PJT maintains a vendor relationship with an affiliate of Oaktree.

   iii. PJT or an affiliate of PJT has in the past and continues to provide financial advisory services to certain companies in several separate

3

confidential matters. Oaktree, or an affiliate thereof, is or was an equity holder (in whole or in part) in each such company.

iv. PJT has been engaged to provide financial advisory services to Receptions Holdings, L.P (aka STG Logistics) in connection with its chapter 11 case.

v. PJT has been engaged to provide financial advisory services to certain affiliates of Oaktree in two separate confidential matters, one of which is closed.

vi. PJT or an affiliate of PJT has in the past and continues to provide financial advisory services to groups of lenders to certain companies in several separate confidential matters. The members of each such group include or previously included Oaktree or an affiliate of Oaktree.

vii. PJT has been engaged to provide financial advisory services to a group of lenders to Trinseo PLC in connection with its chapter 11 case. The members of such group include certain affiliates of Oaktree.

m. PJT was previously engaged to provide financial advisory services to a company in a confidential matter. Stonepeak Partners LLC, one of the PII, was the equity holder in such company.

n. PJT has been engaged to provide financial advisory services to Stonepeak Partners LLC, one of the PII, or an affiliate thereof, in three separate confidential matters, two of which are closed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated:   June 29, 2026
         New York, New York

By: /s/ Brent Herlihy_____
    Brent Herlihy
    Partner
    PJT Partners LP

4