**Hearing Date and Time:** August 12th, 2026, at 11:00 AM
**Objection Deadline:** August 9th, 2026, at 11:00 AM

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**In re:**

SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors. (Jointly Administered)

**Chapter:** 11

**Case No.:** 25-11897 (SHL)

---

## EX-PARTE NOTICE OF AND MOTION TO COMPEL PJT PARTNERS AND FTI CONSULTING TO ALLOW ACCESS TO THE DATA ROOM AND TO ACCEPT A BID FOR IP ASSETS BY AMEER FLIPPIN OF HARLEM PARK PARTNERS, INC.

---

**PLEASE TAKE NOTICE, EX-PARTE,** that upon the annexed Motion to Compel, the Memorandum of Law in support thereof, the Declaration of Ameer Flippin, and all prior filings and proceedings had herein, Ameer Flippin of Harlem Park Partners, Inc. (the "Movant") will present the attached proposed order (the "Proposed Order") where a Motion Hearing will be held on **August 12th, 2026, at 11:00 AM** before the Honorable Sean H. Lane, United States Bankruptcy.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that unless a written objection to the Proposed Order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of

presentment—specifically, on or before **August 9th, 2026, at 11:00 AM**—the ORDER on

Motion may be signed by the Court without further notice or hearing.


**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that if a written objection is

timely filed, the Court has notified the moving and objecting parties of the date and time of the

hearing scheduled for August 12th, 2026 at 11:00AM. The moving and objecting parties are

required to attend the hearing, and failure to attend or through counsel may result in the

requested relief being granted or denied upon default.


I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge.

Executed on July 17th, 2026,
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
Chief Executive Officer
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, California 94108
Telephone: (240) 581-4693
Email: AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In re:**

SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors. (Jointly Administered)

**Chapter:** 11

**Case No.:** 25-11897 (SHL)

---

## MOTION TO COMPEL PJT PARTNERS AND FTI CONSULTING TO ALLOW ACCESS TO THE DATA ROOM AND TO ACCEPT A BID FOR IP ASSETS

Ameer Flippin, Chief Executive Officer and sole shareholder of Harlem Park Partners, Inc. ("Harlem Park"), appearing *pro se*, respectfully moves this Court for an Order compelling the Debtors' designated sale professionals, PJT Partners ("PJT") and FTI Consulting, Inc. ("FTI"), to:

1. Provide Movant with immediate and unfettered access to the electronic Data Room for the Debtors' intellectual property assets.

2. Accept and formally consider the alternative bid for the brand name and domain name intellectual property assets ("IP Assets") submitted by Ameer Flippin of Harlem Park Partners, Inc.

In support of this Motion, Movant respectfully states as follows:

### I. Jurisdiction and Venue

- **Jurisdiction:** This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

3

- **Core Proceeding:** This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

- **Venue:** Venue of these Chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

- **Statutory Predicates:** The statutory and procedural predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court.

### II. Factual Background

1. **The Target Assets:** Movant has actively undertaken due diligence to acquire certain IP Assets of the Debtors, including but not limited to the Spirit Airlines trademarks, goodwill, internet domain names (specifically **Spirit.com**), associated digital assets, and related intellectual property.
2. **Business Objectives:** The objective of Movant's transaction is to purchase these unencumbered IP Assets to explore a structural relaunch of Spirit Airlines within one to two years as a separate, small luxury startup alliance airline operating alongside a discount carrier brand.
3. **Refusal of Data Room Access:** Despite repeated and formal expressions of interest made directly to the Debtors' designated marketing and sale professionals, PJT and FTI have flatly refused to grant Movant access to the electronic Data Room. Consequently, Movant is unable to properly assess the underlying value of the IP Assets to finalize a competitive, fully structured alternative bid.
4. **Active Exclusion from Bidding:** Christopher Robertson of Davis Polk & Wardwell LLP, counsel for the Debtors, explicitly replied via email to Movant stating that the Debtors do not consider Movant or Harlem Park to be a "Potential Bidder" for these estate assets.
5. **Funding Strategy Disclosed:** PJT and FTI have repeatedly demanded to know how Movant intends to fund the transaction. In reply emails, Movant clearly outlined a viable funding methodology: a rapid Regulation D debt/equity securities offering directed to the

4

master service list, with a potential subsequent registered Initial Public Offering (IPO) in the OTC Markets environment if necessary.

6. **Efforts to Isolate Liabilities:** Between July 8, 2026, and July 10, 2026, Movant transmitted several "Letters of Consent Inquiry" to fourteen key contract counterparties (including Microsoft, Oracle, Google, Verizon, and others) to stipulate that any subsequent IP Asset transaction would remain entirely distinct and insulated from historical executory contract liabilities, cure costs, and administrative expenses.

7. **Need for Judicial Intervention:** The Debtors' professionals have remained non-responsive or exclusionary, threatening to shut Movant out of the competitive bidding process entirely.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 17th, 2026,
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
Chief Executive Officer
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, California 94108
Telephone: (240) 581-4693
Email: AmeerFlippin@Outlook.com

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In re:**
SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors. (Jointly Administered)

**Chapter:** 11

**Case No.:** 25-11897 (SHL)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

### A.  Denying Access to the Data Room Violates the Core Value-Maximization Principles of the Bankruptcy Code

The primary objective of a Chapter 11 asset sale under Section 363 of the Bankruptcy Code is to maximize the value of the debtor's estate for the benefit of creditors and stakeholders. To achieve this, the sale process must be competitive, open, and equitable.

- PJT and FTI's unilateral refusal to grant Harlem Park access to the electronic Data Room constitutes arbitrary gatekeeping that stifles competitive bidding.

- By excluding a prospective bidder who has presented a concrete strategy, the Debtors' professionals are actively preventing the market from testing and maximizing the value of the Spirit.com domain and associated brand trademarks.

### B. The Court Possesses Broad Equitable Authority to Intervene under Section 105(a)

Under 11 U.S.C. § 105(a), this Court has the power to issue any order, process, or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code. This includes the authority to police and supervise bidding procedures to guarantee that estate assets are not disposed of via collusive or non-competitive mechanisms.

- PJT and FTI's threshold demands regarding cash-on-hand ignore the standard, sophisticated capital-market alternative structures (such as Regulation D offerings) proposed by Harlem Park.

- Judicial intervention is necessary to compel these professionals to provide access to basic diligence materials so that a competitive bid may be formulated.

## C. Harlem Park Will Suffer Irreparable Harm Absent Relief

Without access to the Data Room, Movant cannot conduct the necessary due diligence required to bid effectively. Once the auction terminates and the IP Assets are transferred, the opportunity to bid will be permanently lost. Monetary damages cannot remedy this lost structural opportunity to relaunch the brand.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 17th, 2026,
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
Chief Executive Officer
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, California 94108
Telephone: (240) 581-4693
Email: AmeerFlippin@Outlook.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

**In re:**

SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors. (Jointly Administered)

**Chapter:** 11

**Case No.:** 25-11897 (SHL)

## DECLARATION OF AMEER FLIPPIN

I, Ameer Flippin, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Chief Executive Officer and sole shareholder of Harlem Park Partners, Inc., an Investment Advisory & Financial Engineering Firm. I am over the age of eighteen, competent to testify, and submit this Declaration in support of the Motion to Compel.

2. On behalf of Harlem Park, I have expressed a clear, documented, and persistent interest in bidding for the Spirit Airlines brand, trademarks, and the Spirit.com domain name.

3. I have repeatedly requested access to the electronic Data Room managed by PJT and FTI to conduct due diligence, but my requests have been systematically denied.

4. In response to professional inquiries regarding funding, I disclosed our plan to execute a rapid Regulation D debt/equity offering, with the option to initiate an alternative direct IPO within 3 to 12 months in the OTC Markets.

5. Debtors' counsel, Christopher Robertson, subsequently stated via email that the Debtors do not consider me or Harlem Park to be a potential bidder, effectively shutting us out of the sale process.

8

6. This exclusionary treatment prevents me from assessing the asset value and submitting a finalized alternative bid, causing immediate and irreparable harm to Harlem Park's legally protectable bidding interests.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 17th, 2026,
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
Chief Executive Officer
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, California 94108
Telephone: (240) 581-4693
Email: AmeerFlippin@Outlook.com

9

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**In re:**

SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors. (Jointly Administered)

**Chapter:** 11

**Case No.:** 25-11897 (SHL)

---

### [PROPOSED] ORDER
### COMPELLING PJT PARTNERS AND FTI CONSULTING TO ALLOW ACCESS TO THE DATA ROOM AND TO ACCEPT A BID FOR IP ASSETS FROM AMEER FLIPPIN OF HARLEM PARK PARTNERS, INC.

Upon consideration of the Motion of Ameer Flippin of Harlem Park Partners, Inc. (the "Movant") for entry of an Order compelling PJT Partners ("PJT") and FTI Consulting, Inc. ("FTI") to allow access to the electronic Data Room and to accept and consider a bid for IP Assets; and this Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion having been given under the circumstances; and after due consideration of the Memorandum of Law and Declaration in support thereof; and good and sufficient cause appearing therefor, it is hereby:

1. **ORDERED** that the Motion is **GRANTED**; and it is further

2. **ORDERED** that PJT, FTI, and the Debtors are directed to immediately provide Ameer Flippin and Harlem Park Partners, Inc. with complete access to the electronic Data Room containing diligence materials related to the Debtors' intellectual property assets, including but not limited to trademarks, the Spirit.com domain name, and associated digital assets; and it is further

3. **ORDERED** that the Debtors, PJT, and FTI shall accept, process, and formally evaluate

10

any bid for the IP Assets submitted by Ameer Flippin or Harlem Park Partners, Inc. in accordance with the court-approved bidding procedures; and it is further

4. **ORDERED** that this Court shall retain jurisdiction with respect to any matters, disputes, or issues arising from or related to the implementation of this Order.

**SO ORDERED.**

Dated: _____, 2026        _____

  New York
**THE HONORABLE SEAN H. LANE**
United States Bankruptcy Judge

# EXHIBITS

# A- O

https://spiritluxair.lovable.app

Exhibit A

 Outlook

---

**Revised In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Thu 7/9/2026 12:06 PM

**To**   Michael Herz (Atty MSFT in Spirit) <mherz@foxrothschild.com>; David Papiez (Atty MSFT) <dpapiez@foxrothschild.com>

📎 1 attachment (24 KB)

f2 Revised MSFT Letter of Consent to MSFZT on Objection Spirit Harlem Park Partners Ameer Flippin.pdf;

July 9, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

VIA EMAIL
FOX ROTHSCHILD LLP
Attn: Michael R. Herz, Esq.
Attorneys for Microsoft Corporation
49 Market Street
Morristown, NJ 07960

FOX ROTHSCHILD LLP
Attn: David P. Papiez, Esq.
Attorneys for Microsoft Corporation
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154

MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA 98052

**In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts**

Dear Counselors,

In consideration of the need for more time to Meet and Confer on this matter, I would like to share more details in preparation for a phone call.

The Objection outlined that the Debtors owe substantial cure amounts for monetary defaults under certain Microsoft licensing agreements, including Master Agreements E5068083, Enrollment 46800191, and a Modern Enterprise Agreement. Your Limited Objection states that the proposed cure amount

should be not less than **$6,941,215.55**, together with any additional unpaid post-petition services through the date of assumption.

Before addressing the strict legal mechanics of the Objection, I would like to share my broader strategy directed to prior stakeholders in the Spirit Bankruptcy.

I am offering an alternative bid strategy to help recoup losses from the bankruptcy regardless of the outcome of the post-liquidation of core assets during the Spirit Chapter 11 Bankruptcy.
As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, Spirit.com, my firm is suggesting a two-pronged approach:

**1. Operational Evolution:**

My plan is to transition the Spirit brand name into a discount online booking travel company in the immediate near-term. The strategic roadmap positions the company to be poised to possibly fly again within two years.

Concurrently and in parallel alongside a possible Spirit.com discount brand, we are launching an affiliate premium online booking platform, StargateLuxAir.com.
The two affiliated brands will become part of a portfolio of companies under a forthcoming parent holding company structure.

Regardless of the outcome of the liquidation of assets in the Spirit Airlines Chapter 11 Bankruptcy, former Spirit shareholders, creditors, and parties have an opportunity to purchase options on stock in either a possible Spirit.com discount brand and/or a premium StargateLuxAir.com brand. In essence, a startup is taking off during the winddown of an airline Chapter 11 Bankruptcy.

**2. Financial Recoupment & Options Structure:**

In order to address prior stakeholder losses directly, we are offering Over-the-Counter (OTC) Call Options on stock in new corporate entities for up to two years where I am allowing previous creditors and shareholders to purchase OTC Call Options on stock up to the amount lost in a claim as a creditor or a shareholder. A stakeholder after purchasing Call Options does not have to make a decision to exercise an Option to Purchase stock for up to two years while assessing the progress of the new corporate entities.

The cost of the Call Options generally carries a 10% premium on the Stock Purchase Amount (up to approximately $694,122) calculated based on the Black-Scholes Options Pricing Model.
Given the need for more time to Meet and Confer, a security deposit of 10% (up to approximately $69,412) of the 10% Options Price Amount ($694,122) is required to reserve the right to purchase Call Options for up to 90 days. Any deposit amount will be applied to the purchase of Call Options.

Our overarching strategy is to test the waters with accredited investors via a Regulation D Securities Offering directed to the Master Service List with the ultimate goal of initiating an Alternative Direct IPO for the stock of the startup(s) within 3-to-12 months in the OTCMarkets.com environment.

More information on the Standard OTC Options on Equities can be found at the links here:

https://bit.ly/IntlOptions
Standard ISDA OTC Agreement: https://bit.ly/OptionMaster1
Harlem Park Introduction Deck: https://bit.ly/HarlemParkIntro

Schedule a call here:

https://calendly.com/ameerflippin1/30min

Establishing clarification on your Objection is critical to this bidding strategy. I must accurately separate the liabilities attached to the Debtors' historical Microsoft software, cloud, enterprise licensing, Azure, and related services agreements from the unencumbered purchase of specific Intellectual Property assets.

Therefore, I seek your Consent or Non-consent to a Stipulation of Facts.

I look forward to scheduling a call.

Respectfully submitted,

/s/ Ameer Flippin

HARLEM PARK PARTNERS, INC.
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

 Outlook

---

## RE: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts - Ameer Flippin Harlem Park Partners

---

**From** Papiez, David <dpapiez@foxrothschild.com>

**Date** Thu 7/9/2026 4:22 PM

**To** Ameer Flippin <ameerflippin@outlook.com>

**Cc** darren.klein@davispolk.com <darren.klein@davispolk.com>; soar@pjtpartners.com <soar@pjtpartners.com>; david.fowkes@fticapitaladvisors.com <david.fowkes@fticapitaladvisors.com>; marc.bilbao@fticonsulting.com <marc.bilbao@fticonsulting.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; Herz, Michael R. <mherz@foxrothschild.com>; Milano, Maria A. <mamilano@foxrothschild.com>

---

Mr. Flippin,

This email is in response to your correspondence dated July 8 and July 9. Questions regarding executory contracts and the associated obligations should be directed to your bankruptcy counsel and/or debtors' counsel. Microsoft cannot engage in discussions with prospective bidders for the debtors' assets.

Best,

David


**David P. Papiez**

**Partner**

**Fox Rothschild LLP**

📍 Seattle

 (206) 389-1566

 dpapiez@foxrothschild.com

---

**From:** Ameer Flippin <ameerflippin@outlook.com>
**Sent:** Thursday, July 9, 2026 4:32 AM
**To:** Papiez, David <dpapiez@foxrothschild.com>; Herz, Michael R. <mherz@foxrothschild.com>
**Cc:** darren.klein@davispolk.com; soar@pjtpartners.com; david.fowkes@fticapitaladvisors.com; marc.bilbao@fticonsulting.com; dan.wikel@fticonsulting.com
**Subject:** [EXT] Re: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts - Ameer Flippin Harlem Park Partners


HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl

San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 9, 2026

VIA EMAIL
FOX ROTHSCHILD LLP
Attn: Michael R. Herz & David P. Papiez
Counsel for Microsoft Corporation
49 Market Street
Morristown, NJ 07960
1001 Fourth Ave. Suite 4400
Seattle, WA 98154
Emails: mherz@foxrothschild.com dpapiez@foxrothschild.com

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) — Inquiry
Regarding Consent to Stipulation of Facts

Dear Counselors,

In a consideration of the need for more time to Meet and to Confer on this matter, I would like to
share more details in preparation for a phone call.

The Objection outlined that the Debtors owe substantial cure amounts for monetary defaults
under certain contracts for Microsoft software and licensing services, specifically the
$6,941,215.55 debt outlined in your Limited Objection.
Before addressing the strict legal mechanics of the Objection, I would like to share my broader
strategy directed to prior stakeholders in the Spirit Bankruptcy.

I am offering an alternative bid strategy to actually recoup losses from the bankruptcy
regardless of the outcome of the post-liquidation of core assets during Chapter 11.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and
domain name, my firm is suggesting a two-pronged approach:

 1. Operational Evolution:
My plan is to transition the Spirit brand name into a discount online booking travel company in
the immediate near-term. The strategic roadmap positions the company to be poised to possibly
fly again within two years.

 2. Financial Recoupment & Options Structure:

 In order to address prior stakeholder losses directly, we are offering Over-the-Counter (OTC)
Call Options on stock in a new corporate entity for up to 2 years where I am allowing previous
creditors and shareholders to purchase Call Options on stock up to the amount lost in a claim
as a creditor or a shareholder. A stakeholder after purchasing Call Options doesn't have to
make a decision to exercise an Option to Purchase stock for up to 2 years, while assessing the
progress of the new corporate entity.

The cost of the Call Options generally carries a 10% premium on the Stock Purchase Amount
(up to approx. $694k) calculated based on the Black-Scholes Options Pricing Model. Given the
need for more time to Meet and Confer, a security deposit of 10% (up to approx. $69K) of the
10% Options Price Amount ($694k) is required to hold a position for up to 90 days. Any deposit

amount will be applied to the purchase of Call Options.

Our overarching strategy is to test the waters with accredited investors via a Regulations D Securities Offering directed to the Master Service List with the ultimate goal of initiating an Alternative Direct IPO for the stock of the startup within 3-to-12 months in the OTCMarkets.com environment.

Establishing clarification on your Objection is critical to this bidding strategy. I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Therefore, I seek your Consent or Non-consent to a Stipulation of Facts.

I look forward to scheduling a call.

Respectfully submitted,

/s/ Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

On Wed, Jul 8, 2026 at 7:17 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

July 8th, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

VIA EMAIL
Michael R. Herz, Esq.
David P. Papiez, Esq.
FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
mherz@foxrothschild.com
dpapiez@foxrothschild.com

Ex. A

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts

Dear Attorneys Michael R. Herz and David P. Papiez,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc.

On July 7, 2026, your firm filed a "Limited Objection of Microsoft to Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount". This Objection outlined that the Debtors owe at least $6,941,215.55 to cure monetary defaults under certain contracts for Microsoft Corporation software and licensing services.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:

## Stipulation to Facts

1. The Objection filed by Microsoft Corporation in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for software and licensing services.

2. Harlem Park Partners, Inc. or any related forthcoming newly created corporate entity as a Potential Successful Bidder will in no way be liable for and/or for curing the executory contracts for software and licensing services of the debtor post-liquidation of Domain-related assets.

Establishing this clarification is critical to our bidding strategy as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Please provide a formal response indicating Microsoft Corporation's Consent or Non-consent to this [Proposed] Stipulation of Facts before July 10th, 2026.

Respectfully submitted,

*/s/Ameer Flippin*

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

P.S. - Related-Bankruptcy documents attached to email

Powered by HubSpot.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

 Outlook

---

**RE: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts - Ameer Flippin Harlem Park Partners**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Thu 7/9/2026 4:32 PM

**To** dpapiez@foxrothschild.com <dpapiez@foxrothschild.com>

**Cc** marc.bilbao@fticonsulting.com <marc.bilbao@fticonsulting.com>; david.fowkes@fticapitaladvisors.com <david.fowkes@fticapitaladvisors.com>; soar@pjtpartners.com <soar@pjtpartners.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; mamilano@foxrothschild.com <mamilano@foxrothschild.com>; darren.klein@davispolk.com <darren.klein@davispolk.com>; mherz@foxrothschild.com <mherz@foxrothschild.com>

Dear Mr. Papiez,

Thank you for your response to my July 8 and July 9 correspondence.

The fact that Microsoft is raising the issue by filing an Objection implies that your party expects the contract to be possibly assigned to a winning bidder for the domain and IP Assets.

A consent inquiry is to establish the facts in the case on Microsoft's intentions and position post-Auction of domain assets.

Any response is highly appreciated.

Respectfully submitted,

/s/ Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com


On Thu, Jul 9, 2026 at 7:22 PM, David Papiez (Atty MSFT) <dpapiez@foxrothschild.com> wrote:


Mr. Flippin,

This email is in response to your correspondence dated July 8 and July 9. Questions regarding executory contracts and the associated obligations should be directed to your bankruptcy counsel and/or debtors' counsel. Microsoft cannot engage in discussions with prospective bidders for the debtors' assets.

Best,


David


**David P. Papiez**

**Partner**

**Fox Rothschild LLP**

Seattle

(206) 389-1566

dpapiez@foxrothschild.com

---

**From:** Ameer Flippin <ameerflippin@outlook.com>
**Sent:** Thursday, July 9, 2026 4:32 AM
**To:** Papiez, David <dpapiez@foxrothschild.com>; Herz, Michael R. <mherz@foxrothschild.com>
**Cc:** darren.klein@davispolk.com; soar@pjtpartners.com; david.fowkes@fticapitaladvisors.com; marc.bilbao@fticonsulting.com; dan.wikel@fticonsulting.com
**Subject:** [EXT] Re: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts - Ameer Flippin Harlem Park Partners


HARLEM PARK PARTNERS, INC.

Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 9, 2026

VIA EMAIL
FOX ROTHSCHILD LLP
Attn: Michael R. Herz & David P. Papiez
Counsel for Microsoft Corporation
49 Market Street
Morristown, NJ 07960
1001 Fourth Ave. Suite 4400
Seattle, WA 98154
Emails: mherz@foxrothschild.com dpapiez@foxrothschild.com

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts

Dear Counselors,

In a consideration of the need for more time to Meet and to Confer on this matter, I would like to share more details in preparation for a phone call.

The Objection outlined that the Debtors owe substantial cure amounts for monetary defaults under certain contracts for Microsoft software and licensing services, specifically the $6,941,215.55 debt outlined in your Limited Objection.
Before addressing the strict legal mechanics of the Objection, I would like to share my broader strategy directed to prior stakeholders in the Spirit Bankruptcy.

I am offering an alternative bid strategy to actually recoup losses from the bankruptcy regardless of the outcome of the post-liquidation of core assets during Chapter 11.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, my firm is suggesting a two-pronged approach:

 1. Operational Evolution:
My plan is to transition the Spirit brand name into a discount online booking travel company in the immediate near-term. The strategic roadmap positions the company to be poised to possibly fly again within two years.

 2. Financial Recoupment & Options Structure:

 In order to address prior stakeholder losses directly, we are offering Over-the-Counter (OTC) Call Options on stock in a new corporate entity for up to 2 years where I am allowing previous creditors and shareholders to purchase Call Options on stock up to the amount lost in a claim as a creditor or a shareholder. A stakeholder after purchasing Call Options doesn't have to make a decision to

exercise an Option to Purchase stock for up to 2 years, while assessing the progress of the new corporate entity.

The cost of the Call Options generally carries a 10% premium on the Stock Purchase Amount (up to approx. $694k) calculated based on the Black-Scholes Options Pricing Model. Given the need for more time to Meet and Confer, a security deposit of 10% (up to approx. $69K) of the 10% Options Price Amount ($694k) is required to hold a position for up to 90 days. Any deposit amount will be applied to the purchase of Call Options.

Our overarching strategy is to test the waters with accredited investors via a Regulations D Securities Offering directed to the Master Service List with the ultimate goal of initiating an Alternative Direct IPO for the stock of the startup within 3-to-12 months in the OTCMarkets.com environment.

Establishing clarification on your Objection is critical to this bidding strategy. I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Therefore, I seek your Consent or Non-consent to a Stipulation of Facts.

I look forward to scheduling a call.

Respectfully submitted,

/s/ Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

On Wed, Jul 8, 2026 at 7:17 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> July 8th, 2026
>
> HARLEM PARK PARTNERS, INC.
> Ameer Flippin, CEO
> 650 California St. 7 Fl
> San Francisco, CA 94108
> Telephone: (240) 581-4693
> AmeerFlippin@Outlook.com

VIA EMAIL
Michael R. Herz, Esq.
David P. Papiez, Esq.
FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
[mherz@foxrothschild.com](mailto:mherz@foxrothschild.com)
[dpapiez@foxrothschild.com](mailto:dpapiez@foxrothschild.com)

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts

Dear Attorneys Michael R. Herz and David P. Papiez,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc.

On July 7, 2026, your firm filed a "Limited Objection of Microsoft to Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount". This Objection outlined that the Debtors owe at least $6,941,215.55 to cure monetary defaults under certain contracts for Microsoft Corporation software and licensing services.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:

### Stipulation to Facts

1. The Objection filed by Microsoft Corporation in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for software and licensing services.

2. Harlem Park Partners, Inc. or any related forthcoming newly created corporate entity as a Potential Successful Bidder will in no way be liable for and/or for curing the executory contracts for software and licensing services of the debtor post-liquidation of Domain-related assets.

Establishing this clarification is critical to our bidding strategy as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Please provide a formal response indicating Microsoft Corporation's Consent or Non-consent to this [Proposed] Stipulation of Facts before July 10th, 2026.

Respectfully submitted,

*/s/Ameer Flippin*

HARLEM PARK PARTNERS, INC.

Ameer Flippin, CEO

650 California St. 7 Fl

San Francisco, CA 94108

Telephone: (240) 581-4693

AmeerFlippin@Outlook.com


P.S. - Related-Bankruptcy documents attached to email




Powered by HubSpot.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

 Outlook

---

**In re: Revised 2nd SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Thu 7/9/2026 11:52 AM

**To**   Mark Magnozzi Atty Oracle in Spirit <mmagnozzi@magnozzilaw.com>; (COUNSEL TO ORACLE) <schristianson@buchalter.com>

📎 1 attachment (104 KB)

f2 Letter of Consent in Template to Creditors on Objection Spirit Harlem Park Partners Ameer Flippin.pdf;

July 9, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

VIA EMAIL
THE MAGNOZZI LAW FIRM, P.C.
Attn: Mark F. Magnozzi, Esq.
Local Counsel for Oracle America, Inc.
23 Green Street, Suite 302
Huntington, NY 11743

BUCHALTER LLP
Attn: Shawn M. Christianson, Esq.
425 Market Street, Suite 2900
San Francisco, CA 94105

ORACLE AMERICA, INC.
Attn: Colin Farrell, Esq.
500 Oracle Parkway
Redwood City, CA 94065

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts

Dear Counselors,

In a consideration of the need for more time to Meet and to Confer on this matter, I would like to share more details in preparation for a phone call.

The Objection outlined that the Debtors owe substantial cure amounts for monetary defaults under certain contracts for Oracle software, cloud, licensing, and support services, specifically the $682,133.25 debt

outlined in your Limited Objection.

Before addressing the strict legal mechanics of the Objection, I would like to share my broader strategy directed to prior stakeholders in the Spirit Bankruptcy.

I am offering an alternative bid strategy to help recoup losses from the bankruptcy regardless of the outcome of the post-liquidation of core assets during the Spirit Chapter 11 Bankruptcy.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, Spirit.com, my firm is suggesting a two-pronged approach:

1. Operational Evolution:

My plan is to transition the Spirit brand name into a discount online booking travel company in the immediate near-term. The strategic roadmap positions the company to be poised to possibly fly again within two years.
Concurrently and in parallel alongside a possible Spirit.com discount brand, we are launching an affiliate premium online booking platform, StargateLuxAir.com.
The two affiliated brands will become part of a portfolio of companies under a forthcoming parent holding company structure.
Regardless of the outcome of the liquidation of assets in the Spirit Airlines Chapter 11 Bankruptcy, former Spirit shareholders, creditors, and parties have an opportunity to purchase options on stock in either a possible Spirit.com discount brand and/or a premium StargateLuxAir.com brand. In essence a startup is taking off during the winddown of an airline Chapter 11 Bankruptcy.

2. Financial Recoupment & Options Structure:

In order to address prior stakeholder losses directly, we are offering Over-the-Counter (OTC) Call Options on stock in new corporate entities for up to 2 years where I am allowing previous creditors and shareholders to purchase OTC Call Options on stock up to the amount lost in a claim as a creditor or a shareholder. A stakeholder after purchasing Call Options doesn't have to make a decision to exercise an Option to Purchase stock for up to 2 years, while assessing the progress of the new corporate entities.

The cost of the Call Options generally carries a 10% premium on the Stock Purchase Amount (up to approximately $68,213) calculated based on the Black-Scholes Options Pricing Model. Given the need for more time to Meet and Confer, a security deposit of 10% (up to approximately $6,821) of the 10% Options Price Amount ($68,213) is required to reserve the right to purchase Call Options for up to 90 days. Any deposit amount will be applied to the purchase of Call Options.

Our overarching strategy is to test the waters with accredited investors via a Regulation D Securities Offering directed to the Master Service List with the ultimate goal of initiating an Alternative Direct IPO for the stock of the startup(s) within 3-to-12 months in the OTCMarkets.com environment.

More information on the Standard OTC Options on Equities can be found at the links here:
https://bit.ly/IntlOptions  Standard ISDA OTC Agreement: https://bit.ly/OptionMaster1
Harlem Park Introduction Deck: https://bit.ly/HarlemParkIntro

Schedule a call here:

https://calendly.com/ameerflippin1/30min

Establishing clarification on your Objection is critical to this bidding strategy. I must accurately separate the liabilities attached to the Debtors' historical Oracle software, cloud, licensing, and support service

contracts from the unencumbered purchase of specific Intellectual Property assets.

Therefore, I seek your Consent or Non-consent to a Stipulation of Facts.

I look forward to scheduling a call.

Respectfully submitted,

/s/ Ameer Flippin

HARLEM PARK PARTNERS, INC.
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

 Outlook

---

**In re: Letter of Consent Inquiry on Stipulation to Facts in Spirit Airlines - Ameer Flippin Harlem Park Partners, Inc.**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Wed 7/8/2026 1:32 PM

**To** James Vandermark (Google Attorney Spirit Bankruptcy) <vandermarkj@whiteandwilliams.com>; Jeremiah J. Vandermark (Google Atty. in Spirit Bkrptcy) <vandermarkjj@whiteandwilliams.com>

📎 1 attachment (152 KB)

Letter of Consent Inquiry to Google LLC Attorneys in re Spirit Airlines Ch 11 Ameer Flippin HARLEM PARK PARTNERS.pdf;

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 8, 2026

**VIA EMAIL**

James C. Vandermark, Esq.
Jeremiah J. Vandermark, Esq.
WHITE AND WILLIAMS LLP
810 Seventh Ave, Suite 500
New York, NY 10019
vandermarkj@whiteandwilliams.com
vandermarkjj@whiteandwilliams.com

**RE: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts**

Dear Mr. James C. Vandermark and Mr. Jeremiah J. Vandermark,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc..

On July 7, 2026, your firm filed a "Limited Objection and Reservation of Rights of Google LLC to the Potential Assumption of Executory Contracts" (Doc 1286). This Objection outlined that the Debtors owe at least $1,287,896.19 to cure monetary defaults under certain contracts for Google Cloud and Google Ads services.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:
Stipulation to Facts:

1. **The Objection filed by Google LLC in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for cloud and advertising services.**

2. **2. Harlem Park Partners, Inc. or a related corporate entity as  a Potential Successful Bidder will in no way be liable for or for curing the executory contracts for cloud and advertising services of the debtor.**

Establishing this clarification is critical to our bidding strategy, as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Please provide a formal response indicating Google LLC's Consent or Non-consent to this [Proposed] Stipulation of Facts.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

P.S. – Related-Bankruptcy documents attached to email

Powered by HubSpot.

 **Outlook**

---

**Re: In re: 2nd Letter of Consent Inquiry on Stipulation to Facts in Spirit Airlines - Ameer Flippin Harlem Park Partners, Inc.**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Wed 7/8/2026 8:36 PM

**To** vandermarkj@whiteandwilliams.com <vandermarkj@whiteandwilliams.com>;
vandermarkjj@whiteandwilliams.com <vandermarkjj@whiteandwilliams.com>

**Cc** spirit.notice@davispolk.com <spirit.notice@davispolk.com>; darren.klein@davispolk.com
<darren.klein@davispolk.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>;
david.fowkes@fticapitaladvisors.com <david.fowkes@fticapitaladvisors.com>; marc.bilbao@fticonsulting.com
<marc.bilbao@fticonsulting.com>

**Bcc** soar_assets_wg@pjtpartners.com <soar_assets_wg@pjtpartners.com>


HARLEM PARK PARTNERS, INC.

Ameer Flippin, CEO

650 California St. 7 Fl

San Francisco, CA 94108

Telephone: (240) 581-4693

AmeerFlippin@Outlook.com


July 8th, 2026

VIA EMAIL

Counsel for Google LLC

In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts

Dear Counselor James Vandermark,

In consideration of the need for more time to Meet and to Confer on this matter, I would like to share more details in preparation for a phone call.

 The Objection outlined that the Debtors owe substantial cure amounts for monetary defaults under certain contracts for Google software and licensing services, similar to the $6,941,215.55 debt outlined in parallel objections.

Before addressing the strict legal mechanics of the Objection, I would like to share the broader picture directed to stakeholders in the Spirit Bankruptcy.

I am offering an alternative strategy to actually recoup losses from the bankruptcy.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, my firm is suggesting a two-pronged approach:

1. Operational Evolution:

My plan is to transition the Spirit brand name into a discount online booking travel company in the immediate term. The strategic roadmap positions the company to be poised to fly again within two years.

2. Financial Recoupment & Options Structure:

In order to address stakeholder losses directly, we are offering European Call Options on the new stock for up to 2 years where I am allowing creditors to purchase the amount lost.

A stakeholder doesn't have to make a stock purchase decision for up to 2 years, while assessing the progress of the new corporate entity.

This carries a 10% premium on Call Options ($694k) calculated based on the Black-Scholes Options Pricing Model. A deposit of 10% ($69K) of the 10% Options Price Amount is required to hold a position for up to 90 days.

Our overarching strategy is to test the waters with accredited investors via Regulations D Securities Offering on the Master Service List with the ultimate goal of initiating an Alternative IPO for the stock of the startup within 3 to 12 months in the OTCMarkets.com environment.

Establishing clarification on your Objection is critical to this bidding strategy. I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Therefore, I seek your Consent or Non-consent to a Stipulation of Facts.

I look forward to scheduling a call.

Respectfully submitted,

/s/Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

On Wed, Jul 8, 2026 at 4:32 PM, Ameer Flippin <[ameerflippin@outlook.com](mailto:ameerflippin@outlook.com)> wrote:

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

                                              July 8, 2026


**VIA EMAIL**

James C. Vandermark, Esq.
Jeremiah J. Vandermark, Esq.
WHITE AND WILLIAMS LLP
810 Seventh Ave, Suite 500
New York, NY 10019
[vandermarkj@whiteandwilliams.com](mailto:vandermarkj@whiteandwilliams.com)
vandermarkjj@whiteandwilliams.com

**RE: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts**

Dear Mr. James C. Vandermark and Mr. Jeremiah J. Vandermark,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc..

On July 7, 2026, your firm filed a "Limited Objection and Reservation of Rights of Google LLC to the Potential Assumption of Executory Contracts" (Doc 1286). This Objection outlined that the Debtors owe at least $1,287,896.19 to cure monetary defaults under certain contracts for Google Cloud and Google Ads services.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:
Stipulation to Facts:

   1. **The Objection filed by Google LLC in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for cloud and advertising services.**

·     2. **2. Harlem Park Partners, Inc. or a related corporate entity as  a Potential Successful Bidder will in no way be liable for or for curing the executory contracts for cloud and advertising services of the debtor.**
Establishing this clarification is critical to our bidding strategy, as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.
Please provide a formal response indicating Google LLC's Consent or Non-consent to this [Proposed] Stipulation of Facts.
Respectfully submitted,
*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO

650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

P.S. – Related-Bankruptcy documents attached to email

Powered by HubSpot.

 Outlook

---

**RE: In re: Letter of Consent Inquiry on Stipulation to Facts in Spirit Airlines - Ameer Flippin Harlem Park Partners, Inc. [WWLLP-PHLDMS1.FID2170719]**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Wed 7/8/2026 5:37 PM

**To**    Vandermarkj@whiteandwilliams.com <Vandermarkj@whiteandwilliams.com>

**Cc**    vandermarkjj@whiteandwilliams.com <vandermarkjj@whiteandwilliams.com>

Dear Mr. Vandermark,

Thank you for your prompt response.

I am available to discuss this matter and my inquiry regarding Google LLC's Consent or Non-consent to the proposed Stipulation of Facts at your convenience.

Please let me know a few times that work for you. I will do my best to accommodate.

Also, here's my calendar link for convenience:

https://calendly.com/ameerflippin1/30min

Respectfully,

/s/ Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com


On Wed, Jul 8, 2026 at 8:32 PM, James Vandermark (Google Attorney Spirit Bankruptcy) <Vandermarkj@whiteandwilliams.com> wrote:

> Ameer,
>
>
> Thank you for reaching out on this matter.  Please let us know when you are available to discuss.

Best,


-James




**James C. Vandermark** | Pronouns: "he" and "him"
810 Seventh Avenue | Suite 500 | New York, NY 10019
1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103
New York: 646.837.5791 | Philadelphia: 215.864.6857
vandermarkj@whiteandwilliams.com | whiteandwilliams.com

**Confidentiality Notice:** This e-mail message and any documents accompanying this e-mail transmission contain information from the law firm of White and Williams LLP which is privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this e-mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

---

**From:** Ameer Flippin <ameerflippin@outlook.com>
**Sent:** Wednesday, July 8, 2026 4:33 PM
**To:** Vandermark, James <Vandermarkj@whiteandwilliams.com>; Vandermark, Jeremiah <vandermarkjj@whiteandwilliams.com>
**Subject:** In re: Letter of Consent Inquiry on Stipulation to Facts in Spirit Airlines - Ameer Flippin Harlem Park Partners, Inc.


Some people who received this message don't often get email from ameerflippin@outlook.com. Learn why this is important

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 8, 2026

**VIA EMAIL**   Ex. C

James C. Vandermark, Esq.
Jeremiah J. Vandermark, Esq.
WHITE AND WILLIAMS LLP
810 Seventh Ave, Suite 500
New York, NY 10019
vandermarkj@whiteandwilliams.com
vandermarkjj@whiteandwilliams.com

**RE: In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts**

Dear Mr. James C. Vandermark and Mr. Jeremiah J. Vandermark,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc..

On July 7, 2026, your firm filed a "Limited Objection and Reservation of Rights of Google LLC to the Potential Assumption of Executory Contracts" (Doc 1286). This Objection outlined that the Debtors owe at least $1,287,896.19 to cure monetary defaults under certain contracts for Google Cloud and Google Ads services.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:
Stipulation to Facts:

1. **The Objection filed by Google LLC in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for cloud and advertising services.**

- 2. **2. Harlem Park Partners, Inc. or a related corporate entity as  a Potential Successful Bidder will in no way be liable for or for curing the executory contracts for cloud and advertising services of the debtor.**
Establishing this clarification is critical to our bidding strategy, as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.
Please provide a formal response indicating Google LLC's Consent or Non-consent to this [Proposed] Stipulation of Facts.
Respectfully submitted,
*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108

Telephone: (240) 581-4693

AmeerFlippin@Outlook.com

P.S. – Related-Bankruptcy documents attached to email

Powered by HubSpot.

Ex. D

📧 Outlook

---

## In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 5:05 PM

**To** Patrick Maxcy (Atty Alton in Spirit) <patrick.maxcy@dentons.com>

📎 1 attachment (154 KB)

Alton Aviation Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

July 10, 2026

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**DENTONS US LLP**
Attn: Patrick Maxcy, Esq.
Attorneys for Alton Aviation
Consultancy LLC Suite 5900
Chicago, IL 60606
Email: patrick.maxcy@dentons.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Professional Service Agreements, Administrative Fee Claims, and Retention Agreements**

Dear Attorney Patrick Maxcy,

In consideration of the ongoing post-liquidation proceedings and the "Eighth Monthly Fee Statement of Alton Aviation Consultancy LLC for Specialized Aviation Advisory Services Rendered and Reimbursement of Expenses Incurred as Professionals for the Official Committee of Unsecured Creditors" (Doc 1254) filed by your firm, I would like to inquire about Alton Aviation Consultancy LLC's ("Alton") "Consent or Non-Consent to a Stipulation of Facts."

**Request for Consent to Stipulation of Facts**

Establishing clear boundaries regarding your client's scheduled professional services and administrative fee claims is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any specialized aviation advisory services, professional retention agreements, administrative carve-outs, or underlying professional fee and expense obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

**Stipulation of Facts**

1. The filing of Alton's Monthly Fee Statements (Doc 1254), the Committee's Retention Order (Doc 500), or any subsequent objections or applications filed by Alton in these proceedings, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, paying, curing, or defaulting on any liabilities associated with the Debtors' professional fee obligations, administrative expenses, or advisory agreements with Alton.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your client's professional services and fee claims, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Eighth Monthly Fee Statement (Doc 1254), Alton is identified as a professional advisor to the Official Committee of Unsecured Creditors, authorized pursuant to the Retention Order effective as of September 19, 2025 (Doc 500). For the Statement Period of May 1, 2026 through May 31, 2026, Alton has requested total compensation and expense reimbursement of **$40,382.00** ($32,804.00 in professional fees and $7,578.00 in expense reimbursements).

We also acknowledge that your firm, Dentons US LLP, provides supporting legal services to Alton, accounting for the $7,578.00 in requested expenses for May 2026 under Invoice No. 5001-1081464.

Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

## 1. Operational Evolution & Portfolio Strategy

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.

Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

## 2. Financial Recoupment & Options Structure

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows Alton to hold options scaling up to the total professional fees and expenses claimed within the bankruptcy case without being forced to make an immediate capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium (**$4,038.20**) on the underlying Stock Purchase Amount (**$40,382.00** based on your client's filed monthly fee statement balance), calculated via the Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium (**$403.82**) is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3

to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: https://bit.ly/IntlOptions
- Standard ISDA OTC Agreement Template: https://bit.ly/OptionMasterl
- Harlem Park Corporate Introduction Deck: https://bit.ly/HarlemParkIntro
- Direct Scheduling Link for Counsel: https://calendly.com/ameerflippin1/30min

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

Outlook

---

## In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 4:43 PM

**To** Ruiqiao Wen (Atty Verizon in Spirit) <ruiqiao.wen@stinson.com>; Darrell Clark (Atty Verizon in Spirit) <darrell.clark@stinson.com>

📎 1 attachment (158 KB)

Verizon Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

July 10, 2026

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**STINSON LLP**
Attn: Darrell W. Clark, Esq.
& Ruiqiao Wen, Esq.
Attorneys for Operating Subsidiaries of
Verizon Communications Inc.
1775 Pennsylvania Ave., NW, Suite 800,
Washington, DC 20006
Email: darrell.clark@stinson.com
ruiqiao.wen@stinson.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorneys Darrell Clark and Ruiqiao Wen,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217, 1248) filed by the Debtors, I would like to inquire about the Operating Subsidiaries of Verizon Communications Inc.'s ("Verizon Entities") "Consent or Non-Consent to a Stipulation of Facts."

### Request for Consent to Stipulation of Facts

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any corporate wireless cellular

services, wireline business services, data connectivity network solutions, or underlying telecommunications agreements cure obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

## Stipulation of Facts

1. The listing of the Verizon Entities on the Potential Assumed Contracts Schedule (Doc 1217, 1248), or any subsequent Objection filed by the Verizon Entities, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with the Verizon Entities.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your clients' recent Limited Objection (Doc 1273), the Verizon Entities are identified as contract counterparties to certain Wireless Agreements (Lines 183 and 184 under Cellco Partnership) and a Wireline Agreement (Line 437 under MCI Communications Services Inc.). These agreements carry a total proposed cure cost of **$0.00** under the Debtors' schedule, which is actively disputed by the Verizon Entities' Proof of Claim (Claim No. 56) identifying a total **$362,891.17** Prepetition Balance, alongside outstanding post-petition balances for continuing services.

This prepetition balance is broken down into:

- **Cellco Partnership d/b/a Verizon Wireless:** $341,047.89
- **Verizon Business Global LLC and affiliates (including MCI):** $21,843.28

(Note: We also acknowledge that related agreements under Verizon Business Network Services Inc. on Lines 210 and 211 have been designated for rejection under Doc 1218).
Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

## 1. Operational Evolution & Portfolio Strategy

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.
Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

## 2. Financial Recoupment & Options Structure

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows the Verizon Entities to hold options scaling up to the net loss amount claimed within the bankruptcy case without being forced to make an immediate capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium (**$36,289.12**) on the underlying Stock Purchase Amount (**$362,891.17** based on your clients' filed prepetition claim balance), calculated via the

Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium (**$3,628.91**) is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: https://bit.ly/IntlOptions
- Standard ISDA OTC Agreement Template: https://bit.ly/OptionMaster1
- Harlem Park Corporate Introduction Deck: https://bit.ly/HarlemParkIntro
- Direct Scheduling Link for Counsel: https://calendly.com/ameerflippin1/30min

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

Ex. F

 Outlook

---

**In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 4:27 PM

**To**   Jessica Kennedy Bonteque (Atty. ESIS in Spirit) <jbonteque@duanemorris.com>; Wendy Simkulak (Atty ESIS in Spirit) <wmsimkulak@duanemorris.com>

---

📎 1 attachment (155 KB)

ESIS Inc Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

July 10, 2026
**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**DUANE MORRIS LLP**
Attn: Wendy M. Simkulak, Esq.
& Jessica Kenney Bonteque, Esq.
Counsel for ESIS, Inc.
30 South 17th Street
Philadelphia, PA 19103-4196
Email: wmsimkulak@duanemorris.com
JBonteque@duanemorris.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorneys Wendy M. Simkulak and Jessica Kennedy Bonteque,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217, 1248) filed by the Debtors, I would like to inquire about ESIS, Inc.'s ("ESIS") "Consent or Non-Consent to a Stipulation of Facts."

**Request for Consent to Stipulation of Facts**

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any claims handling services, risk management services, allocated loss expenses, service fees, or underlying corporate risk management agreement cure obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

<strong>Stipulation of Facts</strong>

1. The listing of ESIS on the Potential Assumed Contracts Schedule (Doc 1217, 1248) at line 229, or any subsequent Objection filed by ESIS, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with ESIS.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Objection and Reservation of Rights (Doc 1276), ESIS is identified as a contract counterparty to the Risk Management Service Agreement Amendment (Line 229) and the underlying Risk Management Services Agreement effective November 20, 2014 (collectively, the "ESIS Documents"). This relationship carries **no cure amount listed** ($0.00) under the Debtors' schedule, which is actively disputed and objected to by ESIS due to outstanding contingent and unliquidated Obligations subject to ongoing reconciliation. These outstanding Obligations across your ongoing business relationship include:

- **Claim payments**
- **Allocated loss expenses**
- **Service fees and/or other monetary and non-monetary obligations**

Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

## 1. Operational Evolution & Portfolio Strategy

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.
Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

## 2. Financial Recoupment & Options Structure

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows ESIS to hold options scaling up to the net loss amount ultimately reconciled or estimated within the bankruptcy case without being forced to make an immediate capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium on the underlying Stock Purchase Amount (calculated via the Black-Scholes Options Pricing Model and based upon the final determined, liquidated, or agreed-upon baseline cure and claim obligations).

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: [https://bit.ly/IntlOptions](https://bit.ly/IntlOptions)
- Standard ISDA OTC Agreement Template: [https://bit.ly/OptionMaster1](https://bit.ly/OptionMaster1)
- Harlem Park Corporate Introduction Deck: [https://bit.ly/HarlemParkIntro](https://bit.ly/HarlemParkIntro)
- Direct Scheduling Link for Counsel: [https://calendly.com/ameerflippin1/30min](https://calendly.com/ameerflippin1/30min)

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin
CEO 650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by [HubSpot](HubSpot).

 **Outlook**

---

**In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 4:08 PM

**To**    Eric Assouline (Atty BG Aerospace in Spirit <ena@assoulineberlowe.com>

📎 1 attachment (151 KB)

BG Aerospace Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

July 10, 2026

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**ASSOULINE & BERLOWE, P.A.**
Attn: Eric N. Assouline, Esq.
Counsel to BF Aerospace Inflatables LLC
a/k/a BF Aerospace
Miami Tower, 100 SE 2nd Street, Suite 3650
Miami, FL 33131
Email: ena@assoulineberlowe.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorney Eric N. Assouline,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217, 1248) filed by the Debtors, I would like to inquire about BF Aerospace Inflatables LLC's ("BF Aerospace") "Consent or Non-Consent to a Stipulation of Facts."

### Request for Consent to Stipulation of Facts

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any aerospace inflatables supply, aviation safety equipment maintenance, emergency systems servicing, or related product procurement agreement cure obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

**Stipulation of Facts**

1. The listing of BF Aerospace on the Potential Assumed Contracts Schedule (Doc 1217, 1248), or any subsequent Objection or pleading filed by BF Aerospace, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with BF Aerospace.
2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Notice of Appearance (Doc 1278), BF Aerospace is identified as a creditor and contract counterparty to certain executory contracts or unexpired leases (collectively, the "BF Aerospace Agreements"). These agreements carry a scheduled cure cost under the Debtors' schedule, which we understand may be subject to active reconciliation or dispute based on BF Aerospace's internal accounting of outstanding balances, product delivery invoices, and open maintenance accounts.

Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

**1. Operational Evolution & Portfolio Strategy**

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.
Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

**2. Financial Recoupment & Options Structure**

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows BF Aerospace to hold options scaling up to the net loss amount claimed within the bankruptcy case without being forced to make a capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium on the underlying Stock Purchase Amount based on the final determined cure obligations), calculated via the Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: https://bit.ly/IntlOptions
- Standard ISDA OTC Agreement Template: https://bit.ly/OptionMaster1
- Harlem Park Corporate Introduction Deck: https://bit.ly/HarlemParkIntro
- Direct Scheduling Link for Counsel: https://calendly.com/ameerflippin1/30min

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

 Outlook

---

## In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 3:55 PM

**To** Garrett Ledger (Atty T-Mobile in Spirit) <garrett.ledgerwood@millernash.com>

📎 1 attachment (155 KB)

T-Mobile Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

July 10, 2026

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**MILLER NASH LLP**
Attn: Garrett S. Ledgerwood, Esq.
Counsel to T-Mobile USA Inc.
1140 SW Washington St. Ste 700
Portland, Oregon 97205
Email: garrett.ledgerwood@millernash.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorney Garrett Ledgerwood,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217, 1248) filed by the Debtors, I would like to inquire about T-Mobile USA Inc.'s ("T-Mobile") "Consent or Non-Consent to a Stipulation of Facts."

**Request for Consent to Stipulation of Facts**

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any corporate cellular services, flight operations cellular services, IoT network solutions, or main corporate services agreement cure obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

Stipulation of Facts

1. The listing of T-Mobile on the Potential Assumed Contracts Schedule (Doc 1217, 1248), or any subsequent Objection filed by T-Mobile, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with T-Mobile.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Objection (Doc 1277), T-Mobile is identified as a contract counterparty to the T-Mobile Main Corporate Services Agreement dated April 17, 2025, as amended on November 7, 2025 (the "MCSA"). This agreement carries a stated cure cost of **$137,267.56** under the Debtors' schedule, which is actively disputed by T-Mobile's calculation of a total **$724,520.88** Outstanding Balance across its June 2026 invoices. This balance is broken down into:

- **Corporate cellular services:** $104,385.02
- **Flight operation services:** $237,903.26
- **IoT Services:** $382,232.60

Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

## 1. Operational Evolution & Portfolio Strategy

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.
Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

## 2. Financial Recoupment & Options Structure

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows T-Mobile to hold options scaling up to the net loss amount claimed within the bankruptcy case without being forced to make a capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium (**$13,726.76**) on the underlying Stock Purchase Amount (**$137,267.56** based on the Debtors' proposed cure amount), calculated via the Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium (**$1,372.68**) is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: https://bit.ly/IntlOptions
- Standard ISDA OTC Agreement Template: https://bit.ly/OptionMaster1
- Harlem Park Corporate Introduction Deck: https://bit.ly/HarlemParkIntro
- Direct Scheduling Link for Counsel: https://calendly.com/ameerflippin1/30min

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

Outlook

---

## In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 3:23 PM

**To** Joshua W. Cohen (Atty for Ar Inc Radio in Spirit) <jwcohen@daypitney.com>

📎 1 attachment (145 KB)

AR Inc Radio Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

July 10, 2026

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**DAY PITNEY LLP**
Attn: Joshua W. Cohen, Esq.
Counsel to Aeronautical Radio Inc.
195 Church Street, 15th Floor
New Haven, CT 06510
Email: jwcohen@daypitney.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorney Joshua W. Cohen,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217, 1248) filed by the Debtors, I would like to inquire about Aeronautical Radio Inc.'s ("ARINC") "Consent or Non-Consent to a Stipulation of Facts."

### Request for Consent to Stipulation of Facts

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any aeronautical data communications, satellite safety, network, common use, or ground data link service agreement cure obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

Stipulation of Facts

1. The listing of ARINC on the Potential Assumed Contracts Schedule (Doc 1217, 1248), or any subsequent Objection filed by ARINC, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with ARINC.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Limited Objection (Doc 1304), ARINC is identified as a contract counterparty to multiple Designated Contracts, specifically entry numbers 13, 14, and 133 through 141. These include the Globalink/VHF Aeronautical Data Communications Service Agreement and Service Agreement No. 7729 (collectively, the "ARINC Agreements"). These agreements carry a stated cure cost of **$450,538.63** under the Debtors' schedule (allocated entirely to entry 135), which is actively disputed by ARINC's calculation of **$570,010.44** across various open accounts (including ACARS, Avinat, and Inmarsat Satellite supplements).

Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

## 1. Operational Evolution & Portfolio Strategy

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.
Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

## 2. Financial Recoupment & Options Structure

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows ARINC to hold options scaling up to the net loss amount claimed within the bankruptcy case without being forced to make a capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium (**$45,053.86**) on the underlying Stock Purchase Amount (**$450,538.63** based on the Debtors' proposed cure amount), calculated via the Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium (**$4,505.39**) is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: https://bit.ly/IntlOptions
- Standard ISDA OTC Agreement Template: https://bit.ly/OptionMaster1
- Harlem Park Corporate Introduction Deck: https://bit.ly/HarlemParkIntro
- Direct Scheduling Link for Counsel: https://calendly.com/ameerflippin1/30min

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

 **Outlook**

---

## In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 3:07 PM

**To**  Glorioso Alessandra (Atty Mastercard in Spirit) <glorioso.alessandra@dorsey.com>

📎 1 attachment (144 KB)

Mastercard Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

**July 10, 2026**

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**DORSEY & WHITNEY LLP**
Attn: Alessandra Glorioso, Esq.
Counsel to Mastercard International Incorporated
1301 Avenue of the Americas, Floor 13
New York, New York 10019
Email: glorioso.alessandra@dorsey.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorney Alessandra Glorioso,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217, 1248) filed by the Debtors, I would like to inquire about Mastercard International Incorporated's ("Mastercard") "Consent or Non-Consent to a Stipulation of Facts."

### Request for Consent to Stipulation of Facts

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any transaction, credit, marketing, co-branding, or service agreement cure obligations.
Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

### Stipulation of Facts

1. The listing of Mastercard on the Potential Assumed Contracts Schedule (Doc 1217, 1248), or any subsequent Objection or Reservation of Rights filed by Mastercard, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with Mastercard.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Reservation of Rights (Doc 1305), Mastercard is identified as a contract counterparty to nine (9) listed entries on the Schedule, specifically lines 428 through 436. These include the Master Service Agreements, Co-Branding/Strategic Alliance Agreements, and Acceptance Agreements (collectively, the "Mastercard Agreements"). We also note your filing highlights several omitted underlying contracts and amendments, including the 2019 Acceptance Agreement, the 2015 Co-Branding/Strategic Alliance Agreement, and the 2025 Co-Brand Agreement.

As Mastercard is actively evaluating and identifying the precise cure amounts owed under these scheduled and omitted agreements, we want to ensure our bidding structures remain isolated from these shifting targets. Concurrently, I would like to share details regarding Harlem Park Partners, Inc.'s bidding strategy and initiate a Meet and Confer process to streamline our respective positions to benefit prior stakeholders in the Spirit Bankruptcy.

## 1. Operational Evolution & Portfolio Strategy

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.
Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

## 2. Financial Recoupment & Options Structure

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows Mastercard to hold options scaling up to the net loss amount ultimately claimed and finalized within the bankruptcy case without being forced to make an immediate capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium on the underlying Stock Purchase Amount (which will be directly matched to the finalized cure or claim amounts established by Mastercard and the Debtors), calculated via the Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the calculated premium is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: [https://bit.ly/IntlOptions](https://bit.ly/IntlOptions)
- Standard ISDA OTC Agreement Template: [https://bit.ly/OptionMaster1](https://bit.ly/OptionMaster1)
- Harlem Park Corporate Introduction Deck: [https://bit.ly/HarlemParkIntro](https://bit.ly/HarlemParkIntro)
- Direct Scheduling Link for Counsel: [https://calendly.com/ameerflippin1/30min](https://calendly.com/ameerflippin1/30min)

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by [HubSpot](HubSpot).

 Outlook

---

**: In re Spirit Aviation Holdings, Inc., 25-11897 – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 2:53 PM

**To**    Jeffrey Fine (Atty for Honeywell in Spirit) <jfine@dykema.com>; Williamson (Atty for Honeywell in Spirit) <dwilliamson@dykema.com>

📎 1 attachment (157 KB)

Honeywell Assign Consent Inquiry on Assignments & Assumptions Harlem Park Partners Ameer Flippin.pdf;

**July 10, 2026**

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

**VIA EMAIL**
**DYKEMA GOSSETT PLLC**
Attn: Deborah D. Williamson, Esq.
& Jeffrey R. Fine, Esq.
Counsel to Honeywell Aerospace US LLC
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205

1717 Main Street, Suite 4200
Dallas, TX 75201
Emails:
dwilliamson@dykema.com
jfine@dykema.com

**Re: In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) – Inquiry Regarding Consent to Stipulation of Facts Isolating Domain Asset Bid from Contract Liabilities, Any Assumptions, and Any Assignments**

Dear Attorneys Deborah Williamson and Jeffrey Fine,

In consideration of the ongoing post-liquidation proceedings and the "Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1217) filed on June 23, 2026, I would like to inquire about Honeywell Aerospace US LLC's ("Honeywell Aerospace") "Consent or Non-Consent to a Stipulation of Facts."

**Request for Consent to Stipulation of Facts**

Establishing clear boundaries regarding your company's scheduled contracts is vital to our bidding framework. Specifically, Harlem Park Partners, Inc. requires formal clarification to confirm that our bid for the unencumbered **Spirit.com Domain Assets and intellectual property** is completely insulated from any telecommunications, logistical, network, maintenance, or service agreement cure obligations.

Accordingly, we respectfully request your executed Consent or Non-consent to the following Stipulation of Facts:

**Stipulation of Facts**

1. The listing of Honeywell Aerospace on the Potential Assumed Contracts Schedule (Doc 1217, Exhibit A), or any subsequent Objection filed by Honeywell Aerospace, in no way implies, rules, or requires that a successful Bid/Bidder solely for the Domain Assets (Spirit.com) and associated Brand Names shall be held liable for assuming, curing, or defaulting on any liabilities associated with the Debtors' executory contracts or unexpired leases with Honeywell Aerospace.

2. Harlem Park Partners, Inc., along with any of its newly formed corporate affiliates or designees, shall enter any winning order for the Domain Assets with **zero forward liability, zero assumptions, and zero assignments** relative to your company's agreements, which shall remain entirely distinct from the intellectual property transaction.

As noted in the Debtors' schedules and your client's recent Cure Objection (Doc 1306), Honeywell Aerospace is identified as a contract counterparty to seventeen (17) executory contracts or unexpired leases, specifically contract numbers 263 through 279, which include the Product & Service (ISS) Agreement and the Maintenance Service Agreement (MSA) (collectively, the "Honeywell Aerospace Agreements"). These agreements carry a stated cure cost of **$2,654,295.98** under the Debtors' schedule, which is actively disputed by Honeywell Aerospace's calculation of **$2,590,522.60** (comprising $681,233.83 for the ISS Agreement and $1,909,288.77 for the MSA, exclusive of further claims relating to unreturned Consignment Inventory and five Model No. 131-9A aircraft Auxiliary Power Units).

Additionally, I would like to share more details regarding Harlem Park Partners, Inc.'s target bidding strategy and initiate a Meet and Confer process to streamline our respective positions. I want to outline our broader operational strategy designed to directly benefit prior stakeholders and counterparties in the Spirit Bankruptcy.

**1. Operational Evolution & Portfolio Strategy**

Our plan transitions the Spirit brand assets into a digital-first, discount online travel booking company in the immediate near-term, with a strategic roadmap positioned to return a carrier operation to the skies within two years. Concurrently, we are launching an affiliate premium online booking platform, **StargateLuxAir.com**. Both entities will reside under a unified parent holding company structure.

Regardless of the baseline liquidation outcome of physical core assets, former Spirit shareholders, creditors, and major contract counterparties have a unique window to participate in this reset via an Over-the-Counter (OTC) Call Options structure.

**2. Financial Recoupment & Options Structure**

To mitigate stakeholder losses directly, we are offering OTC Call Options on equity in the new corporate entities for a duration of up to two years. This allows Honeywell Aerospace to hold options scaling up to the net loss amount claimed within the bankruptcy case without being forced to make a capital expenditure decision today.

- **Option Premium:** The option cost carries a standard 10% premium (**$265,429.60**) on the underlying Stock Purchase Amount (**$2,654,295.98** based on the Debtors' proposed cure amount), calculated via the Black-Scholes Options Pricing Model.

- **Security Deposit:** Given the time-sensitive nature of the bidding windows, a security deposit of 10% of the premium (**$26,542.96**) is required to reserve these allocation rights for up to 90 days, which will be fully credited toward the option purchase.

- **Capital Market Execution:** This framework will be rolled out to accredited investors via a Regulation D Securities Offering targeting the Master Service List, with an eye toward an Alternative Direct IPO within 3 to 12 months in the OTCMarkets.com ecosystem.

**Reference Documentation Links:**

- Standard OTC Options on Equities Framework: https://bit.ly/IntlOptions
- Standard ISDA OTC Agreement Template: https://bit.ly/OptionMaster1
- Harlem Park Corporate Introduction Deck: https://bit.ly/HarlemParkIntro
- Direct Scheduling Link for Counsel: https://calendly.com/ameerflippin1/30min

Please review the above terms with your client. I look forward to scheduling a brief telephonic conference via the Calendly link above to confirm your position so we can submit a clean, risk-isolated bid to the Bankruptcy Court.

Respectfully submitted,

*/s/ Ameer Flippin*

**HARLEM PARK PARTNERS, INC.**
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

Powered by HubSpot.

**Outlook**

---

### In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Wed 7/8/2026 3:58 PM

**To** Ruthleona N. Clement, Esq. (Atty for Telesoft in Spirit) <rclement@bsk.com>; (Counsel to Telesoft LLC) <jkrell@bsk.com>

**Cc** Darren Klein <darren.klein@davispolk.com>; soar@pjtpartners.com <soar@pjtpartners.com>; david.fowkes@fticapitaladvisors.com <david.fowkes@fticapitaladvisors.com>; marc.bilbao@fticonsulting.com <marc.bilbao@fticonsulting.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>

📎 2 attachments (1 MB)

Letter of Consent to telesoft in Spirit Bkrptcy Ameer Flippin of HARLEM PARK PARTNERS.pdf; NYSB 25-11897 1272 - Motion to Intervene Ex-Parte Notice of and Motion of Ameer.pdf;

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 8, 2026

**VIA EMAIL**
Justin S. Krell, Esq.
Ruthleona N. Clement, Esq.
BOND SCHOENECK KING, PLLC
68 South Service Rd., Suite 400
Melville, NY 11747
jkrell@bsk.com
rclement@bsk.com

**In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) -
Inquiry Regarding Consent to Stipulation of Facts**

Dear Attorneys Justin S. Krell and Ruthleona N. Clement,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc.

On July 7, 2026, your firm filed a *"Limited Objection and Reservation of Rights to the Notice of Amended Schedule of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount" (Doc 1283).* This Objection outlined that the Debtors owe at least $89,640.15 to cure monetary defaults under certain contracts for Telesoft LLC, dba Calero-MDSL services.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:

**Stipulation to Facts:**

1.   The Objection filed by Telesoft LLC, dba Calero-MDSL in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for telecommunications management services.

2. Harlem Park Partners, Inc. or any related forthcoming newly created corporate entity as a Potential Successful Bidder will in no way be liable for and/or for curing the executory contracts for telecommunications management services of the debtor post-liquidation of Domain-related assets.

Establishing this clarification is critical to our bidding strategy as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Please provide a formal response indicating Telesoft LLC, dba Calero-MDSL's Consent or Non-consent to this [Proposed] Stipulation of Facts before July 10th, 2026.

Respectfully submitted,

/s/Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

P.S. - Related-Bankruptcy documents attached to email

Powered by HubSpot.

 Outlook

---

**Revised In re Spirit Aviation Holdings, Inc., et al., Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Thu 7/9/2026 1:51 PM

**To** Margaret Vesper (Atty for Masergy in Spirit) <vesperm@ballardspahr.com>; Laurel Roglen (Atty. for Masergy in Spirit) <roglenl@ballardspahr.com>; Matthew Summers (Atty. for Masergy in Spirit) <summersm@ballardspahr.com>

📎 2 attachments (162 KB)

compared final revised Masergy Letter of Consent Inquiry to Stipulation Masergy Harlem Park Partners Ameer Flippin.pdf; final revised Masergy Letter of Consent Inquiry to Stipulation Masergy Harlem Park Partners Ameer Flippin.pdf;

( revised to include Stipulation to Facts)

July 9, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

VIA EMAIL

BALLARD SPAHR LLP
Attn: Matthew G. Summers, Esq.
Counsel to Masergy Communications, Inc.
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

BALLARD SPAHR LLP
Attn: Laurel D. Roglen, Esq.
Counsel to Masergy Communications, Inc.
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

BALLARD SPAHR LLP
Attn: Margaret A. Vesper, Esq.
Counsel to Masergy Communications, Inc.
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**Re:** *In re Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL) — Inquiry Regarding Consent to Stipulation of Facts

Dear Counselors,

In consideration of the need for more time to Meet and Confer on this matter, I would like to share more details in preparation for a phone call.

The Objection outlines that the Debtors owe substantial cure amounts for monetary defaults under Masergy's service agreements. Your Limited Objection states that the Debtors improperly listed a "Vendor Agreement" for which Masergy is unaware of any existing agreement, disputes the proposed cure amount of $163,345.31 under the Master Service Agreement dated January 27, 2017, and asserts that the proper cure amount is $350,786.21 as of June 2026, together with any additional amounts becoming due through the closing of the proposed sale.

Before addressing the strict legal mechanics of the Objection, I would like to share my broader strategy directed to prior stakeholders in the Spirit Bankruptcy.
I am offering an alternative bid strategy to help recoup losses from the bankruptcy regardless of the outcome of the post-liquidation of core assets during the Spirit Chapter 11 Bankruptcy.

## 1. Operational Evolution

My plan is to transition the Spirit brand name into a discount online booking travel company in the immediate near-term. The strategic roadmap positions the company to be poised to possibly fly again within two years. Concurrently and in parallel alongside a possible Spirit.com discount brand, we are launching an affiliate premium online booking platform, StargateLuxAir.com.

The two affiliated brands will become part of a portfolio of companies under a forthcoming parent holding company structure.

Regardless of the outcome of the liquidation of assets in the Spirit Airlines Chapter 11 Bankruptcy, former Spirit shareholders, creditors, and parties have an opportunity to purchase options on stock in either a possible Spirit.com discount brand and/or a premium StargateLuxAir.com brand. In essence, a startup is taking off during the winddown of an airline Chapter 11 Bankruptcy.

## 2. Financial Recoupment & Options Structure

In order to address prior stakeholder losses directly, we are offering Over-the-Counter (OTC) Call Options on stock in new corporate entities for up to two years where I am allowing previous creditors and shareholders to purchase OTC Call Options on stock up to the amount lost in a claim as a creditor or a shareholder. A stakeholder after purchasing Call Options does not have to make a decision to exercise an Option to Purchase stock for up to two years while assessing the progress of the new corporate entities.

The cost or price of the Call Options generally carries a 10% premium ($35,078) on the Stock Purchase Amount ($350,786.21) calculated based on the Black-Scholes Options Pricing Model.

Given the need for more time to Meet and Confer, a security deposit of 10% ($3,507) of the applicable Options Price Amount ($35,078) is required to reserve the right to purchase Call Options for up to 90 days. Any deposit amount will be applied toward the purchase of Call Options.

Our overarching strategy is to test the waters with accredited investors via a Regulation D Securities Offering directed to the Master Service List with the ultimate goal of initiating an Alternative Direct IPO for the stock of the startup(s) within three to twelve months in the OTCMarkets.com environment.

More information on the Standard OTC Options on Equities can be found here:

https://bit.ly/IntlOptions

Standard ISDA OTC Agreement: https://bit.ly/OptionMaster1

Harlem Park Introduction Deck: https://bit.ly/HarlemParkIntro

Schedule a call: https://calendly.com/ameerflippin1/30min

Establishing clarification on your Objection is critical to this bidding strategy. Specifically, I seek to accurately determine the scope of any liabilities associated with the telecommunications, network infrastructure, managed communications, equipment, and related service agreements identified in your Limited Objection, and to distinguish those obligations from the unencumbered purchase of specific Spirit intellectual property assets.

Accordingly, I respectfully request your Consent or Non-consent to a Stipulation of Facts concerning the agreements identified in your Limited Objection and the corresponding cure obligations.

**Stipulation to Facts**

1. The Objection filed by Masergy in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for communications management services.

2. Harlem Park Partners, Inc. or any related forthcoming newly created corporate entity as a Potential Successful Bidder will in no way be liable for and/or for curing the executory contracts for telecommunications management services of the debtor post-liquidation of Domain-related assets.

I look forward to scheduling a call.

Respectfully submitted,

*/s/ Ameer Flippin*

HARLEM PARK PARTNERS, INC.
SEC CIK #: 0002001926
Ameer Flippin, CEO
650 California St., 7th Floor
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

 Powered by HubSpot.

 Outlook

---

## In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Wed 7/8/2026 4:36 PM

**To** David Trausch (Atty. Aersale in Spirit) <david.trausch@haynesboone.com>; (COUNSEL TO AERSALE, INC.) <lauren.sisson@haynesboone.com>; Kenric Kattner (Aersale Atty in Spirit) <kenric.kattner@haynesboone.com>; Kourtney Lyda (Atty. Aersale in Spirit) <kourtney.lyda@haynesboone.com>

**Cc** Darren Klein <darren.klein@davispolk.com>; ATTN: MARSHALL HUEBNER, DARREN KLEIN, AND <spirit.notice@davispolk.com>; Marshall Huebner <marshall.huebner@davispolk.com>; soar@pjtpartners.com <soar@pjtpartners.com>; david.fowkes@fticapitaladvisors.com <david.fowkes@fticapitaladvisors.com>; marc.bilbao@fticonsulting.com <marc.bilbao@fticonsulting.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>

📎 3 attachments (1 MB)

Letter of Consent to Aersale in Spirit Bkrptcy Ameer Flippin of HARLEM PARK PARTNERS.pdf; NYSB 25-11897 1272 - Motion to Intervene Ex-Parte Notice of and Motion Spirit Ameer Flippin Harlem Park Partners.pdf; Objection Aersale NYSB 25-11897 1281 - Objection Aersale, Inc s Objection to Cure Claim.pdf;

July 8th, 2026

**HARLEM PARK PARTNERS, INC.**
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

VIA EMAIL
Lauren Sisson, Esq.
Kenric D. Kattner, Esq.
Kourtney P. Lyda, Esq.
David Trausch, Esq.
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112 and

1221 McKinney Street, Suite 4000
Houston, TX 77010
lauren.sisson@haynesboone.com
kenric.kattner@haynesboone.com
kourtney.lyda@haynesboone.com
david.trausch@haynesboone.com

**In re: SPIRIT AVIATION HOLDINGS, INC., et al., Case No. 25-11897 (SHL) - Inquiry Regarding Consent to Stipulation of Facts**

Dear Attorneys Lauren Sisson, Kenric D. Kattner, Kourtney P. Lyda, and David Trausch,

I am writing to you to formally inquire about your Consent or Non-consent to a Stipulation of Facts regarding your recent filings. This inquiry is a necessary part of my due diligence as a Potential Bidder for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets" in the ongoing Chapter 11 bankruptcy proceedings of Spirit Aviation Holdings, Inc.

On July 7, 2026, your firm filed "AerSale, Inc.'s Objection to Cure Claim" (Doc 1281). This Objection outlined that the Debtors owe at least $192,848.43, in addition to approximately $14,000 per aircraft per month for future storage, routine maintenance, and repair services, to cure monetary defaults under certain contracts for AerSale, Inc.

As an interested party preparing an alternative bid strictly for the Spirit intellectual property and domain name, I seek your Consent or Non-consent to stipulate the following:

**Stipulation to Facts**

1. The Objection filed by AerSale, Inc. in no way implies that a successful Bid/Bidder for the Domain Assets (Spirit.com) and Brand Name will be held liable for assuming or curing the aforementioned debt associated with the Debtors' executory contracts for storage, maintenance, and repair services.

2. Harlem Park Partners, Inc. or any related forthcoming newly created corporate entity as a Potential Successful Bidder will in no way be liable for and/or for curing the executory contracts for storage, maintenance, and repair services of the debtor post-liquidation of Domain-related assets.

Establishing this clarification is critical to our bidding strategy as I must accurately separate the liabilities attached to the Debtors' historical operational service contracts from the unencumbered purchase of specific Intellectual Property assets.

Please provide a formal response indicating AerSale, Inc.'s Consent or Non-consent to this [Proposed] Stipulation of Facts before July 10th, 2026.

Respectfully submitted,

/s/Ameer Flippin

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

P.S. - Related-Bankruptcy documents attached to email

Powered by HubSpot.

Ex. O

 Outlook

## RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

**From** Robertson, Christopher <christopher.robertson@davispolk.com>

**Date** Fri 7/10/2026 10:05 AM

**To** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Ameer Flippin <ameerflippin@outlook.com>

**Cc** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com <soar_asset_sales@pjtpartners.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>



📎 5 attachments (5 MB)

1213 - Bidding Procedures Order.pdf; 1117 - Bidding Procedures Motion.pdf; 2026-07-02 [1264] 25-11897 Statement _ Notice of Filing of Revised Timeline in Connection with the Debtors' Bidding Procedures.pdf; 2026-07-07 [1284] 25-11897 Statement _ Notice of Filing of Revised Timeline in Connection with the Debtors' Bidding Procedures.pdf; 1220 - Notice of Filing of Revised Timeline in Connection with the Debtors' Bidding Procedures.pdf;

Attached please find the bidding procedures motion and order.  The actual bidding procedures begin on page 21 of the .pdf of the bidding procedures order.

Note that the Debtors may extend deadlines under the bidding procedures from time to time.  Also attached are notices setting forth certain modifications to the timelines set forth in the order.

**Christopher Robertson**

**Davis Polk & Wardwell** LLP

+1 212 450 4917 office

+1 914 393 4887 mobile

christopher.robertson@davispolk.com

**From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Sent:** Friday, July 10, 2026 12:48 PM
**To:** Ameer Flippin <ameerflippin@outlook.com>
**Cc:** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; dan.wikel@fticonsulting.com; David.Fowkes@fticapitaladvisors.com; Marc.Bilbao@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
**Subject:** Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

Mr. Flippin -

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.   That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions.   Which you also did last fall.

I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court.  As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.

I'm copying in our litigators.


**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP
+1 212 450 4099 office
marshall.huebner@davispolk.com


> On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>
>
> Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.
>
> Ameer Flippin
> 1.240.581.4693
>
>
> On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>> HARLEM PARK PARTNERS, INC.
>> 650 California St. 7th Fl
>> San Francisco, CA 94108
>> Telephone: (240) 581-4693
>> AmeerFlippin@Outlook.com
>>
>> July 10, 2026
>>
>> **VIA EMAIL**
>>
>> Darren Klein
>> Davis Polk & Wardwell LLP
>> (darren.klein@davispolk.com)
>>
>> **Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**

Dear Mr. Klein,

I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.

As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:

 1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.

 2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693


On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.
>
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> **1.240.581.4693**

Ex. O

 Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached  a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.
>
> A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> 1.240.581.4693

 Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> June 25th, 2026
>
>
> HARLEM PARK PARTNERS, INC.
> Ameer Flippin, CEO
> 650 California St. 7 Fl
> San Francisco, CA 94108
> Telephone: (240) 581-4693
> AmeerFlippin@Outlook.com
> *Pro se Interested Party as sole*
> *shareholder of Harlem Park Partners, Inc.,*
> *an Investment Advisory & Financial Engineering Firm*
>
> To: PJT Partners LP
> 280 Park Avenue
> New York, New York 10017
> Attn:soar@pjtpartners.com
>
> FTI Consulting, Inc.
> 155 North Wacker
> Chicago, IL 60606, USA
> Attn: Dan Wikel (dan.wikel@fticonsulting.com)
> Marc Bilbao (marc.bilbao@fticonsulting.com)
> David Fowkes (david.fowkes@fticapitaladvisors.com).

Ex. O

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring. This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

 **Outlook**

---

**Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Mon 7/6/2026 4:28 PM

**To**  SOAR – Assets WG <soar_assets_wg@pjtpartners.com>; Tom Higbie <higbie@pjtpartners.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; Vince Garcia <vince.garcia@pjtpartners.com>; soar@pjtpartners.com <soar@pjtpartners.com>; Darren Klein <darren.klein@davispolk.com>

📎 1 attachment (596 KB)

merged final 4 Ex Parte Relief on Bid App Ex Parte Notice and Motion Only to Become an Alternative Bid Harlem Park Partners, Inc. NYSB 25011897.pdf;

Dear PJT Partners and FTI Consulting,

Attn: Dan Wikel, Marc Balbao, and Soar Assets

Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.

Ameer Flippin
Harlem Park Partners, Inc.
**1.240.581.4693**

 Powered by [HubSpot](HubSpot).

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <[ameerflippin@outlook.com](mailto:ameerflippin@outlook.com)> wrote:
> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached  a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.
>
> A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> 1.240.581.4693
>
> 🔴 Powered by [HubSpot](HubSpot).

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <[ameerflippin@outlook.com](mailto:ameerflippin@outlook.com)> wrote:
> June 25th, 2026
>
>
> HARLEM PARK PARTNERS, INC.

Ex. O

Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com
*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel (dan.wikel@fticonsulting.com)
Marc Bilbao ([marc.bilbao@fticonsulting.com](mailto:marc.bilbao@fticonsulting.com))
David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of  Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring.  This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business  transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole
shareholder of Harlem Park Partners, Inc.,
an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

 Outlook

---

**Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines**

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 8:22 AM

**To** darren.klein@davispolk.com <darren.klein@davispolk.com>; spirit.notice@davispolk.com <spirit.notice@davispolk.com>; marshall.huebner@davispolk.com <marshall.huebner@davispolk.com>

**Cc** soar_asset_sales@pjtpartners.com <soar_asset_sales@pjtpartners.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; david.fowkes@fticapitaladvisors.com <david.fowkes@fticapitaladvisors.com>; marc.bilbao@fticonsulting.com <marc.bilbao@fticonsulting.com>

HARLEM PARK PARTNERS, INC.
650 California St. 7th Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 10, 2026

**VIA EMAIL**

Darren Klein
Davis Polk & Wardwell LLP
(darren.klein@davispolk.com)

**Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**

Dear Mr. Klein,

I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.

As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:

 1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.

 2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:
Dear PJT Partners and FTI Consulting,

Attn: Dan Wikel, Marc Balbao, and Soar Assets

Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.

Ameer Flippin
Harlem Park Partners, Inc.
**1.240.581.4693**

Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:
Dear PJT Partners and FTI Consulting,

Attn: Dan Wikel, Marc Balbao, and Soar Assets

Please find attached a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.

A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.

Ameer Flippin
Harlem Park Partners, Inc.
1.240.581.4693

Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

June 25th, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com
*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel (dan.wikel@fticonsulting.com)
Marc Bilbao (marc.bilbao@fticonsulting.com)
David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly

under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring. This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole
shareholder of Harlem Park Partners, Inc.,
an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

Ex. O

 Outlook

---

**Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines**

---

**From** Huebner, Marshall S. <marshall.huebner@davispolk.com>

**Date** Fri 7/10/2026 9:48 AM

**To** Ameer Flippin <ameerflippin@outlook.com>

**Cc** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com <soar_asset_sales@pjtpartners.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>

 2 attachments (222 KB)

Outlook Document.pdf; final revised Masergy Letter of Consent Inquiry to Stipulation Masergy Harlem Park Partners Ameer Flippin.pdf;

Mr. Flippin -

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.   That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions.   Which you also did last fall.

I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court.  As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.

I'm copying in our litigators.

**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP
+1 212 450 4099 office
marshall.huebner@davispolk.com

On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:

Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.

Ameer Flippin
1.240.581.4693

On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
HARLEM PARK PARTNERS, INC.
650 California St. 7th Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 10, 2026

**VIA EMAIL**

Darren Klein
Davis Polk & Wardwell LLP
(darren.klein@davispolk.com)

**Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**

Dear Mr. Klein,

I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.

As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:

1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.

2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:
Dear PJT Partners and FTI Consulting,

Attn: Dan Wikel, Marc Balbao, and Soar Assets

Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.

Ameer Flippin
Harlem Park Partners, Inc.
**1.240.581.4693**

 Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:
Dear PJT Partners and FTI Consulting,

Attn: Dan Wikel, Marc Balbao, and Soar Assets

Please find attached a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.

A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.

Ameer Flippin

Ex. O

Harlem Park Partners, Inc.
1.240.581.4693

 Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com>
wrote:

June 25th, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com
*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel (dan.wikel@fticonsulting.com)
Marc Bilbao (marc.bilbao@fticonsulting.com)
David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse
Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of  Harlem Park Partners, Inc. respectfully request a "Meet
and Confer Meeting" to present a comprehensive alternative bid strategy regarding
the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid
Strategy"* pending any failure in the current bidding strategy followed by and
during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become
the Stalking Horse in any instance where there is consideration of this alternative
bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value
of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc.
would like to Motion the court to Bid on only the Name Brand Assets of "Spirit

Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring. This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole
shareholder of Harlem Park Partners, Inc.,
an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

 Outlook

---

## RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

---

**From** Robertson, Christopher <christopher.robertson@davispolk.com>

**Date** Fri 7/10/2026 10:05 AM

**To**   Huebner, Marshall S. <marshall.huebner@davispolk.com>; Ameer Flippin <ameerflippin@outlook.com>

**Cc**   Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com <soar_asset_sales@pjtpartners.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>

📎 5 attachments (5 MB)

1213 - Bidding Procedures Order.pdf; 1117 - Bidding Procedures Motion.pdf; 2026-07-02 [1264] 25-11897 Statement _ Notice of Filing of Revised Timeline in Connection with the Debtors' Bidding Procedures.pdf; 2026-07-07 [1284] 25-11897 Statement _ Notice of Filing of Revised Timeline in Connection with the Debtors' Bidding Procedures.pdf; 1220 - Notice of Filing of Revised Timeline in Connection with the Debtors' Bidding Procedures.pdf;


Attached please find the bidding procedures motion and order.  The actual bidding procedures begin on page 21 of the .pdf of the bidding procedures order.

Note that the Debtors may extend deadlines under the bidding procedures from time to time.  Also attached are notices setting forth certain modifications to the timelines set forth in the order.

**Christopher Robertson**

**Davis Polk & Wardwell** LLP

+1 212 450 4917 office

+1 914 393 4887 mobile

christopher.robertson@davispolk.com

---

**From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Sent:** Friday, July 10, 2026 12:48 PM
**To:** Ameer Flippin <ameerflippin@outlook.com>
**Cc:** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; dan.wikel@fticonsulting.com; David.Fowkes@fticapitaladvisors.com; Marc.Bilbao@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
**Subject:** Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

Mr. Flippin -

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.   That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions.   Which you also did last fall.

I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court.  As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.

I'm copying in our litigators.


**Marshall S. Huebner**

**Davis Polk & Wardwell LLP**
+1 212 450 4099 office
marshall.huebner@davispolk.com


> On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>
>
> Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.
>
> Ameer Flippin
> 1.240.581.4693
>
>
> On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>> HARLEM PARK PARTNERS, INC.
>> 650 California St. 7th Fl
>> San Francisco, CA 94108
>> Telephone: (240) 581-4693
>> AmeerFlippin@Outlook.com
>>
>> July 10, 2026
>>
>> **VIA EMAIL**
>>
>> Darren Klein
>> Davis Polk & Wardwell LLP
>> (darren.klein@davispolk.com)
>>
>> **Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**

Dear Mr. Klein,

I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.

As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:

 1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.

 2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693


On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.
>
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> **1.240.581.4693**

 Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached  a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.
>
> A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> 1.240.581.4693
>
>  Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> June 25th, 2026
>
>
> HARLEM PARK PARTNERS, INC.
> Ameer Flippin, CEO
> 650 California St. 7 Fl
> San Francisco, CA 94108
> Telephone: (240) 581-4693
> AmeerFlippin@Outlook.com
> *Pro se Interested Party as sole*
> *shareholder of Harlem Park Partners, Inc.,*
> *an Investment Advisory & Financial Engineering Firm*
>
> To: PJT Partners LP
> 280 Park Avenue
> New York, New York 10017
> Attn:soar@pjtpartners.com
>
> FTI Consulting, Inc.
> 155 North Wacker
> Chicago, IL 60606, USA
> Attn: Dan Wikel (dan.wikel@fticonsulting.com)
> Marc Bilbao (marc.bilbao@fticonsulting.com)
> David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring. This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business  transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

 Outlook

## RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 11:30 AM

**To**    Christopher Robertson <christopher.robertson@davispolk.com>; Marshall Huebner <marshall.huebner@davispolk.com>

**Cc**    Darren Klein <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; ATTN: MARSHALL HUEBNER, DARREN KLEIN, AND <spirit.notice@davispolk.com>; Soar - asset sales <soar_asset_sales@pjtpartners.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; Benjamin S. Kaminetzky <ben.kaminetzky@davispolk.com>; Marc J. Tobak <marc.tobak@davispolk.com>; Nicholas D'Angelo <nicholas.dangelo@davispolk.com>

 1 attachment (229 KB)

Responsive Email to Christopher Robertson and Marshall Huebner Spirit Harlem Park Partners Ameer Flippin 7.10.26.pdf;

July 10th, 2026

Subject: In re: Bid for Brand Name Assets of Spirit Airlines

Dear Christopher Robertson and Marshall Huebner,

I am in receipt of the bid procedures provided by Mr. Robertson which I have been well aware of since working on the bankruptcy. Thank you for forwarding those documents.

While I note your characterization of my filings, I must respectfully disagree. These motions were not filed to obstruct, but are a direct response to a significant market uncertainty that currently prevents me from submitting a qualified and competitive bid.

My firm's interest remains in the "Spirit.com" domain and related brand assets. However, I am observing that several large corporate parties, including Microsoft and Oracle, have filed objections in these proceedings that imply, or explicitly argue, that contracts will be assigned to winning bidders of specific assets. Given the current lack of clarification regarding whether these contracts—and their associated prior liabilities—will attach to the Spirit.com domain, it is analytically impossible to conduct the necessary risk assessment to place a competitive bid.

A prospective bidder cannot reasonably submit a bid for assets where the liability profile remains opaque and subject to competing interpretations by major creditors. My requested Motion for Clarification is the only mechanism available to resolve this ambiguity so that I may proceed in full compliance with the established bid procedures. I am requesting a Meet and Confer specifically to resolve these issues of contract assignment and liability. A brief conversation would clarify whether these liabilities are part of the sale, which would immediately remove the need for further motion practice and allow me to proceed with the financial verification steps your team has requested.

In terms of the ability to pay for assets, Harlem Park Partners, Inc. is prepared to rapidly securitize the transaction with a Regulation D Debt/Equity Offering targeting internal accredited investors who have an interest in the bankruptcy.

Additionally, our firm is prepared to register a Direct Initial Public Securities Offering in the OTCMarkets.com environment, if the Regulation D Offering is not promising.

We are implementing the same payment mechanisms and strategies implemented by previous parties associated with Spirit Airlines in previous transactions before and during several bankruptcies.

Please let me know your availability for a call to meet and to Confer on the issues. I am eager to resolve this impasse so that we can focus on the viability of the bid itself.

Here's my calendar: [https://calendly.com/ameerflippin1/30min](https://calendly.com/ameerflippin1/30min) .

Respectfully,

/s/Ameer Flippin

Ameer Flippin CEO, Harlem Park Partners, Inc.
1.240.581.4693

Attached More Detailed Direct Response to Mr. Huebner's Email.

Mr. Flippin -

**Concern #1:**

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

*Ameer's Response:*

*I am in receipt of your email dated July 10, 2026. Given the uncharacteristically aggressive and unprofessional tone of your correspondence, I am deeply concerned that your email account may have been compromised or that this message was drafted by someone else. This tone does not align with the professional standard I would expect from a partner at Davis Polk & Wardwell, and hope we can resolve this through a direct, substantive conversation.*

- *Regarding the appropriateness of filings: My recent motions are not "threats," but rather legal procedural requirements for any party to receive an official clarification of facts. It is impossible for me to submit a qualified, competitive bid for the "Spirit.com" domain without knowing if the asset includes the assignment of existing contracts and prior liabilities.*

**Concern #2:**

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules. The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

***Ameer's Response:***

- ***Regarding financial proof:*** *You noted that your investment bankers have requested financial proof on three occasions. Those professionals are aware of and are implementing the same financial structuring tools (LPs, Regulation D Offerings, and Direct Public Offerings -DPOs).*
*I have not responded to those specific requests because it is commercially impossible to finalize or provide proof of ability to consummate a transaction when the fundamental nature of the asset— specifically, its liability profile after a Winning Bid — remains undefined.*

### Concern #3:

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.  That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

### Ameer's Response:

- ***Regarding "confusing" counterparties:*** *My communications with counterparties were professional "Consent Inquiries" intended to resolve due diligence matters. They were designed to ensure transparency, not to obstruct, harass, or "confuse" other parties as you suggest.*

- ***Regarding gatekeeper provisions:*** *I acknowledge the court-approved bidding provisions. As an interested bidder, our strategy is structured to help recoup lost assets by several different parties including companies with claims against the debtors' which remains in line with the purpose and the rules of bankruptcy proceedings.*

*The urgency of my filings is driven by the fact that large corporate parties, including Microsoft and Oracle, have filed Objections very late in these proceedings which explicitly implies that contracts will be assigned to winning bidders. This creates a massive uncertainty for the "Spirit.com" domain. Without specific clarification regarding whether these contracts and liabilities will attach to the domain, a competitive bid is impossible to structure.*

Therefore, Ex-Parte Motions for Clarification and a Stay of Proceedings related to the Bid for Domain related Assets, Spirit.com, are being prepared for filing. These are the only Motions that can address the matter at hand as an interested party.

I request a *"Meet and Confer"* to move past these procedural hurdles and address the substance of the liability and contract issues. Please confirm that you are the author of the email sent today, and let me know your availability for a call so we can resolve these matters efficiently.

Here's my calendar: https://calendly.com/ameerflippin1/30min .

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

Ex. O

On Fri, Jul 10, 2026 at 1:05 PM, Christopher Robertson <christopher.robertson@davispolk.com> wrote:

Attached please find the bidding procedures motion and order.  The actual bidding procedures begin on page 21 of the .pdf of the bidding procedures order.

Note that the Debtors may extend deadlines under the bidding procedures from time to time.  Also attached are notices setting forth certain modifications to the timelines set forth in the order.

**Christopher Robertson**

**Davis Polk & Wardwell** LLP

+1 212 450 4917 office
+1 914 393 4887 mobile

christopher.robertson@davispolk.com

---

**From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Sent:** Friday, July 10, 2026 12:48 PM
**To:** Ameer Flippin <ameerflippin@outlook.com>
**Cc:** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; dan.wikel@fticonsulting.com; David.Fowkes@fticapitaladvisors.com; Marc.Bilbao@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
**Subject:** Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

Mr. Flippin -

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.   That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions.   Which you also did last fall.

I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court.  As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.

I'm copying in our litigators.

**Marshall S. Huebner**

**Davis Polk & Wardwell LLP**

+1 212 450 4099 office

marshall.huebner@davispolk.com

> On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>
> Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.

Ameer Flippin
1.240.581.4693

Ex. O

On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:

HARLEM PARK PARTNERS, INC.
650 California St. 7th Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

July 10, 2026

**VIA EMAIL**

Darren Klein
Davis Polk & Wardwell LLP
(darren.klein@davispolk.com)

**Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**

Dear Mr. Klein,

I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.

As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:

 1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.

 2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> **1.240.581.4693**
>
>  Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.
>
> A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.
>
> Ameer Flippin

Harlem Park Partners, Inc.
1.240.581.4693

 Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com>
wrote:

June 25th, 2026

HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com
*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel (dan.wikel@fticonsulting.com)
Marc Bilbao (marc.bilbao@fticonsulting.com)
David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse
Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of  Harlem Park Partners, Inc. respectfully request a "Meet and
Confer Meeting" to present a comprehensive alternative bid strategy regarding the
Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid
Strategy"* pending any failure in the current bidding strategy followed by and during
an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking
Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring. This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business  transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

 Outlook

**RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines**

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 12:26 PM

**To** christopher.robertson@davispolk.com <christopher.robertson@davispolk.com>

**Cc** darren.klein@davispolk.com <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; spirit.notice@davispolk.com <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com <soar_asset_sales@pjtpartners.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; ben.kaminetzky@davispolk.com <ben.kaminetzky@davispolk.com>; marc.tobak@davispolk.com <marc.tobak@davispolk.com>; nicholas.dangelo@davispolk.com <nicholas.dangelo@davispolk.com>; marshall.huebner@davispolk.com <marshall.huebner@davispolk.com>

Dear Mr. Robertson,

Thank you for sending the schedule.

If possible, please direct me to any mention of the Spirit.com related IP Assets on the schedule that might have an assignment.

Did an auction for Domain related Spirit.com Assets start today as possibly indicated?

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693
AmeerFlippin@Outlook.com

On Fri, Jul 10, 2026 at 3:09 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear Christopher Robertson and Epiq 11 Administrators,
>
> Please find a partial Notice from Document #1117,pg. 115, where it indicates the existence of the "Potential Assumed Contracts Schedule." If possible please reply with a copy of the schedule attached.
>
> I am unable to find the schedule.
>
> Ameer Flippin
> 1.240.581.4693
>
> PLEASE TAKE FURTHER NOTICE that, upon the closing of the Sale Transaction, the Debtors intend to assume and assign to the Successful Bidder(s) (whether or not a Stalking Horse Bidder) the Potential Assumed Contracts. A schedule listing the Potential Assumed Contracts (the "Potential Assumed Contracts Schedule") is attached hereto and may also be accessed free of charge on the

Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines or can be requested by email at SpiritAirlinesInfo@epiqglobal.com. In addition, the "Cure Costs," if any, necessary for the assumption and assignment of the Potential Assumed Contracts are set forth on the Potential Assumed Contracts Schedule. Each Cure Cost listed on the Potential Assumed Contracts Schedule represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the closing of the Sale Transaction, or other applicable date upon which such assumption and assignment will become effective, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale Transaction or other applicable date upon which such assumption and assignment will become effective.
YOU ARE RECEIVING

Powered by HubSpot.

On Fri, Jul 10, 2026 at 2:43 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:
> FYI,
> Please find copies attached of the prior related email from you which is believed to have been hacked.

Powered by HubSpot.

On Fri, Jul 10, 2026 at 2:30 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:
> July 10th, 2026
>
> Subject: In re: Bid for Brand Name Assets of Spirit Airlines
>
> Dear Christopher Robertson and Marshall Huebner,
>
> I am in receipt of the bid procedures provided by Mr. Robertson which I have been well aware of since working on the bankruptcy. Thank you for forwarding those documents.
>
> While I note your characterization of my filings, I must respectfully disagree. These motions were not filed to obstruct, but are a direct response to a significant market uncertainty that currently prevents me from submitting a qualified and competitive bid.
>
> My firm's interest remains in the "Spirit.com" domain and related brand assets. However, I am observing that several large corporate parties, including Microsoft and Oracle, have filed objections in these proceedings that imply, or explicitly argue, that contracts will be assigned to winning bidders of specific assets. Given the current lack of clarification regarding whether these contracts—and their associated prior liabilities—will attach to the Spirit.com domain, it is analytically impossible to conduct the necessary risk assessment to place a competitive bid.
>
> A prospective bidder cannot reasonably submit a bid for assets where the liability profile remains opaque and subject to competing interpretations by major creditors. My requested Motion for Clarification is the only mechanism available to resolve this ambiguity so that I may proceed in full compliance with the established bid procedures. I am requesting a Meet and Confer specifically to resolve these issues of contract assignment and liability. A brief conversation would clarify whether these liabilities are part of the sale, which would immediately remove the need for further motion practice and allow me to proceed with the financial verification steps your team has requested.

In terms of the ability to pay for assets, Harlem Park Partners, Inc. is prepared to rapidly securitize the transaction with a Regulation D Debt/Equity Offering targeting internal accredited investors who have an interest in the bankruptcy.

Additionally, our firm is prepared to register a Direct Initial Public Securities Offering in the OTCMarkets.com environment, if the Regulation D Offering is not promising.

We are implementing the same payment mechanisms and strategies implemented by previous parties associated with Spirit Airlines in previous transactions before and during several bankruptcies.

Please let me know your availability for a call to meet and to Confer on the issues. I am eager to resolve this impasse so that we can focus on the viability of the bid itself.

Here's my calendar: [https://calendly.com/ameerflippin1/30min](https://calendly.com/ameerflippin1/30min) .

Respectfully,

*/s/Ameer Flippin*

Ameer Flippin CEO, Harlem Park Partners, Inc.
1.240.581.4693

Attached More Detailed Direct Response to Mr. Huebner's Email.

Mr. Flippin -

**Concern #1:**

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

*Ameer's Response:*

*I am in receipt of your email dated July 10, 2026. Given the uncharacteristically aggressive and unprofessional tone of your correspondence, I am deeply concerned that your email account may have been compromised or that this message was drafted by someone else. This tone does not align with the professional standard I would expect from a partner at Davis Polk & Wardwell, and hope we can resolve this through a direct, substantive conversation.*

- *Regarding the appropriateness of filings: My recent motions are not "threats," but rather legal procedural requirements for any party to receive an official clarification of facts. It is impossible for me to submit a qualified, competitive bid for the "Spirit.com" domain without knowing if the asset includes the assignment of existing contracts and prior liabilities.*

**Concern #2:**

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules. The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction. You have not responded to any of those requests.

***Ameer's Response:***

- ***Regarding financial proof:*** *You noted that your investment bankers have requested financial proof on three occasions. Those professionals are aware of and are implementing the same financial structuring tools (LPs, Regulation D Offerings, and Direct Public Offerings -DPOs). I have not responded to those specific requests because it is commercially impossible to finalize or provide proof of ability to consummate a transaction when the fundamental nature of the asset— specifically, its liability profile after a Winning Bid — remains undefined.*

**Concern #3:**

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them. That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

**Ameer's Response:**

- ***Regarding "confusing" counterparties:*** *My communications with counterparties were professional "Consent Inquiries" intended to resolve due diligence matters. They were designed to ensure transparency, not to obstruct, harass, or "confuse" other parties as you suggest.*

- ***Regarding gatekeeper provisions:*** *I acknowledge the court-approved bidding provisions. As an interested bidder, our strategy is structured to help recoup lost assets by several different parties including companies with claims against the debtors' which remains in line with the purpose and the rules of bankruptcy proceedings.*

*The urgency of my filings is driven by the fact that large corporate parties, including Microsoft and Oracle, have filed Objections very late in these proceedings which explicitly implies that contracts will be assigned to winning bidders. This creates a massive uncertainty for the "Spirit.com" domain. Without specific clarification regarding whether these contracts and liabilities will attach to the domain, a competitive bid is impossible to structure.*

Therefore, Ex-Parte Motions for Clarification and a Stay of Proceedings related to the Bid for Domain related Assets, Spirit.com, are being prepared for filing. These are the only Motions that can address the matter at hand as an interested party.

I request a *"Meet and Confer"* to move past these procedural hurdles and address the substance of the liability and contract issues. Please confirm that you are the author of the email sent today, and

let me know your availability for a call so we can resolve these matters efficiently.

Here's my calendar: https://calendly.com/ameerflippin1/30min .

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Fri, Jul 10, 2026 at 1:05 PM, Christopher Robertson <christopher.robertson@davispolk.com> wrote:

> Attached please find the bidding procedures motion and order.  The actual bidding procedures begin on page 21 of the .pdf of the bidding procedures order.
>
> Note that the Debtors may extend deadlines under the bidding procedures from time to time.  Also attached are notices setting forth certain modifications to the timelines set forth in the order.
>
> **Christopher Robertson**
>
> **Davis Polk & Wardwell** LLP
>
> +1 212 450 4917 office
> +1 914 393 4887 mobile
>
> christopher.robertson@davispolk.com
>
> ---
>
> **From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
> **Sent:** Friday, July 10, 2026 12:48 PM
> **To:** Ameer Flippin <ameerflippin@outlook.com>
> **Cc:** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; dan.wikel@fticonsulting.com; David.Fowkes@fticapitaladvisors.com; Marc.Bilbao@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
> **Subject:** Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines
>
> Mr. Flippin -

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.   That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions.   Which you also did last fall.

I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court.  As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.

I'm copying in our litigators.


**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP

+1 212 450 4099 office

marshall.huebner@davispolk.com


On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:

Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.

Ameer Flippin
1.240.581.4693

On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> HARLEM PARK PARTNERS, INC.
> 650 California St. 7th Fl
> San Francisco, CA 94108
> Telephone: (240) 581-4693
> AmeerFlippin@Outlook.com
>
> July 10, 2026
>
> **VIA EMAIL**
>
> Darren Klein
> Davis Polk & Wardwell LLP
> (darren.klein@davispolk.com)
>
> **Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**
>
> Dear Mr. Klein,
>
> I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.
>
> As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:
>
>  1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.
>
>  2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.
>
> I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> **1.240.581.4693**
>
>  Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

>> Dear PJT Partners and FTI Consulting,
>>
>> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>>
>> Please find attached a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.

A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.

Ameer Flippin
Harlem Park Partners, Inc.
1.240.581.4693

 Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

June 25th, 2026


HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com
*Pro se Interested Party as sole
shareholder of Harlem Park Partners, Inc.,
an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel (dan.wikel@fticonsulting.com)
Marc Bilbao (marc.bilbao@fticonsulting.com)
David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring. This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business  transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.

 Outlook

## RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

**From** Robertson, Christopher <christopher.robertson@davispolk.com>

**Date** Fri 7/10/2026 12:32 PM

**To** Ameer Flippin <ameerflippin@outlook.com>

**Cc** Klein, Darren S. <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com <soar_asset_sales@pjtpartners.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>

The timeline for the sale process for the IP assets is as set forth in the notice filed at Docket No. 1264 provided previously.

I cannot direct you to any specific contracts.

**Christopher Robertson**

**Davis Polk & Wardwell** LLP

+1 212 450 4917 office

+1 914 393 4887 mobile

christopher.robertson@davispolk.com

---

**From:** Ameer Flippin <ameerflippin@outlook.com>
**Sent:** Friday, July 10, 2026 3:27 PM
**To:** Robertson, Christopher <christopher.robertson@davispolk.com>
**Cc:** Klein, Darren S. <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; David.Fowkes@fticapitaladvisors.com; dan.wikel@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Subject:** RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

Dear Mr. Robertson,

Thank you for sending the schedule.

If possible, please direct me to any mention of the Spirit.com related IP Assets on the schedule that might have an assignment.

Did an auction for Domain related Spirit.com Assets start today as possibly indicated?

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.

1.240.581.4693
AmeerFlippin@Outlook.com

On Fri, Jul 10, 2026 at 3:09 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear Christopher Robertson and Epiq 11 Administrators,
>
> Please find a partial Notice from Document #1117,pg. 115, where it indicates the existence of the "Potential Assumed Contracts Schedule." If possible please reply with a copy of the schedule attached.
>
> I am unable to find the schedule.
>
> Ameer Flippin
> 1.240.581.4693
>
> PLEASE TAKE FURTHER NOTICE that, upon the closing of the Sale Transaction, the Debtors intend to assume and assign to the Successful Bidder(s) (whether or not a Stalking Horse Bidder) the Potential Assumed Contracts. A schedule listing the Potential Assumed Contracts (the "Potential Assumed Contracts Schedule") is attached hereto and may also be accessed free of charge on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines or can be requested by email at SpiritAirlinesInfo@epiqglobal.com. In addition, the "Cure Costs," if any, necessary for the assumption and assignment of the Potential Assumed Contracts are set forth on the Potential Assumed Contracts Schedule. Each Cure Cost listed on the Potential Assumed Contracts Schedule represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the closing of the Sale Transaction, or other applicable date upon which such assumption and assignment will become effective, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale Transaction or other applicable date upon which such assumption and assignment will become effective.
> YOU ARE RECEIVING
>
>
> Powered by HubSpot.

On Fri, Jul 10, 2026 at 2:43 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> FYI,
> Please find copies attached of the prior related email from you which is believed to have been hacked.

Powered by HubSpot.

On Fri, Jul 10, 2026 at 2:30 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

July 10th, 2026

Subject: In re: Bid for Brand Name Assets of Spirit Airlines

Dear Christopher Robertson and Marshall Huebner,

I am in receipt of the bid procedures provided by Mr. Robertson which I have been well aware of since working on the bankruptcy. Thank you for forwarding those documents.

While I note your characterization of my filings, I must respectfully disagree. These motions were not filed to obstruct, but are a direct response to a significant market uncertainty that currently prevents me from submitting a qualified and competitive bid.

My firm's interest remains in the "Spirit.com" domain and related brand assets. However, I am observing that several large corporate parties, including Microsoft and Oracle, have filed objections in these proceedings that imply, or explicitly argue, that contracts will be assigned to winning bidders of specific assets. Given the current lack of clarification regarding whether these contracts—and their associated prior liabilities—will attach to the Spirit.com domain, it is analytically impossible to conduct the necessary risk assessment to place a competitive bid.

A prospective bidder cannot reasonably submit a bid for assets where the liability profile remains opaque and subject to competing interpretations by major creditors. My requested Motion for Clarification is the only mechanism available to resolve this ambiguity so that I may proceed in full compliance with the established bid procedures. I am requesting a Meet and Confer specifically to resolve these issues of contract assignment and liability. A brief conversation would clarify whether these liabilities are part of the sale, which would immediately remove the need for further motion practice and allow me to proceed with the financial verification steps your team has requested.

In terms of the ability to pay for assets, Harlem Park Partners, Inc. is prepared to rapidly securitize the transaction with a Regulation D Debt/Equity Offering targeting internal accredited investors who have an interest in the bankruptcy.

Additionally, our firm is prepared to register a Direct Initial Public Securities Offering in the OTCMarkets.com environment, if the Regulation D Offering is not promising.

We are implementing the same payment mechanisms and strategies implemented by previous parties associated with Spirit Airlines in previous transactions before and during several bankruptcies.

Please let me know your availability for a call to meet and to Confer on the issues. I am eager to resolve this impasse so that we can focus on the viability of the bid itself.

Here's my calendar: https://calendly.com/ameerflippin1/30min .

Respectfully,

*/s/Ameer Flippin*

Ameer Flippin CEO, Harlem Park Partners, Inc.
1.240.581.4693

Attached More Detailed Direct Response to Mr. Huebner's Email.

Mr. Flippin -

**Concern #1:**

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

***Ameer's Response:***

*I am in receipt of your email dated July 10, 2026. Given the uncharacteristically aggressive and unprofessional tone of your correspondence, I am deeply concerned that your email account may have been compromised or that this message was drafted by someone else. This tone does not align with the professional standard I would expect from a partner at Davis Polk & Wardwell, and hope we can resolve this through a direct, substantive conversation.*

- ***Regarding the appropriateness of filings:*** *My recent motions are not "threats," but rather legal procedural requirements for any party to receive an official clarification of facts. It is impossible for me to submit a qualified, competitive bid for the "Spirit.com" domain without knowing if the asset includes the assignment of existing contracts and prior liabilities.*

**Concern #2:**

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules. The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction. You have not responded to any of those requests.

***Ameer's Response:***

- ***Regarding financial proof:*** *You noted that your investment bankers have requested financial proof on three occasions. Those professionals are aware of and are implementing the same financial structuring tools (LPs, Regulation D Offerings, and Direct Public Offerings -DPOs).*

*I have not responded to those specific requests because it is commercially impossible to finalize or provide proof of ability to consummate a transaction when the fundamental nature of the asset— specifically, its liability profile after a Winning Bid — remains undefined.*

**Concern #3:**

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.  That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

**Ameer's Response:**

- ***Regarding "confusing" counterparties:*** *My communications with counterparties were professional "Consent Inquiries" intended to resolve due diligence matters. They were designed to ensure transparency, not to obstruct, harass, or "confuse" other parties as you suggest.*

- ***Regarding gatekeeper provisions:*** *I acknowledge the court-approved bidding provisions. As an interested bidder, our strategy is structured to help recoup lost assets by several different parties including companies with claims against the debtors' which remains in line with the purpose and the rules of bankruptcy proceedings.*

*The urgency of my filings is driven by the fact that large corporate parties, including Microsoft and Oracle, have filed Objections very late in these proceedings which explicitly implies that contracts will be assigned to winning bidders. This creates a massive uncertainty for the "Spirit.com" domain. Without specific clarification regarding whether these contracts and liabilities will attach to the domain, a competitive bid is impossible to structure.*

Therefore, Ex-Parte Motions for Clarification and a Stay of Proceedings related to the Bid for Domain related Assets, Spirit.com, are being prepared for filing. These are the only Motions that can address the matter at hand as an interested party.

I request a *"Meet and Confer"* to move past these procedural hurdles and address the substance of the liability and contract issues. Please confirm that you are the author of the email sent today, and let me know your availability for a call so we can resolve these matters efficiently.

Here's my calendar: https://calendly.com/ameerflippin1/30min .

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Fri, Jul 10, 2026 at 1:05 PM, Christopher Robertson
<christopher.robertson@davispolk.com> wrote:

> Attached please find the bidding procedures motion and order.  The actual bidding procedures begin on page 21 of the .pdf of the bidding procedures order.
>
> Note that the Debtors may extend deadlines under the bidding procedures from time to time.  Also attached are notices setting forth certain modifications to the timelines set forth in the order.
>
> **Christopher Robertson**
>
> **Davis Polk & Wardwell** LLP
> +1 212 450 4917 office
> +1 914 393 4887 mobile
> christopher.robertson@davispolk.com
>
> ---
>
> **From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
> **Sent:** Friday, July 10, 2026 12:48 PM
> **To:** Ameer Flippin <ameerflippin@outlook.com>
> **Cc:** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; dan.wikel@fticonsulting.com; David.Fowkes@fticapitaladvisors.com; Marc.Bilbao@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
> **Subject:** Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines
>
> Mr. Flippin -
>
> Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.
>
> There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.
>
> You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.
>
> Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them.  That is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.
>
> I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions.   Which you also did last fall.
>
> I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court.  As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.
>
> I'm copying in our litigators.

**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP
+1 212 450 4099 office
marshall.huebner@davispolk.com

On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:

Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.

Ameer Flippin
1.240.581.4693

On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> HARLEM PARK PARTNERS, INC.
> 650 California St. 7th Fl
> San Francisco, CA 94108
> Telephone: (240) 581-4693
> AmeerFlippin@Outlook.com
>
> July 10, 2026
>
> **VIA EMAIL**
>
> Darren Klein
> Davis Polk & Wardwell LLP
> (darren.klein@davispolk.com)
>
> **Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**
>
> Dear Mr. Klein,
>
> I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.
>
> As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:
>
>  1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.
>
>  2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693


On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.
>
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> **1.240.581.4693**
>
>  Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.
>
> A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.

Ameer Flippin
Harlem Park Partners, Inc.
1.240.581.4693

 Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

June 25th, 2026


HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com
*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel (dan.wikel@fticonsulting.com)
Marc Bilbao (marc.bilbao@fticonsulting.com)
David Fowkes (david.fowkes@fticapitaladvisors.com).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring.  This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business  transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

 Powered by HubSpot.

 Outlook

---

## RE: Consent Inquiry on Data Room Access Bid in Spirit Airlines

---

**From** Ameer Flippin <ameerflippin@outlook.com>

**Date** Fri 7/10/2026 3:42 PM

**To** Christopher Robertson <christopher.robertson@davispolk.com>

**Cc** Darren Klein <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com <Marc.Bilbao@fticonsulting.com>; Marshall Huebner <marshall.huebner@davispolk.com>; ATTN: MARSHALL HUEBNER, DARREN KLEIN, AND <spirit.notice@davispolk.com>; David.Fowkes@fticapitaladvisors.com <David.Fowkes@fticapitaladvisors.com>; dan.wikel@fticonsulting.com <dan.wikel@fticonsulting.com>; Benjamin S. Kaminetzky <ben.kaminetzky@davispolk.com>; Soar - asset sales <soar_asset_sales@pjtpartners.com>; Marc J. Tobak <marc.tobak@davispolk.com>; Nicholas D'Angelo <nicholas.dangelo@davispolk.com>

---

 2 attachments (520 KB)

Chris Response Email to Christopher Robertson Davis Polk Harlem Park Partners Ameer Flippin.pdf; Chris Robertson email Inbox - Ameer Flippin - Outlook.pdf;

July 10th, 2026

Subject: RE: Consent Inquiry on Data Room Access Bid in Spirit Airlines

Dear Attorney Christopher Robertson of Davis & Polk,

I am in receipt of your recent correspondence on not being a Potential Bidder.

To ensure the record is clear regarding Harlem Park Partners, Inc.'s position, I must emphasize that the lack of an "Official Bid" to date is a direct consequence of the persistent lack of clarity regarding the "Assignments and Assumptions" of contracts specifically associated with the "Spirit.com" domain.

While an official bid has not been submitted, I have formally notified your firm, the Debtors, and other stakeholders of my status as an "Interested Bidder". A party's decision to defer a formal, binding bid until necessary due diligence is resolved does not negate their status as an interested party.

Furthermore, as previously communicated, I have notified your firm of my intent to file Noticed Motions for Clarification and for a Stay of Proceedings, which are procedural necessities resulting from the ambiguity surrounding the assignment of contracts for the "Spirit.com" domain assets.

Therefore, I am requesting that you provide the specific grounds on which Davis Polk & Wardwell has determined that I, Ameer Flippin, am not considered an "Interested and Potential Bidder" under these proceedings.

I am requesting this information to establish a formal Stipulation of Facts regarding my status and engagement in this matter.

I look forward to your prompt clarification on this point.

Respectfully,

*/s/ Ameer Flippin*

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

 Powered by HubSpot.

On Fri, Jul 10, 2026 at 5:45 PM, Christopher Robertson <christopher.robertson@davispolk.com> wrote:

> Ameer,
>
> We will not be responding further, and we have not deemed you to be a Potential Bidder under the Bidding Procedures.  We reserve all rights with respect to your various filings.
>
> Thanks,
>
> Chris
>
> **Christopher Robertson**
>
> **Davis Polk & Wardwell** LLP
>
> +1 212 450 4917 office
> +1 914 393 4887 mobile
>
> christopher.robertson@davispolk.com
>
> ---
>
> **From:** Ameer Flippin <ameerflippin@outlook.com>
> **Sent:** Friday, July 10, 2026 4:29 PM
> **To:** Robertson, Christopher <christopher.robertson@davispolk.com>
> **Cc:** Klein, Darren S. <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com; Huebner, Marshall S. <marshall.huebner@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; Soar - asset sales <soar_asset_sales@pjtpartners.com>; David.Fowkes@fticapitaladvisors.com; dan.wikel@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
> **Subject:** RE: Consent Inquiry on Data Room Access Bid in Spirit Airlines
>
> Hi Christopher Robertson of Davis & Polk,
>
> Thanks for your timely responses in this matter on the Schedule of IP Assets.

I am having trouble getting approved from PJT Partners and FTI Consulting for access to the Data Room in this matter.

Any help in gaining access to the Data Room after our exchange of emails today will be highly appreciated.

Also, can you please reply via email as to whether you give Consent or Non-Consent to allowing me, Ameer Flippin,
CEO of Harlem Park Partners, Inc., an interested bidding party, to have access to the Data Room?

In the event of non-responsiveness by the end of today, Friday, July 10th, 2026, it will be considered that Davis Polk
counsel for the Debtors has voted Non-Consent and will not allow me access to the Data Room where the information
is needed to place a competitive Bid on Domain Assets, Spirit.com Only.

Any opportunity to Meet and to Confer with a conference call is highly appreciated.

In order to schedule a time here's my calendar: https://calendly.com/ameerflippin1/30min .

Ameer Flippin
Harlem Park Partners, Inc.
1.240.581.4693

Powered by HubSpot.

On Fri, Jul 10, 2026 at 3:32 PM, Christopher Robertson <christopher.robertson@davispolk.com> wrote:

> The timeline for the sale process for the IP assets is as set forth in the notice filed at Docket No. 1264 provided previously.
>
> I cannot direct you to any specific contracts.
>
> **Christopher Robertson**
>
> **Davis Polk & Wardwell** LLP

+1 212 450 4917 office
+1 914 393 4887 mobile

christopher.robertson@davispolk.com

---

**From:** Ameer Flippin <ameerflippin@outlook.com>
**Sent:** Friday, July 10, 2026 3:27 PM
**To:** Robertson, Christopher <christopher.robertson@davispolk.com>
**Cc:** Klein, Darren S. <darren.klein@davispolk.com>; Marc.Bilbao@fticonsulting.com; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; David.Fowkes@fticapitaladvisors.com; dan.wikel@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Subject:** RE: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

Dear Mr. Robertson,

Thank you for sending the schedule.

If possible, please direct me to any mention of the Spirit.com related IP Assets on the schedule that might have an assignment.

Did an auction for Domain related Spirit.com Assets start today as possibly indicated?

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693
AmeerFlippin@Outlook.com

On Fri, Jul 10, 2026 at 3:09 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear Christopher Robertson and Epiq 11 Administrators,
>
> Please find a partial Notice from Document #1117,pg. 115, where it indicates the existence of the "Potential Assumed Contracts Schedule." If possible please reply with a copy of the schedule attached.
>
> I am unable to find the schedule.
>
> Ameer Flippin

1.240.581.4693

PLEASE TAKE FURTHER NOTICE that, upon the closing of the Sale Transaction, the Debtors intend to assume and assign to the Successful Bidder(s) (whether or not a Stalking Horse Bidder) the Potential Assumed Contracts. A schedule listing the Potential Assumed Contracts (the "Potential Assumed Contracts Schedule") is attached hereto and may also be accessed free of charge on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines or can be requested by email at SpiritAirlinesInfo@epiqglobal.com. In addition, the "Cure Costs," if any, necessary for the assumption and assignment of the Potential Assumed Contracts are set forth on the Potential Assumed Contracts Schedule. Each Cure Cost listed on the Potential Assumed Contracts Schedule represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the closing of the Sale Transaction, or other applicable date upon which such assumption and assignment will become effective, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale Transaction or other applicable date upon which such assumption and assignment will become effective.
YOU ARE RECEIVING

Powered by HubSpot.

On Fri, Jul 10, 2026 at 2:43 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> FYI,
> Please find copies attached of the prior related email from you which is believed to have been hacked.

Powered by HubSpot.

On Fri, Jul 10, 2026 at 2:30 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> July 10th, 2026
>
> Subject: In re: Bid for Brand Name Assets of Spirit Airlines

Dear Christopher Robertson and Marshall Huebner,

I am in receipt of the bid procedures provided by Mr. Robertson which I have been well aware of since working on the bankruptcy. Thank you for forwarding those documents.

While I note your characterization of my filings, I must respectfully disagree. These motions were not filed to obstruct, but are a direct response to a significant market uncertainty that currently prevents me from submitting a qualified and competitive bid.

My firm's interest remains in the "Spirit.com" domain and related brand assets. However, I am observing that several large corporate parties, including Microsoft and Oracle, have filed objections in these proceedings that imply, or explicitly argue, that contracts will be assigned to winning bidders of specific assets. Given the current lack of clarification regarding whether these contracts—and their associated prior liabilities—will attach to the Spirit.com domain, it is analytically impossible to conduct the necessary risk assessment to place a competitive bid.

A prospective bidder cannot reasonably submit a bid for assets where the liability profile remains opaque and subject to competing interpretations by major creditors. My requested Motion for Clarification is the only mechanism available to resolve this ambiguity so that I may proceed in full compliance with the established bid procedures. I am requesting a Meet and Confer specifically to resolve these issues of contract assignment and liability. A brief conversation would clarify whether these liabilities are part of the sale, which would immediately remove the need for further motion practice and allow me to proceed with the financial verification steps your team has requested.

In terms of the ability to pay for assets, Harlem Park Partners, Inc. is prepared to rapidly securitize the transaction with a Regulation D Debt/Equity Offering targeting internal accredited investors who have an interest in the bankruptcy.

Additionally, our firm is prepared to register a Direct Initial Public Securities Offering in the OTCMarkets.com environment, if the Regulation D Offering is not promising.

We are implementing the same payment mechanisms and strategies implemented by previous parties associated with Spirit Airlines in previous transactions before and during several bankruptcies.

Please let me know your availability for a call to meet and to Confer on the issues. I am eager to resolve this impasse so that we can focus on the viability of the bid itself.

Here's my calendar: https://calendly.com/ameerflippin1/30min .

Respectfully,

*/s/Ameer Flippin*

Ameer Flippin CEO, Harlem Park Partners, Inc.
1.240.581.4693

Attached More Detailed Direct Response to Mr. Huebner's Email.

Mr. Flippin -

**Concern #1:**

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

***Ameer's Response:***

*I am in receipt of your email dated July 10, 2026. Given the uncharacteristically aggressive and unprofessional tone of your correspondence, I am deeply concerned that your email account may have been compromised or that this message was drafted by someone else. This tone does not align with the professional standard I would expect from a partner at Davis Polk & Wardwell, and hope we can resolve this through a direct, substantive conversation.*

- ***Regarding the appropriateness of filings:*** *My recent motions are not "threats," but rather legal procedural requirements for any party to receive an official clarification of facts. It is impossible for me to submit a qualified, competitive bid for the "Spirit.com" domain without knowing if the asset includes the assignment of existing contracts and prior liabilities.*

**Concern #2:**

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules. The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction. You have not responded to any of those requests.

***Ameer's Response:***

- ***Regarding financial proof:*** *You noted that your investment bankers have requested financial proof on three occasions. Those professionals are aware of and are implementing the same financial structuring tools (LPs, Regulation D Offerings, and Direct Public Offerings -DPOs).*
*I have not responded to those specific requests because it is commercially impossible to finalize or provide proof of ability to consummate a transaction when the fundamental nature of the asset—specifically, its liability profile after a Winning Bid — remains undefined.*

**Concern #3:**

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them. That

is why we have court approved gatekeeper and other provisions that ensure that people have both the resources and the likelihood of closing transactions on our time schedule.

**Ameer's Response:**

- ***Regarding "confusing" counterparties:*** *My communications with counterparties were professional "Consent Inquiries" intended to resolve due diligence matters. They were designed to ensure transparency, not to obstruct, harass, or "confuse" other parties as you suggest.*

- ***Regarding gatekeeper provisions:*** *I acknowledge the court-approved bidding provisions. As an interested bidder, our strategy is structured to help recoup lost assets by several different parties including companies with claims against the debtors' which remains in line with the purpose and the rules of bankruptcy proceedings.*

*The urgency of my filings is driven by the fact that large corporate parties, including Microsoft and Oracle, have filed Objections very late in these proceedings which explicitly implies that contracts will be assigned to winning bidders. This creates a massive uncertainty for the "Spirit.com" domain. Without specific clarification regarding whether these contracts and liabilities will attach to the domain, a competitive bid is impossible to structure.*

Therefore, Ex-Parte Motions for Clarification and a Stay of Proceedings related to the Bid for Domain related Assets, Spirit.com, are being prepared for filing. These are the only Motions that can address the matter at hand as an interested party.

I request a *"Meet and Confer"* to move past these procedural hurdles and address the substance of the liability and contract issues. Please confirm that you are the author of the email sent today, and let me know your availability for a call so we can resolve these matters efficiently.

Here's my calendar: https://calendly.com/ameerflippin1/30min .

Respectfully,

Ameer Flippin
CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Fri, Jul 10, 2026 at 1:05 PM, Christopher Robertson <christopher.robertson@davispolk.com> wrote:

> Attached please find the bidding procedures motion and order.  The actual bidding procedures begin on page 21 of the .pdf of the bidding procedures order.

Note that the Debtors may extend deadlines under the bidding procedures from time to time. Also attached are notices setting forth certain modifications to the timelines set forth in the order.

**Christopher Robertson**

**Davis Polk & Wardwell** LLP

+1 212 450 4917 office
+1 914 393 4887 mobile

christopher.robertson@davispolk.com

---

**From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Sent:** Friday, July 10, 2026 12:48 PM
**To:** Ameer Flippin <ameerflippin@outlook.com>
**Cc:** Klein, Darren S. <darren.klein@davispolk.com>; spirit.notice <spirit.notice@davispolk.com>; soar_asset_sales@pjtpartners.com; dan.wikel@fticonsulting.com; David.Fowkes@fticapitaladvisors.com; Marc.Bilbao@fticonsulting.com; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Tobak, Marc J. <marc.tobak@davispolk.com>; D'Angelo, Nicholas <nicholas.dangelo@davispolk.com>
**Subject:** Re: Notice of and Motion to Intervene Bid for Brand Name Assets of Spirit Airlines

Mr. Flippin -

Your present and seemingly threatened filings are totally inappropriate and we are starting to think harder about what to do about them.

There are dozens of parties bidding for many different assets, and every one of the rest of them is following the rules.   The bid procedures are very straightforward.

You have been asked by our investment bankers on no fewer than three occasions to provide financial proof of your ability to consummate a meaningful transaction.  You have not responded to any of those requests.

Counterparties have no inherent right to participate in asset sales, receive confidential information and cost the estate substantial money in terms of interfacing with them. That is why we have court approved gatekeeper and other provisions that ensure that

people have both the resources and the likelihood of closing transactions on our time schedule.

I'm sorry to say this, but we reserve all our rights against you - as you are also contacting and confusing our counterparties as well as filing multiple frivolous motions. Which you also did last fall.

I am asking Chris Robertson to send you the motion, the order and the bid procedures that were already approved by the court. As long as you comply with them - like everyone else - you are welcome to bid for any and all assets.

I'm copying in our litigators.

**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP

+1 212 450 4099 office

marshall.huebner@davispolk.com

> On Jul 10, 2026, at 11:50 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>
> Please find an attached (Revised Consent Inquiry to a Stipulation to Facts) relevant document sent to a party filing an Objection in this case.
>
> Ameer Flippin
> 1.240.581.4693
>
> On Fri, Jul 10, 2026 at 11:22 AM, Ameer Flippin <ameerflippin@outlook.com> wrote:
>> HARLEM PARK PARTNERS, INC.
>> 650 California St. 7th Fl
>> San Francisco, CA 94108
>> Telephone: (240) 581-4693

AmeerFlippin@Outlook.com

July 10, 2026

**VIA EMAIL**

Darren Klein
Davis Polk & Wardwell LLP
(darren.klein@davispolk.com)

**Re: Consent Inquiry Regarding Forthcoming Pending Motions – *In re: Spirit Aviation Holdings, Inc., et al.*, Case No. 25-11897 (SHL)**

Dear Mr. Klein,

I am writing to you in your capacity as counsel for the Debtors regarding the Spirit Aviation Holdings, Inc. Chapter 11 proceedings.

As previously established, Harlem Park Partners, Inc. is an interested party with the intent to submit an "Alternative Bid" for the "Brand Name Spirit Airlines, Spirit.com Domain Name and Other related Assets". To ensure transparency regarding the assignment of contracts and related prior liabilities, I am preparing to file the following:

 1. **A Motion for an Order of Clarification** regarding whether a winning bid on the aforementioned domain-related assets will be assigned existing contracts and related prior liabilities.

 2. **A Motion for a Stay of Proceedings** regarding the bidding of these specific assets, pending a ruling on the Motion for Clarification.

I am inquiring whether the Debtors consent or do not consent to the filing of these items.

Please reply with an answer of **Consent or Non-Consent** to these matters before Monday, July 13, 2026.

In the alternative, a non-response will be construed as Non-consent.

While I remain open to a "Meet and Confer" to discuss the substance of these motions and how my firm's strategy can benefit the estate, please prioritize your response regarding the consent inquiry for the filings noted above.

Respectfully submitted,

/s/ Ameer Flippin

Ameer Flippin

CEO, Harlem Park Partners, Inc.
1.240.581.4693

On Mon, Jul 6, 2026 at 7:28 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached a final Notice of and Motion to Intervene, eclaration, Memorandum in Support Thereof and a Proposed Order in the Spirit Airlines Bankruptcy Case.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> **1.240.581.4693**
>
> Powered by HubSpot.

On Fri, Jun 26, 2026 at 5:40 PM, Ameer Flippin <ameerflippin@outlook.com> wrote:

> Dear PJT Partners and FTI Consulting,
>
> Attn: Dan Wikel, Marc Balbao, and Soar Assets
>
> Please find attached  a Letter of Consent Inquiry, Notice of and Motion to Intervene in the Spirit Airlines Bankruptcy Case.
>
> A Memorandum in Support Thereof and a Proposed Order will be forwarded in the near future.
>
> Ameer Flippin
> Harlem Park Partners, Inc.
> 1.240.581.4693
>
> Powered by HubSpot.

On Thu, Jun 25, 2026 at 2:45 PM, Ameer Flippin <[ameerflippin@outlook.com](mailto:ameerflippin@outlook.com)> wrote:

June 25th, 2026


HARLEM PARK PARTNERS, INC.
Ameer Flippin, CEO
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
[AmeerFlippin@Outlook.com](mailto:AmeerFlippin@Outlook.com)
*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

To: PJT Partners LP
280 Park Avenue
New York, New York 10017
Attn:soar@pjtpartners.com

FTI Consulting, Inc.
155 North Wacker
Chicago, IL 60606, USA
Attn: Dan Wikel ([dan.wikel@fticonsulting.com](mailto:dan.wikel@fticonsulting.com))
Marc Bilbao ([marc.bilbao@fticonsulting.com](mailto:marc.bilbao@fticonsulting.com))
David Fowkes ([david.fowkes@fticapitaladvisors.com](mailto:david.fowkes@fticapitaladvisors.com)).

Subject: Request for Meet and Confer: Alternative Bid Strategy and Stalking Horse Proposal for Spirit Airlines Assets

To PJT Partners and FTI Consulting,

I, *Ameer Flippin*, CEO of  Harlem Park Partners, Inc. respectfully request a "Meet and Confer Meeting" to present a comprehensive alternative bid strategy regarding the Spirit Airlines estate.

I, *Ameer Flippin*, propose that our approach be implemented as an *"Alternative Bid Strategy"* pending any failure in the current bidding strategy followed by and during an auction. Additionally, Harlem Park Partners, Inc. is prepared to become the Stalking Horse in any instance where there is consideration of this alternative bid for assets.

Our firm has developed a dual-spectrum framework designed to maximize the value of the estate while providing a viable path forward for stakeholders:

- **Targeted Intangible Acquisition:**

On one end of the spectrum, I, Ameer Flippin, CEO of Harlem Park Partners, Inc. would like to Motion the court to Bid on only the Name Brand Assets of "Spirit Airlines, Spirit.com". I have requested access to the Data Room. However, PJT Partners and FTI Consulting have not consented to allowing access to the data as of June 25th, 2026. Under this structure, we will not challenge bids on other assets.

- **Collaborative Relaunch of the Legacy Brand:**

On the other end of the spectrum and in consideration of the interest in assets by other parties, I, Ameer Flippin of Harlem Park Partners, Inc. am prepared to join any other interested party in helping relaunch the legacy name brand *"Spirit Airlines"* via a new corporate entity, possibly under the name of *"Spirit Lux Air."* The relaunch would be post-liquidation of assets and not considered a restructuring.  This venture would be primarily focused on laying a foundation for *"Spirit Lux Air"* to become an online global travel brand for 1-to-2 years prior to the legacy brand flying again under a new corporate entity.

In order to execute the collaborative relaunch, I am prepared to Motion the Court to allocate the approximate *$583 Million* in remaining cash to a trust. This figure is supported by the *GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE MONTHLY OPERATING REPORT FOR MAY 2026*, filed on June 24th, 2026.

The assets of the trust can possibly act as a bankruptcy remote asset to support an alternative IPO of the new *Spirit Lux Air* Brand. Through this *Special Purpose Vehicle (SPV)* mechanism strategy, shares of stock can be allocated to DIP Investors and former shareholders in an effort to recoup losses from prior transactions over the past 5 years where capital was raised.

The transaction can possibly be structured where the remaining $583 Million Trust can possibly act as collateral for the newly formed corporate entity *"Spirit Lux Air"* ultimately laying the foundation to be well capitalized at over $1 Billion in Debt and Equity.

A key factor in the success of this strategy is that under the newly deregulated securities laws and regulations of the SEC, *a pre-revenue startup company can IPO by registering an offering and become publicly held in the OTCMarkets.com* environment. Additionally, the stock does not necessarily have to be traded by market makers where the corporation maintains and sets the stock price which is not necessarily indicative of the value of the stock.

Our macro-economic strategy is to chase 1% Market Share Globally (approx. $6.897 Billion) without flying as an online brand for 1-2 years, where the stock will already be trading in the *OTCMarkets.com* environment. According to AlliedMarketResearch.com, the *"Travel Market Sector"* had a Global Market Capitalization of *$689.7 Billion* in 2021 with a *CAGR of 9.5%* and is expected to have a Market Capitalization of *$2,095 Billion* by 2031. Operating under this model, the new *"Spirit Lux Air"* brand will rebuild the legacy brand's infrastructure by taking advantage of the spread on the retail supply chain in business-2-business  transactions.

I look forward to any opportunity in scheduling a time for a *"Meet and Confer Meeting"* to discuss how this strategy can benefit the estate, its creditors, and its former shareholders.

NOTE: Ameer Flippin related Spirit Airlines Bkrtcy. Filings attached

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin
HARLEM PARK PARTNERS, INC.
650 California St. 7 Fl
San Francisco, CA 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

*Pro se Interested Party as sole*
*shareholder of Harlem Park Partners, Inc.,*
*an Investment Advisory & Financial Engineering Firm*

Powered by HubSpot.