UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC., et al.,** | |
| | Case No. 25-11897 (SHL) |
| *Debtors.* | |
| | (Jointly Administered) |

**FLORIDA AIR EXPRESS AIRLINES, INC.'S EMERGENCY MOTION
TO COMPEL DEBTORS TO PRODUCE A COMPLETE ASSET LISTING AND
FAIR MARKET VALUATION OF OPERATIONS ASSETS, AND FOR AN ORDER
PAUSING THE BIDDING PROCESS AND STAYING THE LIQUIDATION
PROCESS PENDING FULL CONSIDERATION OF MOVANT'S PROPOSAL**

Florida Air Express Airlines, Inc. ("FAE" or "Movant"), appearing pro se, respectfully submits this Emergency Motion (the "Motion") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), (i) compelling the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Debtors' counsel to produce to FAE a complete listing of Spirit's operations assets as of May 2, 2026, together with the Debtors' fair market value determination for those assets; and (ii) pausing the ongoing bidding process and staying any liquidation order or process pending full consideration of FAE's pending proposal. In support of this Motion, FAE states as follows:

**PRELIMINARY STATEMENT**

1.      FAE is, on information and belief, the only interested party that has proposed to acquire the entirety of the Debtors' operations assets in a single, complete transaction, structured as a debt-for-equity acquisition. FAE's proposal (the "FAE Proposal") was filed with this Court in this docket and remains pending.

2.      Despite the filing of the FAE Proposal, Debtors' counsel has neither acknowledged, responded to, nor objected to it. The FAE Proposal has instead been overlooked, permitting a piecemeal, asset-by-asset bidding process to continue without regard to the FAE Proposal or its potential to maximize value for the estate.

3.      FAE now seeks an order compelling the Debtors to (a) produce a complete listing of Spirit's operations assets as of May 2, 2026, and the Debtors' fair market value for those assets, and

(b) pause the bidding process and stay the liquidation order and process pending full consideration of the FAE Proposal.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      On August 29, 2025, the Debtors commenced these jointly administered chapter 11 cases before this Court under lead Case No. 25-11897 (SHL), following the Debtors' cessation of all passenger operations and their transition to a court-supervised wind-down.

6.      On May 8, 2026, the Court entered an order approving the Debtors' wind-down and the liquidation of the Debtors' remaining assets (the "Liquidation Order"), authorizing the sale or abandonment of the Debtors' operations assets, including through a multi-track auction process.

7.      FAE filed the FAE Proposal in this docket, proposing to acquire all of the Debtors' operations assets in a single debt-for-equity transaction.

8.      At a hearing held on June 10, 2026, the Court requested that FAE submit an institutional financing term sheet in support of its proposal. FAE has done so, and it is submitted concurrently herewith as Exhibit A.

9.      FAE has also prepared and submits herewith, as Exhibit B, its Acquisition Valuation, which places the value of Spirit's operations assets at approximately $1.8 billion, based on publicly available information and sources.

10.     Notwithstanding the foregoing, Debtors' counsel has not acknowledged, responded to, or filed any objection to the FAE Proposal. On information and belief, the piecemeal bidding process authorized under the Liquidation Order has continued on an asset-by-asset or lot-by-lot basis and remains ongoing.

## RELIEF REQUESTED

11.     By this Motion, FAE respectfully requests that the Court enter the Proposed Order:

a. Compelling the Debtors and Debtors' counsel to provide FAE with a complete listing of Spirit's operations assets as of May 2, 2026, together with the Debtors' determination of fair market value for those assets;

b. Pausing the bidding process for the Debtors' operations assets;

c. Staying the Liquidation Order and the liquidation process pending full consideration of the FAE Proposal; and

d. Directing that no agreement for any asset class of the Debtors' operations assets be entered into, approved, or consummated until a fair market value proposition has been tendered to FAE.

**BASIS FOR RELIEF**

12. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code, including orders necessary to ensure the fair and orderly administration of the estate.

13. The Debtors and estate fiduciaries owe a duty to maximize the value of the estate for the benefit of all stakeholders. A piecemeal disposition of assets, undertaken without response to a pending proposal for the acquisition of the entire operations asset base, raises a substantial question as to whether that duty is being discharged.

14. FAE will be irreparably harmed absent a pause in the bidding process, insofar as piecemeal dispositions of individual asset classes may foreclose FAE's ability to acquire the operations assets as a whole, even if that alternative would yield greater value to the estate.

15. The relief requested is narrowly tailored: FAE does not seek to prevent the Debtors from ultimately proceeding with a sale or liquidation process, but only to ensure that the Debtors first (a) disclose the requested asset listing and valuation, and (b) meaningfully consider and respond to the FAE Proposal before any further agreements are finalized.

**NOTICE**

16. Notice of this Motion has been given to: (a) counsel for the Debtors; (b) the Office of the United States Trustee for the Southern District of New York; (c) counsel to any official committee appointed in these cases; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. FAE submits that no other or further notice is required.

**CONCLUSION**

WHEREFORE, Florida Air Express Airlines, Inc. respectfully requests that the Court enter the Proposed Order granting the relief requested herein, and grant such other and further relief as the Court deems just and proper.


Dated: July 20, 2026

New York, New York


Respectfully submitted,



LeRoy Gillead II

Founder, Chairman & Chief Executive Officer

Florida Air Express Airlines, Inc.

Appearing Pro Se

President Donald J. Trump International Airport (DJT)

West Palm Beach, Florida

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                        Chapter 11
**SPIRIT AVIATION HOLDINGS, INC., et al.,**
                                              Case No. 25-11897 (SHL)
*Debtors.*
                                              (Jointly Administered)

---

### ORDER GRANTING FLORIDA AIR EXPRESS AIRLINES, INC.'S EMERGENCY MOTION TO COMPEL PRODUCTION OF ASSET LISTING AND FAIR MARKET VALUATION, AND FOR A PAUSE OF THE BIDDING PROCESS AND A STAY OF THE LIQUIDATION PROCESS

Upon the motion (the "Motion") of Florida Air Express Airlines, Inc. ("FAE"), appearing pro se, for entry of an order (this "Order") (i) compelling the above-captioned debtors and debtors in possession (the "Debtors") to produce to FAE a complete listing of Spirit's operations assets as of May 2, 2026, together with the Debtors' fair market value determination for those assets, and (ii) pausing the bidding process and staying the order entered by this Court on May 8, 2026 approving the Debtors' wind-down and liquidation of assets (the "Liquidation Order"), and the process thereunder, pending full consideration of FAE's pending proposal; and the Court having reviewed the Motion and any responses thereto; and a hearing having been held before this Court on July 22, 2026; and upon the record of that hearing; and good and sufficient notice of the Motion having been given; and it appearing that good cause exists for the relief requested,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Within seven (7) business days of entry of this Order, the Debtors shall provide FAE with a complete listing of Spirit's operations assets as of May 2, 2026, together with the Debtors' fair market value determination for those assets.

3.      The bidding process with respect to the Debtors' operations assets is hereby PAUSED, and the Liquidation Order entered May 8, 2026, and the process thereunder, is hereby STAYED, pending further order of this Court following full consideration of FAE's pending proposal.

4.        The Debtors shall not enter into, approve, or consummate any agreement for the sale or disposition of any asset class of the operations assets during the pendency of the pause and stay ordered herein, absent further order of this Court.

5.        This Court shall retain jurisdiction over any and all matters arising from or related to this Order.


Dated: New York, New York
        July __, 2026


_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE