**Hearing Date and Time: August 12th, 2026, at 11:00 AM**
**Objection Deadline: August 9th, 2026, at 11:00 AM**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors.                                                    (Jointly Administered)

Chapter: 11 Case No.: 25-11897 (SHL)

---

**EMERGENCY EX-PARTE NOTICE OF AND MOTION TO COMPEL; MEMORANDUM IN SUPPORT THEREOF; DECLARATION; AND [PROPOSED] ORDER FOR A CONFERENCE CALL TO MEET AND TO CONFER WITH DEBTORS' COUNSEL DAVIS POLK, PJT PARTNERS, FTI CONSULTING AND DPC HOLDINGS ON A POTENTIAL JOINT-BID FOR THE 27 AIRCRAFT FOR SALE FILED BY AMEER FLIPPIN OF HARLEM PARK PARTNERS, INC.**

---

**PLEASE TAKE NOTICE, EX-PARTE**, that upon the annexed Emergency Ex-Parte Motion to Compel a Conference Call to Meet and to Confer on a Potential Joint-Bid for 27 Aircraft, the Memorandum of Law in Support Thereof, the Declaration of Ameer Flippin, and all prior filings and proceedings had herein, I, Ameer Flippin (the "Movant") will present the attached proposed order (the "Proposed Order") remotely via Zoom.com where a Motion Hearing will be held on *August 12th, 2026, at 11:00 AM* before the Honorable Sean H. Lane, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE**, that unless a written objection to the Proposed Order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of the Motion hearing, specifically, on or before August 9th, 2026, at 11:00 AM—the ORDER on Motion may be signed by the Court without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE**, that if a written objection is timely filed, the Court has notified the moving and objecting parties of the date and time of the hearing scheduled for August 12th, 2026 at 11:00AM. The moving and objecting parties are required to attend the hearing remotely via Zoom.com and failure to attend or through counsel may result in the requested relief being granted or denied upon default.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 1st, 2026,
San Francisco, California.

Respectfully submitted,


*/s/ Ameer Flippin*

Ameer Flippin, Chief Executive Officer
650 California Street, 7th Floor
San Francisco, California 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors.                                    (Jointly Administered)

                                            Chapter: 11 Case No.: 25-11897 (SHL)

**EMERGENCY EX-PARTE MOTION TO COMPEL A CONFERENCE CALL TO MEET AND TO CONFER WITH DEBTORS' COUNSEL DAVIS POLK, PJT PARTNERS, FTI CONSULTING, AND DPC HOLDINGS ON A POTENTIAL JOINT-BID FOR THE 27 AIRCRAFT FOR SALE FILED BY AMEER FLIPPIN CEO OF HARLEM PARK PARTNERS, INC.**

I, *Ameer Flippin*, appearing pro se an as CEO of Harlem Park Partners, Inc., respectfully move this Court for an Order compelling the Debtors' designated sale professionals, PJT Partners ("PJT"), FTI Consulting, Inc. ("FTI"), Debtors' Counsel Davis Polk, and DPC Holdings to:

1.  Engage in a formal, transparent, and limited "Meet and Confer" Conference Call with the parties specifically on a potential Joint-Bid for only a tranche or up to the total 27 Aircraft offered for sale.

2.  Explore and evaluate the capitalization mechanics of a potential joint-bid for the 27 Aircraft scheduled for sale where a Stock Swap Agreement with a new forthcoming corporate entity related to Harlem Park Partners, Inc. and a new forthcoming travel brand and airlines, StargateLuxAir.com ( https://stargate-lux-air.vercel.app ) are proposed in this matter.

3

In support of this Emergency Ex-Parte Motion, I, Ameer Flippin, the Movant respectfully state

as follows:                                     **I. Jurisdiction and Venue**

- **Jurisdiction:** This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

  and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012

  (Preska, C.J.).

- **Core Proceeding:** This matter is a core proceeding within the meaning of 28 U.S.C. §

  157(b).

- **Venue:** Venue of these Chapter 11 cases and this Motion is proper in this district under

  28 U.S.C. §§ 1408 and 1409.

- **Statutory Predicates:** The statutory and procedural predicates for the relief sought

  herein are sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy

  Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the

  "Bankruptcy Rules"), and the Local Rules of this Court.

## II. Factual Background

1. **Authorization of Joint Bids:** Part 2, Section B ("Designation of Qualified Bids; Cure of

   Non-Qualifying Bids") of the court-approved Bidding Procedures Motion (Docket No.

   1117) expressly dictates that the Debtors possess the discretionary authority to approve

   joint bids on a case-by-case basis, following consultation with the applicable

   Consultation Parties.

2. **Refusal to Confer:** Christopher Robertson representing the Debtors' Counselors Davis

   Polk and other professionals have ***declined and refused consent to Movant's formal***

   ***request for a Meet and Confer regarding a joint bidding arrangement*** with the

announced *Stalking Horse bidder, DPC / DPC Holdings, for the Campus Properties* where DPC Holdings has a significant future interest in generating airline and aerospace-related clients to support earnings for a newly publicly traded company.

3. **Stalking Horse Capitalization Synergies:** DPC Holdings recently finalized an Initial Public Offering (IPO), securing approximately $1 Billion for an aerospace and flight focused engineering firm. The aerospace integration and liquidity positioning of DPC Holdings greatly amplify the execution certainty and underlying value created through a joint-bid exclusively targeted at the 27 Subject Aircraft Assets.

4. **Integration with Stargate Lux Air.com:** The Movant is hoping to launch a startup travel brand, StargateLuxAir.com, ( https://stargate-lux-air.vercel.app ), where within the next 2-years an airline would become a subsidiary corporate entity in a diversification strategy across the travel sector. Synchronizing the asset acquisition of DPC with Stargate Lux Air.com introduces a distinct commercial growth pathway capable of driving significant long-term value for shareholders of both DPC Holdings and a new startup Stargate corporate entity.

5. **Proposed Stock Swap Strategy:** Movant aims to structure a stock swap between DPC Holdings and a forthcoming corporate entity tied to Stargate Lux Air.com. This arrangement serves to construct a foundation for securing upwards of $1 Billion in additional capital targeting the new Stargate travel brand and the airline's launch, directly collateralized against the swapped equity shares in the transaction and potentially the distressed aircraft assets.

6. **Public Market Liquidity Plan:** The proposed framework prepares the Stargate-related entities to advance as a publicly-held company, initially trading within the OTC

Markets.com environment, with near-future strategies mapped for listing on a major national stock exchange.

7. **Fiduciary Obligations:** Davis Polk, the law firm acting as Debtors' Counsel for Spirit Aviation Holdings, holds a legal fiduciary responsibility under Section 363 of the Bankruptcy Code to actively assess all viable structural frameworks capable of maximizing estate value for the benefit of creditors. Given Christopher Robertson's action of refusing a Meet and Confer on the matter and foreclosing exploratory dialogues concerning a structured joint-bid that provides significant operational synergies and secondary capital, *the estate risks forsaking substantial liquidated value*. Therefore, a procedural and fiduciary duty exists to engage in a formal Meet and Confer to evaluate these capitalization mechanics prior to the adjudication of a forthcoming formal Motion to Compel. Christopher Robertson's refusal to Meet and to Confer essentially is non-consent where a hearing is necessary on a partially disputed factual issue and legal matters.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 1st, 2026,
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

Ameer Flippin, Chief Executive Officer
650 California Street, 7th Floor
San Francisco, California 94108
Telephone: (240) 581-4693
AmeerFlippin@Outlook.com

6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors.                                                   (Jointly Administered)

                                                          Chapter: 11 Case No.: 25-11897 (SHL)

**MEMORANDUM IN SUPPORT OF EMERGENCY EX-PARTE MOTION TO COMPEL A CONFERENCE CALL TO MEET AND TO CONFER WITH DEBTORS' COUNSEL DAVIS POLK, PJT PARTNERS, FTI CONSULTING, AND DPC HOLDINGS ON A POTENTIAL JOINT-BID FOR THE 27 AIRCRAFT FOR SALE FILED BY AMEER FLIPPIN**

I, Ameer Flippin, CEO of Harlem Park Partners, Inc. (the "Movant"), by and through this Memorandum of Law, respectfully submit this memorandum in support of the Emergency Ex-Parte Motion to Compel a Conference Call (the "Motion") to Meet and to Confer with Debtors' Counsel Davis Polk, PJT Partners, FTI Consulting, and DPC Holdings on a Potential Joint-Bid for the 27 Aircraft for Sale by the estate.

## I.      FACTUAL BACKGROUND

On *August 29, 2025* (the "Petition Date"), Spirit Aviation Holdings, Inc., and its affiliated debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their property as debtors in possession. These cases are being jointly administered.

I, Ameer Flippin (the "Movant"), the CEO of Harlem Park Partners, Inc., an investment advisory and financial engineering firm, is an interested party and bidder in these Chapter 11

7

Cases. On July 30th, 2026, I, Ameer Flippin, the Movant transmitted formal written correspondence to Debtors' counsel, Davis Polk & Wardwell LLP, providing notice of intent to act as an interested potential bidder for the 27 Subject Aircraft Assets which are for sale by the estate. The submitted notice detailed a joint bid strategy, which included a [ Proposed ] stock swap and the integration of a forthcoming startup airline, Stargate Lux Air.com, to maximize the total proceeds generated in the sale of the estate's assets.

The July 30th, 2026 correspondence served as formal notice to the Debtors requesting written consent for a limited, transparent "Meet and Confer" with the ***Campus Properties Stalking Horse bidder, DPC / DPC Holdings***, ***which recently launched an Initial Public Offering (IPO) with more than a $6 Billion Market Cap***. The Movant explicitly provided notice that this exploratory dialogue regarding joint-bid capitalization mechanics was being requested prior to the filing of a formal Motion to Compel Consideration of a Joint Bid for Aircraft Assets.

On July 30th, 2026, Debtors' counselor Christopher Robertson, issued a responsive notice via email officially declining the requested meet-and-confer with the Stalking Horse bidder DPC Holdings. Debtors' counsel further notified the Movant that contacting any party that has expressed interest in acquiring the assets, including the Stalking Horse bidder, would be considered a violation of the Court-approved bidding procedures.

## II. ARGUMENT

### A.  LEGAL STANDARD FOR AUTHORIZATION OF JOINT BIDS

The notification to the Debtors expressly highlighted Part 2, Section B of the court-approved Bidding Procedures Motion (Docket No. 1117) authorizes the Debtors to approve joint bids in their reasonable discretion on a case-by-case basis.

## B. THE MOVANT IS ENTITLED TO A MEET AND CONFER

The Movant satisfies the requirements for a Meet and Confer for the following reasons: The Movant is an Interested Potential Bidder for 27 Aircraft. The Movant's interest in placing a coordinated joint bid is direct and related to maximizing the total proceeds generated in the sale of the estate's assets.

Davis Polk Debtors' Counselor Christopher Robertson's _refusal to confer impedes the maximization of the estate's value_. The Movant's joint bid strategy presents a unique commercial growth pathway through the integration of a forthcoming startup airline, *StargateLuxAir.com*. Without a formal conference call to meet and confer on the proposed stock swap and capitalization mechanics structure, _the estate risks forsaking substantial liquidated value_.

## C. THE COURT SHOULD COMPEL THE CONFERENCE CALL

The Court should grant, Ameer Flippin, the Movant's request to compel the conference call. The proposed exploratory dialogue regarding the joint-bid capitalization mechanics structure was requested in good faith prior to the filing of a formal Motion to Compel Consideration of a Joint Bid for Aircraft Assets. Permitting this limited, transparent "Meet and Confer" with DPC / DPC Holdings will not unduly delay the proceedings and aligns with the discretionary authority granted to Debtors to approve joint bids.

9

### III. CONCLUSION

For the foregoing reasons, the Movant, Ameer Flippin of Harlem Park Partners, Inc., respectfully

requests that this Court grant the Motion to Compel a Conference Call to Meet and to Confer and

grant such other and further relief as is just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

San Francisco, CA
August 1st, 2026


*/s/ Ameer Flippin*

Ameer Flippin
Harlem Park Partners, Inc.
650 California Street 7 Fl
San Francisco, CA 94108
Telephone (240)581.4693
AmeerFlippin@outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors.                                                     (Jointly Administered)

                                          Chapter: 11 Case No.: 25-11897 (SHL)

**DECLARATION OF AMEER FLIPPIN IN SUPPORT OF EMERGENCY EX-PARTE MOTION TO COMPEL A CONFERENCE CALL TO MEET AND TO CONFER ON A POTENTIAL JOINT-BID FOR 27 AIRCRAFT FOR SALE**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides a

<u>**DECLARATION in support of**</u> the *Emergency Ex-Parte Motion to Compel a Conference Call to Meet and to Confer with Debtors' Counsel Davis Polk, PJT Partners, FTI Consulting, and DPC Holdings regarding a potential joint-bid for the 27 Aircraft of Spirit Aviation Holdings, Inc. ("Parent Debtor")* and its direct and indirect subsidiaries (collectively, the "Debtors"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases pending a liquidation of Assets in the United States Bankruptcy Court for the Southern District of New York (the "Court").

1. I, *Ameer Flippin*, the CEO and sole shareholder of *Harlem Park Partners, Inc.*, **DECLARE** that on July 30th, 2026, I transmitted formal written correspondence to Debtors' counsel, *Davis Polk & Wardwell LLP*, providing notice of intent to be an interested potential bidder for the 27 Subject Aircraft Assets for sale.

11

2. **PLEASE TAKE FURTHER NOTICE** that the submitted notice detailed a comprehensive joint bid strategy, which included a proposed stock swap and the integration of a forthcoming startup airline, Stargate Lux Air.com, ***to maximize the total proceeds*** generated in the sale of the estate's assets.

3. **PLEASE TAKE FURTHER NOTICE** that the July 30th, 2026 correspondence served as formal notice to the Debtors requesting written consent for a limited, transparent Meet and Confer with the Campus Properties Stalking Horse bidder, ***DPC / DPC Holdings, which recently launched an Initial Public Offering (IPO) with more than a $6 Billion Market Cap***.

4. **PLEASE TAKE FURTHER NOTICE** that the Movant explicitly provided notice that this exploratory dialogue regarding joint-bid capitalization mechanics was being requested prior to the filing of a formal Motion to Compel Consideration of a Joint Bid for Aircraft Assets.

5. **PLEASE TAKE FURTHER NOTICE** that on July 30th, 2026, ***Davis Polk Debtors' counselor Christopher Robertson, issued a responsive notice via email officially declining the requested meet-and-confer with the Stalking Horse bidder DPC Holdings***. Counselor Robertson further notified the Movant that contacting any party that has expressed interest in acquiring the assets, including the Stalking Horse bidder, would be considered a violation of the Court-approved bidding procedures.

12

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

San Francisco, CA
August 1st, 2026

*/s/ Ameer Flippin*

Ameer Flippin
Harlem Park Partners, Inc.
650 California Street 7 Fl
San Francisco, CA 94108
Telephone (240)581.4693
AmeerFlippin@outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,

Debtors.                                                           (Jointly Administered)

Chapter: 11 Case No.: 25-11897 (SHL)

---

# [PROPOSED] ORDER COMPELLING A CONFERENCE CALL TO MEET AND TO CONFER WITH DEBTORS' COUNSEL DAVIS POLK, PJT PARTNERS, FTI CONSULTING, AND DPC HOLDINGS ON A POTENTIAL JOINT-BID FOR 27 AIRCRAFT

---

Upon consideration of the Motion of Ameer Flippin (the "Movant") for entry of an Order compelling PJT Partners ("PJT"), FTI Consulting, Inc. ("FTI"), Debtors' Counsel Davis Polk, and DPC Holdings to participate in a conference call to Meet and Confer; and this Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion having been given under the circumstances; and after due consideration of the Memorandum of Law and Declaration in support thereof; and good and sufficient cause appearing therefor, it is hereby:

1. **ORDERED** that the Motion is GRANTED; and it is further
2. **ORDERED** that PJT Partners, FTI Consulting, Debtors' Counsel Davis Polk, and DPC Holdings are directed to participate in a formal and transparent Meet and Confer conference call with Ameer Flippin to evaluate the capitalization mechanics and proposed terms of a potential joint-bid for the 27 Aircraft scheduled for sale via a Stock Swap Agreement; and it is further
3. **ORDERED** that this Court shall retain jurisdiction with respect to any matters, disputes, or issues arising from or related to the implementation of this Order.

**SO ORDERED.**

Dated: _____, 2026 New York          _____

**THE HONORABLE SEAN H. LANE**
United States Bankruptcy Judge