**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11 Case No.: 25-11897 (SHL)

**EMERGENCY EX-PARTE NOTICE OF AND MOTION FOR RECONSIDERATION OF RULING AND ORDER REGARDING ALL MOTIONS FILED BY AMEER FLIPPIN; MEMORANDUM IN SUPPORT THEREOF; DECLARATION; AND [PROPOSED] ORDER**

**PLEASE TAKE NOTICE, EX-PARTE,** that upon the annexed Emergency Ex-Parte Motion for Reconsideration of Ruling and Order, the Memorandum of Law in Support Thereof, the Declaration of Ameer Flippin, and all prior filings and proceedings had herein, I, Ameer Flippin (the "Movant"), appearing pro se in an individual and personal capacity as the sole 100% shareholder of Harlem Park Partners, Inc., will present the attached proposed order (the "Proposed Order") for consideration by the Honorable Sean H. Lane, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that unless a written objection to the Proposed Order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there may not be a hearing and the Order may be signed by the Court without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing remotely via Zoom.com and failure to attend in person or by counsel may result in relief being granted or denied upon default.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: August 24th, 2026
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
*Pro Se*
In an Individual and Personal Capacity
Sole 100% Shareholder
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11 Case No.: 25-11897 (SHL)

---

**EMERGENCY EX-PARTE MOTION FOR RECONSIDERATION OF RULING AND ORDER REGARDING ALL MOTIONS FILED BY AMEER FLIPPIN PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

I, Ameer Flippin, appearing pro se in an individual and personal capacity, as the sole 100% shareholder of Harlem Park Partners, Inc., respectfully MOTION, Ex-Parte, and move this Court for emergency reconsideration of the Ruling and ORDERS issued during the August 19th, 2026 - Motion Hearing. Judge Sean Lane orally denied me, Ameer Flippin, in a personal and individual capacity, to represent myself in this matter where "Plain Error" was committed in violation of the statute under 28 U.S.C. § 1654. This motion is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) made applicable to bankruptcy proceedings via Fed. R. Bankr. P. 9023 and 9024 to correct a manifest error of fact and law regarding Movant's capacity and standing.

## I. JURISDICTION AND LEGAL STANDARDS FOR RECONSIDERATION

1. **Fed. R. Civ. P. 59(e) Standard:** A court may alter or amend an order or judgment under Rule 59(e) to correct a clear or manifest error of law or fact, or to prevent manifest injustice. A Rule 59 motion filed within 28 days of the order stays and tolls applicable clocks.

2. **Fed. R. Civ. P. 60(b) Standard:** Rule 60(b)(1) provides relief from an order based on mistake, inadvertence, surprise, or excusable neglect, enabling the Court to correct substantive or procedural misapprehensions.

## II. STATEMENT OF FACTS AND MANIFEST ERROR OF FACT AND LAW

1. **Misinterpretation of Capacity:** During the hearing on August 19th, 2026, the Court incorrectly concluded that the motions and filings submitted by Ameer Flippin were being filed on behalf of Harlem Park Partners, Inc., a Delaware C-Corporation, thereby ruling that the filings could not be entertained without corporate legal representation.

2. **Personal and Individual Capacity:** As established in the Affidavit and Statement of Facts filed on August 18, 2026, and supported by Movant's testimony on the record, all motions were submitted by Ameer Flippin, in an individual and personal capacity, as a pro se litigant.

3. **Statutory Right to Pro Se Appearance:** Under Title 28 U.S.C. § 1654, individuals have a statutory right to plead and conduct their own cases personally pro se. Movant explicitly invoked 28 U.S.C. § 1654 to represent his individual interests in the bankruptcy proceedings.

4. **Erroneous Order:** The Court's order declining to entertain my Motion to Compel a Meet and Confer [ECF No. 1424] and related filings rested entirely on the mistaken premise that I, Ameer Flippin, the Movant, was attempting improper pro se corporate representation.

5. **Alternative Request for Assigned Counsel Unaddressed:** To the extent the Court determined that formal corporate representation was necessary for Harlem Park Partners, Inc. due to its affiliation with the proposed transaction, I, Ameer Flippin, the Movant, explicitly requested the assignment of legal counsel under Title 28 U.S.C. § 1915, In Forma Pauperis, standards due to extreme corporate financial distress caused by third parties.

## III. ARGUMENT

Reconsideration is necessary under Rule 59(e) and Rule 60(b) because the Court's ruling resulted from a fundamental misapprehension of the record. I, Ameer Flippin, the Movant, filed all pleadings in his personal and individual capacity under 28 U.S.C. § 1654, which permits pro se representation.

Disregarding my individual filings prevents the Court from considering an Alternative Bid Strategy on the Debtors' 27 aircraft offered for sale. This proposed transaction—utilizing a min-max tranche bidding framework (down to as few as 1 tranche) and a proposed stock swap strategy involving a proposed new corporate entity—is structured to maximize value for the bankruptcy estate. Declining to compel a basic meet-and-confer conference with Debtors' counsel (Davis Polk & Wardwell LLP), PJT Partners, FTI Consulting, and DPC Holdings based on a capacity misinterpretation causes manifest injustice to the estate and me, Ameer Flippin, the Movant.

## IV. PRAYER FOR RELIEF

WHEREFORE, Movant Ameer Flippin respectfully requests that this Court:

1. **GRANT** the Emergency Motion for Reconsideration pursuant to Rules 59(e) and 60(b);
2. **RECOGNIZE** that all filings submitted by Ameer Flippin are properly before the Court in his individual and personal capacity as a pro se litigant under 28 U.S.C. § 1654;
3. **ORDER** Debtors' counsel (Davis Polk & Wardwell LLP), PJT Partners, FTI Consulting, and DPC Holdings to participate in a telephonic or virtual meet-and-confer conference regarding the Alternative Bid Strategy for the 27-subject aircraft; and
4. **IN THE ALTERNATIVE**, if corporate representation is deemed mandatory for Harlem Park Partners, Inc., **ASSIGN** legal counsel for Harlem Park Partners, Inc. pursuant to statute.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
*Pro Se*
In an Individual and Personal Capacity
Sole 100% Shareholder
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108

+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11 Case No.: 25-11897 (SHL)

---

**MEMORANDUM IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR RECONSIDERATION OF RULING AND ORDER REGARDING ALL MOTIONS FILED BY AMEER FLIPPIN**

---

I, Ameer Flippin, appearing pro se in an individual and personal capacity as the sole 100% shareholder of Harlem Park Partners, Inc. (the "Movant"), by and through this Memorandum of Law, respectfully submit this memorandum in support of the Emergency Ex-Parte Motion for Reconsideration of the Ruling and ORDERS issued during the August 19th, 2026 Motion Hearing (the "Motion").

## I. FACTUAL BACKGROUND

On August 19th, 2026, during a scheduled hearing before the Honorable Judge Sean H. Lane, the Court verbally issued an oral directive and ORDER directing that Movant, Ameer Flippin, is not permitted to file documents or proceed pro se in this Chapter 11 proceeding.

During the August 19th, 2026 hearing, I, the Movant Ameer Flippin, provided testimony on the record, explicitly stating: *"I, Ameer Flippin, filed the documents in a personal and individual capacity."*

The Court's oral directive construed all pleadings submitted by Movant as being improperly filed on behalf of Harlem Park Partners, Inc., where the Court is requiring an attorney, rather than being submitted by me,

Ameer Flippin, in an individual and personal capacity, as a pro se litigant protecting personal equity and property rights.

Prior to the August 19th, 2026 Hearing, Movant had filed an Emergency Ex-Parte Motion to Compel a Conference Call to Meet and Confer with Debtors' counsel Davis Polk, PJT Partners, FTI Consulting, and DPC Holdings regarding a potential joint-bid for 27 subject aircraft utilizing a proposed stock swap involving a forthcoming new corporate entity and Harlem Park Partners, Inc. [ECF No. 1424], in addition to a Motion to Stay [ECF No. 1345] and Motion to Compel [ECF No. 1355].

Movant is the sole 100% shareholder and Chief Executive Officer of Harlem Park Partners, Inc., a Delaware C-Corporation utilized to execute transactions in Movant's personal financial interest. All filings were submitted in Movant's individual and personal capacity under the statutory right afforded by 28 U.S.C. § 1654.

## II. ARGUMENT

### A. Legal Standard for Reconsideration Under Rules 59(e) and 60(b)

Federal Rule of Civil Procedure 59(e), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023, permits a court to alter or amend a judgment *"to correct a clear error of law or fact or to prevent manifest injustice."* Rule 60(b)(1), made applicable by Fed. R. Bankr. P. 9024, authorizes relief from an "*order based on mistake, inadvertence, surprise, or excusable neglect."*

Reconsideration is warranted where the Court has overlooked or misapprehended facts or controlling law. Here, the oral ruling of August 19th, 2026 rested on a fundamental mischaracterization of the capacity in which Movant filed his pleadings.

### B. Movant Filed All Pleadings in His Individual and Personal Capacity

Under 28 U.S.C. § 1654, "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This statute confers a clear right upon natural persons to appear pro se.

Movant explicitly invoked this right. On the record at the August 19th hearing, Movant testified that the documents were filed in a personal and individual capacity. The filings themselves identify Movant as appearing pro se in an individual and personal capacity as sole 100% shareholder. The Court nevertheless treated the filings as improper corporate representation by a non-attorney, thereby committing plain error.

A corporation must appear through licensed counsel. See, e.g., Rowland v. California Men's Colony, 506 U.S. 194 (1993). That rule does not, however, strip a natural person who is also a shareholder of his independent statutory right to appear pro se with respect to his own individual interests. Movant's filings were directed to protecting those individual interests, including equity and property rights tied to the proposed Alternative Bid Strategy.

**C. The Ruling Causes Manifest Injustice and Prevents Consideration of Value-Maximizing Proposals**

By declining to entertain Movant's Motion to Compel [ECF No. 1424] and related filings solely on capacity grounds, the Court has foreclosed consideration of an Alternative Bid Strategy for the Debtors' 27 aircraft. That strategy employs a min-max tranche bidding framework (down to as few as one tranche) and a proposed stock-swap structure involving a new corporate entity. The proposal is designed to maximize value for the bankruptcy estate and its creditors.

Debtors' counsel (Davis Polk & Wardwell LLP), PJT Partners, FTI Consulting, and DPC Holdings have declined a basic meet-and-confer concerning these capitalization mechanics. Compelling such a conference is a limited, non-prejudicial procedural step that aligns with the Debtors' fiduciary obligations under 11 U.S.C. § 363 to maximize estate value. Denying the Motion on an erroneous capacity determination therefore works manifest injustice both to Movant and to the estate.

### D. Alternative Request for Assignment of Counsel Remains Unaddressed

To the extent the Court concludes that formal corporate representation is required for any aspect of the proposed transaction involving Harlem Park Partners, Inc., Movant has requested assignment of counsel pursuant to 28 U.S.C. § 1915 (in forma pauperis standards) in light of extreme corporate financial distress. That alternative request has not been addressed and should be considered upon reconsideration.

## III. CONCLUSION

For the foregoing reasons, Movant Ameer Flippin respectfully requests that this Court grant the Emergency Motion for Reconsideration, recognize that all filings were properly submitted in Movant's individual and personal capacity under 28 U.S.C. § 1654, order the requested meet-and-confer, and grant such other and further relief as is just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**, *Pro Se*
In an Individual and Personal Capacity
Sole 100% Shareholder
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11 Case No.: 25-11897 (SHL)

---

**DECLARATION OF AMEER FLIPPIN IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR RECONSIDERATION OF RULING AND ORDER**

---

**PLEASE TAKE NOTICE** that the undersigned party hereby provides a **DECLARATION in support of** the Emergency Ex-Parte Motion for Reconsideration of the Ruling and ORDERS issued during the August 19th, 2026 Motion Hearing.

1. I, Ameer Flippin, the sole 100% shareholder and Chief Executive Officer of Harlem Park Partners, Inc., DECLARE that I am over the age of eighteen years and am competent to make this Declaration. I submit this Declaration in support of the Emergency Ex-Parte Motion for Reconsideration of the Ruling and ORDERS issued during the August 19th, 2026 Motion Hearing.

2. I appear in this matter pro se in an individual and personal capacity. All motions, notices, and filings that I have submitted in these Chapter 11 cases, including the Emergency Ex-Parte Motion to Compel a Meet and Confer [ECF No. 1424], the Motion to Stay [ECF No. 1345], and the Motion to Compel [ECF No. 1355], were filed by me in my individual and personal capacity under the authority of 28 U.S.C. § 1654.

3. On August 19th, 2026, during a scheduled hearing before the Honorable Sean H. Lane, I provided testimony on the record in which I expressly stated: "I, Ameer Flippin, filed the documents in a personal and individual capacity."

4. Notwithstanding my testimony and the plain language of my filings identifying me as appearing pro se in an individual and personal capacity, the Court orally directed that I am not permitted to file documents or proceed pro se in this Chapter 11 proceeding, construing my pleadings as improper corporate representation by a non-attorney on behalf of Harlem Park Partners, Inc.

5. I am the sole 100% shareholder of Harlem Park Partners, Inc. The corporation is a vehicle through which I execute transactions in my personal financial interest. My filings seek to protect those personal equity and property interests and to present an Alternative Bid Strategy for the Debtors' 27 aircraft that is structured to maximize value for the bankruptcy estate.

6. The Alternative Bid Strategy utilizes a min-max tranche bidding framework (permitting bids down to as few as one tranche) and a proposed stock-swap arrangement involving a new corporate entity related to a forthcoming travel brand and airline. The strategy is designed to generate additional value for the estate and its creditors.

7. Prior to the August 19th hearing, Debtors' counsel (Davis Polk & Wardwell LLP), through Christopher Robertson, declined my formal request for a limited meet-and-confer with Debtors' professionals and the Stalking Horse bidder DPC Holdings concerning the proposed joint-bid capitalization mechanics.

8. To the extent the Court determines that formal corporate representation is required for any aspect of the proposed transaction involving Harlem Park Partners, Inc., I previously requested, and hereby reiterate my request for, the assignment of legal counsel under the standards of 28 U.S.C. § 1915 in light of extreme corporate financial distress caused by third parties.

9. I make this Declaration based on my personal knowledge of the facts stated herein. If called as a witness, I could and would competently testify to the same.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24th, 2026,

San Francisco, California.

*/s/ Ameer Flippin*

**Ameer Flippin**
*Declarant*
In an Individual and Personal Capacity
Sole 100% Shareholder, Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11 Case No.: 25-11897 (SHL)

---

**[PROPOSED] ORDER GRANTING EMERGENCY EX-PARTE MOTION**
**FOR RECONSIDERATION OF RULING AND ORDER REGARDING ALL MOTIONS**
**FILED BY AMEER FLIPPIN**

---

Upon consideration of the Emergency Ex-Parte Motion of Ameer Flippin (the "Movant") for Reconsideration of the Ruling and ORDERS issued during the August 19th, 2026 Motion Hearing (the "Motion"); the Memorandum of Law in Support Thereof; the Declaration of Ameer Flippin; and all prior filings and proceedings had herein; and this Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion having been given under the circumstances; and after due consideration of the Memorandum of Law and Declaration in support thereof; and good and sufficient cause appearing therefor, it is hereby:

1. **ORDERED** that the Motion is GRANTED; and it is further

2. **ORDERED** that the Court RECOGNIZES that all filings submitted by Ameer Flippin in these Chapter 11 cases are properly before the Court in his individual and personal capacity as a pro se litigant under 28 U.S.C. § 1654; and it is further

3. **ORDERED** that Debtors' counsel (Davis Polk & Wardwell LLP), PJT Partners, FTI Consulting, and DPC Holdings are directed to participate in a formal and transparent Meet and Confer conference call with Ameer Flippin regarding the Alternative Bid Strategy for the 27subject aircraft, including the proposed min-max tranche bidding framework and stock-swap capitalization mechanics; and it is further

4. **ORDERED** that, in the alternative, to the extent the Court determines that formal corporate representation is mandatory for Harlem Park Partners, Inc. in connection with any aspect of the proposed transaction, the Court shall consider the assignment of legal counsel for Harlem Park Partners, Inc. pursuant to 28 U.S.C. § 1915 or other applicable authority; and it is further

5. **ORDERED** that this Court shall retain jurisdiction with respect to any matters, disputes, or issues arising from or related to the interpretation or implementation of this Order.

**SO ORDERED.**

Dated: __________________, 2026 New York

______________________________
**THE HONORABLE SEAN H. LANE**
United States Bankruptcy Judge