**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC., *et al.*,** | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

**ORDER AUTHORIZING THE DEBTORS TO REDACT**
**COMMERCIALLY SENSITIVE INFORMATION**

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned Chapter 11 Case, for entry of an order (this "**Order**"), pursuant sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing, but not directing, the Debtors (a) redact the commercially sensitive information contained in the LHT Settlement Motion (the "**Confidential Information**") and (b) submit unredacted versions thereof under seal, as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Motta Declaration, and at the Hearing (if any), establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted and as set forth herein.

2. The Debtors are authorized to file the LHT Settlement Motion containing Confidential Information on the docket maintained in the Chapter 11 Cases redacted or under seal. The Debtors shall submit an unredacted copy of to the Clerk of the Court under seal in an envelope, marked to indicate that the same has been filed under seal in accordance with this Order.

3. The Confidential Information is confidential, shall remain redacted or under seal and, absent the express written approval of (counsel to) the Debtors and LHT or further order of the Court, shall not be made available to anyone other than the Court, the U.S. Trustee (each on a strictly confidential basis), and to the respective advisors (on a "Professionals Eyes Only" basis) to the Committee, the Ad Hoc Committee of Senior Secured Noteholders and the agent under the Debtors' revolving credit facility.

4. Any party who receives the Confidential Information, including in accordance with this Order, shall not disclose or otherwise disseminate such Confidential Information to any other person or entity, including in response to a request under the Freedom of Information Act, without the express written approval of (counsel to) the Debtors and LHT (email being sufficient) or as otherwise ordered by the Court (after notice and an opportunity for the Debtors and LHT to be heard).

5. The Debtors and any party authorized to receive unsealed Confidential Information pursuant to this Order are authorized and directed to seal or redact specific references to the Confidential Information from any pleadings filed on the public docket of the Chapter 11 Cases and serve unredacted or unsealed versions thereof only on those parties authorized by this Order to receive the Confidential Information.

6. Upon the passing of 45 days after the final disposition of the Chapter 11 Cases, the Debtors shall contact the Clerk's Office and reclaim all documents filed under seal pursuant to this Order.

7. Nothing in this Order prejudices the rights of any party in interest in the Chapter 11 Cases or the U.S. Trustee to seek, on appropriate motion, to declassify, unseal, or make public any portion of the Confidential Information.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

10. The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 14, 2026
White Plains, New York

***/s/ Sean H. Lane***
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE