**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SPIRIT AVIATION HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11897 (SHL)<br><br>(Jointly Administered) |
| SPIRIT AIRLINES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CSDS ASSET MANAGEMENT LLC,<br><br>Defendant. | Adv. Proc. No. 26-01102 (SHL) |

**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL NUNC PRO TUNC**

Upon the motion (the "**Motion**")[2] of plaintiff Spirit Airlines, LLC ("**Plaintiff**") for entry of an order (this "**Order**") under Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing Plaintiff to file the Sealed Documents under seal in their entirety, without advance notice to CSDS; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1409(a); and the Court having found that the Sealed Documents contain confidential and scandalous

[1]The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2]Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

information within the meaning of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, that disclosure of the Sealed Documents to CSDS before the Court rules on the TRO/PI Motion could enable the movement of critical assets or HFS Aircraft; and after due deliberation; and the Court, having found good cause, granted the Motion solely for purposes of holding an *ex parte* hearing on the TRO/PI Motion on October 14, 2026; and the Court having held that hearing, at the conclusion of which the Court granted the TRO/PI Motion, and the Motion was rendered moot, IT IS HEREBY ORDERED THAT:

1. The Motion is granted *nunc pro tunc* so as to permit the filing of the relevant pleadings under seal before the hearing on October 14, 2026 as appropriate relief given the Plaintiff's request for *ex parte* relief as explained on the record at the hearing.

2. Sealing is no longer necessary or appropriate after the entry of the requested TRO and, therefore, the requested relief is granted only until the entry of the TRO on the docket. Accordingly, the Complaint, the TRO/PI Motion, and all supporting documents in connection with those documents are to be filed on the public docket after the conclusion of the hearing.

Dated: October 21, 2026
White Plains, New York

***/s/ Sean H. Lane***
UNITED STATES BANKRUPTCY JUDGE