**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SPIRIT AVIATION HOLDINGS, INC., *et al.*, | Case No. 25-11897 (SHL) |
| Debtors. | (Jointly Administered) |

**MOTION OF SKYWEST INFLIGHT ASSOCIATION FOR LEAVE TO FILE STATEMENT OF AMICUS CURIAE CONCERNING EMPLOYEE-DATA PRIVACY IN PROPOSED SALE OF DEIDENTIFIED DATA**

SkyWest InFlight Association ("SIA"), an independent labor organization representing approximately 5,000 flight attendants employed by SkyWest Airlines, respectfully moves for leave to submit the accompanying Statement of Amicus Curiae, attached as Exhibit A, concerning the privacy interests of airline employees implicated by the Debtors' proposed sale of deidentified data (the "Proposed Sale") [ECF No. 1463]. In support, SIA states:

1. SIA is an independent labor organization and, for over three decades, the exclusive recognized representative, under the Railway Labor Act, of the approximately 5,000 flight attendants employed by SkyWest Airlines, Inc., the largest regional airline in the United States.[1] SIA is not a creditor of the Debtors, does not represent the Debtors' employees, and does not seek to intervene as a party to these bankruptcy proceedings.

2. SIA seeks to provide a perspective not limited to the circumstances of the Debtors' employees: the potential consequences of transferring employment, operational, and personnel

[1]SkyWest, Inc., Annual Report (Form 10-K), Item 1 (Feb. 17, 2026), https://www.sec.gov/Archives/edgar/data/793733/000110465926016358/skyw-20251231x10k.htm (SkyWest's operations "represent the largest regional airline operations in the United States").

information in airline bankruptcy proceedings, particularly where the data could, in the future, concern regional-airline employees across the industry.

3. SIA recognizes the legitimate interests of bankruptcy estates in preserving and realizing the value of their assets. Its concern is limited to ensuring that data transfers do not unnecessarily expose sensitive employee information or create risks of identification, profiling, or future employment-related harm.

4. Regional airlines serve an essential role in the national aviation system; as the Government Accountability Office has observed, "[t]he regional airline industry plays a key role in the broader domestic passenger airline industry." U.S. Gov't Accountability Off., GAO-26-107856, *Aviation Workforce: FAA Could Strengthen Regional Pilot Pipeline by Establishing Timelines for Training Initiatives*, at 2 (Apr. 30, 2026), https://files.gao.gov/reports/GAO-26-107856/index.html. In 2024, regional airlines operated approximately one-third of all domestic flights. *Id.* at 2–3. In fiscal year 2025, regional carriers carried approximately 140 million domestic passenger enplanements. Fed. Aviation Admin., *FAA Aerospace Forecast Fiscal Years 2026–2046*, at 14 (2026), https://www.faa.gov/data_research/aviation/aerospace_forecasts/2026_FAA_Aerospace_Forecasts_FY2026-2046-2.pdf. The FAA also identifies the persistent movement of regional flight crews toward mainline carriers as a factor affecting regional-airline operations. *Id.* Regional carriers operate that large share of domestic flights with smaller aircraft and smaller cabin crews. An airplane with 50 or fewer passenger seats requires no more than one flight attendant, and one with 51 to 100 seats requires two. 14 C.F.R. § 121.391(a). Thus, on a flight with a single flight attendant, a "deidentified" crew record still describes one person. When the cabin crew is one person, the crew record is that person's record. Removing the name does not change that. Every

training result, disciplinary note, or incident or safety report linked to that flight belongs to one flight attendant, and anyone who can find out who worked the flight, whether from a schedule, a coworker, or a passenger, can put the name back

5. Regional-airline employment and operational records present particular privacy considerations. Smaller crew complements, base assignments, route patterns, scheduling histories, and employment transitions may permit information to be associated with particular employees even after conventional identifiers are removed. These risks warrant independent consideration when evaluating the sufficiency of employee-data safeguards.

6. Federal aviation regulations also require air carriers to maintain detailed records concerning crewmember qualifications, training, and compliance. *See* 14 C.F.R. §§ 121.417, 121.433, 121.683. These requirements reinforce the importance of distinguishing records maintained for aviation safety and regulatory compliance from information that may appropriately be sold or used for unrelated commercial purposes. The regulations do not themselves establish a general prohibition on such sales.

7. SIA's interest is not hypothetical or limited to the financial distress of a single carrier. Several United States regional airlines have entered bankruptcy proceedings during the past decade, illustrating the recurring circumstances under which employee records may become subject to disposition in bankruptcy. *See* Ex. A ¶ 19 & n.1. SIA's interest is industry-wide and does not arise from the circumstances of SkyWest (whose recent SEC filings report continued profitability, substantial liquidity, share repurchases, and ongoing investment in new aircraft). *See id.* ¶ 20 & n.2.

8. As fellow airline employees, SIA's members are mindful of the hardship that the loss of their jobs has brought to the employees of Spirit Airlines and their families, and to the

employees and families of other carriers who have endured similar disruptions. SIA submits that reasonable protection of employee information is consistent with the orderly administration of bankruptcy estates. *Cf.* 11 U.S.C. §§ 332, 363(b)(1) (providing, in certain sales of consumers' personally identifiable information, for a consumer privacy ombudsman and court review).

9. The decision whether to permit a person to appear as amicus curiae is committed to the Court's discretion. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 550 B.R. 241, 256 (Bankr. S.D.N.Y. 2016). An amicus perspective on employee data is useful here because the Consumer Privacy Ombudsman "did not investigate or reach any conclusion about whether the data offered for sale or the deidentification process to be followed presents any risks to affected employees or third parties." ECF No. 1684, at 3 n.3. Following the Ombudsman's supplemental report, the Debtors have advised that the treatment of "personally identifiable or sensitive employee information" remains the subject of ongoing discussions, ECF No. 1695, at 2, and SIA submits this motion before the Debtors' November 4, 2026 reply deadline so that the Debtors may address it.

10. SIA respectfully submits that its more than three decades of experience representing regional-airline flight attendants, and its focused discussion of the aviation regulatory environment, may assist the Court without duplicating the parties' principal arguments, expanding discovery, or disrupting the contemplated sale process.

11. SIA requests leave only to submit the accompanying Statement for the Court's consideration in connection with the Proposed Sale. SIA does not seek independent party status, intervention as of right, or authority to conduct discovery or participate in evidentiary proceedings. The Court may consider the request under its discretion to receive amicus submissions, with such procedural conditions as it deems appropriate. Because the Proposed Sale is scheduled to be heard

on November 6, 2026, SIA respectfully requests, pursuant to paragraph 27 of the Case Management Order [ECF No. 61], that the Court consider this motion on an expedited basis, either on the papers or in connection with that hearing. On November 2, 2026, SIA asked Debtors' counsel for the Debtors' position on expedited consideration and has not received a response.

WHEREFORE, SIA respectfully requests that the Court consider this motion on an expedited basis, grant leave to submit the accompanying Statement of Amicus Curiae, consider that Statement in evaluating appropriate protections for employee information in the Proposed Sale, and grant such other relief as the Court deems appropriate.

Dated: November 3, 2026

Respectfully submitted,

/s/ Gregg M. Formella
Gregg M. Formella (pro hac vice motion pending, ECF No. 1773)
Formella Law, PLLC
300 State Street, P.O. Box 92141
Southlake, TX 76092
Tel: 817-798-1010
Email: Gregg.Formella@gmail.com
Counsel for SkyWest InFlight Association