**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC., *et al.*,** | **Case No. 25-11897 (SHL)** |
| **Debtors.**[1] | **Jointly Administered** |

**SUPPLEMENTAL ORDER REGARDING**
**THE BIDDING PROCEDURES ORDER**

Upon the motion (the "**Motion**")[2] of Spirit Aviation Holdings, Inc. and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order (this "**Supplemental Order**") supplementing the *Order (I)(A) Approving Bidding Procedures for Sale of the Debtors' Assets, (B) Authorizing the Potential Selection of Stalking Horse Bidder(s), (C) Approving Bid Protections, (D) Scheduling Auction(s) for, and Hearing(s) to Approve, the Sale of the Debtors' Assets, (E) Approving the Form and Manner of Notices of Sale, Auction(s), and Sale Hearing(s), and (F) Approving the Assumption and Assignment Procedures and (II) Granting Related Relief* (the "**Bidding Procedures Order**") entered by the Court [ECF No. 1213] and the procedures approved thereby (the "**Bidding Procedures**"); and the Court having jurisdiction to enter this Supplemental Order and the relief requested in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Ref*erence M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Order and the requested relief being a core proceeding pursuant to 28 U.S.C. §

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Supplemental Order having been provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**" and together with the hearing held June 10, 2026, to consider the relief requested in the Bidding Procedures Motion, the "**Hearings**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as expressly set forth herein, the Bidding Procedures Order and the Bidding Procedures remain in full force and effect in all respects.

3. The Bidding Procedures Order and Bidding Procedures are hereby supplemented to provide that the Debtors are authorized to select a Stalking Horse Bidder and offer Bid Protections, in consultation with the Consultation Parties and in accordance with the Bidding Procedures Order, where the Stalking Horse Bidder proposes a purchase price of at least $5 million.

4. Not withstanding anything to the contrary in the Bidding Procedures, the Bidding Procedures may be utilized to facilitate the sale of the Debtors' owned aircraft.

5. The legal and factual bases set forth herein and on the record at the Hearings

establish just cause for the relief granted herein, which is in the best interests of the Debtors, their estates, creditors, interest holders and all other parties in interest herein.

6. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

8. The relief granted herein shall be binding upon any Chapter 11 trustee appointed in any of these Chapter 11 cases or upon any Chapter 7 trustee appointed in the event of a subsequent conversion of any of these Chapter 11 cases to cases under Chapter 7.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 17, 2026
White Plains, New York

***/s/ Sean H. Lane***

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE